FILED

2003 OCT 23 P 3: 41

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KWEKU HANSON, : No. 3:02-CV-960 (CFD)
individually and on behalf of :
all others similarly situated :
:
Plaintiff, :
:
v. :
:
OCWEN FEDERAL BANK, et al. :
:
Defendants. : OCTOBER 23, 2003

---

### OCWEN'S REPLY IN SUPPORT OF
### MOTION TO MODIFY AMENDED SCHEDULING ORDER

Contrary to plaintiff's "Omnibus Opposition" to the defendants' motions to modify the Court's Amended Scheduling Order, the Ocwen Defendants have no desire to delay the proceedings in this action. Rather, the Ocwen Defendants continue to believe that their motion to dismiss will dispose of the bulk, if not the entirety, of the pending Amended Complaint. However, plaintiff's obstruction precludes the Ocwen Defendants from filing a response to class certification or a dispositive motion on Hanson's individual claims. Thus, the instant motion for an extension of the Amended Scheduling Order is required.

**NO ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

### A.    <u>Hanson has not properly responded to discovery.[1]</u>

The principal basis for Ocwen's motion was that plaintiff failed to give full and proper responses to Ocwen's discovery requests, and failed to meet even his own promises regarding that discovery. (Ocwen Mot. ¶¶ 4, 9, 10). Hanson does not, nor could he, contest these facts. Although he now claims that the documents he supplied to Moss Codilis' counsel were also meant to respond to Ocwen's requests for production, the production fails to meet the requests propounded by Ocwen. Moreover, counsel for Ocwen is not aware of any agreement, as contended by plaintiff's counsel, that documents would be produced only to Moss Codilis.

Ocwen filed a motion to compel discovery on April 29, 2003, and that motion remains pending. Until Ocwen's motion is resolved and plaintiff is ordered to provide the discoverable information in his possession and control, respond fully to Ocwen's interrogatories, and complete his deposition, Ocwen cannot properly respond to plaintiff's motion for class certification or make a complete dispositive motion.

### B.    <u>Ocwen did not delay in bringing its motion.[2]</u>

Plaintiff claims that unclean hands, laches, equitable estoppel, and voluntary waiver bar the relief sought by Ocwen. Aside from failing to explain how these doctrines apply to

---

[1] This section responds to page 16 of Hanson's Omnibus Objection.

[2] This section responds to pages 3-12 of Hanson's Omnibus Objection.

bar a scheduling request (as opposed to a substantive claim), Hanson's point is also incorrect. Ocwen filed a motion to compel on April 29, promptly after plaintiff failed to respond to its discovery requests. Indeed, Ocwen filed its motion prior to the first deadline for the completion of phase one discovery (May 1, 2002), before the Court granted an extension *requested by Hanson*.[3] The Ocwen Defendants hoped that resolution of the motion to compel would allow them time to respond to the class certification motion and file a dispositive motion by October 1, 2003, the deadline under the Amended Scheduling Order. However, when the motion to compel was not decided by late September, the Ocwen Defendants were forced to seek an extension. Not only has Ocwen been unable to obtain discovery concerning plaintiff's claims and contentions, Hanson also purports to rely on "secret evidence" that he has refused to produce. (Ocwen Mot. ¶ 11). Given the failure to provide that discovery, Ocwen cannot move forward in this case.

C.   **Ocwen's document production.**[4]

After incorrectly claiming in his August 19, 2003 motion for sanctions (Docket No. 170) that Ocwen "produced *zeropointzero*" documents in response to his requests (¶ 10, emphasis in original), plaintiff now concedes that Ocwen had already produced documents to

---

[3] In stark contrast to Ocwen's prompt filing in April, plaintiff delayed and did not attempt to file discovery motions until late August 2003. Those motions are not only substantively deficient, but are also untimely, as set forth in Ocwen's response thereto.

[4] This section responds to pages 10 and 18-19 of the Omnibus Objection.

him on June 20, 2003. (Omnibus Objection at 10 & 19 n.25). Apparently recognizing his error, but still without first addressing the issue with Ocwen's counsel or providing any support, he claims that the documents are "doctored" and incomplete. Ocwen acknowledges that some of the documents were redacted on grounds of privilege and were so marked. Contrary to plaintiff's statement, however, Ocwen has provided plaintiff with a privilege log in compliance with local rules. Plaintiff's accusation of "doctoring" documents is yet more bluster without substance.

### Conclusion

Plaintiff's "Omnibus Objection" amounts to little more than florid, and often incomprehensible, rhetoric. The Ocwen Defendants do not know what plaintiff means by "Oedipus-complex declarations" (p. 10 n. 11) or "Oedipus-Complex Meritless Modification Motion" (p. 16). Instead of addressing the real issue — that plaintiff's own conduct requires the requested extension — plaintiff disparages Ocwen and the other Defendants with irrelevant accusations about conduct in other litigation and irrelevant hearsay concerning other Ocwen borrowers.

For the foregoing reasons, and for the reasons set forth in their motion, the Ocwen Defendants request that the Court modify the amended scheduling order to permit them time to file a response to plaintiff's motion for class certification and a dispositive motion as to Hanson's own claim *after* Hanson has fully satisfied his discovery obligations. The Ocwen

-4-

Defendants also request that the Court reject Hanson's attempt to retract his agreement to defer the preliminary injunction motion until after class certification, see Scheduling Order dated February 27, 2003, Doc. No. 118, at 1, because plaintiff cannot seek relief on behalf of a class until he has demonstrated that class treatment is proper.

DEFENDANTS -
OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL
CORP. AND WILLIAM C. ERBEY


By *Matthew Budzik*

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
tscarborough@sidley.com

Their Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen Defendant's Reply in Support of Their Motion to Modify Amended Scheduling Order was sent by U.S. mail, first class postage prepaid, on this 23rd day of October, 2003 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

Steven M. Greenspan, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Theodore R. Scarborough
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT 16103-3007

_____
Matthew J. Budzik