UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KWEKU HANSON,                      :     No. 3:02-CV-960 (CFD)
individually and on behalf of       :
all others similarly situated,      :
                                    :
    Plaintiff,                  :
                                    :
v.                                  :
                                    :
OCWEN FEDERAL BANK, et al.,         :
                                    :
    Defendants.                 :     NOVEMBER 7, 2003

---

MEMORANDUM OF LAW IN SUPPORT OF
OCWEN'S MOTION FOR ORDER TO SHOW CAUSE

    Defendant Ocwen Federal Bank FSB ("Ocwen") submits this memorandum of law in support of its motion for an order requiring Kweku Hanson to show cause why he should not be held in contempt and sanctioned for failing to respond truthfully to discovery previously ordered by the Court. Information recently obtained by Ocwen demonstrates that Hanson has failed to disclose information that the Court has ordered him to provide Ocwen. Indeed, the information obtained by Ocwen shows that Hanson is boasting of his noncompliance with the Court's orders.

## Background

On September 26, 2002, Ocwen filed an Emergency Motion for Leave to Serve Expedited Discovery Instanter. (Docket #61.) Ocwen filed the motion after it learned that plaintiff Hanson made representations to third parties about obtaining information from employees of Ocwen. After argument on October 11, 2002, this Court granted Ocwen's motion on November 27, 2002. (Docket #87.)

Instead of complying with the Court's November 27th Order, Hanson filed a Motion to Reconsider on December 16, 2003. On February 27, 2003, this Court granted reconsideration, but nonetheless required Hanson to provide information to Ocwen, on or before March 17, 2003 ruling:

> [T]he need to preserve the security and confidentiality of Ocwen's customer information remains urgent. In that regard, the Court hereby orders that the plaintiff provide the defendants with the names of any current or former Ocwen employees that have turned over any Ocwen customer information to the plaintiff and to describe the nature and content of the communications between the plaintiff and those employees. The plaintiff shall also provide the defendants with any customer documents received from Ocwen employees.

Feb. 27, 2003 Ruling (Docket #120), at 1-2.

On March 17, 2003, Hanson served his responses, raising a host of inappropriate objections since the Court had already ordered the discovery. Hanson's response was as follows:

-2-

> Hanson has no names of any current or former Ocwen
> employees that have turned over any Ocwen customer
> information to Hanson.  Accordingly, Hanson has had no
> communications with such current or former employers [sic]
> and therefore cannot describe the nature and content of
> communications with *those* persons. (Italics in original).
>
> . . .
>
> The Court's February 27, 2003 order stated that "[t]he plaintiff
> shall also provide the defendants with any customer documents
> received from Ocwen employees."  The reality is that despite
> his initial belief to the contrary, Hanson has not received any
> customer documents from Ocwen employees known by him to
> be such.

(Plaintiffs Response to Defendant Ocwen's First Interrogatories and Requests for Production, Mar. 17, 2003, at 5, 6 (copy attached as Ex. A)).

Recently, Ocwen received a copy of an August 25, 2003 email from Kweku Hanson to Edward M. Melillo, Esq., an attorney in Washington State, in which Hanson stated:

> We have moles within Ocwen who let us know what goes on
> (and Ocwen has since September 2002 unsuccessfully filed
> motion after motion to compel expedited or instanter discovery
> of our sources but we have fought back fiercely, also giving
> them "zeropointzero").

(Exh. B, at 6.)[1]

---

[1] The email was attached to a customer's request for information that was forwarded to Ocwen from the Washington State Attorney General.  Washington, like most states, allows consumers to send such letters to the Attorney General.  The Attorney General then forwards the letters to the company for a response.

**ARGUMENT**

**HANSON SHOULD BE SANCTIONED AND HELD IN CONTEMPT FOR FAILING TO TRUTHFULLY AND COMPLETELY RESPOND TO COURT-ORDERED DISCOVERY.**

This Court has the power under Fed. R. Civ. P. 37(b)(2) and its inherent power to regulate proceedings before it, to sanction and hold in contempt a party or an attorney for failing to follow the Court's discovery orders.  <u>See</u> Fed. R. Civ. P. 26(g)(1), (3); 37(b)(2)(D).  In this case, Hanson has not only failed to respond to a party's discovery request, he has flouted the Court's February 27 Order requiring him to provide information and documents to Ocwen.  Hanson admits in his August 25 email that, contrary to his representations in the March 17 discovery responses, he continues to have contact with, and receive information from, "moles within Ocwen."  Indeed, the email boasts of the fact that, notwithstanding Ocwen's discovery requests (and the Court's Order), Hanson has "fought back fiercely" and produced nothing (or, in his words, "zeropointzero").  This willful noncompliance should be sanctioned, immediate and full responses ordered, and plaintiff held in contempt.

Plaintiff cannot seek refuge in a disingenuous construction of the Court's Order.  For example, in his discovery responses, he quotes from the Court's Order with added italics, conceding that the Court "ordered 'that the plaintiff provide the defendants with the names of any current or former Ocwen employees that have turned over any Ocwen customer

information to the plaintiff and to describe the nature and content of the communications between plaintiff and *those* employees.'" (Ex. A, at 4, quoting the Court's Feb. 27, 2003 Order, with italics provided by plaintiff).  It appears that Hanson, by italicizing the word "those," has taken the position that the Court's order requires him to describe communications only with people whose names are definitively known to him.  However, the Court's Order does not support that overly clever construction.  Plainly read, the Court's Order requires Hanson to describe communications with Ocwen employees even if the name of the "mole" is unknown.  Similarly, Hanson's statement that he has no documents "from Ocwen employees *known by him to be such*" (Ex. A, at 6 (emphasis added here)), imposes a qualification on the Court's Order that is not reasonable or proper.  There is no loophole in the Court's Order or the rules of discovery allowing Hanson to avoid answering because he may not know to a legal certainty if another person is an Ocwen employee.  This is particularly true where Hanson certainly believes the persons are Ocwen employees because Hanson advertises these contacts as "moles within Ocwen."

In addition, Hanson cannot avoid sanction by claiming that he had contact with Ocwen employees *after* his March responses.  The Federal Rules provide that a party has an ongoing duty to supplement discovery:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or inaccurate and if the additional

-5-

>or corrective information has not otherwise been made known
>to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2).  Hanson has not served any supplemental responses.

It bears noting that Ocwen also sought this information in its subsequent discovery requests, served after this Court issued a scheduling Order on February 27, 2003, allowing discovery to go forward on class certification factors and the merits of Hanson's individual claim.  Plaintiff has refused to respond to those requests with anything more than boilerplate objections and incomplete answers.  (See Kweku Hanson's Response to Ocwen's Second Set of Interrogatories and Production Requests, Answers to Interrogatories 2-5, at pp. 8-12; Answer to Request for Production 75, at p. 63[2] (Ex. C)).

This motion is all the more ripe for action because, as already noted by the Court, plaintiff may be in possession of protected, confidential information.  Federal law imposes obligations on Ocwen to safeguard customer information.  See, e.g., Title V of the Gramm-Leach Bliley Act, Disclosure of Nonpublic Personal Information, 15 U.S.C. § 6801 et seq.  This Court has already expressly recognized this fact.  See Ruling on Motion for Expedited Discovery Instanter, Nov. 23, 2002, at 3.  This Court also recognized that concern in issuing the February 27 Order: "the need to preserve the security and confidentiality of Ocwen's

---

[2] Hanson's responses to the requests for production do not set forth the request.  Request 75 stated: "All documents relating to Ocwen 'moles' or your contacts with Ocwen 'moles.'"

customer information remains urgent." See Feb. 27, 2003 Order, at 1. Plaintiff's continued action in undercutting those obligations cannot be countenanced.

## CONCLUSION

Because plaintiff has flouted this Court's discovery Order, and in order to protect consumer privacy, as previously recognized by this Court, Ocwen prays that the Court grant its Motion and issue an Order to Show Cause requiring Hanson to demonstrate why he should not be held in contempt and sanctioned under Fed. R. Civ. P. 37(b).

DEFENDANT - OCWEN FEDERAL BANK FSB


By _____
    Francis J. Brady - ct04296
    Matthew J. Budzik - ct19706

Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
tscarborough@sidley.com

Their Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Ocwen's Motion for Order to Show Cause was sent by U.S. mail, first class postage prepaid, on this ___ day of November, 2003 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108
(additional copy by FedEx)

Steven M. Greenspan, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Theodore R. Scarborough
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT  16103-3007

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

_____
Matthew J. Budzik