UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON<br>individually and on behalf of<br>all others similarly situated<br>　　　　Plaintiff,<br><br>　　　v.<br><br>OCWEN FEDERAL BANK, et al.<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:02-CV-960 (CFD)<br><br><br><br><br><br><br>NOVEMBER 18, 2003 |

PLAINTIFFS' EMERGENCY MOTION FOR ORDER TO SHOW CAUSE DIRECTED
AT OCWEN; SIDLEY AUSTIN BROWN WOOD'S THEODORE SCARBOROUGH;
MURTHA CULLINA'S MATT BUDZIK & FRANCIS BRADY; OCWEN GENERAL
COUNSEL PAUL KOCHES; & OCWEN ASST. GEN. COUNSEL MALAIKA CARTER

Pursuant to Fed.R.Civ.P. 37, applicable D.Conn.L.Civ.R. provisions, and the inherent authority of this Court to control its docket and to administer justice, Plaintiffs hereby move the Court on an emergency basis to order Ocwen and its above-listed agents to Show Cause as to why Ocwen should not be severely sanctioned and the individuals named above personally fined and referred to the grievance committee for the bar of this court due to blatant fraud perpetrated upon both the Court and Plaintiffs. In support of the emergency motion, Plaintiffs assert as follows:

ORAL ARGUMENT IS REQUESTED

TESTIMONY WILL BE REQUIRED

- 1 -

On November 7, 2003 Ocwen, through its counsel of record filed a motion for an Order to Show Cause [Docket Entry 192] directed at Hanson, accusing him of contempt of court and effective misrepresentation. On November 17, 2003 Plaintiffs filed an Objection to the Ocwen motion. Adjudication of Ocwen's motion for Order to Show Cause remains pending.

Earlier, pursuant to the discovery schedules set forth by this Court in February and April, 2003, Plaintiffs served interrogatories, requests for production and requests for admission upon Ocwen.[1] Ocwen seasonably objected to virtually all of Plaintiffs interrogatories and requests for production, and filed for a protective order against having to respond to Plaintiffs' requests for admission. [Docket Entry 146].[2] As part of its rationale for being excused from having to answer Plaintiffs' requests for admission, Ocwen promised this Court that it would turn over Hanson's "complete loan file."[3] Of course, Ocwen failed to produce anywhere near Hanson's full file.

---

[1]    Plaintiffs also served discovery requests upon other Defendants to this action.

[2]    Plaintiffs subsequently filed motions to compel against Ocwen.

[3]    *See* Ocwen's 4/30/03 Motion for Protective Order, p.2.

-2-

Ocwen resisted releasing anything until after the parties met and conferred in June, 2003 at which point, Plaintiffs having filed motions to compel Ocwen's compliance with Plaintiffs' discovery requests, Ocwen relinquished approximately 270 pages of documents regarding Hanson's loan to Plaintiffs' counsel on June 20, 2003. Some entries were redacted, and Ocwen's lead counsel Ted Scarborough stated misleadingly in a cover letter to Paul Ngobeni, Esq., that the records were redacted on the basis of privilege, and promised to furnish a privilege log "shortly."

On October 23, 2003 this Court convened a telephonic status conference (the cost of which was borne by Plaintiffs). Participating in that telephonic conference for Ocwen were Ted Scarborough of Sidley Austin Brown Wood, Ocwen's lead counsel; Matt Budzik and Francis Brady of Murtha Cullina, Ocwen's Connecticut counsel; Paul Koches and Malaika Carter, Ocwen's General and Assistant General Counsel respectively. As represented to this Court orally by Hanson---an officer of the bar of this court---during that status conference on October 23rd, and as restated in Plaintiffs' Omnibus Objection to Defendants' motions to modify or amend the extant scheduling orders, Ocwen fraudulently redacted the records relinquished to Plaintiffs.

- 3 -

On November 17, 2003, Plaintiffs filed an Objection to Ocwen's motion for order to show cause. Plaintiffs appended four exhibits [reproduced here in different order as Exhibits 1 to 4], empirically evidencing Ocwen's *mens rea* in redacting relevant records in this litigation. Ocwen having engaged in egregious misconduct going to the very heart of this litigation, Plaintiffs demand that this Court take mete the severest possible punishment against Ocwen and its henchmen to vindicate the Court's authority, purge corrupt contamination, and deter any copycats.

Malaika Carter, Esq., Ocwen's Assistant General Counsel, needs to be severely punished. First, she is listed in Ocwen's authentic, unredacted records as having been personally involved in reviews of Hanson's loan, especially after the commencement of the lawsuit at bar. *See* Exhibit 1, p.1. Malaika Carter therefore had personal knowledge of the authenticity of Hanson's loan history, and yet either sat passively while said loan history was doctored to remove evidence tending to support Hanson's core claim that his loan was not actually in default, or actively acquiesced in the redaction of entries which would prove that Hanson's loan was illegally sent to "attorney 202"[4] to foreclose.

---

[4]    "Attorney 202" is Ocwen jargon for Hunt, Leibert.

- 4 -

Malaika Carter also had first-hand knowledge that dunning letters purportedly sent by Moss Codilis were in reality produced in-house by Ocwen employees.[5] In either case, she thwarted the search for truth. She should be sanctioned for her misconduct.

Paul Koches, Ocwen's Senior Vice President and General Counsel, likewise warrants discipline. While his participation in the recent status conference signaled to Plaintiffs that Ocwen was worried about this litigation at the highest levels, Paul Koches sat silently like a potted plant during the conference and heard Hanson's impassioned accusations of fraudulent redactions by Ocwen. Thereafter, Paul Koches told <u>American Banker</u> magazine that Plaintiffs' lawsuit was entirely without merit and Ocwen would firmly fight it. *See* Exhibit 5. Hanson's records having undoubtedly been reviewed at the highest levels at Ocwen's Legal Department,[6] Paul Koches' evincing of his personal opinion that this lawsuit is meritless is disgustingly disingenuous.

---

[5]     Additionally, Malaika Carter was personally involved in the controversial firing of Rosely Torres, an ostensible Moss Codilis employee. *See* Exhibit 3 (10/17/02 Affidavit of Rosely Torres). *Cf.* Exhibit 2 (Ocwen's redacted version of Exhibit 1).

[6]     *Cf.* Exhibit 1, p.1. Paul Koches personal involvement in the Rosely Torres saga where he claimed that Ocwen had reviewed records relating to the matter, indicate his familiarity with this case. *Cf.* 10/6/02 Letter of Paul Koches. *See* Exhibit 4.

-5-

This is all the more true because it occurred at the same time as Paul Koches' legal department was collaborating with Sidley Austin Brown Wood to engage in a fraudulent cover-up and to thwart the search for the truth. This sordid scam requires the Court to flex its judicial muscle and summon Paul Koches to Hartford to answer for his apparent misdeeds. Plaintiffs certainly do not intend to let the matter be swept under the rug, and will billboard this fraud unless or until justice is served.[7]

Ted Scarborough, Ocwen's lead counsel, was admitted *pro hac vice* by this Court just over one year ago. Ted Scarborough, whose firm represented Ocwen all the way to the U.S. Supreme Court in 1998 is, upon information and belief, well-acquainted with senior Ocwen management. In any event, Ted Scarborough impliedly personally reviewed the minuscule records relating to Hanson's loan that Ocwen reluctantly relinquished on June 20, 2003.

---

[7]     Plaintiffs previously protested that Ocwen was involved in computer attacks on Hanson's computers and this Court impassively ignored the issue. Likewise, when Ocwen misrepresented in court that no adverse action would be taken against any person suspected of whistleblowing without a proper investigation, yet proceeded immediately to retaliate against Rosely Torres, this Court took no action. Such signals encouraged Ocwen's continued obstruction of justice in this case in particular and in foreclosure, bankruptcy and collection cases nationwide.

- 6 -

At least, he signed the letter on Sidley Austin Brown Wood's masthead attesting, *as an officer of this court*, that portions of the released records were redacted on the basis of privilege. What privilege? To lie, cheat, deceive? It is an utter disgrace of the highest order that an attorney can be caught with his hand in the cookie jar. Instead of working diligently to verify the legitimacy of Plaintiffs' claims, and apparently unfazed by Plaintiffs' production in this case of hundreds of administrative complaints, scores of consumer affidavits, court contempt orders against Ocwen for discovery evasion, and actual court verdicts showing Ocwen negligently services loans, Ted Scarborough *chose* to actively participate in the perpetration of a fraud upon Plaintiffs, and by extension upon this Court. Here is Ted Scarborough, accusatorily blustering into Court to complain that Plaintiffs should be sanctioned and compelled to produce records and so forth, and at the same time he is involved in destroying evidence which would tend to prove Plaintiffs claims.[8] He should be severely sanctioned to deter any misguided lawyers out there.

---

[8]    In case Ocwen remains unfazed: Plaintiffs have irrefutable documentary evidence and a phalanx of witnesses nationwide clamoring to come up and convince even the most skeptical jurist or jury, that Ocwen, in tandem with Moss Codilis, has been mauling their monthly mortgage monies.

Hanson and Plaintiffs' counsel, undersigned, as Connecticut lawyers, have long esteemed the "big law firms" like Murtha Cullina and Day, Berry & Howard. The pristine reputation of these law firms precedes them in any litigation. Moreover, Hanson and Plaintiffs' counsel becaame amiably acquainted with Ocwen's local counsel during the course of telephone and in-court conferences.

Instead of withdrawing from representing Ocwen as was the appropriate and ethical thing to do when it became aware that its client was interested in perpetrating a fraud upon Plaintiffs and this Court,[9] and as was the appropriate thing to do when faced with Ocwen's inducements to commit fraud, local counsel decided to chose compensation over conscience and aided and abetted Ocwen's continuing conspiratorial conduct. As such, Plaintiffs are profoundly peeved to discover that Murtha Cullina lawyers apparently acquiesced in the springing of a scam upon Plaintiffs and this Court.[10] Regrettably, they too must be roundly reproved.

---

[9]    Ocwen's local defense counsel lawyers in a Tennessee case did the ethically appropriate thing and withdrew from representing Ocwen when it tried to engage in its customary discovery deception, and the Court there appropriately held Ocwen in contempt. *See* Exhibit 6.

[10]    This recapitulates Magistrate Judge Garfinkel's recent spoilation of evidence warning issued in conjunction with his denial [Docket Entry 181] of Plaintiffs' electronic data motion.

- 8 -

These extremely egregious acts of commission go to the core of Plaintiffs' case that Ocwen wilfully, recklessly or carelessly mismanages mortgage monies, and then engages in obfuscation to prevent justice from being served when it is sued or when it uses Moss Codilis to bring bogus collection claims, and when it ultimately farms foreclosures out to the ilk of Hunt Liebert to bring unwarranted repossession against hapless homeowners.

Plaintiffs now intend to subpoena the above-named lawyers as adverse witnesses in discovery proceedings and or any substantive litigation of the case. *Plus, Plaintiffs move for the immediate disqualification of Sidley Austin Brown Wood and Murtha Cullina from representing the Ocwen defendants further in this action.* Plaintiffs further ask the Court to fine Ocwen massively, and to instruct any jury impaneled at the end of the day about Ocwen's obscene obstruction of justice in a case which involves Hanson's investment of thousands of dollars to shelter his family in the face of the repeated rape of Justice by Ocwen, its cohorts, and now its legal counsel. Plaintiffs invite this Court to hale in Ocwen's top talent for questioning, excoriation, and referral to appropriate federal and state criminal, administrative and disciplinary entities for obstruction of justice investigation.

-9-

This Court hopefully now appreciates the magnitude of the brick wall of deceit and dilatory tactics that consumers nationwide are confronted with during litigation with Ocwen.[11] Plaintiffs have stated—and this Court knows from having apparently received correspondence from chagrined consumers,[12] that time is of essence as Ocwen uses misappropriated funds and a pattern and practice of deception to try to crush any injured consumer who would dare question its misdeeds.[13]

---

[11]    Although the matter implicates Moss Codilis as well due to the fact that the redacted entries show that there was no separate Moss Codilis entity generating dunning letters, Plaintiffs are preparing for service upon Moss Codilis, a wholly separate Rule 11 motion with opportunity to cure.

[12]    Plaintiffs have been informed after-the-fact (and/or received courtesy copies) of letters sent to Judge Chatigny and this Court by constantly cheated consumers clamoring on their own initiative for their day in court as members of this putative class action! Ocwen's days of shameless stealing from non-defaulted consumers are about to come to an ignominious end: Two powerful plaintiffs' class action firms, instrumental in forcing Fairbanks Capital to cough up $55 million last week, have turned their gunsights on Ocwen in California's courts. *See* Exhibit 7.

[13]    One might have thought Ocwen's Connecticut counsel could have clued Ocwen in on the fact that (1) Connecticut's current U.S. Attorney just created a white collar prosecution unit to actively pursue financial fraud; (2) Connecticut's federal district court is no respecter of politically powerful personalities, having lately lassoed Mayors Ganim and Giordano, and State Treasurer Silvester and his crooked cronies. But in case that publicity is lost on *anyone* who would thwart justice in this litigation, Plaintiffs reiterate what was stated under oath: Hanson has handed feckless financial fraud indicia to the FBI!

- 10 -

The mind-boggling misconduct and urgent case coalesce to compel accelerated adjudication of the pending 12(b)(6) motions. Extremely aggrieved, Hanson is seriously contemplating suing Sidely Austin Brown Wood, Murtha Cullina, and Ocwen, as well as Ted Scarborough, Matt Budzik, Francis Brady, Paul Koches, and Malaika Carter personally for vexatious litigation, civil conspiracy, reckless and wanton misconduct, CUTPA, fraud, civil rights violations, and related statutory and common law torts.

Plaintiffs ask the Court to give Plaintiffs leave to depose Paul Koches, Malaika Carter, Ted Scarborough, and Matt Budzik to explore how high up within Ocwen this fraudulent cover-up goes.[14] This Court should also accelerate hearing Plaintiffs' emergency sanctions and lawyer disqualification at bar. This Court should speedily schedule Plaintiffs' long-languished Preliminary Injunction [Docket Entry 11], and rapidly recalendar hearing Plaintiffs' Motion for Class Certification [Docket Entry 102].[15]

---

[14]    Ocwen must also be immediately forced to file a totally truthful privilege log.

[15]    Plaintiffs intend to potently publicize the pernicious power of Ocwen's fraudulent influence, and to closely collaborate with California class counsel in short-circuiting once and for all this diabolic deceit. It is one thing to have the world's biggest law firm and Connecticut's biggest law firms pitted against puny Plaintiffs; it is quite another thing altogether to recruit defense counsel in subverting the search for truth!

- 11 -

Fundamental fairness, the bedrock on which is founded the very Twin Towers of due process and equal protection, demands no less. And there will be no seismic result to Cardozo's edifice of Justice. For the foregoing and such other reasons as may by them be orally argued at the hearing thereon,[16] Plaintiffs ask this Court to grant the emergency motion with all deliberate speed.

Respectfully submitted,

Paul M. Ngobeni (#ct08187)
Law Offices of Paul Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone: (860) 289-3155
Facsimile: (860) 282-7479

---

[16] Plaintiffs may proffer additional evidence of Ocwen's unassailable fraud at a hearing on their emergency motion at bar.

- 12 -

CERTIFICATION

A copy of Plaintiffs' **Emergency Motion for Order to Show Cause Directed at Ocwen, Theodore Scarborough, Matt Budzik & Francis Brady, Paul Koches & Malaika Carter** was mailed 11/18/03, postage prepaid, to all counsel and *pro se* parties of record (with a courtesy copy to Magistrate Judge Garfinkel's Chambers):

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100 Fax (860) 275-0343

Matthew Budzik, Esq.
Francis J. Brady, Esq.
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 240-6000 Fax (860) 240-6150

Basil S. Shiber, Esq.
Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd. 5th Floor
P. O. Box 8177
Walnut Creek, CA 94596
(925) 935-9400

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Attorneys at Law
Bank One Plaza
Chicago, IL 60603
(312) 853-7036 Fax (312) 853-2236

Luigi Spadafora, Esq.
Peter R. Stark, Esq.
Winget, Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006
(212) 221-6900 Fax (212) 221-6989

Kweku J. Hanson, Esq. (*Pro Se*)
Law Offices of Kweku J. Hanson
487 Main Street, Suite Two
Hartford, CT 06103-3007
(860) 728-5454 Fax (860) 548-9660

_____
**Paul M. Ngobeni, Esq.**

- 13 -