UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
NOV 17 P 4:05
DISTRICT COURT
HARTFORD CT

---

KWEKU HANSON,
individually and on behalf of
all others similarly situated

    Plaintiff,

v.

OCWEN FEDERAL BANK, et al.

    Defendants.

No. 3:02-CV-960 (CFD)

November 13, 2003

---

**DEFENDANT LITTON LOAN SERVICING, LP'S REPLY TO THE PLAINTIFF'S OMNIBUS OPPOSITION TO THE DEFENDANTS' MOTIONS TO MODIFY THE AMENDED SCHEDULING ORDER AND FOR RULE 16 SCHEDULING CONFERENCE**

Defendant, Litton Loan Servicing, LP, ("Litton"), submits this Reply to the Plaintiff's Omnibus Opposition to the Defendants Motions to Modify the Amended Scheduling Order and for a Rule 16 Scheduling Conference ("Opposition").

Litton maintains that Plaintiff Kweku Hanson has blatantly refused to respond to any of Litton's numerous requests to clarify his allegations as against Litton, as was directed by the Court on April 10, 2003, failed to respond to any of Litton's Requests for the Production of Documents or Interrogatories, and failed to make himself available for a deposition.

Each of Litton's numerous attempts to elicit compliance from the Plaintiff has been met with silence. On April 28, 2003, the Plaintiff served a Supplemental Brief in which he disregarded the Court's instructions to clarify his Complaint against Litton. On May 13, 2003, Litton filed a Reply Brief in Further Support of its Motion to Dismiss,

again requesting that the Plaintiff clarify the ambiguities in his Complaint as against Litton.

Litton subsequently filed a Motion to Compel on June 26, 2003, moving for an order compelling the Plaintiff to respond to Litton's First Request for the Production of Documents ("Document Requests") and First Set of Interrogatories ("Interrogatories") both dated March 27, 2003; (2) ordering the Plaintiff to appear for Litton's deposition of the Plaintiff within 30 days of responding to the aforementioned Document Requests and Interrogatories; and (3) prescribing appropriate sanctions upon the Plaintiff for failing to respond to Litton's Document Requests and Interrogatories.

On September 30, 2003, as a result of the Plaintiff's continued inaction, Litton had no choice but to file a Motion to Modify the Amended Scheduling Order and Compel the Plaintiff to Provide Discovery, or in the Alternative, to Preclude the Plaintiff from Attempting to Support his Class Action Allegations and to Strike the Plaintiff's Complaint.

On October 14, 2003, the Plaintiff filed his Opposition to the Defendants' Motions to Modify the Amended Scheduling Order and for a Rule 16 Scheduling Conference. The Plaintiff's Opposition to the Defendants' Motions is replete with inaccuracies as respects Litton. By way of example, the Plaintiff wrongfully asserts that Litton's Motion to Modify the Amended Scheduling Order was silent on the issue of oral argument or testimony. Contrary to the Plaintiff's assertions, Litton's Motion specifically requested oral argument, and therefore Litton has not waived any claim to oral argument. See p. 1 of the Plaintiff's Opposition. Moreover, as respects production of documents, the Plaintiff concedes that the documents he apparently produced to

Ocwen contained, "scant material on Litton," if any at all, and that "at the juncture when they were turned over, Plaintiffs had only a smattering of documents attesting to Litton's leadership in the area of servicing fraud…" See p. 20 of the Plaintiff's Opposition. Litton filed its Motion to Modify the Amended Scheduling Order and Compel the Plaintiff to Provide Discovery, or in the Alternative, to Preclude the Plaintiff from Attempting to Support his Class Action Allegations and to Strike the Plaintiff's Complaint because the Plaintiff has simply, and irrefutably, ignored all of Litton's Discovery requests without justification.

## CONCLUSION

For the foregoing reasons, Litton respectfully reiterates its request that the Court (1) modify the amended scheduling order; or (2) preclude the Plaintiff from attempting to support to support his class action allegations, and on that basis (3) deny the Plaintiff's Motion for Class Certification; and (4) strike the Plaintiff's Complaint; and (5) grant Litton such other and further relief as the Court may deem appropriate.

Defendant Litton Loan Servicing, LP

By: _____
Luigi Spadafora, Esq. (ct18590)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing were sent via overnight mail on this date to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady, Esq.
Matthew J. Budzik, Esq.
Murtha Cullina, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

Steven M. Greenspan, Esq.
David M. Bizar
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
487 Main Street, Suite 2
Hartford, CT 06103

Dated: November 14, 2003

Luigi Spadafora (ct18590)