UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KWEKU HANSON )
)
)
VS. ) 3:02 CIV 960 (CFD)
)
OCWEN FEDERAL BANK, et al. )

## PLAINTIFF'S STATEMENT IN SUPPORT OF IMMEDIATE HEARING ON THE MOTION FOR PRELIMINARY INJUNCTION

Pursuant to the Court's (Judge Droney) order of November 24, 2003, plaintiff hereby articulates the following as changed circumstances which warrant an immediate hearing on the preliminary injunction motion:

This Court's order postponing until April 30, 2004, the class certification motion imposes a delay never contemplated by the parties when they agreed to the schedule issued in February, 2003.

Since the issuance of the original scheduling order, plaintiff has been inundated with affidavits, telephone calls, e-mails and other correspondence from hundreds of Ocwen's customers who have lost, and are in the process of losing their homes through foreclosure.  These are members of the putative class plaintiff seeks to represent and are clearly being victimized by Ocwen.  Rule 23(b)(2) of the Federal Rules of Civil Procedure provides that an action may be maintained as a class action if, in addition to the threshold requirements of numerosity, commonality,

typicality, and adequacy of representation, "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Since the commencement of this case, plaintiff has sought preliminary injunction which would have at least stopped OCWEN from perpetuating its unlawful practices during the pendency of this case. The delay in ruling on the Motion for Preliminary Injunction has not only worked to OCWEN's advantage but it has also emboldened Ocwen into taking punitive retaliatory measures against its employees and accelerating the pace of its unlawful stealing of class victims' houses.

    Plaintiff respectfully submits that it was improvident to stipulate to the schedule in February 2003 and that Ocwen's subsequent actions and the desperate pleas from members of the class plaintiff seeks to represent make it imperative that this Court schedule a hearing on the preliminary injunction motion forthwith.

**RESPECTFULLY SUBMITTED**

*[signature]*

Paul M. Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108
(860) 289-3155
Fax (860) 282-7479

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was sent via e-mail and by first Class mail to the following counsel for defendants this ___ day of DECEMBER 2003

Francis Brady, Esq
Matthew Budzik, Esq
Murtha, Cullina LLP
CityPlace 1
Hartford, CT 06103

David Bizar, Esq.
David Greenspan, Esq
Day Berry & Howard LLP
CityPlace 1
Hartford, CT 06103

Theodore R. Scarborough, Esq
Sidley, Austin, Brown & Wood
Bank One Plaza, Chicago, Ill 60603

Basil Shiber, Esq
1331 N. california Blvd
P.O. Box 8177
Walnut Creek, CA 94596

Luigi Spadafora, Esq
Winget & Spadafora
45 Broadway, 19th Floor
New York, N.Y. 1006

Kweku J. Hanson, Esq
487 Main street Suite Two
Hartford, CT 16103-3007

_____
Paul M. Ngobeni