UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------
KWEKU HANSON,                         :    No. 3:02-CV-960 (CFD)
individually and on behalf of         :
all others similarly situated         :
                                      :
        Plaintiff,                    :
                                      :
   v.                                 :
                                      :
OCWEN FEDERAL BANK, et al.            :
                                      :
        Defendants.                   :    NOVEMBER 21, 2003
-------------------------------------------------
```

**OCWEN'S REPLY IN SUPPORT OF ITS**
**MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff's Objection to Ocwen's Motion for Order to Show Cause (the "Objection") confirms that he is in possession of confidential Ocwen information, but he has failed to truthfully identify that information and his sources as ordered by the Court.  For that reason, Ocwen's Motion for Order to Show Cause should be granted, plaintiff should be ordered to immediately disclose the information and sources, and appropriate sanctions should be imposed.

Ocwen is filing a separate motion to address the attachment by plaintiff of information obtained surreptitiously by him when it is subject to the attorney-client privilege and attorney work product immunity.  The privileged document should be sealed

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY MAY BE REQUIRED**

immediately and plaintiff ordered to immediately turn over all copies to Ocwen's counsel. Not only is plaintiff's possession of the document improper, but the proper procedure for challenging Ocwen's assertion of privilege is a separate motion, not a response to the instant motion.

## ARGUMENT

**I.   PLAINTIFF ADMITS THAT HE IS IN POSSESSION OF CONFIDENTIAL INFORMATION FROM UNDISCLOSED SOURCES.[1]**

Plaintiff admits in his Objection that "he has had contacts with 'moles' *within* Ocwen." (Objection at 4 (emphasis in original)). His reference to secretly filed "sealed" documents filed with the Court suggests that the secret filings refer to such contacts. (Id.).[2] Plaintiff admits that he "had 'inside' information.…" (Objection at 5). Plaintiff's attachment of a privileged copy of Ocwen's internal records of his own loan file (See Objection Exh. 3), obtained from unrevealed sources and outside of normal discovery channels, demonstrates that plaintiff has internal Ocwen documents.

---

[1]   This section responds to pages 3-7 of plaintiff's Objection.

[2]   Although Ocwen has requested copies of the secret filings, plaintiff has refused to provide them. The continued reliance on these ex parte submissions is improper. Although confidential documents may be sealed in appropriate circumstances so that non-parties to the litigation cannot obtain them, Ocwen is aware of no justification in a civil action for submitting ex parte materials and then refusing repeated requests for access to the information. The fact that plaintiff never gave formal notice of the filings, and that Ocwen was left to deduce the existence of the documents from later submissions, compounds the problem.

Plaintiff offers a number of reasons for why he was not required to disclose this information under the Court's February 27 Order. Plaintiff excuses his failure by claiming that "*Ocwen* failed to define 'who' or 'what' constitutes an Ocwen employee...." (Objection at 6 (emphasis in original)). Ocwen, however, was not obligated by the February 27, 2003 Order to provide such a definition. Indeed, the rationale set forth in the Court's Order belies plaintiff's attempt to construe it as "*very specific*, narrowly-tailored." (Objection at 5, n.8 (emphasis in original)). The Court stated that "the need to preserve the security and confidentiality of Ocwen's customer information remains urgent." (Feb. 27 Order at 1). That need is not served by allowing plaintiff to evade discovery requests through an overly clever definition of an Ocwen "employee." Ocwen did not ask plaintiffs "to *guess* who is an Ocwen employee." (Objection at 6 (emphasis in original)). Rather, Ocwen asked for an honest, truthful, and complete accounting of the confidential information obtained by plaintiff and his sources, so that it could take appropriate measures. Plaintiff has refused to comply.[3]

---

[3] Plaintiff's statement that "Ocwen itself has an incestuous relationship with Moss Codilis workers so that the lines between the two were as blurry as the distinction between the lines on Tweedledum and Tweeledee's plaid pants" (Objection at 6) demonstrates that his position is untenable. He claims that Ocwen's employees and Moss's employees were synonymous when it suits him, but then crafts an overly narrow interpretation of the term "employee" when that opposite construction suits him.

Plaintiff also admits that he willfully failed to provide information and documents received from "pseudonymous or anonymous contacts" because he was free to "conservatively constru[e] the Court's 2/27/03 order." (Objection at 7). Indeed, he concedes that he abandoned any attempt to consider whether a sender of information was an Ocwen employee. (Objection at 12, n. 21). That position is untenable and unreasonable. Hanson is not entitled to rely on ignorance to avoid compliance with the Court's order. If he has confidential Ocwen customer information from "pseudonymous or anonymous contacts," it is reasonable to conclude that the supplier would be an Ocwen employee and the information should have been disclosed as part of reasonable compliance with *Court ordered* discovery.[4]

## II. PLAINTIFF'S PROCEDURAL OBJECTIONS LACK MERIT.[5]

Plaintiff suggests that Ocwen's motion is improper because Ocwen failed to meet and confer under Fed. R. Civ. P. 37 before filing its motion. That suggestion lacks merit because Rule 37 imposes no duty on Ocwen to meet and confer with plaintiff concerning the meaning of the Court's Order. The issue presented is not the scope of a discovery request; the issue is the plaintiff's noncompliance with an Order issued by the Court.

---

[4] Plaintiff's non-compliance with the Court's Order is buttressed by his failure to provide responses to similar and broader requests in Ocwen's later-served discovery. (Ocwen Memorandum at 6).

[5] This section responds to page 2 of the Objection.

4

Plaintiff's assertion that Ocwen is trying to "circumvent" the discovery hearing before Magistrate Judge Garfinkel is also wrong. Ocwen welcomes resolution of the discovery motions by Judge Garfinkel. But the issue presented by the instant motion for order to show cause is not a mere discovery dispute. The issue is compliance with an Order issued by this Court, and the duties incumbent upon Ocwen to protect customer information.

## CONCLUSION

For all of the foregoing reasons, Ocwen requests that the Court enter an Order to Show Cause, and require plaintiff to fully and truthfully identify any Ocwen customer information obtained by him, and the sources of that information. Based on his failure to truthfully respond to the Court's February 27 Order, Ocwen also requests that an appropriate sanction or contempt citation be entered.

DEFENDANT -
OCWEN FEDERAL BANK FSB


By _____

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

Their Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Ocwen's Reply in Support of its Motion for Order to Show Cause was sent by U.S. mail, first class postage prepaid, on this 21st day of November, 2003 to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108<br>(additional copy by FedEx) | Steven M. Greenspan, Esq.<br>David M. Bizar, Esq.<br>Day, Berry & Howard<br>CityPlace I<br>Hartford, CT 06103-3499 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT 06460 | Theodore R. Scarborough<br>Sidley, Austin, Brown & Wood<br>Bank One Plaza<br>Chicago, IL 60603 |
| Luigi Spadafora, Esq.<br>Winget & Spadafora<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Kweku J. Hanson, Esq.<br>*Pro Se*<br>Elm Building<br>487 Main Street, Suite Two<br>Hartford, CT 16103-3007 |
| Richard G. Carlston, Esq.<br>Basil S. Shiber, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA 94596 | John K. Van de Weert, Esq.<br>Sidley, Austin, Brown & Wood<br>1501 K Street, N.W.<br>Washington, D.C. 20005 |

_____
Matthew J. Budzik