UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------

| | | |
|---|---|---|
| KWEKU HANSON, | : | No. 3:02-CV-960 (CFD) |
| individually and on behalf of | : | |
| all others similarly situated | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
|     Defendants. | : | NOVEMBER 21, 2003 |

------------------------------------------------------

## OCWEN'S MEMORANDUM IN SUPPORT OF ITS
## MOTION FOR DISGORGEMENT OF PRIVILEGED DOCUMENTS

Plaintiff has repeatedly boasted of obtaining documents and information in this case outside normal discovery channels.  Ordinarily, there is no objection to such activity – a litigant and his attorney are entitled to pursue research and investigation outside the formal discovery process.  Kweku Hanson, however, has transgressed the boundaries of proper investigation and engaged in an improper violation of Ocwen's attorney-client and attorney work-product privileges.

On November 17, 2003, Hanson filed "Plaintiff's Objection to Ocwen Defendants' Motion for Order to Show Cause Directed Against Kweku Hanson" (the "Objection").  As Exhibit 4 to the Objection, Hanson submitted a copy of a document entitled

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY MAY BE REQUIRED**

"Comments/History log" for his Ocwen mortgage loan which was produced by Ocwen and labeled with bates numbers OCW 250 through 276.  This document was redacted by Ocwen on grounds of privilege and Ocwen produced a privilege log in compliance with D. Conn. L. Civ. R. 37(a)(1).  (See Ex. 1, attached).

The unredacted version of the Comments/History log contains material that is protected by the attorney-client privilege and attorney work-product doctrine as fully set out by Ocwen in its privilege log.  The documents include communications with counsel concerning the collection of Mr. Hanson's loan, a possible foreclosure action, as well as attorney communications in connection with this lawsuit.  All of this information is protected by privilege.  Because Mr. Hanson is not entitled to that material, it should be returned to Ocwen forthwith, and his improper inclusion of the material in the record should be stricken or sealed.[1]

---

[1]  In addition to the Objection, Mr. Hanson has also filed the unredacted version as an exhibit to "Plaintiffs' Emergency Motion for Order to Show Cause Directed at Ocwen; Sidley Austin Brown Wood's Theodore Scarborough; Murtha Cullina's Matt Budzik & Francis Brady; Ocwen General Counsel Paul Koches; & Ocwen Asst. Gen. Counsel Malaika Carter" (the "Emergency Motion").  The exhibit should also be stricken or sealed in that motion.

## ARGUMENT

**I.    PLAINTIFF MUST DISGORGE THE PRIVILEGED DOCUMENT(S).**

In re Shell Oil Refinery (Adams v. Shell Oil Co.), 143 F.R.D. 105, 107-08 (E.D. La. 1992), the court addressed a situation where plaintiff's attorney had obtained proprietary company documents through communications with the defendant's employees outside of the discovery process and without the knowledge of the defendant or its counsel. Although the record before the Court did not enable it to determine whether the contact between plaintiff's attorney and the employee was an impermissible ex parte contact in violation of ethical rules,[2] the court held that the "receipt of [the defendant's] proprietary documents in this manner was inappropriate and contrary to fair play." Id. at 108. There, where no privilege issues were presented, the Court ordered the plaintiff's counsel to produce all documents obtained, and to cease ex parte contacts.

When a party obtains privileged documents, the concerns are even greater. Many courts have considered the situation where a party inadvertently produced a privileged document, and have compelled the receiving party to return the document. See, e.g., United States v. United Techs. Co., 979 F. Supp. 108, 115-16 (D. Conn. 1997) (compelling return

---

[2]    Whether such a violation of Conn. R. Prof. Conduct 4.2 occurred in this case is also unknowable absent a full accounting of the contacts between Messrs. Hanson and Ngobeni, who have both entered appearances in this action, and Ocwen employees (or employees of other parties to the litigation).

of privileged document where the company had employed reasonable procedures to prevent misdisclosure and promptly moved to correct error).

The situation presented by this case is yet more stark. Here, Hanson has obtained—through undisclosed means—a document that was separately produced by Ocwen in a redacted form. That fact, plus the contents of the document, clearly put Hanson on notice of the privileged nature of the document. Nevertheless, Hanson continued to review the document and filed it publicly with this Court. Compare Amgen Inc. v. Hoechst Marion Roussel, Inc., 190 F.R.D. 287, 290 & n.2 (D. Mass. 2000) (party receiving apparently privileged documents through inadvertent production properly segregated the documents and refrained from reviewing them until the matter was resolved). That active receipt – and use – of Ocwen's privileged documents demands an immediate disgorgement of the documents (including all copies). Sanction is also appropriate. See Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001) (affirming sanctions awarded against an attorney who "received, read, and used bootlegged copies" of privileged documents).

## II.      THE REDACTED PORTIONS OF THE DOCUMENT ARE PRIVILEGED.

Plaintiff characterizes Ocwen's redactions as "bogus privilege claims" (Objection at 8), "one example ... of the feckless fraud" (id. at 10), "sheer fraud" (id. at 10 n.18), "egregious misconduct" (Emergency Motion at 4), "doctored" (id.), "fraudulent cover-up" (id. at 6), "sordid scam" (id.), "perpetration of a fraud upon Plaintiffs" (id.), "continuing

conspiratorial conduct" (id. at 8), "the brick wall of deceit and dilatory tactics" (id. at 10), and "mind-boggling misconduct" (id. at 11). Notably absent from either the Objection or the Emergency Motion, however, despite their rhetoric, is any substantive discussion of Ocwen's assertion of the attorney-client privilege or work-product immunity. Ocwen's privilege log fully establishes the applicability of the privilege to the redactions made by Ocwen's counsel before producing the documents to plaintiff in June 2003.[3] The log identifies each redaction by bates number, description, author, date, and privilege asserted. Indeed the extracts quoted by plaintiff (Objection at 9) clearly identify communications between Ocwen representatives and attorneys (Malaika Carter, Moss Codilis, or foreclosure counsel).

Crime-Fraud Exception. Apparently, although he has provided neither argument on this point nor citation to applicable authority, plaintiff contests the applicability of the privilege "under the fraud exception." (Objection at 9; Emergency Motion at 7-8). The standard for applying the crime-fraud exception to the attorney-client privilege is demanding. See In re Currency Conversion Fee Antitrust Litig., 2002 WL 3148230, *3 (S.D.N.Y. Nov. 4, 2002); see also In re Richard Roe, Inc., 168 F.3d 69, 71 (2d Cir. 1999); United States v.

---

[3]    Plaintiff now acknowledges receipt of these documents—he even attaches the cover letter
       as well as the documents to his filings. Yet in his August 2003 discovery motions, he
       complained that Ocwen had failed to produce *any* documents, a clearly untrue assertion.

Jacobs, 117 F.3d 82, 87 (2d Cir. 1997); In re Richard Roe, Inc., 68 F.3d 38, 40 (2d Cir. 1995);

In re John Doe, Inc., 13 F.3d 633, 637 (2d Cir. 1994).

The Second Circuit has rejected "a test for the crime-fraud exception that examine[s]

only whether the material sought might provide evidence of a crime or fraud, i.e., a "relevant

evidence test."  Roe II, 168 F.3d at 71; Roe I, 68 F.3d at 40-41.  Instead, the communication or

work product must itself be "in furtherance of the crime or fraud" and must be "intended in

some way to facilitate or conceal the criminal activity."  Id.  Plaintiff has not met, and cannot

meet, this standard.

Communication with Counsel.  Hanson also apparently contends that the attorney-

client privilege cannot apply with respect to communications between Ocwen and Moss

Codilis because of his unexplained contention that Moss Codilis is not a law firm.

(Objection at 6 n.12).  He apparently contends that his inability to find a law firm

registration number for Moss Codilis voids the attorney-client privilege.  That contention

lacks merit, particularly in light of plaintiff's failure to cite any authority requiring a law

firm, as opposed to an individual attorney, to be registered or licensed in any applicable

state.  Ocwen retained the law firm defendants and their members for the purposes of

providing legal advice and legal services, as set forth by the Moss Codilis defendants in their

motion to dismiss and supporting affidavits.  That is consistent with the assertions made on Ocwen's privilege log.

Improper Procedure.  Finally, plaintiff's public submission of the comment log, which he knew to be subject to Ocwen's claim of privilege, was improper.  If plaintiff wanted to challenge Ocwen's assertion of the privilege, the proper vehicle was a meet and confer under Fed. R. Civ. P. 37, followed by a motion to compel.  The current vehicle has prejudiced Ocwen by placing its privileged materials in the public record.  Moreover, plaintiff's filings are wholly inadequate to serve as a motion to challenge Ocwen's assertion of its privilege because they are devoid of any authority or legal argument supporting his contentions.

## CONCLUSION

For all of the foregoing reasons, Ocwen respectfully requests that the Court order plaintiff to disgorge all copies of the unredacted comment log on his loan, that the Court seal or strike the document from the public record, and that an appropriate sanction be levied against plaintiff.

DEFENDANT -
OCWEN FEDERAL BANK FSB


By _____

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

Their Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen's Memorandum in Support of its

Motion for Disgorgement of Privileged Documents was sent by U.S. mail, first class postage

prepaid, on this 21st day of November, 2003 to:

| | |
|---|---|
| Paul Ngobeni, Esq. | Steven M. Greenspan, Esq. |
| Ngobeni & Associates | David M. Bizar, Esq. |
| 914 Main Street, Suite 206 | Day, Berry & Howard |
| East Hartford, CT 06108 | CityPlace I |
| (additional copy by FedEx) | Hartford, CT 06103-3499 |
| | |
| Peter Randall Stark, Esq. | Theodore R. Scarborough |
| 183 N. Broad Street | Sidley, Austin, Brown & Wood |
| P.O. Box 292 | Bank One Plaza |
| Milford, CT 06460 | Chicago, IL 60603 |
| | |
| Luigi Spadafora, Esq. | Kweku J. Hanson, Esq. |
| Winget & Spadafora | *Pro Se* |
| 45 Broadway, 19th Floor | Elm Building |
| New York, NY 10006 | 487 Main Street, Suite Two |
| | Hartford, CT  16103-3007 |
| | |
| Richard G. Carlston, Esq. | John K. Van de Weert, Esq. |
| Basil S. Shiber, Esq. | Sidley, Austin, Brown & Wood |
| Miller, Starr & Regalia | 1501 K Street, N.W. |
| 1331 N. California Blvd., 5th Floor | Washington, D.C. 20005 |
| P.O. Box 8177 | |
| Walnut Creek, CA 94596 | |

_____

Matthew J. Budzik