FILED

2003 DEC 12 P 2: 32

US DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON<br>individually and on behalf of<br>all others similarly situated<br>      Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, et al.<br>      Defendants. | No. 3:02-CV-960 (CFD)<br><br><br><br><br><br><br><br><br>DECEMBER 12, 2003 |

<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO MODIFY REVISED
SCHEDULING ORDER TO RESTORE BIFURCATED DISCOVERY REGIME AND
AUTHORIZE ADDITIONAL DEPOSITIONS, ONE PER NAMED DEFENDANT</u>

On February 27, 2003 this Court for the first time in this case issued a Scheduling Order [Docket #118] to govern discovery in this litigation. As is customary for complex consumer class actions, that original 2/27/03 Scheduling Order provided for a bifurcated discovery framework. Plaintiffs subsequently filed motions [Docket #132] for enlargement of time and [Docket #133] to modify the 2/27/03 Scheduling Order, saying they were impractical under the totality of the circumstances.

**ORAL ARGUMENT IS REQUESTED**

**TESTIMONY WILL BE REQUIRED**

-1-

On April 29, 2003 after careful consideration, this Court partially granted and partially denied Plaintiffs' motions. [See Docket #143]. The Court amended and clarified its 2/27/03 Scheduling Order to provide for a more meaningful discovery regime. The 4/29/03 ruling stated: "Discovery will be conducted in *two* phases. In the first phase, discovery will proceed with respect to (a) the merits of the plaintiff's claims and whether the requirements of class certification under [Fed.R.Civ.P. 23] are satisfied in this action. *In the second phase, discovery will proceed regarding the merits of the claims of the class.*" (Emphasis added).[1]

---

[1] The Court's class-certification conducive discovery regime elaborated that "[t]he first phase shall commence immediately and will be completed by October 1, 2003. By **July 1, 2003**, non-expert witness discovery *regarding the merits of the plaintiff's claims and the requirements of class certification under [Fed.R.Civ.P. 23]* shall be completed. By **August 1, 2003**, plaintiff's expert witness designations and reports *regarding the merits of plaintiffs claims and the requirements of class certification under [Fed.R.Civ.P. 23]* must be exchanged. By **September 1, 2003**, depositions of the plaintiff's experts *regarding the merits of plaintiffs claims and the requirements of class certification under [Fed.R.Civ.P. 23]* must be completed. By **September 1, 2003**, defendants' expert witness designations and reports *regarding the merits of plaintiffs claims and the requirements of class certification under [Fed.R.Civ.P. 23]* must be exchanged. By **October 1, 2003**, depositions of the plaintiff's experts *regarding the merits of plaintiffs claims and the requirements of class certification under [Fed.R.Civ.P. 23]* must be completed." (Emphasis in original).

The Court's 4/29/03 Scheduling Order further set an October 1, 2003 deadline for the filing of "dispositive motions regarding the plaintiff's individual claims" and for "defendants' responses to the plaintiff's motion for class certification." The Scheduling Order instructed Plaintiffs to "reply to the defendants' responses" by October 15, 2003.

Beginning on the very same date that this Court issued its 4/29/03 revised Scheduling Order, Defendants, spearheaded by Ocwen, began to file a bevy of discovery-related motions designed either to compel Plaintiffs [e.g. Docket #144, 145], to evade discovery obligations [e.g. Docket #146], or to delay the litigation.[2] Not to be outwitted, Plaintiffs promptly pressed this Court to deny Defendants' dilatory designs. [See, e.g. Docket #149].[3]

This Court, beginning on or about May 22, 2003 referred virtually all the ensuing discovery disputes to Magistrate Judge William Garfinkel. See, e.g. Docket #158, 163, 164, 168, etc.

---

[2] For example, counsel for Moss Codilis defendants insisted in communications with Plaintiffs that they would not permit their clients to be deposed until after Hanson's depositions were completed.

[3] Plaintiffs also filed affirmative motions, see, e.g. Docket # 171, 172, 174.

-3-

Additionally, following an October 23, 2003 Status Conference with this Court, Magistrate Judge Garfinkel by order dated November 4, 2003 [see Docket #191] set for hearing all discovery disputes as well as Ocwen, Moss Codilis and Litton's miscellaneous motions to modify *that part of the Court's 4/29/03 Scheduling Order* requiring dispositive motions to be filed by October 1, 2003 and responses to Plaintiffs' January 21, 2003 class certification motion by October 15, 2003.[4]

At a hearing on November 24, 2003 Magistrate Judge Garfinkel issued decisions from the bench which were later formalized into a Ruling [Docket #208]. After initially deciding that as a sanction for Plaintiffs' perceived derelictions[5] he would allow Plaintiffs *only one deposition per defendant*, the Magistrate Judge subsequently reversed himself at the tail end of the hearing and constricted Plaintiffs to *only one deposition per group of related defendants*!

---

[4]   Docket #182, 183 and 186-87, respectively

[5]   Presumably, Plaintiffs' failure to schedule depositions on any defendant (in deference to defendants' well-rehearsed positions that they would not permit depositions of their witnesses until after completing Hanson's deposition) was a blunder of such magnitude that it warranted the wholesale truncation of a meaningful opportunity for Plaintiffs to depose defendants.

Such an abrogation of Plaintiffs' right to depose adverse witnesses in a case of this size and conceded complexity is patently unreasonable and may amount to a denial of due process.[6] *None of the Defendants* can credibly claim that it is an even-handed dispensation of justice to force Plaintiffs to choose which of the tripartite Ocwen defendants (Ocwen Financial, Ocwen, and William Erbey) to depose, and further to decide which individual from such winnowed-down list to actually notice for deposition.[7] *None of the Defendants* can credibly assert that Plaintiffs should be restricted to playing Russian roulette by selecting only one worker from within the larger Moss Codilis, let alone only one partner from within the sixteen Moss Codilis related defendants, to depose.[8]

---

[6] Federal courts traditionally have *expanded*, not curtailed, discovery in consumer class action cases. Plus, the conventional wisdom has been to permit liberal discovery in fraud cases (whether individual actions of class actions).

[7] Plaintiffs will not revisit the implicit disparity involved in the Court decrying as burdensome and pruning their Requests for Admission down to only 70 requests to Ocwen (a behemoth with many employees), while compelling Hanson (an individual) to answer all 119 requests propounded by Moss Codilis. However, Plaintiffs would appreciate future even-handedness and may move for reconsideration of the 70-item limit.

[8] An analogous case is the Home Town Buffet afficionado told to only eat from the salad bar, and pick only one dressing!

-5-

The situation with Litton is somewhat different, because Litton is a single defendant. Plus, to the extent they may have been concededly derelict in not timely responding to Litton's discovery requests, Plaintiffs can live, if they must, with one fact-witness deposition of Litton as a discovery sanction. The important point, however, is that no defendant actually argued for such an anaconda-like constriction of Plaintiffs' reasonable right to take depositions; the Magistrate Judge did so *suo motu!*

This Court is well aware that Plaintiffs have several sworn statements from ex-employees of some of the defendants corroborating some of the allegations of fraud and consumer abuse interspersed in the Amended Complaint. This Court is aware (because Plaintiffs filed the material as exhibits) that at least 650 pages of consumer complaints against Ocwen exist at the FTC.

This Court is aware that Plaintiffs hold at least forty-five Affidavits from consumers nationwide alleging that Ocwen mismanaged their loans. This Court is aware from Hanson's periodic testimony during the hotly-contested debate a year ago regarding the existence or non-existence of Ocwen moles, that Ocwen's own customer relations emails corroborate allegations of mortgage money mismanagement and other forms of consumer abuse.

This Court is aware that Ocwen redacted under pretense of privilege authentic loan entries relating to Hanson which stated that his loan should not have been in foreclosure because it was not in demand. This Court is aware, from exhibits attached to various pleadings by Plaintiffs, that sister courts scattered around the United States have found Ocwen negligent and/or enjoined Ocwen, and have certified class actions against Moss Codilis for FDCPA violations, *including on summary judgment*![9]

If Plaintiffs understood the import of the referral orders correctly, Magistrate Judge Garfinkel's mandate was to decide the *historical* motions referred to him; nothing more (especially since Plaintiffs never consented to having this case substantively decided by a magistrate judge during their Fed.R.Civ.P. 16 proposal).

---

[9] Plaintiffs previously mentioned that Litton is the subject of a federal Tennessee putative class action in which the named plaintiffs have already secured a preliminary injunction. <u>American Banker</u>'s November 13th and 17th, <u>Home Equity News</u>' 12/01/03 edition, <u>Palm Beach Post</u>'s 12/05/03 edition, CBS News 11/28/03 broadcast, and respectable media outlets have recently reported on an onslaught of class action lawsuits filed against Ocwen for allegedly fraudulent practices by law firms with national reputations. While none of these lawsuits and reports constitutes proof, it certainly raises eyebrows that Hanson is not alone in making serious, provable, allegations of feckless fraud against a publicly traded company.

-7-

Plaintiffs assumed during the 11/24/03 hearing that Magistrate Judge Garfinkel was deciding only the disputed discovery matters as well as Defendants' motions to modify and enlarge the scheduling order. However, whether by design or oversight, the Magistrate Judge addressed only those aspects of the Scheduling Order relating to the past discovery disputes, and reset the clock vis-a-vis facts depositions. He did not address the issue of when dispositive motions would be due, presumably because this was the exclusive province of this Court.

Nevertheless, apparently acting *ultra vires*, Magistrate Judge Garfinkel collapsed this Court's carefully-considered, bifurcated discovery regime into one, essentially eviscerating Plaintiffs' right to proceed on discovery relating to the merits of the class.[10] To the extent the rulings can fairly be read to have dealt in a plenary fashion with the full parameters of the contentious class certification schedule, he exceeded authority!

---

[10] *See* Ruling on Pending Discovery Motions and Amended Scheduling Order, dated 12/3/03, filed 12/8/03. Magistrate Judge Garfinkel ruled: "The new schedule is as follows: Plaintiff is to respond to discovery requests [by] December 31, 2003. [Plaintiff's deposition shall be scheduled for mid-February, 2004]. *Plaintiff shall be permitted to take one deposition each of the defendant groups for a total of three (3) depositions by the end of March, 2004. Other case management dates have been set by Judge Droney in his [11/25/03] ruling."* (Emphasis added).

- 8 -

During the back-to-back hearing at Hartford before this Court, the focus on the sealed documents, Plaintiffs' push for a prompt preliminary injunction hearing, and the class certification dates.[11] At no time did the Court intimate that it was imploding and discarding the two-step procedure for class certification. Indeed the Court expressly observed, vis-a-vis Defendants' motions to modify, that *most* [but decidedly and demonstrably not all] of the issues raised by those motions would have been dealt with [in Bridgeport] by Magistrate Judge Garfinkel. No judicial authority articulated that by *fiat* this Court was abolishing Plaintiffs' right to conduct discovery (including depositions) relating to the merits of class certification during the contested hearings on November 24, 2003.

Nor, did the Court's post-hearing orders address that substantive issue or specify when expert witness reports and depositions are due. Plaintiffs had predicted that Defendants' request to move the goal posts would result in a potential Pandora's Box of confusion.

---

[11] Ancillary matters dealt with related to Plaintiffs' desire to disqualify Ocwen's lawyers.

Thousands of prospective class members nationwide are following this case as it meanders through the minefields of motion practice in its quest to attain class certification. To such harangued homeowners <u>Hanson v. Ocwen et al.</u> is no abstract curiosity, but rather an ardent aspiration that the Doors of Justice will not be slammed in their faces and that they will obtain remunerative redress for the unparalleled financial exploitation they attest to in emails and in online forums and in 52,000 pages of HUD complaints to having sustained at Ocwen, Moss Codilis and Litton's hands.

Fortuitously, the Scheduling Order has not been irretrievably eviscerated. Plaintiffs ask this Court to correct that untenable situation with all deliberate speed. Wherefore, for the above and such other reasons as may by them be orally argued at the hearing thereon, Plaintiffs ask this Court to recreate the careful calibration that comprised the bifurcated Amended Scheduling Order in the first place, *but without correspondingly enlarging the total time entailed in completing the class certification adjudication regime*, and to vacate the Magistrate Judge's order restricting Plaintiffs to one deposition per defendant group.

Respectfully submitted,

_____
Paul M. Ngobeni (#ct08187)
Law Offices of Paul Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone: (860) 289-3155
Facsimile: (860) 282-7479

CERTIFICATION

A copy of Plaintiffs' **Memorandum in Support of Motion to Modify Revised Scheduling Order to Restore Bifurcated Discovery Regime and Authorize Additional Depositions, One per Named Defendant** was mailed 12/12/03, postage prepaid, to the following:

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100 Fax (860) 275-0343

Basil S. Shiber, Esq.
Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd. 5th Floor
P. O. Box 8177
Walnut Creek, CA 94596
(925) 935-9400

Luigi Spadafora, Esq.
Peter R. Stark, Esq.
Winget, Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006
(212) 221-6900 Fax (212) 221-6989

Matthew Budzik, Esq.
Francis J. Brady, Esq.
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 240-6000 Fax (860) 240-6150

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Attorneys at Law
Bank One Plaza
Chicago, IL 60603
(312) 853-7036 Fax (312) 853-2236

Kweku J. Hanson, Esq. (*Pro Se*)
Law Offices of Kweku J. Hanson
487 Main Street, Suite Two
Hartford, CT 06103-3007
(860) 728-5454 Fax (860) 548-9660

_____
Paul M. Ngobeni, Esq.