IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK; et al.,<br><br>Defendants. | Case No. 3:02 CV 960 (CFD)<br><br><br><br><br><br><br><br>December 15, 2003 |

**OPPOSITION OF MOSS CODILIS TO PLAINTIFF'S STATEMENT IN SUPPORT OF IMMEDIATE HEARING ON THE MOTION TO PRELIMINARY INJUNCTION**

## I. BACKGROUND.

In its "Ruling and Amended Scheduling Order" entered November 25, 2003, following the hearing before this Court on November 24, 2003, the Court ordered as follows:

> Hanson also requested that the Court rule on the motion for preliminary injunction prior to ruling on the motion for class certification. *Hanson must file a memo setting forth the changes in circumstances which justify this modification of the Court's order of April 29, 2003*. Hanson's memo must be filed by December 1, 2003. The defendant's response must be filed by December 8, 2003.

The Court's Order of April 29, 2003 entitled a "Ruling and Amended Scheduling Order," provides:

> *By agreement*, the hearing on the plaintiff's amended motion for preliminary injunction will take place following the Court's ruling on the plaintiff's motion for class certification.

Addressing the motion for preliminary injunction following the motion for class certification makes sense in this case because Hanson's motion for preliminary injunction seeks only classwide relief. Indeed, there is no actual or threatened foreclosure of Hanson's loan and Hanson's loan continues to be serviced uneventfully through Litton Loan Servicing. Hanson's far-reaching preliminary injunction order would impact individuals who have no current interest or representation in this case.

Moreover, it is clear that the threshold standard imposed by the Court that Hanson demonstrate "changes in circumstances which justify this modification of the Court's order of April 29, 2003" has not been met.

## II. <u>THERE HAVE BEEN NO CHANGES IN CIRCUMSTANCES JUSTIFYING MODIFICATION OF THE ORDER</u>.

Hanson claims in his submission that: "Since the issuance of the original scheduling order, plaintiff has been inundated with affidavits, telephone calls, e-mails and other correspondence from hundreds of Ocwen's customers who have lost, and are in the process of losing their homes through foreclosure. These are members of the putative class plaintiff seeks to represent and are clearly being victimized by Ocwen." Hanson goes on to say that "[t]he desperate pleas from members of the class plaintiff seeks to represent make it imperative that this Court schedule a hearing on the preliminary injunction motion forthwith."

Hanson was making the very same claims well *before* he agreed to the scheduling of the hearing on the motion for preliminary injunction after the class certification motion, as reflected in this Court's April 2003 order, and presumably took those facts into account in agreeing to the schedule.

For example, in Hanson's "First Opposition to Defendant's Objection to Amended Motion for Preliminary Injunction and Order Requesting Expedited Relief" *dated September 30, 2002*, Hanson wrote:

> Secondly, with the passage of each day, Owen and Moss Codilis continue to rain terror on thousands of hapless borrowers, fooling the state courts to issue strict foreclosure orders even when judicial sale would be appropriate.  (P. 3.)
>
> . . . .
>
> People have lost their lives, their sanity, their health, their dreams, due to the relentless assault by these financial terrorists.[4]  [Fn. 4: They merit a judicial equivalent of Guantanamo Bay exile!]  Yet, defendants expect to be coddled by this Court even as they try to pull cheap wool over the ever-watchful judicial eyes.

In "Plaintiff's Request for Expedited Order Granting Relief Sought in 7/19/02 Amended Motion for Preliminary Injunction" *dated September 24, 2002*, Hanson states:

> Plaintiffs hereby annex 40 affidavits from victims of defendants sprinkled over 40 states, to prove by a preponderance of the evidence that justice warrants immediate intervention by this Court in the form of granting of the requested injunction, pendent lite.

(P. 4.)

It is clear that *well* before the April 2003 amended scheduling order, plaintiff was claiming the alleged conduct and harm which he now characterizes as "changed circumstances." In fact, there are no changed circumstances, and the rationale underlying counsel's agreement, and the Court's order, that the preliminary injunction hearing occur after the class certification motion is decided is as valid today as it was when the amended scheduling order was made.[1]

## III. **HANSON PRESENTS NO EVIDENCE OF IRREPARABLE HARM TO HIMSELF.**

Hanson does not claim, and cannot claim, that there is any imminent harm to himself justifying the issuance of injunctive relief. His loan is being serviced, apparently uneventfully, by Litton Loan Servicing. Hanson makes no claim that there is any pending or planned foreclosure of his house, and to the best of our knowledge, there is none.

## IV. **HANSON PRESENTS NO EVIDENCE OF ANY IRREPARABLE HARM TO ANYONE ELSE, AND IN ANY EVENT, WOULD HAVE NO STANDING TO ASSERT THE RIGHTS OF OTHERS IN THIS CASE.**

Hanson presents no evidence beyond his own hyperbole and argument of the Ocwen customers alleged to be "in the process of losing their homes to foreclosure," nor why such

[1] Indeed, Hanson purported to file numerous documents under seal which he touted as a "smoking gun" which would make his case. The Court by order entered November 25 ordered Hanson to turn over the secretly filed documents to defendants, and the documents turned over by Hanson (which are theselves incomplete and not in compliance with the Court's order) contain no smoking gun. Indeed, no reference whatsoever to that material is made in Hanson's request for an expedited preliminary injunction hearing.

foreclosures should be enjoined. Even if such evidence was presented, Hanson has no standing in this case to act on behalf of other parties. To ask this Court to evaluate individual situations of other individuals whom Hanson claims are facing improper foreclosure, and intervene to enjoin those foreclosures, has no basis in the law or common sense.

*If there are other parties whose homes are being wrongfully foreclosed, they can pursue the remedy of injunctive relief for themselves.* If, as Hanson claims, hundreds of foreclosures are occurring in different states, with different state laws governing them, the appropriate state court should address those disputes under its own laws with the actual parties before it.

V.       **CONCLUSION.**

There have been no changed circumstances demonstrated by Hanson which would justify changing the hearing schedule previously agreed upon. The rationale for that hearing order schedule still applies. For that reason, the Moss Codilis related defendants respectfully request that no change be made to the prior agreed upon schedule.

Dated: December 15, 2003

MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By:_______________________________________

Richard G. Carlston (ct23944)
Basil S. Shiber (ct23946)
Miller, Starr & Regalia
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone: (925) 935-9400

-and-

Steven M. Greenspan (ct00380)
David M. Bizar (ct20444)
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103
Telephone: (860) 275-0100

     THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this 15th day of December, 2003, to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady, Esq.
Matthew J. Budzik
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103-3469

Lou Spadafora, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
(Pro Se)
487 Main Street
Hartford, CT 06103-3007

________________________________
David M. Bizar