UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON,<br>individually and on behalf of<br>all others similarly situated | :<br>:<br>: | No. 3:02-CV-960 (CFD) |
| Plaintiff, | :<br>:<br>: | |
| v. | :<br>: | |
| OCWEN FEDERAL BANK, et al. | :<br>: | |
| Defendants. | : | DECEMBER 15, 2003 |

THE OCWEN DEFENDANTS' RESPONSE TO
PLAINTIFF'S STATEMENT IN SUPPORT OF
IMMEDIATE PRELIMINARY INJUNCTION HEARING

  Plaintiff's request to have an immediate hearing on his preliminary injunction motion should be denied.  In the spring of 2003, the Court entered an order deferring a hearing on that motion until after class certification.  Plaintiff agreed to that order and the circumstances have not changed since.  Equally important, as a matter of law the preliminary injunction motion can be denied at this juncture.  Plaintiff lacks standing to seek such an injunction against Ocwen because, as he concedes, Ocwen no longer services his mortgage loan.  Plaintiff likewise has no standing to pursue relief on behalf of the putative class because the class has not been certified.  For these reasons, as set forth more fully below, the Court

**NO AGRUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

-2-

should deny plaintiff's request for an immediate hearing and, furthermore, should deny the motion altogether without prejudice to refiling if and when any class is certified.

## Background

In the spring of 2003, plaintiff Kweku Hanson conceded that a hearing on his motion for preliminary injunction should be deferred until after this Court ruled on his pending motion for class certification. At the telephonic hearing before the Court on October 23, 2003 and the in-person hearing on November 24, 2003, plaintiff argued that "changed circumstances" warranted consideration of the preliminary injunction motion prior to class certification. Plaintiff repeated that position in his December 1 submission, arguing that "[t]he delay in ruling on the Motion for Preliminary Injunction has not only worked to OCWEN's advantage but it has also emboldened Ocwen into taking punitive retaliatory measures against its employees and accelerating the pace of its unlawful stealing of class victims' houses." (Pl. Statement at 2). On December 9, this Court issued an Order requiring plaintiff "to provide some evidence of the statements" made in his December 1 submission. (Order, Dec. 9, 2003).

-3-

## Argument

**I. Plaintiff has not demonstrated changed circumstances warranting an "immediate hearing."**

Plaintiff has presented no reason to reconsider the Court's prior decision to schedule the briefing and decision on plaintiff's motion for class certification before plaintiff's preliminary injunction motion. Instead, Plaintiff simply reiterates the same invectives against Ocwen that he has repeated since the filing of his original complaint regarding alleged "punitive retaliatory measures," "unlawful stealing of class victims' houses," and purported "desperate pleas from members of the class plaintiff seeks to represent." (Pl. Statement at 2). As the Court is undoubtedly aware, plaintiff has been advancing these allegations since the filing of the original complaint in early 2002. Such allegations are not new to this action and cannot be the basis of any changed circumstances. A complete response to the Court's December 9 order appears to require plaintiff to not only provide evidence supporting such statements, but also information sufficient to establish that such evidence was recently obtained. (In the event that plaintiff purports to provide such evidence, the Ocwen Defendants reserve the right to respond to plaintiff's submission.)

**II.   Hanson has no standing to seek the requested injunction.**

It is settled law that "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Stack v. City of Hartford, 170 F. Supp. 2d 288, 293 (D. Conn. 2001), quoting Deshawn E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1988).  As to Ocwen, the only defendant even mentioned in plaintiff's December 1 Statement, plaintiff cannot meet this elementary requirement.  The servicing of plaintiff's loan was transferred to Litton Loan Servicing in the spring of 2002, before the filing of this action.  (See Am. Compl. ¶ 343). As a result, plaintiff cannot demonstrate the likelihood, or even the possibility, of future injury.  Plaintiff's claims against Ocwen relate to past alleged misconduct, and cannot serve as the basis for injunctive relief.  Plaintiff likewise cannot meet the requirement of "irreparable harm," as his alleged injuries, if any, can be fully compensated by money damages.  See USA Recycling v. Town of Babylon, 66 F.3d 1272, 1295 (2d Cir. 1995). Moreover, even if plaintiff sought an injunction against Litton (which he does not appear to be doing), that would not provide standing to seek an injunction against Ocwen.

Nor can plaintiff acquire standing by virtue of the fact that he seeks to represent a putative class.  No class has been certified in this action.  The same situation was presented to the Seventh Circuit in McKenzie v. City of Chicago, 118 F.3d 552 (7th Cir. 1997).  In

that case, the District Court entered a preliminary injunction prior to class certification, enjoining Chicago from continuing the "Fast Track" program under which vacant buildings were demolished. The Court of Appeals summarily reversed the injunction:

> Because a class has not been certified, the only interests at stake are those of the named plaintiffs. Baxter v. Palmigiano, 425 U.S. 308, 310 n.1 (1976). Some [named plaintiffs] own properties that may be affected in the future by the Fast Track program, but their interests can be protected by an injunction that prevents the City from demolishing their properties. That is the point of Lyons [City of Los Angeles v. Lyons, 461 U.S. 95 (1983)]: a wrong done to plaintiff in the past does not authorize prospective, class-wide relief unless a class has been certified. Why else bother with class actions? "The scope of the injunctive relief … is in large part determined by the class action question." Illinois Migrant Council v. Pilliod, 540 F.2d 1062, 1072 (7th Cir. 1976).

118 F.3d at 555 (injunction must be limited to named plaintiffs only). This rule was recently followed in Campbell v. Miller, No. 1:03-CV-0180-SEB-VSS, 2003 U.S. Dist. LEXIS 11647 (S.D. Ind. June 25, 2003). In that case, the plaintiff sought a preliminary injunction to stop a practice of "public strip searches and public cavity searches." Id. at *1. The court denied the injunction as to plaintiff because he could not "establish a real and immediate threat of future injury justifying injunctive relief to him on an individualized basis…." Id. at *4. As to the class, any ruling would be premature prior to class certification. Id. at *3, 5.

The same conclusion must be reached in this case. Hanson has not obtained class certification and the only people who could potentially benefit from a preliminary injunction are other members of the putative class, not Hanson. Thus, prior to class certification, plaintiff has no standing to seek an injunction.[1] Therefore, the Court's prior decision to sequence the case by addressing class certification first, and then the preliminary injunction, is proper and should be maintained.

### Conclusion

For all of the foregoing reasons, Ocwen respectfully prays that the Court deny plaintiff's request for an "immediate hearing" on his motion for preliminary injunction. Further, because plaintiff's lack of standing to pursue the injunction is evident, Ocwen prays that the motion be denied with prejudice as to Mr. Hanson, and without prejudice as to renewal on behalf of the putative class if, and when, a class is certified

---

[1] Whether Hanson will acquire such standing as a result of class certification is not an issue before the Court, and Ocwen expressly reserves its arguments that, even after class certification, Mr. Hanson will lack standing to seek an injunction from which he can derive no benefit.

DEFENDANTS - OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORPORATION, AND WILLIAM C. ERBEY


By  _____
    Francis J. Brady - ct04296
    Matthew J. Budzik - ct19706
    Murtha, Cullina LLP
    CityPlace I - 185 Asylum Street
    Hartford, Connecticut 06103-3469
    Telephone:  (860) 240-6000
    Facsimile:  (860) 240-6150
    fbrady@murthalaw.com
    mbudzik@murthalaw.com

    Theodore R. Scarborough – ct24232
    Sidley Austin Brown & Wood LLP
    Bank One Plaza - 10 S. Dearborn Street
    Chicago, Illinois 60603
    Telephone:  (312) 853-7000
    Facsimile:  (312) 853-7036
    tscarborough@sidley.com

    Their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing The Ocwen Defendants' Response To Plaintiff's Statement In Support Of Immediate Preliminary Injunction Hearing was sent by U.S. mail, first class postage prepaid, on this 15th day of December, 2003 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Steven M. Greenspan, Esq.
David Bizar, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Theodore R. Scarborough
Sidley Austin Brown & Wood LLP
Bank One Plaza
Chicago, IL 60603

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT  16103-3007

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

John K. Van de Weert, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005

**via HAND DELIVERY:**

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

_____
Matthew J. Budzik