

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated | : : : : | No. 3:02-CV-960 (CFD) |
| Plaintiff, | : : | |
| v. | : : | |
| OCWEN FEDERAL BANK, et al. | : : | |
| Defendants. | : | December 15, 2003 |

**DEFENDANT LITTON LOAN SERVICING, LP'S OPPOSITION TO THE PLAINTIFF'S STATEMENT IN SUPPORT OF IMMEDIATE HEARING ON THE MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR AN EXTENSION OF TIME TO SUPPLEMENT OUR OPPOSITION THROUGH AND INCLUDING JANUARY 12, 2004**

Defendant, Litton Loan Servicing, LP, ("Litton"), submits this Opposition to the Plaintiff's Statement in Support of an Immediate Hearing on the Motion for Preliminary Injunction (the "Statement"). In addition, Litton requests the opportunity to Supplement its Opposition through and including January 12, 2004, given Judge Droney's December 9, 2003 Order instructing the Plaintiff to Supplement his Statement by December 30, 2003.

On November 24, 2003, Judge Droney ordered the Plaintiff to explain any changed circumstances that would necessitate an immediate hearing on the preliminary injunction motion, prior to ruling on the Plaintiff's Motion for Class Certification.

The Plaintiff initially filed a Motion For an Order to Show Cause for a Preliminary Injunction on June 5, 2002, and subsequently filed an Amended Motion For Preliminary Injunction on July 18, 2002.

In his Amended Motion, as respects Litton, the Plaintiff asked the Court to enjoin the Defendants, "including Litton, directly or through third parties, from foreclosing on any mortgage liens held on property by putative class members (as defined in ¶ 53 of the Amended Complaint) where the liens are based on loans whose servicing is asserted to violate cited federal and state law." See ¶ 4 of the Plaintiff's Amended Motion for Preliminary Injunction. The Plaintiff further requested that the Court issue, "a Preliminary Order voiding Ocwen's fraudulent transfer of the Plaintiff's account to Litton and requiring Litton to regurgitate said account to Ocwen." See ¶ 9 of the Plaintiff's Amended Motion for Preliminary Injunction.

On September 27, 2002 Litton filed an Objection to the Plaintiff's Motion for Preliminary Injunction and Order Requesting Expedited Relief. Litton objected on the grounds that the Plaintiff had not demonstrated any evidence of irreparable harm of any kind to himself. Furthermore, the Plaintiff was not and is not currently faced with any foreclosure proceedings, and has continued to fail to demonstrate what irreparable harm, if any, exists as to him at this time which requires such relief. See Litton's Objection ¶¶ 6-7.

On February 27, 2003 the Court ultimately denied the Plaintiff's Motion for a Preliminary Injunction, "in light of the Plaintiff's request to postpone the hearing on preliminary injunction until after the motion for class certification is resolved." See Judge Droney's Order Denying Plaintiff's Request for an Expedited Order Granting Relief Sought in 7/19/02 Motion for Preliminary Injunction.

In his Statement, the Plaintiff now argues that since the original scheduling order was issued, the Plaintiff has collected evidence supporting his motion for class certification. Despite his assertions, the Plaintiff has offered no evidence in support of this statement. Consequently, on December 9, 2003, the Court ordered the Plaintiff to provide evidence in support of the allegations made in his Statement within twenty (20) days.

The Plaintiff also asserted that another basis for class certification according to F.R.C.P. 23(b)(2) is that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Litton can hardly "refuse to act on grounds generally applicable to the class" when the Plaintiff still has yet to articulate what Counts of his Amended Complaint he asserts against Litton despite being repeatedly instructed by the Court to do so.

3

## CONCLUSION

For the foregoing reasons, Litton respectfully asks that the Court deny the Plaintiff's request and grant Litton the opportunity to supplement its Opposition to the Plaintiff's Statement through and including January 12, 2004 in the event that the Plaintiff actually complies with the Court's December 9, 2003 Order.

Defendant Litton Loan Servicing, LP

By: _____
Luigi Spadafora, Esq. (ct 8590)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

4

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing were sent via regular mail on this date to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady, Esq.
Matthew J. Budzik, Esq.
Murtha Cullina, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

Steven M. Greenspan, Esq.
David M. Bizar
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
487 Main Street, Suite 2
Hartford, CT 06103

Dated: December 15, 2003

Luigi Spadafora (ct18590)