UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON, | : | |
| individually and on behalf of | : | |
| all others similarly situated | : | No. 3:02-CV-960 (CFD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
| Defendants. | : | DECEMBER 19, 2003 |

OCWEN FINANCIAL CORPORATION'S
SUPPLEMENTAL BRIEF ON ITS RULE 12(b)(2)
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

On December 12, 2003, defendant Ocwen Financial Corporation ("Ocwen Financial") moved for leave to file a supplemental brief addressing issues relating to its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. Counsel for Ocwen Financial had then learned for the first time that Ocwen Financial was named as the lessee in a lease of office space in Wallingford, Connecticut. Ocwen Financial now submits this brief to demonstrate that the mere fact that it was named as lessee of property in Connecticut is insufficient to confer personal jurisdiction in this case.

### Background & Argument

Ocwen Financial filed a Rule 12(b)(2) motion to dismiss the claims asserted against it for lack of personal jurisdiction on September 20, 2002. (Docket #48). In a May 8, 2003

**NO ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

response to a supplemental brief filed by plaintiff (Docket #152), Ocwen Financial argued that plaintiff incorrectly contended that Ocwen Financial is subject to personal jurisdiction in Connecticut because, as plaintiff asserted, Ocwen Financial leased office space in Wallingford, Connecticut.  Ocwen Financial further explained that the office space in Wallingford was used by Ocwen Technology Xchange, Inc., a subsidiary of Ocwen Financial with no connection to Mr. Hanson's loan.

On Wednesday, December 10, 2003, in-house and outside counsel for Ocwen Financial learned for the first time that Ocwen Financial was named as the lessee of the office space in Wallingford under a Lease dated June 1, 1998 between Landlord 10 Research Parkway, LLC and Tenant Ocwen Financial Corporation.  Although Ocwen Financial was named as the lessee, the office space was used by Ocwen Technology Xchange, Inc., until that office was closed in the fall of 2003.  The officer who signed the lease was the President and CEO of Ocwen Technology Xchange, Inc. and a Vice President of Ocwen Financial.

The mere lease of real property, for purposes unrelated to any issue in this case, is insufficient to confer personal jurisdiction over Ocwen Financial under Connecticut or federal constitutional law.  The causes of action alleged in this case relate to plaintiff Hanson's mortgage loan, which was originated and serviced by Ocwen Federal Bank FSB, a subsidiary of Ocwen Financial.  This action has no connection with the lease contract or the leased property in Wallingford.  Thus, there is no personal jurisdiction in this case.  See Conn. Gen. Stat. § 33-929 (jurisdiction for "any cause of action arising ... [o]ut of any

contract made in this state or to be performed in this state"). Even the ownership of real property (while Ocwen Financial was only a lessee) in Connecticut is not sufficient to confer personal jurisdiction in a case unrelated to that property. Franz v. Franz, No. FA 960071001, 1997 Conn. Super. LEXIS 2380, *13 (Sept. 3, 1997); see also Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Thus, there is no personal jurisdiction over Ocwen Financial in this case, and Ocwen Financial should be dismissed.[1]

## Conclusion

For the foregoing reasons, and the reasons stated in its prior briefs and argument before the Court, Ocwen Financial should be dismissed from this case under Rule 12(b)(2) for lack of personal jurisdiction.

---

[1] Plaintiff asserts that Ocwen Financial also owned real property in Danbury, Connecticut. (Pl. Opp. (Dec. 15, 2003), at 3). This is incorrect. The property in question was owned by Ocwen Federal Bank FSB. Even if true, however, plaintiff has alleged no connection between that property and this case (nor could he), and therefore it would be likewise insufficient to create personal jurisdiction.

DEFENDANT - OCWEN FINANCIAL CORPORATION


By       /S/
    Francis J. Brady - ct04296
    Matthew J. Budzik - ct19706
    Murtha, Cullina LLP
    CityPlace I - 185 Asylum Street
    Hartford, Connecticut 06103-3469
    Telephone: (860) 240-6000
    Facsimile: (860) 240-6150
    fbrady@murthalaw.com
    mbudzik@murthalaw.com

    Theodore R. Scarborough - ct24232
    Sidley Austin Brown & Wood LLP
    Bank One Plaza - 10 S. Dearborn Street
    Chicago, Illinois 60603
    Telephone: (312) 853-7000
    Facsimile: (312) 853-7036
    tscarborough@sidley.com

    John K. Van De Weert - ct25413
    Sidley Austin Brown & Wood LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 736-8000
    Facsimile: (202) 736-8711
    jvandeweert@sidley.com

    Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen Financial Corporation's Motion For Leave to File a Supplemental Brief on its Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction was sent by U.S. mail, first class postage prepaid, on this 19th day of December, 2003 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Steven M. Greenspan, Esq.
David Bizar, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Theodore R. Scarborough
Sidley Austin Brown & Wood LLP
Bank One Plaza
Chicago, IL 60603

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT  16103-3007

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

John K. Van De Weert, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005

**VIA HAND DELIVERY TO:**

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

          /S/
      Matthew J. Budzik