FILED

UNITED STATES DISTRICT COURT JAN -5 A 10: 5
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| KWEKU HANSON | ) | No. 3:02-CV-960 (CFD) |
| individually and on behalf of | ) | |
| all others similarly situated | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| OCWEN FEDERAL BANK, et al. | ) | |
|       Defendants. | ) | |
| | ) | JANUARY 3, 2004 |

## PLAINTIFFS' MOTION TO STRIKE OCWEN FINANCIAL CORPORATION'S UNAUTHORIZED AND UNTIMELY RULE 12(b)(2) SUPPLEMENTAL BRIEF

Ocwen Financial Corporation ("Ocwen Financial"), without obtaining leave of Court, has audaciously filed a self-styled "Supplemental Brief" regarding Fed.R.Civ.P. 12(b)(2) contentions already fully briefed, argued, and taken under advisement by this Court in April, 2003. Said submission is both unauthorized and illegitimate. As such, Plaintiffs will address its substance only superficially and will rather focus on attacking it procedurally. However, should the Court decide to in any form, shape or manner consult or rely on said poorly disguised sur-reply brief, Plaintiffs reserve all rights to similarly submit (simply upon notice to this Court but without awaiting judicial permission as Ocwen Financial has felt bold to do), a sur-sur-sur-reply brief.

NO ORAL ARGUMENT REQUESTED *AT THIS TIME*

- 1 -

Ocwen Financial purports to state "facts" regarding the background of the case. However, what Ocwen Financial passes of as fact constitutes rank speculation and hotly contested fiction. Even if Ocwen Financial tendered as exhibits an affidavit of the unidentified "President and CEO of Ocwen Technology Exchange and a Vice President of Ocwen Financial" (Def. Supl. Brf., at 2) or the Wallingford lease itself---which would be the best evidence of the disputed Wallingford lease---such self-serving exhibits would deserve to be stricken or risk opening up Pandora's Box.[1]

Plaintiffs assert that entertaining such a disruptive and meritless motion will disrupt the orderly progress of this litigation. Plaintiffs reiterate that this litigation involves extremely serious allegations of fraud which assertedly is illegally causing the disenfranchisement of American homeowners.

---

[1]    How does this Court truly know, other than engaging in an extensive evidentiary hearing, that for example "although Ocwen Financial was named as the lessee, the office space was used by Ocwen Technology Exchange until the office was closed in the fall of 2003"? Is a representation by Ocwen Financial's counsel good enough to pass as gospel, when even that counsel's veracity has been recently put into issue by Plaintiffs' show cause and disqualification motion? Is an evidentiary hearing appropriate at the Rule 12(b) stage? While Ocwen Financial's pretentious pleading at bar may sway mortgage industry policy debates, it has no validity in this Court's Rule 12(b) decision, and should not be relied upon by this Court for any purpose.

-2-

<u>Motion to Strike-Legal Considerations</u>

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[2] Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded," whereas impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1382, at 706-07, 711 (1990).

Thus, a court may strike any redundant material in order to avoid the time, effort, and expense necessary to litigate spurious issues. Fed.R.Civ.P. 12(f); <u>Fantasy, Inc. v. Fogerty, Inc.</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

---

[2]   Fed.R.Civ.P. 12(f).

-3-

In considering a motion to strike, the court may draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. <u>Wailua Assocs. v. Aetna Cas. & Sur. Co.</u>, 183 F.R.D. 550, 553-54 (D. Haw. 1998); <u>Joe Hand Promotions, Inc. v. Nekos</u>, 18 F. Supp. 2d 214, 218 (N.D.N.Y. 1998); <u>Seibel v. Society Lease, Inc.</u>, 969 F. Supp. 713, 715 (M.D. Fla. 1997). Consequently, the burden lies with the movant. <u>Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.</u>, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. <u>Talbot v. Robert Matthews Distrib. Co.</u>, 961 F.2d 654, 664-65 (7th Cir. 1992) (citing <u>Alvarado-Morales v. Digital Equip. Corp.</u>, 843 F.2d 613, 618 (1st Cir. 1988)). It is true that courts generally disfavor motions to strike because they may serve only to cause delay, <u>Heller v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th 1989); *see also* <u>Morse v. Weingarten</u>, 777 F.Supp. 312, 319 (S.D.N.Y. 1991); <u>Schramm v. Krischell</u>, 84 F.R.D. 294, 299 (D. Conn. 1979).[3]

---

[3]    *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.'").

-4-

However, courts nevertheless will grant such motions if the pleadings sought to be stricken are prejudicial. <u>Makuch v. Fed. Bureau of Investigation</u>, 2000 U.S. Dist. LEXIS 9487, at *7 (D.D.C. Jan. 6, 2000); *e.g.*, <u>Wiggins v. Philip Morris, Inc.</u>, 853 F.Supp. 457, 458 (D.D.C. 1994); 5A Fed. Prac. & Proc. 2d §§1380, 1382. Also, where such "motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." <u>Heller</u>, *supra*. Under those instances, courts will welcome motions to strike in the interests of judicial economy and expedition.

Paradoxically, the rationale provided by the Second Circuit in <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 893 (2d Cir. 1976)---in delineating its view that motions to strike are disfavored where the stated ground for the motion is impertinence or immateriality---is particularly apropos as applied to Ocwen Financial's motion at bar, albeit for a contrary reason. This is "because the Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone." <u>Lipsky</u>, 551 F.2d at 893.[4]

---

[4]     The Second Circuit emphasized its rationale as follows: "*Evidentiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the*

Ocwen Financial has impermissibly changed its stance from one where it unequivocally denied having anything to do with the Wallingford leasehold, to now affirmatively asserting that indeed it is the named lessee but demurring that its being the named lessee is legally irrelevant because it is not the real party in interest in the Wallingford premises. Ocwen Financial adds that its first, *false*, answer was due to a lack of knowledge among in-house and retained counsel on the matter. Such belated rebuttal impermissibly causes enormous prejudice to Plaintiffs.[5]

When Plaintiffs raised the issue about Ocwen Financial suing Connecticut homeowners in foreclosure proceedings alongside Ocwen Federal,[6] the Ocwen entities rejoined (without evidentiary proof) that the subject Ocwen Financial was a separate subsidiary of the Ocwen Financial at bar. Yet, after Plaintiffs' "coincident" release of affidavits of cover-ups by informants at Ocwen's Orlando facility, bingo! Amnesia evaporates and truth emerges!

---

*proceedings*. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." <u>Lipsky</u>, at 893.

[5]    This is prejudicial, post-oral argument reargument. Moreover, Ocwen Financial is deliberately deceiving this Court by not duly disclosing *all* of its Connecticut real estate interests.

[6]    *Cf.* <u>http://www.jud.state.ct.us/</u> (Party search: Ocwen).

- 6 -

It was in that same breath that the Ocwen defendants denied that the Ocwen Financial at bar leased any realty in Wallingford, and this Court presumably took counsel at face value. Nevertheless, as Plaintiffs stated in a recent pleading, Ocwen Financial is a landowner in Danbury. Instead of revealing such information to the Court and arguing that the ownership still does not confer liability, it has deprived this Court of relevant facts in an effort to thwart justice.[7] The Court must admonish the Ocwen parties to cease hide-and-seek charades, which not only subvert the search for truth, but cost Plaintiffs time and money.

A factor that enters into the equation in deciding a motion to strike is prejudice caused to a plaintiff by the supplemental pleading. Makuch, 2000 U.S. Dist. LEXIS 9487, at *7; Wiggins, 853 F. Supp. at 458; 5A Fed. Prac. & Proc. 2d §§1380 at n.11, 1382 at n.11; Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc., 1998 U.S. Dist. LEXIS 20122, at *13 (E.D. Pa. 1998) (noting that "the amended answer will cause prejudice to the Plaintiff by necessitating additional discovery, expense, and time").

---

[7]    Plaintiffs remind this Court again about the deceptive affidavits submitted by defendant Erbey and Ocwen Financial's president Ronald Farris, which two affidavits failed to mention at all that Erbey is CEO of *both* Ocwen Financial and Ocwen, and not just CEO of Ocwen Financial as the affidavit stated.

-7-

Plaintiffs contend that Ocwen Financial's tardy supplemental brief, with its attendant disclosure, is not only not given in good faith or for the purpose of deceiving the Court. It is Plaintiffs' further contention that the supplemental brief is contemptuous of this Court's standing orders and the specific briefing schedule set forth in the Court's ruling granting the Ocwen defendants until September 20, *2002* to file written arguments in support of their Rule 12 motions.[8] Pleading its supplemental brief eons later shows Ocwen Financial's bad faith.

Plus, Ocwen Financial may have sought, *but has not obtained*, leave of court to submit further evidentiary materials. Lujan, 497 U.S. at 896-98. Nor, has Ocwen Financial shown any excusable neglect for its laughably late filing of the supplemental brief which seeks to start the evidentiary process all over again.[9]

---

[8]     Additionally, it is in violation of the Federal Rules which grant a party twenty (20) days in which to respond to an opponent's pleadings (*unless a court specifically orders otherwise*).

[9]     Indeed, had this controversy been adjudicated under Rule 56(c) as Plaintiffs had suggested, filling even an affidavit on the date of the summary judgment hearing would be too late and adequate grounds for exclusion. *See* Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1519 (9th Cir. 1983), *cert. denied*, 465 U.S. 1081 (1984). This would be true although generally affidavits may be filed for the first time with a reply brief to address points raised in an opposition brief, Smith v.

- 8 -

Excusable neglect is not established by mere inadvertence or oversight by counsel, *see* <u>Davidson v. Keenan</u>, 740 F.2d 129, 132 (2d Cir. 1984), or an unfortunate tactical decision, *see* <u>Slaughter v. Southern Talc Co.</u>, 919 F.2d 304, 307 (5th Cir. 1990). Coming well beyond the last possible stage of Rule 12 proceedings, Ocwen Financial's filing is inappropriate. Vis-a-vis the pending Rule 12 motions, the parties have already generated a voluminous court record that addresses the pertinent issues.

Ocwen Financial's new materials also contain hearsay and irrelevant evidence, and would be subject to these objections as well. Even if Ocwen Financial had seen it fit to attach an affidavit relating to its leasehold interest, it is well-settled that affidavits and declarations must be supported by specific facts based on first-hand knowledge.[10]

---

<u>Burns Clinic Medical Center, P.C.</u>, 779 F.2d 1173, 1175 n.6 (6th Cir. 1985), because the Court's docket management and control cannot be held hostage by a party's failure to do due diligence as to an issue squarely raised at oral argument. Expedition aside, this does not entail the Court's discretion under Rule 6(b) to permit *affidavits* to be served after a motion has been filed where the failure to act in a timely fashion was due to excusable neglect, <u>Lujan v. National Wildlife Federation</u>, 497 U.S. 874, 894-898 (1989), because the adjudication at bar involves neither affidavits nor excusable neglect.

[10]    *See* Fed.R.Civ.P. 56(e) (Affidavits must "be made on personal knowledge . . . set forth such facts as would be

Plaintiffs have no occasion to answer issues the Court might have as to this supplemental brief.[11] This unfairness is, of itself, good grounds for the unequivocal rejection of the brief.

---

admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein.").

Morever, affidavits are wholly improper and unhelpful, when they assert "self-serving" or ultimate conclusions of either law or fact. *See, e.g.* BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996) (District court's disregard of affidavits that advocated conclusions of law was proper). Thus, when lawyers submit affidavits or declarations that simply opine as to their personal view of a legal issue, courts routinely strike such material from consideration. To hold otherwise would permit a party (and its designated affiants) to usurp the role of the court. Wahad v. FBI, 179 F.R.D. 429, 435 (S.D.N.Y. 1998) (Striking portions of lawyer's affidavit "fraught with improper legal conclusions, ultimate facts, conclusory statements, and inadmissible hearsay."); State Farm Fire & Casualty Co. v. Woods, 925 F. Supp. 1174, 1179 (E.D. Tex. 1996) (disregarding defendant attorney's legally conclusory affidavit); Topps Chewing Gum, Inc. v. Imperial Toy Corp., 686 F. Supp. 402, 409 (E.D.N.Y. 1988) ("A word is in order about Ogden's last-minute affidavit. It is for the Court alone to make the final decision as to whether or not the licensing agreement is enforceable. The Ogden affidavit is nothing more than an opinion containing the conclusions of law of an alleged attorney expert. The affidavit does not meet the requirements of Fed.R.Civ.P. 56(e) in that it is not made on personal knowledge and, in addition, it does not cover a proper area for expert testimony."), *aff'd*, 895 F.2d 1410 (2d Cir. 1989).

[11]    Any suggestion that Plaintiffs could file additional rebuttals or counter-affidavits or exhibits at this time does not cure Ocwen Finanicial's procedural error, and has little to commend it. In the first place, Ocwen Finanicial has moved to dismiss this action for lack of jurisdiction, a threshold legal issue to be resolved prior to reaching the merits or considering any additional evidentiary material under applicable precedent.

- 10 -

The Court should grant Plaintiffs' motion to strike the brief at bar it because Plaintiffs have satisfied the three prerequisites for a motion to strike: (1) "The defenses presented are clearly insufficient." *See* <u>Canadian St. Regis Band of Mohawk Indians v. New York</u>, 2002 WL1801656 *4, __ F.Supp.2d __ (N.D.N.Y. July 28, 2003); (2) The challenged pleading does not involve "disputed and substantial questions of law." *See* <u>Estee Lauder v. Fragrance Counter, Inc.</u>, 189 F.R.D. 269 (S.D.N.Y. 1999); (3) Plaintiffs are prejudiced by consideration of the brief.[12]

After the Court finds that it has jurisdiction, or otherwise decides to reach the merits (or grants Plaintiffs' contingent request to further replead, and determines that another round of Fed.R.Civ.P. 12(b) or 56(c) briefs, with more declarations or exhibits, is necessary), then additional materials could be submitted by both parties. Under the present procedural posture, however, where the Court has already heard oral argument on the pending motions, and has not invited more evidence or yet decided the jurisdictional issues or how the case will proceed, Ocwen Financial's supplemental brief should be struck as surplusage.

---

[12] Increased time and expense constitutes prejudice, so a legally insufficient defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.

- 11 -

Additionally, granting Plaintiffs' motion to strike in its entirety is the only way to preserve the integrity of the judicial process and avert the unnecessary wrangling and delays that will otherwise spawn from the round-robin of never-ending mini-motions, rebuttals, refrains, rejoinders, and sur-replies. Consequently, Plaintiffs ask the Court to vindicate its docket control authority and sanction Ocwen Financial by way of striking the supplemental brief and awarding Plaintiffs fees and costs.

This Court wields authority to impose such sanctions where Plaintiffs have demonstrated bad faith on the part of Ocwen Financial. *See* <u>SMS Assocs. v. Clay</u>, 868 F. Supp. 337, 344 (D.D.C. 1994) (finding ample evidence in the record of a defendant's bad faith in pleading), *aff'd*, 70 F.3d 638 (D.C. Cir. 1995). Wherefor, Plaintiffs ask the Court to strike as fundamentally incompatible tissue the bogus brief which Ocwen Financial would engraft onto its prior body of pleadings. Enough is enough!

Respectfully submitted,

Paul M. Ngobeni (#ct08187)
Law Offices of Paul Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone: (860) 289-3155
Facsimile: (860) 282-7479

- 12 -

## CERTIFICATION

A copy of Plaintiffs' Motion to Strike Ocwen Financial Corporation's Unauthorized and Untimely Rule 12(b)(2) Supplemental Brief was mailed January 5 , 2004, postage prepaid, to the following counsel and *pro se* parties:

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100 Fax (860) 275-0343

Basil S. Shiber, Esq.
Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd. 5th Floor
P. O. Box 8177
Walnut Creek, CA 94596
(925) 935-9400

Luigi Spadafora, Esq.
Peter R. Stark, Esq.
Winget, Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006
(212) 221-6900 Fax (212) 221-6989

Matthew Budzik, Esq.
Francis J. Brady, Esq.
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 240-6000 Fax (860) 240-6150

Theodore R. Scarborough, Esq..
John Van De Weert, Esq.
Sidely, Austin, Brown & Wood
Attorneys at Law
Bank One Plaza
Chicago, IL 60603
(312) 853-7036 Fax (312) 853-2236

Kweku J. Hanson, Esq. (*Pro Se*)
Law Offices of Kweku J. Hanson
487 Main Street, Suite Two
Hartford, CT 06103-3007
(860) 728-5454 Fax (860) 548-9660

Paul M. Ngobeni, Esq.

- 13 -