FILED

2004 JAN -5  A 10: 3

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON ) <br> individually and on behalf of ) <br> all others similarly situated ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCWEN FEDERAL BANK, et al. ) <br>       Defendants. ) <br> ) | No. 3:02-CV-960(CFD) <br><br><br><br><br><br><br><br><br> JANUARY 4, 2004 |

### PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW OF ASSERTEDLY PRIVILEGED DOCUMENTS LISTED ON MOSS CODILIS PRIVILEGE LOG

Plaintiffs move this Court to conduct an *in camera* inspection of the documents identified as privileged by Moss Codilis on its Privilege Log.[1] Plaintiffs assert that such *in camera* review will simultaneously protect Moss Codilis' secrecy interests while ensuring that valid privilege claims are being asserted at bar by entities legitimately entitled to claim them.

Pursuant to D.Conn.L.Civ.R. Rule 7(a), this motion does not involve disputed issues of law, and consequently Plaintiffs will not be filing a written memorandum of law in support hereof.

ORAL ARGUMENT IS NOT REQUESTED

TESTIMONY WILL NOT BE REQUIRED

---

[1] Moss Codilis' privilege log is attached hereto as Exhibit A.

-1-

Plaintiffs assert that Moss Codilis may have waived any privilege that may have been applicable to the documents at bar because of certain deficiencies in its privilege log entries for those documents, thus warranting an *in camera* review.[2] Waiver issues aside, Moss Codilis listed contracts are prime candidates for an in camera review, inasmuch as Plaintiffs are understandably skeptical regarding whether Moss Codilis is indeed a law firm and also whether documents which do not involve an identified attorney author or recipient are actually privileged.[3]

The focus of the Court's review of these documents should be two-fold: (1) whether the information provided by Moss Codilis on its privilege log is reasonably complete and appropriate given the documents in question; and (2) whether the documents are, in fact, privileged. Furthermore, these documents do not appear clearly privileged on their face but may in fact be privileged depending upon the circumstances of their creation and use.

---

[2] *Cf.* Plaintiffs' Motion to Strike Moss Codilis Privilege Claims [Docket #172], decided 11/24/03 by Magistrate Garfinkel. Plus, Plaintiffs alternatively assert the argument made in their Objection to Ocwen's motion to disgorge, namely that any privilege rights were waived by virtue of third-party disclosure.

[3] The proffered privilege log pertains to contracts for which no author or recipient is *properly* identified as a lawyer; yet attorney-client (and/or work product) privileges are claimed.

Moss Codilis's duties vis-avis preparation and submission of a privilege log are clear. Under Fed.R.Civ.P. 26(b)(5) and D.Conn.L.Civ.R. 37(a)(1), a party invoking any privilege also must, within 10 days of the date the documents were due to have been produced (unless otherwise negotiated by the parties or set by court order), provide to the adversary a privilege log containing detailed information for documents not disclosed.

The specific information is as follows: (1) A general description of the document by type (e.g., letter, memorandum, report) type of document; (2) The general description of the subject matter of the document; (3) The date of the document; (4) The name and job title or capacity of the author(s)/originator(s) of the document; and (5) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party. The existence of the document and any non-privileged information called for by the other categories must be disclosed, unless the information called for is itself privileged, in which case it need not be disclosed.[4]

---

[4] However, Moss Codilis deficient privilege log impedes an accurate assessment about if an item at issue is itself immune from discovery. A collection agency contract with Ocwen to generate dunning letters would definitely not be privileged.

-3-

Plaintiffs have a right to know the names of the creator and recipient attorneys involved, because on their face the documents are meaningless to Plaintiffs, and a more thorough explanation of what they are and why they were created will be necessary. Additionally, given the extremely evasive tactics of the Moss Codilis related defendants, judicial intervention and supervision of such a normally self-proctoring process is warranted.

This Court should direct Moss Codilis to produce appropriate affidavit for each document setting forth the facts necessary to establish that the document is in fact privileged. The Court should admonish Moss Codilis not to consider this the first round of affidavits, or their first chance to demonstrate the privileged nature of these documents. Rather, it should be clear to Moss Codilis that a finding of no privilege, or a waiver of privilege, will be made if the affidavits submitted by Moss Codilis are insufficient to support its claims of privilege.

Respectfully submitted,

*/s/ Paul M. Ngobeni*
Paul M. Ngobeni (#ct08187)
Law Offices of Paul Ngobeni
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone: (860) 289-3155
Facsimile: (860) 282-7479

-4-

CERTIFICATION

A copy of Plaintiffs' **Request for *In Camera* Review of Assertedly Privileged Documents Listed on Moss Codilis Privilege Log** was mailed January 5, 2004, postage prepaid, to the following counsel and *pro se* parties:

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100 Fax (860) 275-0343

Matthew Budzik, Esq.
Francis J. Brady, Esq.
Murtha Cullina LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103
(860) 240-6000 Fax (860) 240-6150

Basil S. Shiber, Esq.
Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd. 5th Floor
P. O. Box 8177
Walnut Creek, CA 94596
(925) 935-9400

Theodore R. Scarborough, Esq..
John Van De Weert, Esq.
Sidely, Austin, Brown & Wood
Attorneys at Law
Bank One Plaza
Chicago, IL 60603
(312) 853-7036 Fax (312) 853-2236

Luigi Spadafora, Esq.
Peter R. Stark, Esq.
Winget, Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006
(212) 221-6900 Fax (212) 221-6989

Kweku J. Hanson, Esq. (*Pro Se*)
Law Offices of Kweku J. Hanson
487 Main Street, Suite Two
Hartford, CT 06103-3007
(860) 728-5454 Fax (860) 548-9660

_____
Paul M. Ngobeni, Esq.