UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON<br>individually and on behalf of<br>all others similarly situated<br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK, et al.<br>    Defendants. | No. 3:02-CV-960(CFD)<br><br><br><br><br><br><br><br><br>JANUARY 14, 2004 |

<u>PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW OF REDACTED MATERIAL,
ASSERTEDLY PRIVILEGED AND/OR LISTED ON OCWEN'S PRIVILEGE LOG</u>

Plaintiffs move this Court to conduct an *in camera* inspection of certain enumerated items identified as privileged documents by Ocwen on its Privilege Log relating to Hanson's loan history.[1] Plaintiffs assert that such *in camera* review will simultaneously protect Ocwen's secrecy interests while ensuring that valid privilege claims are being asserted at bar by entities legitimately entitled to claim them.[2]

    ORAL ARGUMENT IS NOT REQUESTED
    TESTIMONY WILL NOT BE REQUIRED

---

[1] The entries for which judicial *in camera* examination is requested at this time are bates stamped "OCW000226" and "OCW000229-000231" (*only*). These items are annexed as Exhibit A.

[2] Pursuant to D.Conn.L.Civ.R. Rule 7(a), this motion does not involve disputed issues of law, and consequently Plaintiffs will not be filing a written memorandum of law in support hereof.

- 1 -

Plaintiffs assert that Ocwen may have waived any privilege that may have been applicable to the documents at bar because of certain deficiencies in its privilege log entries for those documents, thus warranting an *in camera* review.[3] Waiver issues aside, Ocwen's identification of certain redacted entries on Hanson's loan history as privileged make those materials prime candidates for an in camera review. This is because inasmuch as Plaintiffs have the authentic, unredacted, version of one document heavily redacted by Ocwen and listed on its privilege log, and inasmuch as that unredacted version clearly reveals redactions of non-privileged information,[4] Plaintiffs are understandably skeptical and suspicious regarding whether the redacted documents attached hereto involve genuine instances of attorney-client, work-product or trade secret privileges.[5]

---

[3]   *Cf*. Plaintiffs' Motion to Strike Ocwen's Bogus Privilege Claims, granted in part, denied in part, November 24, 2003 by this Court (Garfinkel, MJ).

[4]   The issue of clear waiver aside, how can any officer of this Court assert (without inviting severe sanctions), that data entry records relating to generation of Hanson's loan records, including letters sent to him, are in fact privileged?

[5]   The redacted material pertains to proffered privilege log pertains to correspondence for which no author or recipient is *properly* identified as a lawyer; yet attorney-client (and/or work product) privileges are claimed.

-2-

The focus of the Court's review of these documents should be two-fold: (1) whether Ocwen's privilege log is in fact complete, and (2) whether the information redacted from OCW000226, 000229-231 by Ocwen are in fact privileged, given the nature of the documents in question. Furthermore, these documents do not appear clearly privileged on their face but may in fact be privileged depending upon the circumstances of their creation and use.[6]

Ocwen's obligations vis-avis preparation and submission of a privilege log are clear. Under Fed.R.Civ.P. 26(b)(5) and D.Conn.L.Civ.R. 37(a)(1), a party invoking any privilege also must, within 10 days of the date the documents were due to have been produced (unless otherwise negotiated by the parties or set by court order), provide to the adversary a privilege log containing detailed information for documents not disclosed.[7]

---

[6] No *in camera* inspection is requested as to any item redacted by Ocwen which is not included in Plaintiffs' Exhibit A.

[7] The specific information is as follows: (1) A general description of the document by type (e.g., letter, memorandum, report) type of document; (2) The general description of the subject matter of the document; (3) The date of the document; (4) The name and job title or capacity of the author(s)/originator(s) of the document; and (5) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party. The existence of the document and any non-privileged information called for by the other categories must be disclosed, unless the subject information is itself privileged.

Plaintiffs have a right to identification of the creator and recipient attorneys involved, because on their face the redactions relate to loan servicing data, warranting a more thorough explanation of what they are and why they were created. Additionally, given Ocwen's extremely evasive tactics, judicial intervention and supervision of such a normally self-proctoring process is warranted to ensure integrity and fairness.[8]

This Court should direct Ocwen to produce appropriate affidavit for each redacted entry setting forth the facts necessary to establish that the redaction is in fact privileged. The Court needs to know the names of any attorney(s) involved and the specific issue (or litigation) about which the counsel was giving advice or being consulted. Furthermore, these redactions do not appear clearly privileged on their face but may in fact be privileged depending upon the circumstances of their creation and use.

---

[8] However, Ocwen's deficient privilege log impedes an accurate assessment about if an item at issue is itself immune from discovery. Moss Codilis foreclosure supervisor Todd Kettle's comments about contacts with Hunt, Leibert, or with Ocwen's Frank Pabst about Hanson not being in default and foreclosure on his property being improvidently initiated, as well as correspondence between Stephanie Carson, Kristi Alford, and/or Nadine White-Boyd on the one hand, and Hanson on the other, about mundane collection issues, would definitely not be privileged material.

Indeed, some of the redactions appear to consist solely of data; it could very well be that the data in any given document was generated by a pseudo-Moss Codilis employee at the request of an Ocwen attorney or vice-versa in anticipation of litigation, but on its face the redacted entries are meaningless, and a thorough explanation of what each is and why it was created will be necessary. In addition, to the extent that Ocwen has asserted that any of these redactions are not relevant to this litigation, it should further explain that position in its affidavit.

Given the robust, round-robin record of this litigation, an admonition to Ocwen may be in order. The Court should caution Ocwen not to view this the "first round" of affidavits, or its first chance to show the privileged nature of these documents. Rather, it should stressed to Ocwen that a no privilege ruling, or a waived privilege finding, will be made if the affidavits submitted are insufficient to support its claims of privilege.

Respectfully submitted,

                                          _____
                                          Paul M. Ngobeni (#ct08187)
                                          Law Offices of Paul Ngobeni
                                          914 Main Street, Suite 206
                                          East Hartford, CT 06108
                                          Telephone: (860) 289-3155
                                          Facsimile: (860) 282-7479

CERTIFICATION

A copy of Plaintiffs' **Request for *In Camera* Review of Assertedly Privileged Documents Listed on Ocwen's Privilege Log (relating to Hanson's Loan History)** was mailed January _____, 2004, postage prepaid, to counsel and *pro se* parties of record:

| | |
|---|---|
| Steven M. Greenspan, Esq. | Matthew Budzik, Esq. |
| David M. Bizar, Esq. | Francis J. Brady, Esq. |
| Day, Berry & Howard LLP | Murtha Cullina LLP |
| CityPlace I | CityPlace I, 185 Asylum Street |
| Hartford, CT 06103-3499 | Hartford, CT 06103 |
| (860) 275-0100 Fax (860) 275-0343 | (860) 240-6000 Fax (860) 240-6150 |
| | |
| Basil S. Shiber, Esq. | Theodore R. Scarborough, Esq.. |
| Richard G. Carlston, Esq. | John Van De Weert, Esq. |
| Miller, Starr & Regalia | Sidely, Austin, Brown & Wood |
| 1331 N. California Blvd. 5th Floor | Attorneys at Law |
| P. O. Box 8177 | Bank One Plaza |
| Walnut Creek, CA 94596 | Chicago, IL 60603 |
| (925) 935-9400 | (312) 853-7036 Fax (312) 853-2236 |
| | |
| Luigi Spadafora, Esq. | Kweku J. Hanson, Esq. (*Pro Se*) |
| Peter R. Stark, Esq. | Law Offices of Kweku J. Hanson |
| Winget, Spadafora & Schwartzberg | 487 Main Street, Suite Two |
| 45 Broadway, 19th Floor | Hartford, CT 06103-3007 |
| New York, NY 10006 | (860) 728-5454 Fax (860) 548-9660 |
| (212) 221-6900 Fax (212) 221-6989 | |

_____
**Paul M. Ngobeni**, Esq.