UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON, | : | |
| individually and on behalf of | : | |
| all others similarly situated | : | No. 3:02-CV-960 (CFD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
| Defendants. | : | JANUARY 15, 2004 |

OCWEN'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY
REVISED SCHEDULING ORDER

On November 24, 2003, Magistrate Judge Garfinkel heard the parties for more than

three hours on the discovery motions referred to him by this Court.  On December 3, 2003,

Magistrate Judge Garfinkel issued an Amended Scheduling Order ("Order") setting forth his

November 24th bench rulings.  The Magistrate Judge resolved motions to compel filed by

each party.  In addition, Magistrate Judge Garfinkel ordered that the plaintiff could take one

deposition of the Ocwen Defendants, one deposition of the Moss, Codilis Defendants, and

one deposition of Litton, even though plaintiff had yet to serve a single notice of deposition

in this case and Phase I discovery closed on July 1, 2003.

It is apparent that Magistrate Judge Garfinkel's grant to plaintiff of leave to take

depositions—even though the discovery period closed without plaintiff noticing a single

deposition—is a benefit to the plaintiff, not a restriction.  Indeed, at the November 23rd

**NO ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

hearing, all defendants' counsel objected to that portion of Judge Garfinkel's Order.

Nevertheless, plaintiff now complains that one deposition per defendant group is insufficient.

Plaintiffs' Motion to Modify should also be denied because it mischaracterizes the history of

the December 3rd Order, and because plaintiff cannot show that Judge Garfinkel's Order

was "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1)(A).

Argument

Magistrate Judge Garfinkel's Order Was Not Clearly Erroneous or Contrary to Law

Noticeably absent from plaintiff's Motion to Modify is any description of the

standard of review applicable to his motion.  Under governing law, the standard is a

demanding one.  In order to seek review of a pretrial matter referred to a magistrate judge, a

party must show "that the magistrate judge's order is clearly erroneous or contrary to law."

See 28 U.S.C. § 636(b)(1)(A).  Plaintiff has not and cannot meet this standard.

First, plaintiff argues that the limited leave to take depositions was imposed by

Magistrate Judge Garfinkel "as a sanction for Plaintiffs' perceived derelictions."  (Pl. Mot.

at 4).  This contention is not supported by the record.  Far from a sanction, Magistrate Judge

Garfinkel's grant of leave to take depositions benefits plaintiff.  Even though he had not

noticed a single deposition (or even announced his intention to do so), and even though the

time for Phase I discovery had long since closed (without any motion by plaintiff for

additional time), Judge Garfinkel allowed plaintiff leave to take three depositions on Phase I

issues.  (Transcript of Nov. 24, 2003 hearing before Magistrate Judge Garfinkel ("Nov. 24

Transcript"), at 122-23, 127-28 (granting leave to take depositions, but noting lack of diligence on plaintiff's part in seeking deposition discovery) (relevant pages of the Nov. 24 Transcript are attached as Exhibit A)).  Plaintiff's argument that the leave to take three depositions was an "anaconda-like constriction of Plaintiffs' reasonable right to take depositions" misses the point of the Order.  Far from constricting plaintiff's rights, the Order permits plaintiff to take depositions he otherwise had no right to take.[1]

Second, in an apparent attempt to manufacture the "contrary to law" standard required by § 636, plaintiff argues that the December 3 Order improperly collapsed the Phase I and Phase II discovery periods established by this Court in its February 27 and April 29, 2003 Scheduling Orders.  (Pl. Mot. at 8-10).  This is a misconstruction of Judge Garfinkel's December 3, 2003 Order.  Judge Garfinkel's December 3 Order states as follows:  "plaintiff shall be permitted to take one deposition of each of the defendant groups for a total of three (3) depositions by the end of March 2004."  (Dec. 3 Order, at 3 (emphasis in original)).  The November 24 Transcript makes clear that the depositions that plaintiff is permitted to take before March 31, 2004 relate only to Phase I discovery:  "THE

---

[1]   Plaintiff argues in a footnote (Pl. Mot. at 3 n.2) that counsel for Moss Codilis indicated that Moss Codilis insisted on completing plaintiff's deposition before allowing any depositions of Moss Codilis witnesses.  He also made this argument on Nov. 24 before Judge Garfinkel.  (Nov. 24 Transcript at 116-17).  However, even if plaintiff acquiesced in that position, it was no reason for plaintiff to fail to notice even one defense deposition prior to the discovery cut-off on July 1, 2003 (or seasonably move for additional time) if he intended to seek deposition discovery on Phase I issues.  Moreover, the position of Moss Codilis' counsel has no bearing on plaintiff's failure to notice the deposition of any Ocwen witness.

COURT: Well, you know, the depositions would only be directed – defense witnesses to class certification issues, I presume, right?" (Nov. 14 Transcript at 121). Moreover, the restriction on plaintiff's ability to take deposition discovery clearly applies to Phase I discovery (*i.e.*, the merits of plaintiff's individual claims and the requirements of class certification) because Phase II discovery has not even commenced. Under this Court's April 29 Amended Scheduling Order, Phase II discovery does not even begin until <u>after</u> a decision is made on whether to certify a class.[2] To the extent necessary, Ocwen is willing to stipulate that the three depositions allowed by Magistrate Judge Garfinkel apply only to Phase I discovery.

In short, plaintiff's motion should be denied because he has not demonstrated any clear error and his only attempt to do so depends on a misconstruction of the Order that the record will not bear.[3] More importantly, plaintiff has nothing to complain about. Even though plaintiff failed to notice depositions or file a timely motion to seek depositions or extend the Phase I discovery period, Magistrate Judge Garfinkel granted him leave to take one deposition of each of the defendant groups. Plaintiff can hardly complain that discovery

---

[2]   This understanding was expressed by all defendants' counsel during a January 5, 2004 conference call among counsel for all parties and Magistrate Judge Garfinkel's law clerk. In spite of the agreement by all defendants' counsel, plaintiff's counsel indicated his intention to proceed with this motion before this Court.

[3]   This misconstruction can be corrected without reconsidering the essential subject of the order by amending the relevant portion December 3 Order to state that it governs only Phase I discovery.

is too limited when it is more than he requested, and was granted in spite of his failure to comply with the schedule set by this Court.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Modify Revised Scheduling Order should be denied.

DEFENDANTS -  OCWEN FEDERAL BANK FSB,
OCWEN FINANCIAL CORPORATION, AND
WILLIAM C. ERBEY


By  _____/s/ Matthew J. Budzik
        Francis J. Brady - ct04296
        Matthew J. Budzik - ct19706
        Murtha, Cullina LLP
        CityPlace I - 185 Asylum Street
        Hartford, Connecticut 06103-3469
        Telephone:  (860) 240-6000
        Facsimile:  (860) 240-6150
        fbrady@murthalaw.com
        mbudzik@murthalaw.com

        Theodore R. Scarborough - ct24232
        Sidley Austin Brown & Wood LLP
        Bank One Plaza - 10 S. Dearborn Street
        Chicago, Illinois 60603
        Telephone:  (312) 853-7000
        Facsimile:  (312) 853-7036
        tscarborough@sidley.com

        John K. Van De Weert - ct25413
        Sidley Austin Brown & Wood LLP
        1501 K Street, N.W.
        Washington, D.C. 20005
        Telephone:  (202) 736-8000
        Facsimile:  (202) 736-8711
        jvandeweert@sidley.com

        Their Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing The Ocwen Defendants' Response to

Plaintiff's Motion to Modify Revised Scheduling Order was sent by U.S. mail, first class

postage prepaid, on this 15th day of January, 2004 to:

Paul Ngobeni, Esq.  
Ngobeni & Associates  
914 Main Street, Suite 206  
East Hartford, CT 06108  

Steven M. Greenspan, Esq.  
David Bizar, Esq.  
Day, Berry & Howard  
CityPlace I  
Hartford, CT 06103-3499  

Peter Randall Stark, Esq.  
183 N. Broad Street  
P.O. Box 292  
Milford, CT 06460  

Theodore R. Scarborough  
Sidley Austin Brown & Wood LLP  
Bank One Plaza  
Chicago, IL 60603  

Luigi Spadafora, Esq.  
Winget & Spadafora  
45 Broadway, 19th Floor  
New York, NY 10006  

Kweku J. Hanson, Esq.  
*Pro Se*  
Elm Building  
487 Main Street, Suite Two  
Hartford, CT  16103-3007  

Richard G. Carlston, Esq.  
Basil S. Shiber, Esq.  
Miller, Starr & Regalia  
1331 N. California Blvd., 5th Floor  
P.O. Box 8177  
Walnut Creek, CA 94596  

John K. Van De Weert, Esq.  
Sidley Austin Brown & Wood LLP  
1501 K Street, N.W.  
Washington, D.C. 20005  

       /s/ Matthew J. Budzik
_____
Matthew J. Budzik