IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK; et al.,<br><br>　　　　Defendants. | Case No. 3:02 CV 960 (CFD)<br><br><br><br>January 16, 2004 |

**JOINDER OF MOSS CODILIS RELATED DEFENDANTS IN OCWEN'S RESPONSE
TO PLAINTIFF'S MOTION TO MODIFY REVISED SCHEDULING ORDER
AND OPPOSITION OF MOSS CODILIS RELATED DEFENDANTS TO
PLAINTIFF'S MOTION TO MODIFY REVISED SCHEDULING ORDER**

I.　　**JOINDER IN OCWEN'S OPPOSITION.**

　　　　The Moss Codilis defendants[1] hereby join and adopt in its entirety Ocwen Federal Bank's opposition to Plaintiff's Motion To Modify Revised Scheduling Order and Memorandum in Support of Motion to Modify Revised Scheduling Order ("Motion").

II.　　**RELEVANT PROCEDURAL BACKGROUND.**

　　　　The Moss Codilis defendants will not recite the entire procedural history of this case, but focus only on those items which are relevant to Plaintiff's motion.

---

[1]　　Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

A.     Scheduling Orders.

On February 27, 2003 the Court entered a Scheduling Order which provided that discovery in this case would be conducted in two phases. "In the first phase, discovery will proceed with respect to (a) the merits of the plaintiff's claims, and (b) whether the requirements of class certification under Federal Rule of Civil Procedure 23 are satisfied in this action. In the second phase, discovery will proceed regarding the merits of the claims of the class." The Court set certain deadlines with respect to the first phase of discovery. One of those deadlines provided a cut-off date for non-expert witness discovery. Specifically, the Court ordered that, "By May 1, 2003, non-expert witness discovery shall be completed." The Court further ordered that, "The second phase of discovery – regarding the merits of the claims of the class – shall commence following the Court's ruling on the plaintiff's motion for class certification." The Court made clear in this Order that: "There shall be no extensions of time for compliance, except for good cause shown which means events that are unforeseeable and beyond the control of any of the parties. This excludes lack of due diligence in moving the case forward by all permissible means with or without direct court action."

Plaintiff thereafter filed motions for enlargement of time and to modify the scheduling order (Docket Nos. 132, 133) which were granted in part. Pursuant to the Court's ruling on these motions, a "Ruling and Amended Scheduling Order" was issued, dated April 29, 2003, by which certain dates set forth in the original Scheduling Order were extended. The first

phase of discovery was extended, with a deadline of July 1, 2003 for the completion of non-expert witness discovery regarding the merits of the plaintiff's claims and the requirements of class certification under Federal Rule of Civil Procedure 23.  Again, this Order contained the warning that: "There shall be no extensions of time for compliance, except for good cause shown which means events that are unforeseeable and beyond the control of any of the parties.  This excludes lack of due diligence in moving the case forward by all permissible means with or without direct court action."

        B.    <u>Defendants' Deposition Of Hansen</u>.

On March 11, 2003, pursuant to the Court's Scheduling Order, the Moss Codilis defendants served plaintiff with a notice scheduling his deposition for April 14, 2003, to continue from day to day until completed.  The Ocwen and Litton defendants had also served deposition notices for that day or the next.  Hanson appeared for his deposition on April 14, 2003.  However, because Ocwen was unable to finish its examination, neither Moss Codilis nor Litton were able to begin their examination of plaintiff.  Nonetheless, plaintiff refused to agree to a subsequent deposition date.  This failure was the subject of a motion to compel Hanson's production for deposition, which Judge Garfinkel ruled on in the hearing on November 24, 2003.  At that time, Judge Garfinkel ordered the production of Hanson for one more day of deposition, while denying (without prejudice) Moss Codilis' motion for additional time in which to depose Hanson.

### C. Plaintiff's Depositions Of Defendants.

Plaintiff Hanson *did not notice any depositions within the timeframe set forth in the scheduling orders, nor did he make any effort to schedule any depositions informally.* Furthermore, plaintiff Hanson *did not take any depositions within the timeframe set forth in the scheduling orders.* He simply did nothing. In fact, plaintiff Hanson did not even motion the Court for relief from this error. As discussed in more detail below, the Court acted on its own to *provide* Plaintiff Hanson with such relief.

### D. The Amended Scheduling Order.

Plaintiff's Motion arises out of certain rulings relative to discovery made by Judge Garfinkel at the November 24, 2003 hearing in this matter and set forth in the Amended Scheduling Order ("Order") issued on December 3, 2003. Nothing in this Order supports the contentions upon which plaintiff's Motion is based. First, it was ordered that Hanson's deposition would be scheduled for a date in mid-February for one additional day. The Order further stated that, "If the deposition is not completed and the parties cannot agree to an extension, the parties are to contact the chambers of the undersigned." Second, it was ordered that "Plaintiff shall be permitted to take one deposition of each of the defendant groups for a total of three (3) depositions by the end of March 2004." Finally, Judge Garfinkel noted that "Other case management dates have been set by Judge Droney in his November 25, 2003 ruling."

On January 5, 2004, the parties had a telephone conference with Judge Garfinkel's clerk, in an effort to informally resolve some of the issues raised by Hanson's motion. The defendants all stated that they understood Judge Garfinkel's ruling to relate *only* to the first phase of discovery, since that was all that was before Judge Garfinkel. Judge Garfinkel's clerk stated that she would check with Judge Garfinkel to confirm that this was the case, and if it was not, would contact the parties. The parties have not been further contacted by Judge Garfinkel. Accordingly, as things presently stand, neither defendants, nor (apparently) Judge Garfinkel takes the position which is the premise of Hanson's motion – that is, that "apparently acting ultra vires, Magistrate Judge Garfinkel collapsed this Court's carefully-considered, bifurcated discovery regime into one, essentially eviscerating plaintiff's right to proceed on discovery relating to the merits of the class." (Plaintiffs' Memorandum In Support of Motion To Modify Revised Scheduling Order, p. 8.)

Moreover, the transcript from the hearing indicates that the parties understood that Judge Garfinkel's orders relative to depositions pertained only to the first phase of discovery. For example, in the course of the discussion regarding depositions, the following colloquy:

> MR. SCARBOROUGH: And, Your Honor, this is just the phase one. I mean, I don't think the Court is irrevocably ruling that there are no depositions in this case. What the Court is saying is – would be saying is that the order hasn't been followed, no depositions were noticed. There were no reasonable attempts to engage in the deposition process in the period provided for twice by the Court, through July 1st.

> THE COURT: Well, you know, the depositions would only be directed – defense witnesses to class certification issues, I presume, right?
>
> MR. SHIBER: Presumably, Your Honor. Individual merits and class certification.

(Transcript of November 24, 2003 hearing, p. 121, attached hereto.)

Accordingly, the two bases for plaintiff's motion, first, that the order collapsed the bifurcated discovery regime and, second, that the provision of one deposition per defendant group amounted to an unreasonable sanction by the Court, are not supported by the facts in the record in this matter.

III.     **LEGAL ANALYSIS.**

   A.     Plaintiff's Premise That Judge Garfinkel Collapsed The Two Phases /Of Discovery Into One Is Incorrect.

As set forth above, plaintiff's underlying premise that Judge Garfinkel collapsed the two phases of discovery into one is simply incorrect. Neither defense counsel, nor Judge Garfinkel, understood the rulings on November 24, 2003 to relate to phase two issues. No dates have been set with respect to phase two, nor were any phase two issues before Judge Garfinkel on November 24, 2003. Judge Garfinkel's rulings dealt only with phase one issues, and therefore the limitation on one deposition per defendant group is – to our understanding and belief – limited only to phase one issues. Phase two discovery dates will be set following the ruling on the class certification motion, as set forth in the Court's scheduling orders.

B.   <u>Plaintiff Has Not Made The Requisite Showing For Overruling Judge Garfinkel's Orders</u>.

By this Motion, plaintiff seeks to have this Court overrule the orders made by Judge Garfinkel on and after November 24, 2003.  The standard for a district judge to overrule a magistrate judge's discovery rulings is stringent.  Federal Rule of Civil Procedure 72(a) provides that such an action is only appropriate where the order is "clearly erroneous or contrary to law." (*See Hudson v. General Dynamics Corp.* (D.Conn. 1999) 186 F.R.D. 271, 273 ("Matters concerning discovery are considered 'non-dispositive,' and a magistrate's orders regarding non-dispositive pre-trial matters are reviewed under the 'clearly erroneous or contrary to law' standard."); *see also,* 28 U.S.C. § 636(b)(1)(A) (Federal Magistrates Act – providing that the district court may reconsider a magistrate's finding if "clearly erroneous or contrary to law").)

"Under this deferential standard of review, magistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a 'heavy burden.'" (*Hudson v. General Dynamics Corp., supra,* 186 F.R.D. at 273; *Com-Tech Assocs. V. Computer Assocs. Int'l, Inc.* (E.D.N.Y. 1990) 753 F.Supp.1078, 1099.)  "Reversal based upon an improper order denying or curtailing discovery is 'unusual.'" (*Hudson v. General Dynamics Corp., supra,* 186 F.R.D. at 273.)  "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." (Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069, p. 351.)

Hanson does not come close to making the necessary showing. Hanson completely failed to notice any depositions within the timeframes contemplated in two separate scheduling orders. He made no effort to otherwise schedule the depositions that can be corroborated by a writing.[2] The scheduling orders themselves explicitly stated that no extensions would be permitted absent a showing of good cause, which excluded foreseeable events and delays. Hanson was on notice, not once but twice, of the deadlines for completing non-expert discovery, and he simply failed to take any action to complete that discovery. He is essentially asking this Court to give him yet another opportunity to play procedural games, and that request should be denied.

A court has significant discretion in ruling on discovery motions and in ordering discovery in matters before it. (*Hudson v. General Dynamics Corp., supra,* 186 F.R.D. at 273 ("Magistrate judges are … afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused."); *Conway v. Icahn* (2d Cir. 1994) 16 F.3d 504, 510.) Judge Garfinkel's ruling, which allows Hanson to take a deposition of each defendant group, which deposition he never even noticed, goes well beyond what is required by the rules to accommodate Hanson and allows him to conduct discovery even though he has made no efforts to notice that discovery. There is clearly no abuse of discretion here. Indeed, although Hanson

---

[2] Hanson has taken the position that because defense counsel stated that they would require Hanson's deposition to be completed before any depositions of defendants commenced, Hanson was excused from the obligation to notice defendants' depositions. However, these statements were made while discovery was still open; it is absurd to suggest that the statements should be construed to mean that defense counsel were agreeing to an open-ended extension on Hanson's

characterizes the ruling as a sanction, the Court actually granted Hanson a right he was previously not entitled to and which he never requested from the Court. Accordingly, if this Court is inclined in any way to revisit Judge Garfinkel's ruling, it should conclude and rule that Hanson is not entitled to any depositions in the first phase of discovery, because of his complete failure to notice any depositions within the timeframe set forth in the original or amended scheduling order.

---

ability to seek discovery in phase one, and Hanson has failed to demonstrate any such agreement or understanding.

-9-

IV.     **CONCLUSION.**

For all of the reasons set forth above, the Moss Codilis defendants respectfully request that this Court deny Hanson's motion in its entirety.

Dated: January 16, 2004         MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By: _____
    Richard G. Carlston (ct23944)
    Basil S. Shiber (ct23946)
    Miller, Starr & Regalia
    A Professional Law Corporation
    1331 N. California Blvd., Fifth Floor
    Post Office Box 8177
    Walnut Creek, California 94596
    Telephone: (925) 935-9400

            -and-

    Steven M. Greenspan (ct00380)
    David M. Bizar (ct20444)
    Day, Berry & Howard LLP
    City Place I
    Hartford, Connecticut 06103
    Telephone: (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and first class mail on this 16th day of January, 2004, to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | Basil S. Shiber, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Francis J. Brady, Esq.<br>Matthew J. Budzik<br>Murtha Cullina LLP<br>CityPlace I<br>Hartford, CT 06103-3469 | Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Lou Spadafora, Esq.<br>Winget, Spadafora & Schwartzberg, LLP<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Theodore R. Scarborough, Esq.<br>Sidely, Austin, Brown & Wood<br>Bank One Plaza<br>Chicago, IL 60603 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT  06460 | Kweku J. Hanson, Esq.<br>(Pro Se)<br>487 Main Street<br>Hartford, CT 06103-3007 |
| Paul Britt, Esq.<br>Moss, Codilis, Stawiarski, Morris,<br>Schneider & Prior, LLP<br>6560 Greenwood Plaza Boulevard<br>Suite 550<br>Englewood, CO 80111-7100 | |

_____
David M. Bizar