1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KWEKU HANSON, ET AL.,            Case No. 3:02-CV-00960
                                 (CFD)
          Plaintiff,
                                 Bridgeport, Connecticut
     v.                          November 24, 2003

OCWEN FEDERAL BANK, ET AL.,

          Defendants.

MOTIONS HEARING
BEFORE THE HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          Law Offices
                        By: PAUL MPANDE NGOBENI, ESQ.
                        914 Main Street, Suite 206
                        E. Hartford, Connecticut 06108

For Defendant Ocwen:    Sidley & Austin
                        By: THEODORE SCARBOROUGH, ESQ.
                        Bank One Plaza
                        10 South Dearborn Street
                        Chicago, Illinois 60603

                        Murtha, Cullina, LLP
                        By: FRANCIS J. BRADY, ESQ.
                        CityPlace I, 185 Asylum Street
                        Hartford, Connecticut 06103

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

APPEARANCES (CONTINUED):

APPEARANCES (CONTINUED):

| | |
|---|---|
| For Defendant Litton: | Winget, Spadafora & Schwartzberg<br>By: LUIGI SPADAFORA, ESQ.<br>45 Broadway, 19th Floor<br>New York, New York 10006 |
| For Defendant Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP: | Day, Berry & Howard<br>By: DAVID M. BIZAR, ESQ.<br>    STEVEN M. GREENSPAN, ESQ.<br>Hartford, Connecticut 06103 |

1   MR. NGOBENI: Your Honor?

2   THE COURT: Yes.

3   MR. NGOBENI: If I may, with respect to our
4   own deposition of the defendants, we were stalled when
5   we received the letter from the defendants indicating
6   that unless they were done with deposing Mr. Hanson,
7   they will not make any of their people available, and
8   we still intend to follow through with deposing their
9   -- the defendants.

10   So I just wanted whatever --

11   THE COURT: Uh-huh.

12   MR. NGOBENI: -- order we got in the discovery
13   to also give us the same opportunity to depose the
14   defendants.

15   THE COURT: All right. Let me -- Because
16   that's not something I think necessarily was addressed
17   in the motions.

18   MR. SHIBER: Your Honor, that's not before
19   you. There's never been a deposition notice sent out.
20   There's never been a motion to compel any deposition.
21   Lay discovery is closed. This is just a recipe that,
22   you know, to continue this thing forever.

23   THE COURT: Well, hasn't there been some
24   discussion though, of when your people would be
25   deposed?

```
 1            MR. SHIBER:  No.  There has never been --
 2            MR. NGOBENI:  There was a letter, I'm trying
 3   to find, that specifically said that they would not
 4   allow the deposition of their clients until they are
 5   through with Mr. Hanson's deposition.
 6            MR. SHIBER  Your Honor, --
 7            MR. NGOBENI:  So once I got that, it was very
 8   clear, given the motions that were pending, that they
 9   were not going to produce any of them, and if they are
10   saying I should have then gone to you, Your Honor, and
11   gotten an order compelling them to do so, I don't think
12   the Court will ask me to do something that is, you
13   know, futile.  It says:
14            "Please be aware that to the extent you
15             noticed deposition of my clients, that they
16             will need to be noticed for a date after the
17             conclusion of Mr. Hanson's deposition.  Please
18             call me if you have any questions.  Richard G.
19             Carlston (phonetic)."
20            That's his partner.  So, in fact, it's true
21   that they had affirmatively taken the position that
22   they would not make their people available until they
23   were done with Mr. Hanson's deposition, which at that
24   time I didn't really think was unreasonable.
25            I'm not saying you should find that to be
```

1   The other one said, "Would you please respond
2   to my interrogatories and document requests?", both of
3   which we never got response to.
4       We noticed Mr. Hanson's deposition. We're
5   entitled to eight hours under the rules.
6       Mr. Hanson never objected, never attempted to
7   make any limitation up until today.
8       Mr. Ngobeni never served us with a deposition
9   notice, never sent me a letter, never expressed any
10  interest in deposing my clients. The time has come and
11  gone under the amended scheduling order.
12      MR. SCARBOROUGH: And, Your Honor, this is
13  just the phase one. I mean, I don't think the Court is
14  irrevocably ruling that there are no depositions in
15  this case. What the Court is saying is -- would be
16  saying is that the order hasn't been followed, no
17  depositions were noticed. There were no reasonable
18  attempts to engage in the deposition process in the
19  period provided for twice by the Court, through July
20  1st.
21      THE COURT: Well, you know, the depositions
22  would only be directed -- defense witnesses to class
23  certification issues, I presume, right?
24      MR. SHIBER: Presumably, Your Honor.
25  Individual merits and class certification.

1       If I can add one thing? The schedule that --
2  Judge Droney's scheduling order says, and this is the --
3  both the original and the amended:
4           "There shall be no extensions of time for
5            compliance, except for good cause shown, which
6            means events that are unforeseeable and beyond
7            the control of any of the parties. This
8            excludes lack of due diligence in moving the
9            case forward by all permissible means with or
10           without direct court action."
11          That, it seems to me, would include just
12 mailing out deposition notices.
13          THE COURT: Well, one of the problems with
14 depositions too, is that, you know, let's say you have
15 a string of 30(b)(6) depositions, all with production
16 requests attached to them, it basically circumvents
17 everything else we've done here with respect to dealing
18 with discovery requests and objections and --
19          Yes, you were going to say?
20          MR. SCARBOROUGH: I'm just paying attention,
21 Your Honor. I'm sitting up.
22          THE COURT: You know, I don't understand it.
23 You know, it's so important to -- If it's so important
24 to get these depositions done, I mean, why not document
25 an effort to get these depositions done within the

```
 1    discovery deadline, or make part of some sort of motion
 2    to amend the discovery deadline, the need to take
 3    depositions of defense witnesses.  I mean, it's just
 4    not even anything that was before the Court with
 5    respect to any motion, any response to anything.  Just
 6    to throw it in now --
 7              MR. NGOBENI:  No.  Your Honor, this was again
 8    an attempt to cooperate with the defendants.
 9              For instance, I have a letter here from
10    Attorney Budzik and Attorney Scarborough, in which they
11    were confirming that they chose not to go forward with
12    Mr. Hanson's deposition on the second day it was
13    scheduled.
14              THE COURT:  Right.
15              MR. NGOBENI:  That's been represented to you
16    here that I said I would not produce Mr. Hanson.  That
17    was false.
18              THE COURT:  But what's that have to do with --
19    What's that have to do with defense -- depositions of
20    defense witnesses?
21              MR. NGOBENI:  Right.  Then there's follow-up
22    letters which said that until they're finished deposing
23    Mr. -- They're continuing his deposition indefinitely
24    until your motion -- their motions have been ruled
25    upon, and they will not produce any of their witnesses
```

```
 1   depositions that's before you at all.  I mean, this is
 2   just the thing that's been raised kind of at the tail
 3   end of this discussion, and number two, I think, as you
 4   can tell from the language of the letter basically, it
 5   does relate to notices of depositions being sent out,
 6   none of which ever occurred.  There was no meet and
 7   confer on depositions.  There simply was none.  There
 8   was a letter that referenced that there was no meet and
 9   confer effort.
10              THE COURT:  Okay.  Well, let me tell you what
11   I'm going to do because I actually didn't really
12   anticipate this issue, although I should have.
13              There is a -- There are a series of motions to
14   amend the scheduling order.  Clearly, we're in a
15   situation where there have been a lot of discovery
16   disputes, even about written discovery, and
17   traditionally some degree of written discovery is done
18   before the completion of depositions.
19              On the other hand, I am troubled by the lack
20   of what would be usual diligence on the plaintiff's
21   part, in pursuing depositions or protecting the right
22   to take them.
23              I'm going to give the plaintiff the right to
24   take one deposition from each of the defendants,
25   whether it's a 30(b)(6) or an identified person, and
```

```
 1   I'm not going to allow any additional document
 2   discovery to be done in connection with that.  I'm not
 3   going to extend document discovery under the guise of
 4   allowing depositions, and those depositions would need
 5   to be completed by -- Well, when -- By what?
 6           MR. SHIBER:  February 15, Your Honor.
 7           THE COURT:  Those are -- That's when the
 8   plaintiff's deposition was going to be done.
 9           MR. SHIBER:  Yes.
10           THE COURT:  So I'd say by the end of March.
11           And also, those depositions should be
12   addressed -- What's the problem?
13           MR. SHIBER:  Your Honor, we're kind of
14   addressing now, the scheduling order because there was
15   no -- The motions here relate to our inability to get
16   the discovery from the plaintiff.
17           THE COURT:  You should have plenty of time
18   before then, but --
19           MR. SHIBER:  No, I understand, but I think the
20   point is that we're addressing now an issue which
21   modifies the scheduling order.
22           THE COURT:  That's right.
23           MR. SHIBER:  Okay.
24           THE COURT:  That's right.
25           MR. SHIBER:  I just wanted to make that clear
```

163

# CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

*Stephen C. Bowles*              December 6, 2003

STEPHEN C. BOWLES