UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KWEKU HANSON, | : | |
| individually and on behalf of | : | |
| all others similarly situated | : | No. 3:02-CV-960 (CFD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
| Defendants. | : | JANUARY 20, 2004 |

OCWEN'S REPLY IN SUPPORT OF ITS
MOTION FOR DISGORGEMENT OF PRIVILEGED DOCUMENTS

Ocwen filed its motion for disgorgement of privileged documents in the possession of plaintiff on November 21, 2003. The reason for Ocwen's motion was clear: plaintiff filed with the Court an unredacted copy of a Comments/History log for his loan, even though he had received a redacted version from Ocwen's counsel, and a privilege log, and therefore was on notice that Ocwen claimed the redacted information was privileged. Ocwen sought disgorgement of the unredacted "Comments/History log" to protect its privilege.

Plaintiff's Objection raises no valid reason why he should be permitted to retain the unredacted version of the Comments/History log. Plaintiff's attempts to challenge

**NO ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

Ocwen's claim of privilege lack merit, and this motion is not the proper vehicle for doing so in any event. If plaintiff wants to challenge Ocwen's privilege claim, he should have filed an appropriate motion, not a copy of the privileged document that he obtained from an unidentified source. Ocwen's motion should be granted.

Instead of addressing the issue raised by Ocwen's motion, plaintiff's Objection asserts that he has a host of additional documents from many contacts with the employees and former employees of the defendants, as well as other sources. Plaintiff claims that the very volume of these documents somehow insulates him from Ocwen's motion because the issue will require too much investment of judicial resources. (Pl. Resp. at 17; see generally Pl. Resp. at 15-20). It is unclear why an order requiring him to disgorge the single privileged document that Ocwen's motion addresses would impose an undue burden on plaintiff or the Court, although his hint of an appeal (Pl. Resp. at 5; see also Pl. Resp. at 17 n. 19 (predicting the filing of additional motions if Ocwen's instant motion is granted)) presages how plaintiff will respond to a decision to grant Ocwen's motion. Moreover, the burden resulting from plaintiff's own misconduct is hardly a reason to destroy Ocwen's privilege. Plaintiff's assertion that Ocwen's motion "is fraught with mischief because it ignores both the work product doctrine and attorney-client privileges" (Pl. Resp. at 17) is a particularly ill-considered remark. All that Ocwen has requested is the return of its privileged Comments/History log; plaintiff and his counsel are the only ones that have ignored the privilege.

As to additional documents in plaintiff's possession, and other contacts with employees of the defendants, disclosure of such information has already been required by Magistrate Judge Garfinkel, although plaintiff has failed to comply with that order. Magistrate Judge Garfinkel ordered plaintiff to "identify individuals who have provided plaintiff with internal Ocwen documents and to disclose internal Ocwen documents." (Dec. 3, 2003 Order, at 2). Although, Ocwen intends to raise plaintiff's failure to comply with that order before Judge Garfinkel by way of a separate motion, plaintiff's non-compliance with the December 3 Order has nothing to do with the pending motion. The instant motion addresses the Comments/History log. Ocwen reserves all rights to bring an additional motion if it believes that further privilege or confidential documents are in plaintiff's possession.

**Argument**

**Hanson has no basis to retain Ocwen's privileged documents.[1]**

The actual legal arguments raised by Hanson in opposition to Ocwen's motion lack merit.

For instance, Plaintiff alleges, in one paragraph, that the "attorney-fraud exception waives both the attorney-client and work product privilege" applicable to Ocwen's documents. As grounds for invoking the fraud exception, he simply relies on the unproven allegations of his complaint. (Pl. Resp. at 10). That position is untenable. In this Circuit,

---

[1] This section responds to pages 4-5, 8-13 of plaintiff's Response.

-3-

invoking the crime-fraud exception to the attorney-client privilege requires a demanding showing.  See e.g., In re Richard Roe, Inc., 168 F.3d 69, 71 (2d Cir. 1999).[2]  Plaintiff has not even tried to meet that standard.

Plaintiff's argument that Ocwen waived its privilege by distribution of the document overlooks a fundamental factual flaw (Pl. Resp. at 10): Ocwen did not distribute the Comment/History log to anyone.  Surreptitious mailing of documents to plaintiff by employees unauthorized to do so is not a knowing waiver on Ocwen's part.  Moreover, although he alleges that he obtained some documents in this manner (Pl. Resp. at 2), plaintiff continues to be coy about the manner in which he obtained the Comments/History log, as well as his other contacts with Ocwen employees.  At a minimum, if plaintiff seriously argues that there has been a waiver, he must supply his version of the alleged facts.

Nor can plaintiff rely on his own distribution of Ocwen's documents to make out a waiver argument.  Plaintiff admits that he has "disseminated documents … to randomly selected putative plaintiffs, and a couple of news organizations from among the dozen or so media outlets which were hounding Hanson."  (Pl. Resp. at 4).  To the extent these unidentified documents included privileged and confidential internal Ocwen information, and particularly the documents for which Hanson was on notice of Ocwen's privilege claim,

---

[2]   Plaintiff's reference to a "qualified immunity issue" is mystifying, as no such issue has been raised in this case.  Moreover, the footnoted argument (Pl. Resp. at 10 n.9) that Ocwen waived the privilege by "plac[ing] the issue of their own knowledge of the law before the Court" is equally out of place, as no such argument has been raised by Ocwen.  Likewise out of place is plaintiff's discussion of the common interest rule (Pl. Resp. at 9), never raised by Ocwen.

-4-

Hanson has clearly acted improperly. His subsequent defense to Ocwen's motion, that the documents are in the public domain rendering any remedy to Ocwen illusory (Pl. Resp. at 15), is logically unfounded. Plaintiff can hardly claim a right to keep and use privileged or confidential documents because his own actions put them in the public domain.

Moreover, contrary to plaintiff's assertion, there is no reason at this time for the Court "to make an in camera inspection of scores of pages of documents." (Pl. Resp. at 8). First, this motion is limited to the Comments/History log. And more fundamentally, while an examination may be necessary if plaintiff seeks to challenge the privilege log that Ocwen has provided, he has utterly failed to follow the proper procedures for doing so. Having made no facial showing that the privilege claim is improper, no in camera inspection is warranted.

**The remainder of Plaintiff's response has no bearing on Ocwen's motion.[3]**

Plaintiff's discussion of a legal cause of action for "disgorgement" has no bearing on Ocwen's motion. (Pl. Resp. at 5, 13). Although Ocwen used the word "disgorge," Ocwen has not brought a disgorgement claim against plaintiff. Ocwen used the word "disgorge" because the word "return" would not be proper in this context. Ocwen is not asking for the return of documents inadvertently supplied by Ocwen, but rather the turnover or disgorgement of documents obtained improperly by plaintiff.

---

[3] This section responds to pages 1-7 and 13-20 of plaintiff's Response.

Likewise, the discussion of "unclean hands" has no connection to the instant motion. (Pl. Resp. at 6-7). There is no claim against which plaintiff is permitted to interpose an equitable defense, but rather a discovery motion based on misconduct by plaintiff. Furthermore, his discussion of the unclean hands maxim is particularly inapt, as he now concedes improprieties in his own handling of documents. Aside from improperly distributing Ocwen's documents, he now admits that he has destroyed allegedly relevant evidence by reformatting his computer (Pl. Resp. at 11, n. 10),[4] and asserts that his own methods of retaining data do not allow him to return Ocwen's information (Pl. Resp. at 15).[5]

### Further relief may be required as to other documents in plaintiff's possession.[6]

Although the instant motion addresses only the Comments/History log, plaintiff's response contains troubling information that may require additional relief. Plaintiff claims to have had repeated contacts with the employees of the defendants, and to have received internal documents from them. (Pl. Resp. at 2-3). These employees, however, are not authorized to share confidential or privileged Ocwen information with Hanson or his

---

[4] Again, plaintiff asserts that his computer was tampered with by Ocwen. Again, he refuses to provide any substantiation of this defamatory and inflammatory assertion. Hanson has also, to date, refused to turn over the computer allegedly subject to such tampering, in spite of the fact that Ocwen requested it and Ocwen's motion to compel was granted by Magistrate Judge Garfinkel in full. (Dec. 3 Order).

[5] Hanson again refers the Court to "mole material," filed ex parte and without notice and hidden from the defendants for more than a year. It is still unclear on what legal basis plaintiff relied for such a secret filing in the course of civil litigation.

[6] This section responds to pages 2-3 of plaintiff's Response.

counsel. Obtaining such documents by these methods is "inappropriate and contrary to fair play." In re Shell Oil Refinery (Adams v. Shell Oil Co.), 143 F.R.D. 105, 107-08 (E.D. La. 1992). Plaintiff cannot be allowed evade Ocwen's privilege by getting documents from surreptitious contact with employees not authorized to provide those documents. To the extent additional documents are identified, as Magistrate Judge Garfinkel has ordered, Ocwen reserves its right to seek appropriate relief.

## Conclusion

For all of the foregoing reasons, and as set forth in its opening memorandum, Ocwen requests that the Court grant its Motion for Disgorgement of Privileged Documents. Ocwen also requests that plaintiff's Response be sealed or stricken because it refers to the privileged contents of the Comments/History log.

DEFENDANT - OCWEN FEDERAL BANK FSB

By     /s/ Matthew J. Budzik
    Francis J. Brady - ct04296
    Matthew J. Budzik - ct19706
    Murtha, Cullina LLP
    CityPlace I - 185 Asylum Street
    Hartford, Connecticut 06103-3469
    Telephone: (860) 240-6000
    Facsimile: (860) 240-6150
    fbrady@murthalaw.com
    mbudzik@murthalaw.com

    Theodore R. Scarborough - ct24232
    Sidley Austin Brown & Wood LLP
    Bank One Plaza - 10 S. Dearborn Street
    Chicago, Illinois 60603
    Telephone: (312) 853-7000
    Facsimile: (312) 853-7036
    tscarborough@sidley.com

    John K. Van De Weert - ct25413
    Sidley Austin Brown & Wood LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    Telephone: (202) 736-8000
    Facsimile: (202) 736-8711
    jvandeweert@sidley.com

    Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen's Reply in Support of its Motion for Disgorgement of Privileged Documents was sent by U.S. mail, first class postage prepaid, on this 20th day of January, 2004 to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | Steven M. Greenspan, Esq.<br>David Bizar, Esq.<br>Day, Berry & Howard<br>CityPlace I<br>Hartford, CT 06103-3499 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT 06460 | Theodore R. Scarborough<br>Sidley Austin Brown & Wood LLP<br>Bank One Plaza<br>Chicago, IL 60603 |
| Luigi Spadafora, Esq.<br>Winget & Spadafora<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Kweku J. Hanson, Esq.<br>*Pro Se*<br>Elm Building<br>487 Main Street, Suite Two<br>Hartford, CT  16103-3007 |
| Richard G. Carlston, Esq.<br>Basil S. Shiber, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA 94596 | John K. Van De Weert, Esq.<br>Sidley Austin Brown & Wood LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005 |

/s/ Matthew J. Budzik
Matthew J. Budzik