IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated, | Case No. 3:02 CV 960 (CFD) |
| Plaintiff, | |
| v. | |
| OCWEN FEDERAL BANK; et al., | January 26, 2004 |
| Defendants. | |

**OPPOSITION OF MOSS CODILIS RELATED DEFENDANTS TO PLAINTIFF'S REQUEST FOR *IN CAMERA* REVIEW OF ASSERTEDLY PRIVILEGED DOCUMENTS LISTED ON MOSS CODILIS PRIVILEGE LOG**

The Moss Codilis defendants[1] hereby oppose Plaintiff's Request For *In Camera* Review Of Assertedly Privileged Documents Listed On Moss Codilis Privilege Log ("Request").

I.          **INTRODUCTION.**

Moss Codilis' counsel prepared and provided to plaintiff the Privilege Log Of Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP dated December 22, 2003, attached hereto as Exhibit A.  The privilege log lists two agreements between Ocwen Federal Bank and Moss, Codilis, Morris, Schneider & Prior, LLP that are protected from

---

[1]          Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

disclosure by the attorney-client privilege.  Plaintiff asks the Court to review these

documents *in camera*.  Plaintiff's request is without merit, and should be denied.

II.        **LEGAL ANALYSIS**.

        A.        Plaintiff Has Made No Attempt To Meet And Confer As Required

By The Local Rules.

        Plaintiff's request for *in camera* review does not comply with the

requirement that plaintiff first meet and confer with opposing counsel prior to making a

discovery motion of this type.  Plaintiff has made no attempt to meet and confer on the

issue of the Moss Codilis' privilege log and its alleged deficiencies.  The applicable local

rule is clear.

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P.,
> shall be filed unless counsel making the motion has conferred
> with opposing counsel and discussed the discovery issues
> between them in detail in a good faith effort to eliminate or
> reduce the area of controversy, and to arrive at a mutually
> satisfactory resolution.

D.Conn. L. Rule 37(a)(2).  Plaintiff's Request is in clear violation of local rule 37(a)(2)

and, accordingly, should be denied.

        B.        Plaintiff Has Not Made The Factual Showing Necessary To Justify

*In Camera* Review.

        Plaintiff has not made a sufficient factual showing to justify an *in camera*

review.  The standard for engaging in an *in camera* review is "a showing of a factual basis

adequate to support a good faith belief by a reasonable person." *US v. Zolin* (1989) 491

U.S. 554, 572 (setting forth standard in context of application of crime-fraud exception to attorney-client privilege). Plaintiff has demonstrated no such factual basis.

First, plaintiff asserts that *in camera* review is warranted because "certain deficiencies" in Moss Codilis' privilege log may have resulted in waiver of the privilege. (Request, p. 2.) This assertion, the merits of which are addressed in greater detail below, is irrelevant to Plaintiff's request for *in camera* review. A claim of waiver based on an inadequate privilege log neither necessitates nor justifies *in camera* review. Under such circumstances, the Court can determine waiver of privilege without recourse to the documents themselves. Furthermore, if the relief sought – waiver of the privilege – were granted, there would be no need to conduct an *in camera* review.

Second, Plaintiff claims that *in camera* review is warranted because "Moss Codilis listed contracts are prime candidates for an in camera review, inasmuch as Plaintiffs are understandably skeptical regarding whether Moss Codilis is indeed a law firm and also whether documents which do not involve an identified attorney author or recipient are actually privileged." (Request, p. 2.) Again, plaintiff identifies no basis in fact or law to support the requested review. Plaintiff offers no support, only gross speculation contrary to factual information already before the Court, for his clearly erroneous contention that Moss Codilis may not be a law firm. (*See* Moss Codilis' Request For Judicial Notice.)

Plaintiff's final basis for the request for *in camera* review is his contention that no attorney has been identified as the author or recipient of these documents. This is not the case. While the privilege log does not identify the names of the individual authors or recipients, it does disclose that the authors of the agreements were "[u]nknown/counsel." The documents at issue are agreements between a corporate client and a law firm. This

information is clearly disclosed in the privilege log. The fact that the name of the attorney, or collective group of attorneys within the law firm, who authored the agreements are currently unknown does not defeat the claim of privilege, nor does it create a factual basis to warrant examination of the terms of the agreements by the Court.[2]

The attorney-client privilege "is one of the oldest recognized privileges for confidential communications." *Swidler Berlin v. United States* (1998) 524 U.S. 399, 403. Although the standard applicable to a request for *in camera* review is not as high as that applicable to public disclosure, it exists to protect important rights which are impinged upon to some degree by judicial inquiry. *US v. Zolin* (1989) 491 U.S. 554, 570-571 ("Our endorsement of the practice of testing proponents' privilege claims through *in camera* review of the allegedly privileged documents has not been without reservation."). Plaintiff's Request is unsupported by any factual basis and fails to rise to the standard required to merit *in camera* review.

C.     The Documents At Issue Privileged.

The agreements were identified in the privilege log because they are protected from disclosure by the attorney-client privilege.

1.     The Documents Contain Privileged Information.

"The privilege, designed to 'encourage full and frank communication between attorneys and their clients,' shields from discovery advice given by the attorney as well as communications from the client to the attorney, made in pursuit of or in facilitation

_____

[2] Moss Codilis continues its efforts to determine the identity of the attorney, or group of attorneys, who authored the agreements at issue and will supplement its privilege log accordingly if that information is determined.

of the provision of legal services." *The Diversified Group, Inc. v. Daugerdas* (S.D.N.Y. 2003) WL 22077466, 3, citing *Upjohn Co. v. United States* (1981) 449 U.S. 383, 389.

   The documents at issue are agreements between a client, Ocwen, and its attorneys, Moss Codilis, made in the pursuit of or in facilitation of the provision of legal services. They contain detailed provisions reflecting privileged information. *See Riddel Sports Inc. v. Brooks* (S.D.N.Y. 1994) 158 F.R.D. 555, 560. To the extent that Plaintiff disputes this assertion of privilege, he must confer with Ocwen and Moss Codilis prior to engaging in motion practice in accordance with D.Conn. L. Rule 37(a)(2). Moss Codilis remains willing to meet and confer.

     2.  The Applicable Privilege Has Not Been Waived.

      a.  Moss Codilis' Privilege Log Is Reasonably Complete.

   A party claiming privilege "shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. Rule of Civ. Proc. 26(b)(5). "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection." *Id.*, Advisory Comm. Notes; D.Conn. Local Rule 37(a)(1) (a privilege log shall include "(1) The type of document; (2) The general subject matter of the document; (3) The date of the document; (4) The author of the document; and (5) each recipient of the document"); *see also,* Wright, Miller & Marcus, Federal Practice Procedure: Civil 2d §2016.1, p. 234 ("The basic objective is a sufficient description of the matters withheld to satisfy the needs of the case.")

Moss Codilis' privilege log satisfies the requirements of Fed. R. Civ. Pro. 26(b)(5) and Local Rule 37(a)(1).  It identifies the types of document and general subject matters of the documents ("[t]erms/nature of representation of Ocwen by Moss Codilis.") The log further provides the dates of the agreements ("June 1, 2001" and "November 2000") and the author or authors ("[u]nknown/counsel").  The log also specifies that the June 1, 2001 agreement was "between Ocwen Federal Bank and Moss, Codilis Stawiarski, Morris, Schneider & Prior, LLP, and the November 2000 agreement was "between Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP and Ocwen Federal Bank FSB."

Plaintiff asserts, without citing any authority, that he has a right to "know the names of the creator and recipient attorneys involved." (Request, p. 4.) As noted in the privilege log, the identity of the attorney or attorneys who authored the documents is unknown at this time, and the agreements were between the Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP law firm and its corporate client.  Accordingly, there is no further information that Moss Codilis could have listed on the privilege log.

Plaintiff also requests "a more thorough explanation of what they [the agreements] are and why they were created." (Request, p. 4.)  Again, Moss Codilis has already provided Plaintiff with the type of document (agreements between Moss Codilis and Ocwen) and the general subject matter of such documents (terms and nature of representation) as required by both the Federal Rules of Civil Procedure and the District of Connecticut Local Rules.

Despite plaintiff's allegations to the contrary, Moss Codilis provided plaintiff with a reasonably complete privilege log.  To the extent that plaintiff seeks to

-6-

clarify one or more of the categories of description, Moss Codilis remains willing to meet and confer.

> b.     An Incomplete Privilege Log Is Insufficient To Constitute Waiver Of Attorney-Client Privilege.

Plaintiff's assertion that "Moss Codilis may have waived any privilege that may have been applicable to the documents at bar because of certain deficiencies in its privilege log entries for those documents" is totally without support.

As discussed in detail above, Moss Codilis' privilege log fully complied with the applicable federal and local rules. There were no "deficiencies" to support a claim of waiver. Furthermore, waiver of privilege is a serious sanction that is most suitable for cases of unjustified delay, inexcusable conduct, and bad faith in responding to discovery requests. No such conduct is asserted here, nor could such an assertion be supported. The failure to fully specify the nature of a document in a privilege log is insufficient to constitute a waver. Thus, even if the Court determines that the privilege log is deficient, "automatically finding a waiver of the privilege would be unduly harsh." Wright, Miller & Marcus, Federal Practice Procedure: Civil 2d §2016.1, p. 235; *In re In-Store Advertising Securities Litigation* (D.C.N.Y. 1995) 163 F.R.D. 452, 454 (failure to provide privilege log at all did not warrant full production of documents that likely contained attorney work product); *see also Butler Mfg. Co. v. Americold Corp.* (D.C.Kan. 1993) 148 F.R.D. 275, 277; *see also Mason C. Day Excavating Co. v. Lumbermens Mut. Cas. Co.* (D.C.N.C. 1992) 143 F.R.D. 601, 610.

III.     **CONCLUSION**.

For all of the reasons set forth above, the Moss Codilis defendants

respectfully request that this Court deny Plaintiff's Request in its entirety.

Dated:  January 26, 2004              MOSS, CODILIS, STAWIARSKI, MORRIS,
                                      SCHNEIDER & PRIOR, LLP; MOSS, PITE &
                                      DUNCAN, LLP; CODILIS & STAWIARSKI, PC;
                                      MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN,
                                      SUCH, KHAN & SHEPARD, P.C.; WELTMAN,
                                      WEINBERG & REIS CO., LPA; BOLES, BOLES &
                                      RYAN, P.L.C.; and individually, GERALD R. MOSS;
                                      ERNIE CODILIS; LEO C. STAWIARKSI, JR.;
                                      ARTHUR J. MORRIS; THOMAS E. PRIOR;
                                      RANDOLPH SCHNEIDER; ALAN F. SUCH;
                                      LARRY R. ROTHENBERG; and WILLIAM R.
                                      BOLES, JR.


                                      By:_____
                                          Richard G. Carlston (ct23944)
                                          Basil S. Shiber (ct23946)
                                          Miller, Starr & Regalia
                                          A Professional Law Corporation
                                          1331 N. California Blvd., Fifth Floor
                                          Post Office Box 8177
                                          Walnut Creek, California  94596
                                          Telephone:  (925) 935-9400


                                              -and-

                                          Steven M. Greenspan (ct00380)
                                          David M. Bizar (ct20444)
                                          Day, Berry & Howard LLP
                                          City Place I
                                          Hartford, Connecticut 06103
                                          Telephone:  (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this 26th day of January, 2004, to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Francis J. Brady, Esq.
Matthew J. Budzik
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103-3469

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Lou Spadafora, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT  06460

Kweku J. Hanson, Esq.
(Pro Se)
487 Main Street
Hartford, CT 06103-3007

Paul Britt, Esq.
Moss, Codilis, Stawiarski, Morris,
Schneider & Prior, LLP
6560 Greenwood Plaza Boulevard
Suite 550
Englewood, CO 80111-7100

_____
David M. Bizar