IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN FEDERAL BANK; et al.,<br><br>    Defendants. | Case No. 3:02 CV 960 (CFD)<br><br><br><br><br><br>January 30, 2004 |

**OPPOSITION OF MOSS CODILIS TO PLAINTIFF'S EXEMPLARY EVIDENCE ELUCIDATING STATEMENT IN SUPPORT OF IMMEDIATE HEARING ON <u>PRELIMINARY INJUNCTION</u>**

I.     **<u>BACKGROUND</u>.**

On December 9, 2003, following submission of Plaintiff's Statement In Support Of Immediate Hearing On The Motion For Preliminary Injunction [Docket #202] ("Statement"), this Court ordered as follows:

> Currently pending is the plaintiff's request that the Court rule on the motion for preliminary injunction prior to ruling on the motion for class certification. *The plaintiff is ordered to provide some evidence of the statements made in Plaintiff's Statement in Support of Immediate Hearing on the Motion for Preliminary Injunction* [Doc. #202] within twenty-one days of this order.

MCSM\41962\552710.1

December 9, 2003 Order [Docket #213] (emphasis added).[1]  Pursuant to that order, plaintiff filed and served Plaintiff's Exemplary Evidence Elucidating Statement In Support Of Immediate Hearing On Preliminary Injunction [Docket #250] ("Supplemental Materials").

Plaintiff's Supplemental Materials provide no support for the allegations made in plaintiff's Statement.  More importantly, plaintiff's Supplemental Materials provide no evidence of changed circumstances as required by this Court's November 25, 2003 order [Docket #207].  Accordingly, despite plaintiff's filing of additional materials in support of its motion, it remains clear that the threshold standard imposed by the Court that Hanson demonstrate "changes in circumstances which justify this modification of the Court's order of April 29, 2003" has not been met.

II.  **PLAINTIFF PRESENTS NO EVIDENCE OF CHANGES IN CIRCUMSTANCES JUSTIFYING MODIFICATION OF THE ORDER.**

Neither plaintiff's Statement nor plaintiff's Supplemental Materials contain any evidence of changed circumstances as required by this Court's November 25, 2003 Ruling and Amended Scheduling Order [Docket #207].

Plaintiff's Supplemental Materials are simply another round of irrelevant newspaper clippings and pleadings in unrelated litigation interspersed with a small number of communications containing unsubstantiated claims regarding alleged problems with loans serviced

---

[1] The deadline for filing this supplemental material was extended by order of this Court on January 7, 2004, to January 14, 2004 [Docket #241].  Plaintiff served these materials on January 16, 2004.  Moss Codilis now files this opposition to plaintiff's request, as amended by these materials, pursuant to the Federal Rules of Civil Procedure, Rules 6(a) and 15(a).

\\559681.1

-2-

by Ocwen and/or Litton.[2]  The materials submitted contain no evidence of changed circumstances that would justify this Court's modification of its April 24, 2003 Ruling and Amended Scheduling Order [Docket # 143].

Despite the Court's clear direction to submit a memo [Docket #207], and now supporting evidence [Docket #213], demonstrating *changed circumstances*, plaintiff continues to attempt to argue the merits of his motion for immediate hearing to this Court.  Not only does plaintiff fail to demonstrate the underlying merits of his motion, more importantly for the purposes of the pending motion, plaintiff misses the essential point that none of this is relevant to the issue of changed circumstances.

Plaintiff has been alleging these very facts from the outset of this action.  *See* Moss Codilis' Opposition To Plaintiff's Statement In Support Of Immediate Hearing On The Motion To Preliminary Injunction, pp. 2-3 [Docket #223].  Plaintiff can hardly point to allegations that other members of the general public may have suffered or be suffering injuries similar to those at issue in this litigation as a "changed circumstance" necessitating an immediate hearing on his motion for preliminary injunction.  That allegation goes to the very heart of the class claims that plaintiff has yet to substantiate but which he has asserted all along.

Nothing submitted to this Court by plaintiff satisfies the threshold standard imposed by this Court that required plaintiff to demonstrate changed circumstances.  Accordingly, plaintiff is bound by his agreement to the sequence of hearing set forth in this Court's April 24, 2003

---

[2] Only 10 of the 58 pages submitted constitute communications to plaintiff referencing individuals experiencing problems with Ocwen and/or Litton regarding their home loans and who are not independently represented by private counsel dealing with the matter directly.  One of these individuals has already resolved the problem and refinanced her home.  Only one of these communications contains any documentation at all regarding the problems experienced.  The other six are simply e-mails containing unsubstantiated complaints regarding Ocwen and/or Litton.

\\559681.1

-3-

Ruling and Amended Scheduling Order [Docket # 143] and his request for immediate hearing on the motion for preliminary injunction should be denied.

III. **PLAINTIFF PRESENTS NO EVIDENCE OF IRREPARABLE HARM TO HIMSELF OR ANYONE ELSE.**

Plaintiff's Supplemental Materials do not contain any evidence relating to his individual claims. Accordingly, Moss Codilis' analysis regarding the lack of imminent harm to Hanson remains unchanged by plaintiff's submission of additional materials. *See* Moss Codilis' Opposition To Plaintiff's Statement In Support Of Immediate Hearing On The Motion To Preliminary Injunction, p. 4 [Docket #223].

Plaintiff's Supplemental Materials do not contain any evidence of irreparable harm to anyone else. The bulk of the material filed by plaintiff is irrelevant to this analysis.[3] Plaintiff's filing contains no more than seven communications regarding alleged potential class members who are not identified as privately represented. Only three of these allege a potential upcoming foreclosure[4] of their homes and only one contains any documentation at all regarding the problems experienced. There is no way of identifying from the materials filed what the status of any

---

[3] It involves pending litigation in which parties are already represented by independent counsel (*see, e.g.,* Supplemental Materials, Exs. K, M & O), resolved litigation in which parties were represented by independent counsel (*see, e.g.,* Supplemental Materials, Exs. D & O), an alleged dispute apparently not in litigation in which the parties are already represented by independent counsel (*see, e.g.,* Supplemental Materials, Exs. B & C), an alleged dispute which has already been resolved without foreclosure (*see, e.g.,* Supplemental Materials, Ex. I), communications that do not reference foreclosure or servicing of loans (*see, e.g.,* Supplemental Materials, Exs. G, H & L), and at least one communication that does not even reference any party to this action (*see, e.g.,* Supplemental Materials, Ex. J).

[4] The other four are irrelevant to this analysis for the following reasons: one discusses an alleged dispute that was resolved without foreclosure (*see, e.g.,* Supplemental Materials, Ex. I), two discuss foreclosures that already occurred at some unspecified date in the past (*see* Supplemental Materials, Exs. N & Q) and a third provides no details at all (*see, e.g.,* Supplemental Materials, Ex. H).

potential foreclosure is and whether the individuals have independent representation. Furthermore, there is no evidence presented as to why these alleged foreclosures should be enjoined.

Again, as set forth in Moss Codilis' Opposition To Plaintiff's Statement In Support Of Immediate Hearing On The Motion To Preliminary Injunction [Docket #223], even if such evidence was presented, plaintiff has no standing in this case to act on behalf of other parties. No class has yet been certified.

Rather than refuting Moss Codilis' arguments, plaintiff's Supplemental Materials provide strong support for Moss Codilis' assertion that "[i]*f there are other parties whose homes are being wrongfully foreclosed, they can pursue the remedy of injunctive relief for themselves.*" Moss Codilis' Opposition To Plaintiff's Statement In Support Of Immediate Hearing On The Motion To Preliminary Injunction, p. 4 [Docket #223]. The materials provided by plaintiff reveal that the parties Hanson refers to have done just that.

IV.     **CONCLUSION.**

There have been no changed circumstances demonstrated by Hanson which would justify changing the hearing schedule previously agreed upon. The rationale for that hearing order schedule still applies. For that reason, the Moss Codilis related defendants respectfully request that no change be made to the prior agreed upon schedule.

\\559681.1                                -5-

Dated:  January 30, 2004

MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By: _____
Richard G. Carlston (ct23944)
Basil S. Shiber (ct23946)
Miller, Starr & Regalia
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California  94596
Telephone:  (925) 935-9400

-and-

Steven M. Greenspan (ct00380)
David M. Bizar (ct20444)
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103
Telephone:  (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this 30th day of January, 2004, to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | Basil S. Shiber, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Francis J. Brady, Esq.<br>Matthew J. Budzik<br>Murtha Cullina LLP<br>CityPlace I<br>Hartford, CT 06103-3469 | Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Lou Spadafora, Esq.<br>Winget, Spadafora & Schwartzberg, LLP<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Theodore R. Scarborough, Esq.<br>Sidely, Austin, Brown & Wood<br>Bank One Plaza<br>Chicago, IL 60603 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT  06460 | Kweku J. Hanson, Esq.<br>(Pro Se)<br>487 Main Street<br>Hartford, CT 06103-3007 |
| Paul Britt, Esq.<br>Moss, Codilis, Stawiarski, Morris,<br>Schneider & Prior, LLP<br>6560 Greenwood Plaza Boulevard<br>Suite 550<br>Englewood, CO 80111-7100 | |

_____
David M. Bizar