UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------
KWEKU HANSON,                                : No. 3:02-CV-960 (CFD)
individually and on behalf of                :
all others similarly situated                :
                                             :
    Plaintiff,                              :
                                             :
v.                                           :
                                             :
OCWEN FEDERAL BANK, et al.                   :
                                             :
    Defendants.                             : February 4, 2004
---------------------------------------------------------

OCWEN'S OPPOSITION TO PLAINTIFF'S REQUEST
FOR *IN CAMERA* REVIEW OF OCWEN'S PRIVILEGED DOCUMENTS

    Plaintiff's January 14 request for *in camera* review of Ocwen Federal Bank FSB's ("Ocwen") privileged documents is almost the same motion as his January 4 request for *in camera* review of Moss Codilis' privileged documents. For the same reasons stated by Moss Codilis in its January 26 response to plaintiff's motion, and the January 29 joinder in that response filed by Ocwen, plaintiff's request for an *in camera* review of Ocwen's privileged documents should be denied. Rather than repeat its response in full, Ocwen files this Opposition to demonstrate why the same reasons require that the January 14 motion be denied as to an *in camera* review of Ocwen's privileged documents.

**NO ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

## Argument

**Plaintiff did not meet and confer with Ocwen.**

As with the January 4 motion directed at Moss Codilis, plaintiff simply ignored his obligation to meet and confer with Ocwen before filing the January 14 motion. Both Fed. R. Civ. P. 37 and D. Conn. Local Rule 37 require such a meet and confer, to allow the parties to either avoid motion practice altogether, or at least to narrow the issues to be presented to the Court. Plaintiff, as he has several times before in this case, failed to even suggest such a meeting. Rather, Ocwen learned of the motion only when it received service.

**Plaintiff has not made the factual showing to justify *in camera* review.**

The gravamen of plaintiff's motion is that he is entitled to *in camera* review of Ocwen's privileged documents because plaintiff personally does not trust Ocwen (or its attorneys). That is not the legal standard plaintiff must meet. To rule otherwise would subject the Court to requests for *in camera* review in nearly every case filed. Rather, plaintiff must make "a showing of a factual basis adequate to support a good faith belief by a reasonable person." United States v. Zolin, 491 U.S. 554, 572 (1989) (setting forth standard for *in camera* review where party claimed that the crime-fraud exception applied). Plaintiff has

made no such showing, instead relying on speculation that the documents might not be privileged. (Pl. Request at 2-3). That is not enough.

**There has been no waiver.**

Plaintiff's suggestion that Ocwen has waived the privilege because of its privilege log is without merit. Even if the privilege log were deficient, and it is not, that would not be a reason to impose the severe sanction of waiver. Instead, the appropriate action would be to require Ocwen to supplement its log.

In any case, the log is not deficient. Ocwen provided all of the information required by Local Rule 37(a)1: "(1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; and (5) each recipient of the document." In each case, Ocwen was unable to identify recipients because the documents at issue were account notes, reflecting legal advice and communications, in Hanson's account notes. The fact that no specific recipient is identified, however, does not abrogate the privilege. Nor does the fact that a particular attorney is not designated for each item. In many cases, the notes reflect the involvement of counsel without specifying the name of an attorney.[1]

---

[1] In his Request, plaintiff claims that a privilege log must identify "(4) The name and job title or capacity of the author(s)/originator(s) of the document; and (5) the names of all person(s)

**The documents are privileged.**

The theory behind plaintiff's Request, evidently, is that account records of his loan cannot possibly be privileged. (See e.g., Request at 2 & n.4, 4-5). Plaintiff is wrong. The servicing of Hanson's loan has involved law firms on several occasions: collection efforts by Moss Codilis,[2] contact with foreclosure counsel, and the current litigation. Entries concerning the legal advice and communications in that regard are privileged, notwithstanding that other more routine aspects of the servicing notes are not. That is why Ocwen produced the servicing notes, but redacted the entries that were privileged.

**Conclusion**

For all of the foregoing reasons, Ocwen requests that the Court deny plaintiff's request for an *in camera* review of the designated items on Ocwen's privilege log.

---

who received the document or a copy of it and their affiliation (if any) with the producing party." Other than the identity of the author and the recipient, the additional information set forth by plaintiff is simply not required by Local Rule 37.

[2] Both Ocwen and Moss Codilis have previously responded to plaintiff's frivolous assertion that Moss Codilis is not a law firm.

DEFENDANT -
OCWEN FEDERAL BANK FSB


By     /s/

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

John K. Van De Weert - ct25413
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
jvandeweert@sidley.com

Its Attorneys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing OCWEN FEDERAL BANK FSB'S OPPOSITION TO PLAINTIFF'S REQUEST FOR *IN CAMERA* REVIEW OF OCWEN DOCUMENTS was sent by U.S. mail, first class postage prepaid, on this 4th day of February, 2004 to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | David M. Bizar, Esq.<br>Day, Berry & Howard<br>CityPlace I<br>Hartford, CT 06103-3499 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT 06460 | T. Robert Scarborough, Esq.<br>Sidley Austin Brown & Wood LLP<br>Bank One Plaza, 10 S. Dearborn Street<br>Chicago, IL 60603 |
| Luigi Spadafora, Esq.<br>Winget & Spadafora<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Kweku J. Hanson, Esq.<br>*Pro Se*<br>Elm Building<br>487 Main Street, Suite Two<br>Hartford, CT 06103-3007 |
| Basil S. Shiber, Esq.<br>Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA 94596 | John K. Van De Weert, Esq.<br>Sidley Austin Brown & Wood LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005 |

___/s/_____
Matthew Budzik