FILED

2004 FEB -6 P 3: 36

UNITED STATES DISTRICT COURT DISTRICT COURT
DISTRICT OF CONNECTICUT HARTFORD CT

KWEKU HANSON,                          :
Individually and on behalf of          :
all others similarly situated          :       No. 3:02-CV-960 (CFD)
                                       :
            Plaintiff,                 :
                                       :
v.                                     :
                                       :
OCWEN FEDERAL BANK, et al.             :
                                       :
            Defendants.                :       FEBRUARY 6, 2004

OCWEN'S RESPONSE TO PLAINTIFF'S STATEMENT IN SUPPORT OF
IMMEDIATE HEARING ON PRELIMINARY INJUNCTION

**Introduction**

With plaintiff's consent, this Court deferred a hearing on plaintiff's motion for a

preliminary injunction until after the completion of the class certification phase of this

action.  (See Ruling and Amended Scheduling Order [Doc. #143] Apr. 29, 2003).  At the

last status conference on November 24, 2003 plaintiff reversed his position and requested

that the preliminary injunction motion be heard prior to class certification.  Plaintiff

thereafter filed his Statement in Support of Immediate Hearing on the Motion for

Preliminary Injunction (the "Statement in Support of Immediate Hearing").  Upon reviewing

that filing, this Court issued an order requiring plaintiff to "provide some evidence of the

**NO ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

statements" that would justify an immediate hearing prior to class certification. (Dec. 9, 2003 Order [Doc. #213]).

In response to the Court's order, on January 16, plaintiff submitted a handful of documents purportedly from dissatisfied Ocwen customers. These documents, however, do not demonstrate the propriety or need for the injunction plaintiff seeks. As a matter of law, plaintiff is not entitled to an injunction because he has not provided any evidence that he is likely to suffer an immediate irreparable injury, nor could he provide such evidence because Ocwen stopped servicing his loan nearly two years ago. (Ocwen Defendants' Response To Plaintiff's Statement In Support Of Immediate Preliminary Injunction Hearing, [Doc. #224] Dec. 15, 2003, at 4). All of the documents that Hanson recently submitted to the Court relate to other Ocwen borrowers.

The unsigned and unsubstantiated emails and letters plaintiff has attached relating to other borrowers do not justify proceeding to a classwide preliminary injunction hearing. Plaintiff cannot, as a matter of law, seek a classwide injunction that would enjoin Ocwen's alleged practices as to other borrowers prior to class certification. (Id. at 5-6). Moreover, plaintiff's exhibits do not provide any evidence that Ocwen is likely to cause irreparable injury to any other putative class member. Some of the documents do not even relate to Ocwen and the remaining emails and letters do not establish any misconduct by Ocwen. In

fact, the remaining documents, which are unauthenticated and inadmissible hearsay, support little more than an inference that several Ocwen customers are apparently dissatisfied with Ocwen.  However, plaintiff must offer more than the personal views of a handful of customers before Ocwen and the Court devote substantial resources litigating the preliminary injunction motion.

For the reasons set forth more fully below, there is no legal or factual basis for this Court to conduct a preliminary injunction hearing and, therefore, plaintiff's renewed motion for a preliminary injunction should be denied.

## Argument

### Plaintiff has no standing to seek the requested injunction.

On December 15, Ocwen filed a preliminary response to plaintiff's Statement in Support of Immediate Hearing, demonstrating that plaintiff has shown no changed circumstances, and that he lacked standing to seek any injunction.  (Doc. #224).  Plaintiff's additional "evidence" does not cure these legal defects because it relates solely to other borrowers.  As set forth more fully in Ocwen's December 15 Response, Hanson cannot demonstrate "a likelihood that he ... will be injured in the future," which is a necessary predicate for an injunction.  Stack v. City of Hartford, 170 F. Supp. 2d 288, 293 (D. Conn. 2001), quoting Deshawn E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1988).  Ocwen has not

serviced Hanson's loan for nearly two years, and any alleged harm to him occurred in the

past and can be compensated by money damages.  Moreover, he also lacks standing to seek

injunctive relief on behalf of a class that is not yet certified.  McKenzie v. City of Chicago,

118 F.3d 552, 555 (7th Cir. 1997); Campbell v. Miller, No. 1:03-CV-0180-SEB-VSS, 2003

U.S. Dist. LEXIS 11647 (S.D. Ind. June 25, 2003).  The Court properly sequenced this case

to address class certification first, and then a preliminary injunction, and the Court should

adhere to that schedule.

**The documents submitted by plaintiff do not demonstrate the need for an injunction.**

Even assuming that Hanson could overcome the threshold standing issue, the specific

documents submitted do not demonstrate that an immediate classwide injunction hearing is

warranted.  To begin, some of the documents relate only to Litton (not Ocwen), see, Exhs.

O, P, R, and others only refer to Ocwen generally without discussing any alleged

misconduct by Ocwen, see Exhs. H, M.  For example, one document is merely an email

from a lawyer seeking more information from Hanson.  (See Exh. M).

None of the documents provide any evidence of misconduct by Ocwen for which

injunctive relief would be warranted.  Although some of the documents purport to relate to

foreclosures that were pending last fall, see Exh. B, C, D, E, F, J, that fact alone does not

demonstrate the need for a preliminary injunction.  Plaintiff fails to explain why an

injunction from this Court is necessary to enjoin a judicial foreclosure pending in another

court.  Foreclosure requires judicial intervention in which the borrower can be represented

by counsel and has the right to resist the process in the ordinary course if there is a

legitimate reason for doing so.  Indeed, at least one of the documents indicates on its face

that the borrower is represented by counsel who can presumably represent his client's

interests in the foreclosure proceeding.  (See Exh. B).

    The limited scope and dubious quality of the so-called evidence also should be taken

into consideration in evaluating plaintiff's renewed motion.  Taken together, plaintiff's new set

of documents reflect the apparent dissatisfaction of less than $1/100^{th}$ of 1 percent of all current

Ocwen customers who may or may not be justified in their opinions about Ocwen.  (See

Ocwen Resp. to Pl. Interrog. #1 (stating that Ocwen serviced 325,408 U.S. mortgage loans as

of March 31, 2003)).  Plaintiff has not stated that he has conducted any due diligence as

required by the Federal Rules of Civil Procedure to assess the veracity of any of the other

borrowers' statements, and the documents that he submitted are not, in and of themselves,

evidence.  In that regard, only one document even purports to be in the form of a sworn

affidavit, See, Ex. B, and all of the remaining exhibits relating to Ocwen are unauthenticated

and unsigned letters and informal emails.  (See Exhs. A, C, E, F, G (which gives no full name of the alleged writer), H, I, J, K, L, M, N, Q).

Most remarkable of all, these documents are no different than similar ones submitted by plaintiff over a year and a half ago and, therefore, they do not reflect any changed circumstances.  At that time, plaintiff was satisfied that he could postpone the preliminary injunction hearing until after class certification notwithstanding similar emails containing similar complaints.   Plaintiff has offered no evidence in his recent submission that would justify this Court changing course and ordering a classwide preliminary injunction hearing.

## Conclusion

For all of the foregoing reasons, Ocwen respectfully prays that the Court deny plaintiff's request for an "immediate hearing" on his motion for preliminary injunction. Further, because plaintiff's lack of standing to pursue the injunction is evident, Ocwen prays that the motion be denied with prejudice as to Mr. Hanson, and without prejudice as to renewal on behalf of the putative class if, and when, a class is certified.

DEFENDANTS - OCWEN FEDERAL BANK FSB,
OCWEN FINANCIAL CORPORATION, AND
WILLIAM C. ERBEY


By
Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

John K. Van De Weert - ct25413
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
jvandeweert@sidley.com

Their Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen's Response to Plaintiff's

Statement in Support of Immediate Hearing on Preliminary Injunction was sent by U.S.

mail, first class postage prepaid, on this 6th day of February, 2004 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

David Bizar, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Theodore R. Scarborough
Sidley Austin Brown & Wood LLP
Bank One Plaza
Chicago, IL 60603

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT  16103-3007

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

John K. Van de Weert, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005

Francis J. Brady