UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 23  P 2: 07

DISTRICT COURT
HARTFORD, CT.

---------------------------------------------------------
KWEKU HANSON,                           :      No. 3:02-CV-960 (CFD)
individually and on behalf of           :
all others similarly situated           :
                                        :
           Plaintiff,                   :
                                        :
     v.                                 :
                                        :
OCWEN FEDERAL BANK, et al.              :
                                        :
           Defendants.                  :      February 19, 2004
---------------------------------------------------------

**LITTON LOAN SERVICING, LP'S NOTICE OF MOTION TO STRIKE THE
PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Litton Loan Servicing, LP ("Litton"), pursuant to Rules 37 of the

Federal Rules of Civil Procedure and the Local Federal Rules of Civil Procedure, hereby

moves for an order striking the Plaintiff's Complaint with prejudice as against Litton and

granting Litton such other and further relief as the Court may deem appropriate.  A

Memorandum in Support of this Motion is filed herewith.

Defendant Litton Loan Servicing, LP

By:
         Luigi Spadafora, Esq. (ct18590)
         WINGET, SPADAFORA &
         SCHWARTZBERG, LLP
         183 N. Broad Street
         Milford, Connecticut 06460
         (203) 874-6708

**ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated | : : : | No. 3:02-CV-960 (CFD) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
| Defendants. | : | February 19, 2004 |

---

### LITTON LOAN SERVICING, LP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT WITH PREJUDICE

Defendant Litton Loan Servicing, LP ("Litton"), pursuant to Rules 37 of the Federal Rules of Civil Procedure and the Local Federal Rules of Civil Procedure, hereby moves for an order striking the Plaintiff's Complaint with prejudice as against Litton. Over the course of almost one (1) year, the Plaintiff has failed to respond to Litton's Interrogatories, Documents Requests, and Deposition Notice, and has disregarded numerous Court Orders. Due to the Plaintiff's repeated and willful contumacy, we respectfully request that the Court strike the Plaintiff's Complaint as against Litton.

### I.    PRELIMINARY STATEMENT

From the time the Plaintiff filed his Complaint on or about June 5, 2002, he has failed to substantiate any of his claims as against Litton. He has consistently ignored both the Court and Litton's countless requests to comply with discovery. The Plaintiff initially refused to clarify any of the allegations in his Complaint as against Litton. Furthermore, despite two amendments to the Court's initial Scheduling Order granting

the Plaintiff extensions of time, he has yet to respond to Litton's Interrogatories and Document Requests, Deposition Notice.  Each of Litton's numerous attempts to elicit compliance from the Plaintiff was ignored.  At this time, if the Plaintiff were granted yet another opportunity to comply with the Court's orders, Litton would be substantially prejudiced in that it must file an Opposition to the Plaintiff's Motion to Class Certification or dispositive Motion, by April 20, 2004, without any documents or responses to support it arguments.

## II.    **PROCEDURAL HISTORY**

The Plaintiff filed his Complaint on or about June 5, 2002.  The Plaintiff subsequently filed an Amended Complaint on or about July 16, 2002.  The Plaintiff's allegations as against Litton are insubstantial and incoherent.  Accordingly, on September 13, 2002 Litton filed a Motion to Dismiss the Complaint.

On or about February 27, 2003 the Court issued its initial Scheduling Order outlining the deadlines for discovery.  The initial Scheduling Order called for discovery to be conducted in two phases.  Of importance is that the first phase of discovery was expected to proceed with respect to: a) the merits of the Plaintiff's Claims; and b) whether the requirements of class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied in this action.

On or about April 10, 2003, Litton participated in oral arguments regarding its Motion to Dismiss. During oral argument, the Court instructed the Plaintiff's counsel to specify those counts of the Complaint that were purportedly directed towards Litton. The Plaintiff chose to disregard the Court's instructions, which was only the first of many instances.

On or about April 14, 2003 the Plaintiff filed a Motion for Enlargement of Time and Motion to Modify the Scheduling Order. The Court granted the Plaintiff's Motion, and on April 29, 2003 issued an Amended Scheduling Order (the "Amended Scheduling Order") extending all deadlines by one month. A copy of the Amended Scheduling Order is annexed hereto as Exhibit "A." The Order directed non-expert witness discovery to be completed by July 1, 2003. The Plaintiff's expert witness designations were to be exchanged by August 1, 2003, and depositions of the Plaintiff's experts were to be completed by September 1, 2003. Further Dispositive Motions regarding the Plaintiff's individual claims were to be filed by October 1, 2003, as were the Defendants' oppositions to the Plaintiff's Motion for Class Certification.

In the meantime, on March 27, 2003 Litton served the Plaintiff with Interrogatories and Document Requests. Copies of its Document Requests and Interrogatories are annexed hereto as Exhibit "B" and "C," respectively. The Plaintiff was also served with a Deposition Notice requiring him to appear before Litton on April 15, 2003. A Copy of the Deposition Notice is annexed hereto as Exhibit "D."

The Plaintiff was unable to attend the deposition as scheduled. On April 23, 2003, Litton sent a letter to Plaintiff's counsel requesting that he advise of a convenient date for Litton to proceed with its deposition of the Plaintiff. The letter further suggested that May 1, 2003 would be a convenient time to reschedule the deposition given the fact that the Plaintiff's written discovery responses were due on April 30, 2003. A copy of the April 23, 2003 letter is annexed hereto as Exhibit "E."

In a subsequent letter to Plaintiff's Counsel dated May 6, 2003, Litton addressed the fact that the Plaintiff had still not responded to Litton's Document Requests or Interrogatories. Litton requested that the Plaintiff respond to its Document Requests and Interrogatories in order to avoid motion practice. A copy of Litton's May 6th Letter is annexed hereto as Exhibit "F."

Litton's requests were ignored. As such, on June 26, 2003 Litton filed a Motion to Compel responses to its First Request for Documents and First Set of Interrogatories. A copy of Litton's Motion to Compel is annexed hereto as Exhibit "G."

Still awaiting a response from the Plaintiff, on September 30, 2003 Litton filed a Motion to Modify the Amended Scheduling Order and Strike the Plaintiff's Complaint. As noted above, further Dispositive Motions regarding the Plaintiff's individual claims and the Defendants' Oppositions to the Plaintiff's Motion for Class Certification were to be filed by October 1, 2003. Given that the Plaintiff still had not complied with any

deadline set forth in the Amended Scheduling Order and had not produced any discovery to Litton, Litton moved this Court to modify the then current Scheduling Order.

On or about December 3, 2003, the Court granted Litton's Motion for an Amended Scheduling Order.   The Second Amended Scheduling Order extended discovery, yet again, to March 30, 2004.   The Court directed the Plaintiff to respond to Litton's discovery requests and produce all documents requested by Litton on or before December 31, 2003 without objection.   Furthermore, Litton's deposition of the Plaintiff was to be held on or before February 15, 2004.   Under the Second Amended Scheduling Order, further Dispositive Motions and Opposition Briefs to Class Certification are set be filed on April 30, 2004.   A copy of the Court's Second Amended Scheduling Order is annexed hereto as Exhibit "H."

### III.    PLAINTIFF HAS DISREGARDED THE COURT'S ORDERS AND LITTON'S ATTEMPTS TO OBTAIN DISCOVERY AND, AS SUCH, THE PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN AS AGAINST LITTON WITH PREJUDICE

December 31, 2003 and now February 15, 2004 have come and gone with no response from the Plaintiff.   On December 31, 2003, late in the afternoon, the Plaintiff sent an email stating that he had 2,260 pages of documents available for review and inspection at a mutually convenient time.   On January 5, 2004, the undersigned, on behalf of Litton, responded to Plaintiff's counsel in a good faith attempt to obtain discovery responses to Litton's Interrogatories and Document Requests.   Plaintiff's counsel responded on January 9, 2004 with a rather incomprehensible email, suggesting that the only way the documents could be reviewed would be in the Plaintiff's office, subject to

"ad hoc heightened security measures" including "non-stop video surveillance [and recording], continuous physical monitoring bys someone from Hanson's office, and other non-intrusive activity." The undersigned, on behalf of Litton responded on January 15, 2004 requesting that the Plaintiff send to us any copied documents responsive to Litton's requests, at Litton's expense. Litton has yet to receive any such documents. A copy of the Plaintiff and Litton's aforesaid email correspondence is annexed hereto as Exhibit "I."

It is without question that the Plaintiff's refusal to respond to Litton's Discovery Demands, especially after being granted numerous extensions and opportunities to respond, amount to nothing more than a willful stalling tactic to either attempt to gather information to substantiate their baseless allegations, or stalling because there is simply no evidence supporting any claim against Litton. As noted above, any further delay at this juncture would severely prejudice Litton and reward the Plaintiff's contumacious disregard of the Court's Orders, Litton's Discovery Demands and the undersigned's good faith efforts.

It is well settled that this Court has the authority and discretion to impose sanctions pursuant to FRCP Rule 37. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d. Cir. 1994). This court may dismiss this case with prejudice under 37(b) after it finds "willfulness, bad faith, or fault on the part of the party refusing discovery." See Simmons v. Abruzzo, 49 F.3d 83, 88 (2d. Cir. 1995). For example, in Sanders v. State of Connecticut Department of Environmental Protection, 2000 WL 502686 (D.Conn. 2000),

the Court granted the defendant's motion to dismiss the action as a sanction due to the plaintiff's failure to cooperate with the discovery process and comply with discovery obligations.  See also J-Square Marketing, Inc. v. Sipex Corporation, 1999 WL 608817 (D.Conn. 1999) (the Court dismissed the plaintiff's claim under Rule 37 (b) for various substantive discovery abuses).

Despite numerous opportunities, the Plaintiff has repeatedly and willfully refused to comply with the Court's numerous Scheduling Orders and respond to any of Litton's Document Requests or Interrogatories.  Furthermore, his failure to produce himself for deposition, despite Litton's attempts to secure compliance, can lead to only one conclusion -- that the Plaintiff is willfully attempting to frustrate the discovery process.

## CONCLUSION

For the foregoing reasons, Litton respectfully requests that the Court strike the Plaintiff's Complaint as against Litton with prejudice and grant Litton such other and further relief as the Court may deem appropriate.

Dated: February 19, 2004

Defendant Litton Loan Servicing, LP

By: 

Luigi Spadafora, Esq. (ct18590)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

8

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing were sent via regular mail on this date to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady Esq.
Matthew J. Budzik, Esq.
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 1877
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
487 Main Street, Suite 2
Hartford, CT 06103

Dated:  February 19, 2004

Luigi Spadafora (ct18590)