**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---
KWEKU HANSON,                          :    No. 3:02-CV-960 (CFD)
individually and on behalf of          :
all others similarly situated          :
                                       :
    Plaintiff,                         :
                                       :
v.                                     :
                                       :
OCWEN FEDERAL BANK, et al.             :
                                       :
    Defendants.                        :    MARCH 27, 2003
---

## DEFENDANT LITTON LOAN SERVICING, LP'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant Litton Loan Servicing, LP ("Litton"), by its undersigned attorneys, directs the Plaintiff, Kweku Hanson, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to produce and make available for inspection and copying on or before April 27, 2003 at 11:00 a.m. at the offices of Winget, Spadafora & Schwartzberg, LLP, located at 45 Broadway, 19th Floor, New York, New York, or at some other mutually agreeable location, the documents set for the below:

## DEFINITIONS

As used herein, the following terms shall have the following meanings which are intended to bring within the scope of each request all documents in your possession, custody or control that relate in any way to the allegations made in your First Amended Complaint.

A. Unless specifically noted otherwise, the terms "you," "your" and "Plaintiff" refers to Kweku Hanson and any person or entity acting on your behalf except for your attorneys of record in this action or while acting as your attorneys in this action.

B. The terms "document" and "documents" are equal to the scope and usage of this term in Federal Rule of Civil Procedure 34(a), and include information stored in any electronic format, any written, typed, printed, recorded or graphic matter of any kind, including, but not limited to, letters or other correspondence, messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, notations, telephone toll records, invoices, books, pamphlets, brochures, prospectuses, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, photographs, contracts, agreements, advertisements, films, tapes, tape records, indices, microfilm, other data compilations, including computer data, or the memory units containing such data which information can be obtained or translated into usable form, drafts of any of the foregoing and all similar documents.

C. The singular shall be deemed to include the plural, and vice versa, as necessary to bring within the scope of these requests all documents that might otherwise be construed to be outside of the scope of these requests.

D. The phrase "including, but not limited to" means to include by way of example only, and shall not be deemed in any way to qualify, limit or restrict the scope of the request.

E. The term "communications" means communications of any kind whatsoever, including, but not limited to, discussions, meetings or negotiations, statements, representations transmissions or conversations, face-to-face or otherwise.

F. "Person" includes the plural as well as the singular and means any natural person and any firm, company, corporation, association or partnership or other form of legal, business or governmental entity of any kind whatsoever, unless the context requires otherwise.

G. The words "and" and "or" mean "and/or" and shall be construed conjunctively as necessary to bring within the scope of these requests all information which might otherwise be construed to be outside of the scope of these requests.

## CONTINUING REQUESTS

H. These requests are continuing in character so as to require you to produce additional documents if you locate or obtain possession, custody or control of the same. Litton reserves the right to serve additional Document Requests.

3

## TIME PERIOD

I. Unless otherwise specified herein, the periods of time covered by these requests are all time periods implicated by your First Amended Complaint to the date of these requests (the "relevant" period).

J. If any Document Request is deemed to call for the production of attorney-client privileged or attorney work product materials, and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

    1. the reason for withholding the document;
    2. a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;
    3. a brief description of the document, including:
        a) the number of pages, attachments and appendices;
        b) the name(s) of its author, authors, or preparers and an identification by employment and title of each such person;
        c) the name of each person who was sent, shown, or bound or carbon copied the document or who has or has had access to or custody of the document, together with an identification of each such person;
        d) the present custodian; and
        e) the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

K. If any request is deemed to call for disclosure of proprietary data, Litton is prepared to receive such data pursuant to an appropriate protective order with request for confidentiality.

L. If any document responsive to any request herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document as completely as possible, providing as much of the following information as possible:

    1. the type of document;
    2. its date;

3. the date or approximate date it was lost, discarded or destroyed;
4. the circumstances and manner in which it was lost, discarded or destroyed;
5. the reason or reasons for disposing of the document (if discarded or destroyed);
6. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
7. the identity of the person(s) who lost, discarded or destroyed the documents; and
8. the identity of all persons having knowledge of the contents thereof.

## INSTRUCTIONS

M. It is requested that all documents be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise in the same form and manner as they were found. If you produce the documents requested corresponding with the categories in the requests, it is requested that you identify the file folders, drawers or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained.

N. Your responses to these requests should set forth the request in full before each response. Separate responses should be provided with respect to each request. If, after a good faith search, you conclude that there have never been documents responsive to a particular request, it is requested that you so state and set forth the efforts undertaken by you to locate responsive documents.

O. Each request included herein encompasses every document in your possession, custody or control, including each document known to you that can be located, discovered or obtained by reasonably diligent efforts, that relates to the allegations made in your First Amended Complaint.

P.  If you contend that it would be unreasonably burdensome to obtain and produce any of the documents called for in response to any one of these requests, then, in response to the appropriate request:

1. Produce all documents as are available to you without undertaking what you contend to be an unreasonable burden;
2. Describe with particularity the efforts made by you or on your behalf to secure such documents, including, without limitation, identification of persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such information, with specification of the amount of time spent and nature of work done by each such person; and
3. State with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome.

## DOCUMENT REQUESTS

1. All documents referring or relating in any way to your mortgage or mortgage loan referenced in the First Amended Complaint, including, but not limited to, the front and back of all billing statements, agreements, mortgages, notes, allonges, notices, or correspondence.

2. All documents referring or relating to the purchase of the real property that was used as collateral for the mortgage at issue, including but not limited to the contract of sale, mortgage application, your credit report and appraisal of such real property, documents provided to you at the closing of such mortgage and documents signed by you or on your behalf at the closing of the mortgage.

3. All documents referring or relating to any refinancing by you or on your behalf of the mortgage at issue and/or all further mortgages made by you or loans obtained by you invoking the real property used to secure the mortgage referenced in your First Amended Complaint.

4. All documents referring to, reflecting, or relating to any and/or all communications that you have had with any current or former customer of Litton.

5. All documents filed by you with the Court in this action that have not been served on Litton.

6. All documents, including but not limited to telephone records, constituting reflecting or relating to any and/or all communications between you and Litton concerning your mortgage and/or the incidents and/or practices alleged in your First Amended Complaint.

7. All documents in your possession, custody or control relating in any way to any communications with Litton relating in any way to the incidents and/or practices alleged in your First Amended Complaint.

8. All journals, diaries, logs, notebooks, or other documents in your possession, custody or control relating to or reflecting any communication between you and any person or entity other than Litton and your attorneys in this action relating to or reflecting the incidents or practices alleged in your First Amended Complaint.

9. All documents relating in any way to any damages that you or any putative class member (with respect to each putative class defined in the First Amended Complaint) allegedly suffered or that you seek to recover (in an individual or representative capacity) as against Litton as a result of the conduct complained of in the First Amended Complaint.

10. All documents in your possession, custody or control upon which you base your assertion in Paragraph 61 of your First Amended Complaint that the putative class is so numerous that joinder of all members is impracticable.

11. All documents in your possession, custody or control upon which you base your assertion in Paragraph 56 of your First Amended Complaint that there are questions of law and fact common to the members of the putative class.

12. All documents in your possession, custody or control upon which you base your assertion in Paragraph 54 of your First Amended Complaint that the putative class is sufficiently cohesive to warrant adjudication by representation.

13. All documents in your possession, custody or control upon which you base your assertion in Paragraph 64 of your First Amended Complaint that your claims or defenses are typical of the claims or defenses of all members of the putative class.

14. All documents in your possession, custody or control upon which you base your assertion in your First Amended Complaint that the potential claims of the putative class stem from a single event or are based on the same legal or remedial theories.

15. All documents in your possession, custody or control upon which you base your assertion in Paragraph 56 of your First Amended Complaint that a class action would be better than, and not just equal to, other methods of adjudication.

16. All documents prepared by, provided to, communicated to, shown to, or relied upon by any expert who may or will provide expert testimony on your behalf or on behalf of the putative class at any stage in this action.

17. All documents relating in any way to communications between you and any state, federal, or local governmental entity relating to (i) your mortgage or mortgage loan

referenced in your First Amended Complaint or any subsequent amendment thereto, (ii) Litton, and/or (iii) any other defendant in this action.

18. Copies of all checks (or check images), front and back, including cancelled checks, or other instruments by which payments were made on your mortgage loan, and any statements of account, reconciliations, notices or other such documents provided to you by Litton and/or any other defendant in this action and your responses, if any, to each of the foregoing.

19. All documents constituting, relating or referring to any communications you have had with any person or entity other than your attorneys in this action relating to your mortgage loan referenced in your First Amended Complaint.

20. All documents relating to any litigation (including bankruptcy) in which you have been involved as a party.

21. All documents relating to any criminal proceedings involving you.

22. All documents relating to any disciplinary or ethical proceedings involving you.

23. All documents relating to any sanction that a court has imposed on you as a party or lawyer.

24. All documents evidencing your ability to pay the costs of any prosecution of this action as a purported class action as alleged in Paragraph 70 of your First Amended Complaint.

9

25. All documents relating to lawsuits filed in state or federal court in which the law firm of Ngobeni & Associates or any attorneys employed by or affiliated therewith have sought to represent and have represented a putative class.

26. All documents relating to any proceedings, in a court of law or otherwise, in which attorneys from Ngobeni & Associates have been sanctioned or criticized in any way for their professional conduct or performance.

27. All documents relating to your claim for punitive damages.

28. All documents, including but not limited to phone records, reflecting or relating to any telephone call to or from Litton.

29. All of your bank statements for the period from March 2002 through June 2002.

30. All of your telephone bills or other telephone records since March 2002.

31. All records and correspondence, including all bills, between you and any internet service providers for the period since the filing of this lawsuit.

32. Copies of all of your credit reports since March 2002.

33. All documents relating to any property insurance insuring the real property that is the subject of the mortgage and note at issue in this litigation, since March 2002.

34. All documents in your possession, custody or control upon which you base your assertion in Paragraph 75 of your First Amended Complaint that Ocwen made an illegal transfer of mortgage loans to Litton for servicing.

35. All documents in your possession, custody or control upon which you base your assertion in Paragraph 363 of your First Amended Complaint that at the time the servicing rights to your account were transferred from Ocwen to Litton, neither Ocwen nor Litton disclosed what the unpaid balance of your loan was.

36. All documents in your possession, custody or control upon which you base your assertion in Paragraph 362 of your First Amended Complaint that Ocwen warned you that your account was past due for thousands of dollars and that you were in default, and that Litton then calculated your current payment due as $597.45.

37. All documents in your possession, custody or control relating to your allegation in Paragraph 365 of your First Amended Complaint that Litton sent you two letters warning you that your mortgage loan was past due in the amount of $627.

38. All documents in your possession, custody or control relating to your allegation in Paragraph 366 of the First Amended Complaint that Litton's customer representative

Luis Quintero telephoned you and warned you that your mortgage loan was past due for May 1, 2002.

39. All documents in your possession, custody or control relating to your allegation in Paragraph 368 of your First Amended Complaint that on June 10, 2002 you called Litton in response to a certified letter and calls you received threatening you with imminent foreclosure, and spoke with Joe Diaz who reaffirmed your debt, "lambasted" you "as a deadbeat" and told you that your home would be immediately foreclosed upon by a local lawyer.

40. All documents in your possession, custody or control upon which you base your assertion that Litton negligently and intentional inflicted emotional distress upon you as alleged in Paragraphs 372 and 635 of the First Amended Complaint.

41. In connection with your claim for alleged emotional distress, all of your medical records, including but not limited to psychological or psychiatric records, since January 1997. Alternatively, you may identify all physicians, hospitals, psychiatrists, psychologists and counselors by whom you have been treated or with whom you have consulted since January 1997, and produce to counsel for Litton duly executed authorizations for the release of the records of the foregoing persons or entities.

42. All documents in your possession, custody or control relating to your allegation in Paragraph 436 of your First Amended Complaint that Litton engaged in a civil conspiracy with Ocwen Financial and Ocwen.

43. All documents in your possession, custody or control relating to your allegation in Paragraph 434 of your First Amended Complaint that Litton "agreed to purchase mortgage loans from Ocwen Financial and Ocwen that it knew or should have known had been improperly and unfairly serviced, and/or designated delinquent by Ocwen."

44. All documents in your possession, custody or control relating to your allegation in Paragraph 436 of your First Amended Complaint that Litton "further facilitated Ocwen's conspiracy by buying out Ocwen loans at deep discount after inflated interest and spurious service charges and late billing, forbearance and reversal assessments had been added by Ocwen."

45. All documents in your possession, custody or control relating to your allegation in Paragraph 441 of your First Amended Complaint that Ocwen Financial, Ocwen, Moss Codilis, and Litton "reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired to violate statutory and common law rights of Plaintiff and the class he represents."

46. All documents in your possession, custody or control relating to your allegation in Paragraph 442 of your First Amended Complaint that Ocwen Financial, Ocwen, Moss

Codilis and Litton "did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, and objective and knowledge that it would inure financial gain to them and induce Plaintiff and the class to expend monies on Ocwen mortgages."

47. If you contend that Litton violated 18 U.S.C. §§ 1341, 1962, 1964 et. seq. please produce all documents in your possession, custody or control upon which you base your contention.

48. All documents in your possession, custody or control upon which you base your assertion in Paragraph 531 that Litton "knowingly acquired loan-servicing accounts from Ocwen on which Moss Codilis has obtained payments through wrongful acts, as co-conspirators, as principals in an agency relationship with Ocwen, and as debt collectors on mortgages sold by Ocwen."

49. All documents in your possession, custody or control upon which you base your assertion in Paragraph 637 of the First Amended Complaint that Litton is liable to you and/or the putative class for unjust enrichment.

50. All documents relating in your possession, custody or control upon which you base your assertion in Paragraph 668 of your First Amended Complaint that Litton's actions amount to a breach of the implied duty of good faith and fair dealing.

51. All documents in your possession, custody or control upon which you base your assertion in your First Amended Complaint that Litton tortiously interfered with your contractual relations with Ocwen, and that Litton has thereby injured you.

52. All documents required to be produced pursuant to Fed. R. Civ. P. 26(a)(2).

53. All documents in your possession, custody or control relating to your creation of www.ripoffreport.com or www.badbusinessbureau.com or the websites referenced by those addresses, the information available thereon and any postings made by you thereon.

54. All documents produced by you to any other party to this action.

55. The current curriculum vitae or resumes of all experts retained by you or with whom you have consulted in connection with this action.

56. All documents in your possession custody or control relating or referring to Litton's servicing of your mortgage loan.

57. All documents in your possession custody or control relating or referring to the mortgage loans of the putative class members.

58. All documents identified in your responses to any and all interrogatories served on you by any parties to this action.

59. All documents in your possession, custody or control that you obtained from any prior or current employee of Litton and/or any other defendant in this action.

60. All documents referred to in your First Amended Complaint.

61. All documents constituting, reflecting and/or referring to each and every communication referred to in your First Amended Complaint.

62. All documents in your possession, custody, or control upon which you base each of the theories of liability you have asserted against Litton.

63. All documents that you have filed with the Court in this action, under seal, and have not served upon Litton.

64. All responses to any interrogatories propounded by any defendant in this action, other than Litton.

Dated: March 27, 2003

                                  Defendant Litton Loan Servicing, LP

By: _____
Luigi Spadafora, Esq. (ct18590)
Peter R. Stark, Esq. (ct02620)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via overnight mail on this date to:

Richard G. Carlston
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
Walnut Creek, CA 94596

Francis J. Brady
Matthew J. Budzik
Murtha Cullina, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

Paul Ngobeni
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Theodore R. Scarborough
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Steven M. Greenspan
David M. Bizar
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Kweku J. Hanson (pro se)
487 Main Street, Suite 2.
Hartford, CT 06103

Dated: March 27, 2003

Luigi Spadafora (ct18590)