Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KWEKU HANSON,
individually and on behalf of
all others similarly situated

    Plaintiff,

v.

OCWEN FEDERAL BANK, et al.

    Defendants.

---

No. 3:02-CV-960 (CFD)

MARCH 27, 2003

## DEFENDANT LITTON LOAN SERVICING, LP'S FIRST SET OF INTERROGATORIES

Defendant Litton Loan Servicing, LP ("Litton"), by its undersigned attorneys, directs the Plaintiff, Kweku Hanson pursuant to Rule 33 of the Federal Rules of Civil Procedure, to provide responses to the following Interrogatories within the time and in the form and substance provided by the Federal Rules of Civil Procedure.

### DEFINITIONS

A.    "Identify" when used to refer to a natural person shall mean to indicate: (i) the person's full name; (ii) the person's present or last known address; and (iii) the person's present or last known place of employment.

B.    "Identify" when used to refer to a document shall mean to indicate: (i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) the author(s), addressee(s) and recipient(s).

1

C.  "Identify" when used to refer to a communication not reduced to writing shall mean to indicate: (i) the date, time and place of the communication; (ii) whether the communication was in connection with a meeting, telephone conversation or otherwise; (iii) the identifies of all witnesses to the communication; and (iv) the sum and substance of the communication.

D.  Unless specifically noted otherwise, the terms "you," "your" and "Plaintiff" refers to Plaintiff Kweku Hanson or any persons acting on your behalf other than your attorney in this action.

E.  The terms "document" and "documents" are equal to the scope and usage of this term in Federal Rule of Civil Procedure 34(a), including information stored in an electronic format. This means any written, typed, printed, recorded or graphic matter of any kind, including but not limited to, letters or other correspondence, messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, notations, telephone toll records, invoices, books, pamphlets, brochures, prospectuses, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, photographs, contracts, agreements, advertisements, films, tapes, tape records, indices, microfilm, other data compilations, including computer data, or the memory units containing such

data form which information can be obtained or translated into usable form, drafts of any of the foregoing and all similar documents.

F.  The singular shall be deemed to include the plural, and vice versa, as necessary to bring within the scope of these requests all information that might otherwise be construed to be outside of the scope of these requests.

G.  The phrase "including, but not limited to" means to include by way of example only, and shall not be deemed in any way to qualify, limit or restrict the scope of the request.

H.  The term "communications" means communications of any kind whatsoever, including, but not limited to, discussions, meetings or negotiations, statements, representations transmissions or conversations, face-to-face or otherwise.

I.  "Person" includes the plural as well as the singular and means any natural person and any firm, company, corporation, association or partnership or other form of legal, business or governmental entity of any kind whatsoever, unless the context requires otherwise.

J.  The words "and" and "or" mean "and/or" and shall be construed conjunctively as necessary to bring within the scope of these requests all information which might otherwise be construed to be outside of the scope of these requests.

3

## CONTINUING REQUESTS

K.  These Interrogatories are continuing in character so as to require you to produce additional information and/or documents if you locate or obtain possession, custody or control of such additional responsive information and/or documents at any time prior to trial herein. Litton reserves the right to serve additional Interrogatories.

## TIME PERIOD

L.  Unless otherwise specified herein, the periods of time covered by these Interrogatories are all time periods implicated by the First Amended Verified Complaint to the date of these Interrogatories (the "relevant" period).

M.  If any Interrogatory is deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

1. the reason for withholding the document;
2. a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;
3. a brief description of the document, including:
   a) the number of pages, attachments and appendices;
   b) the name(s) of its author, authors, or preparers and an identification by employment and title of each such person;
   c) the name of each person who was sent, shown, or bound or carbon copied the document or who has or has had access to or custody of the document, together with an identification of each such person;
   d) the present custodian; and
   e) the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

N.  If any Interrogatory is deemed to call for disclosure of proprietary data, Litton is prepared to receive such data pursuant to an appropriate protective order with request for confidentiality.

O.  If any documents responsive to any Interrogatory herein was at one time in existence, but has been lost, discarded or destroyed, identify each such document as completely as possible, providing as much of the following information as possible:

   1. the type of document;
   2. its date;
   3. the date or approximate date it was lost, discarded or destroyed;
   4. the circumstances and manner in which it was lost, discarded or destroyed;
   5. the reason or reasons for disposing of the document (if discarded or destroyed);
   6. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;
   7. the identity of the person(s) who lost, discarded or destroyed the documents; and
   8. the identity of all persons having knowledge of the contents thereof.

## INSTRUCTIONS

P.  Your responses to these Interrogatories should set forth the Interrogatory in full before each response. Separate responses should be provided with respect to each Interrogatory. If, after a good faith search, you conclude that there has never been information and/or documents responsive to a particular Interrogatory, it is requested that you so state.

Q.  Each Interrogatory included herein encompasses all information and/or every document in your possession, custody or control, including each document known to you that can be located, discovered or obtained by reasonably diligent efforts.

R.  If you contend that it would be unreasonably burdensome to obtain and provide any of the information and/or documents called for in response to any one of these Interrogatories, then in response to the appropriate Interrogatory:

1. Produce all documents and set forth all such information as is available to you without undertaking what you contend to be an unreasonable burden;
2. Describe with particularity the efforts made by you or on your behalf to secure such documents or information, including, without limitation, identification of persons consulted, description of files, records, and documents reviewed, and identification of each person who participated in the gathering of such information, with specification of the amount of time spent and nature of work done by each such person; and
3. State with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome.

## INTERROGATORIES

1. Identify with specificity each fact and document upon which you base each of your allegations against Litton as set forth in your First Amended Complaint.

2.  Identify with specificity all current or former Litton employees with whom you have communicated regarding Litton and/or this lawsuit, identify each such communication with specificity and each document reflecting such communications.

3.  Identify with specificity all persons and/or entities, other than your attorney in this action, with whom you have communicated regarding Litton and/or this lawsuit, identify each such communication with specificity and each document reflecting such communications.

4. Identify with specificity all witnesses to the occurrences alleged in your First Amended Complaint of which you are aware and state with specificity the occurrences witnessed by each such person.

5. State with specificity each fact and identify each document upon which you base your allegation in Paragraph 434 of your First Amended Verified Complaint that Litton "agreed to purchase mortgage loans from Ocwen Financial and Ocwen that it knew or should have known had been improperly and unfairly serviced, and/or designated delinquent by Ocwen."

8

6.  State with specificity each fact and identify each document upon which you base your allegation in Paragraph 435 of the First Amended Complaint that Litton "further facilitated Ocwen's conspiracy by buying at Ocwen loans at deep discount after inflated interest and spurious service charges and late billing, forbearance and reversal assessments had been added by Ocwen."

7.  State with specificity each fact and identify each document upon which you base your allegations in Paragraph 441 of your First Amended Complaint that Ocwen Financial, Ocwen, Moss Codilis, and Litton "reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired to violate statutory and common law rights of Plaintiff and the class he represents."

9

8.  State with specificity each fact and identify each document upon which you base your allegations in Paragraph 442 of your First Amended Complaint that Ocwen Financial, Ocwen, Moss Codilis and Litton "did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, and objective and knowledge that it would inure financial gain to them and induce Plaintiff and the class to expend monies on Ocwen mortgages."

9.  If you contend that Litton violated 18 U.S.C. §§ 1341, 1962 and 1964 et. seq. state with specificity each fact and document upon which you base your allegations.

10.  State with specificity each fact and identify each document upon which you base your allegations in Paragraph 531 of your First Amended Complaint that Litton "knowingly acquired loan-servicing accounts from Ocwen on which Moss Codilis has obtained payments through wrongful acts, as co-conspirators, as principals in an agency relationship with Ocwen, and as debt collectors on mortgages sold by Ocwen."

11.  State with specificity each fact and identify each document upon which you base your allegations in your First Amended Complaint that Litton is liable to you for damages.

12. State with specificity each fact and identify each document upon which you base your allegation in Paragraph 668 of your First Amended Complaint that Litton's actions breached the implied duty of good faith and fair dealing.

13. State with specificity each fact and identify each document upon which you base your allegation in Paragraph 667 of your First Amended Complaint that Litton tortiously interfered with your contractual relations with contractual relations.

14. If you contend that Litton intentionally and negligently inflicted emotional distress upon you, state with specificity each fact and identify each document upon which you base your allegations in Paragraphs 372 and 635 of your First Amended Complaint that Litton both negligently and/or intentionally inflicted emotional distress upon you.

15. State with specificity each fact and identify each document upon which you base your allegations in Paragraph 449 of your First Amended Complaint that Litton engaged in a civil conspiracy.

16. Identify with specificity each fact and document upon which you base each of the allegations in your First Amended Complaint as against all defendants other than Litton.

17. Identify with specificity all expert witnesses you have retained in connection with this action whether or not you intend to use them at trial. State with specificity the sum and substance of their opinions, anticipated testimony, the facts upon which these opinions are based, and identify each document you have reviewed in connection with forming their opinions.

Dated: March 27, 2003

                                      Defendant Litton Loan Servicing, LP

                                      By: _____
                                      Luigi Spadafora, Esq. (ct18590)
                                      Peter R. Stark, Esq. (ct02620)
                                      WINGET, SPADAFORA &
                                      SCHWARTZBERG, LLP
                                      183 N. Broad Street
                                      Milford, Connecticut 06460
                                      (203) 874-6708

## CERTIFICATION OF SERVICE

      THIS IS TO CERTIFY that a copy of the foregoing was sent via overnight mail on this date to:

Richard G. Carlston
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
Walnut Creek, CA 94596

Francis J. Brady
Matthew J. Budzik
Murtha Cullina, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3469

Paul Ngobeni
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Theodore R. Scarborough
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Steven M. Greenspan
David M. Bizar
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Kweku J. Hanson (pro se)
487 Main Street, Suite 2.
Hartford, CT 06103

Dated: March 27, 2003

Luigi Spadafora (ct18590)