**Exhibit H**

#208

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC -3 P 4: 15

US DISTRICT COURT
BRIDGEPORT CT

---

KWEKU HANSON,

Plaintiff,

-against-

OCWEN FEDERAL BANK et al.

Defendants.

:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
3:02-cv-960 (CFD)

---

## RULING ON PENDING DISCOVERY MOTIONS AND AMENDED SCHEDULING ORDER

This written ruling sets forth rulings that were issued from the bench at a November 24, 2003 hearing. The rulings are stated more fully in the transcript, which counsel should obtain. Some of the bench rulings were superceded by Judge Droney's November 25, 2003 ruling regarding sealed documents.

### Discovery Motions

Ocwen Federal Bank's ("Ocwen") motion to compel **(Dkt. # 144) is GRANTED** in the absence of opposition. Plaintiff shall respond to all other outstanding discovery requests that are the subject of this motion on or before December 31, 2003. This Court's rulings regarding the sealed documents are superceded by Judge Droney's order issued on November 25, 2003.

Ocwen's motion for protective order **(Dkt. #146) is GRANTED in part and DENIED in part as** follows: Ocwen need not respond to the 439 requests for admission but plaintiff will be permitted until December 5, 2003 to serve on Ocwen 70 requests for admissions. Ocwen will then be permitted forty-five (45) days to respond to the 70 requests for admission.

1

AO 72A
(Rev. 8/82)

Ocwen's motion to for order to show cause **(Dkt. # 192) is GRANTED in part and DENIED in part** as follows: Plaintiff is ordered to identify individuals who have provided plaintiff with internal Ocwen documents and to disclose internal Ocwen documents consistent with Judge Droney's November 25, 2003 ruling unsealing the documents and permitting Hanson an opportunity to a assert privilege to some of these documents. Ocwen's motion to hold plaintiff in contempt is DENIED.

The defendant Moss, Pite & Duncan ("Moss") motion to compel **(Dkt. # 147 -1) is GRANTED.** Plaintiff shall respond to outstanding discovery requests on or before December 31, 2003; Moss' motion to deem requests admitted **(Dkt. # 147 -2) is DENIED** and plaintiff will be permitted one last opportunity to properly respond to Moss' requests. Plaintiff is permitted until December 5, 2003 to serve responses to Moss' requests to admit. Moss' motion for Sanctions **(Dkt. # 147 -3) is DENIED.** Moss' motion to Depose Plaintiff **(Dkt. # 159) is GRANTED in part and DENIED in part** as follows: Moss will be permitted to depose Plaintiff but will not be permitted the additional fourteen (14) hours requested.

Defendant Litton Loan Service's, ("Litton") motion to compel **(Dkt. #165) is GRANTED** in the absence of opposition. Plaintiff shall respond to outstanding discovery requests on or before December 31, 2003; Litton's motion to amend the scheduling order (Dkt. # 186) was previously granted by Judge Droney, however, the undersigned also ruled at the hearing on other parts of this motion namely: that Litton's request to compel plaintiff to respond to Litton's discovery requests is GRANTED; Litton's request to preclude plaintiff from introducing evidence at trial is DENIED and Litton's request to strike plaintiff's complaint is DENIED.

AO 72A
(Rev. 8/82)

The plaintiff, Kweku Hanson's ("Hanson") motion for Sanctions **(Dkt. # 170) is GRANTED in part and DENIED in part** as follows: Ocwen is ordered to respond within forty-five days to plaintiff's requests for production 5,9-10,16,19,22-24 or 25; Ocwen is ordered to respond within forty-five (45) to plaintiff's interrogatories except for interrogatory Nos. 7-10, 16-18, and 20-22. For those discovery requests to which Ocwen asserts a privilege, Ocwen shall file a privilege log. Hanson's motion for Sanctions **(Dkt.# 174) is DENIED**; Hanson's motions to Strike **(Dkt. # 171 and Dkt. # 172) are DENIED**.

### Schedule

Ocwen's motion to amend the scheduling order and for a conference **(Dkt. # 182) is GRANTED.** The new schedule is as follows:

Plaintiff is to respond to discovery requests on or before **December 31, 2003.**

The deposition of plaintiff shall be scheduled for a date in **mid-February**. The defendants will be permitted one additional day for the deposition. If the deposition is not completed and the parties cannot agree to an extension, the parties are to contact the chambers of the undersigned.

Plaintiff shall be permitted to take one deposition of each of the defendant groups for a total of three (3) depositions by the end of **March 2004.**

Other case management dates have been set by Judge Droney in his November 25, 2003 ruling.(Doc. #201).

So ordered this the 3rd day of December, 2003, at Bridgeport, Connecticut.

William I. Garfinkel
U.S. Magistrate Judge

3

AO 72A
(Rev. 8/82)