**Exhibit I**

## Nyieri Nazarian

| | |
|---|---|
| **From:** | "Luigi Spadafora, Esq." <spadafora.l@wssllp.com> |
| **To:** | <NGOBENILAW@aol.com>; ""Matthew Budzik"" <mbudzik@murthalaw.com>; <dmbizar@dbh.com>; <BSS@MSandR.com>; <RGC@MSandR.com>; ""Francis Brady"" <fbrady@murthalaw.com>; <jvandeweert@sidley.com>; <tscarborough@sidley.com> |
| **Cc:** | <leagltek@mindspring.com> |
| **Sent:** | Monday, January 05, 2004 1:24 PM |
| **Subject:** | RE: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED |

Paul:

Despite the Court's recent discovery order, as of today (January 5, 2004) we
still do not have your client's responses to either our client's requests
for documents or interrogatories. Under these circumstances, we will accept
the documents you have and will gladly reimburse you for copying at .25
cents per page. Please let me know when such documents are ready for
delivery and I will send you a check in the appropriate amount along with my
firm's Fedex or Airborne account number for shipping. I would expect that
the same could be accomplished within the next 5 days since 2,260 pages
would only be about 8 or 9 inches high by my estimation.

Paul, please note that we will accept such documents without prejudice to
all other remedies available to Litton based on your client's failure to
respond at all to our client's aforesaid discovery demands. Simply stated,
without your client's responses to our written discovery demands, we are
unable to determine whether your client has fully complied without objection
as was required by the Court.

Sincerely,


Luigi Spadafora


-----Original Message-----
From: NGOBENILAW@aol.com [mailto:NGOBENILAW@aol.com]
Sent: Wednesday, December 31, 2003 1:33 PM
To: "Matthew Budzik"; drabizar@dbh.com; BSS@MSandR.com; RGC@MSandR.com;
"Francis Brady"; jvandeweert@sidley.com; tscarborough@sidley.com;
spadafora.l@wssllp.com
Cc: leagltek@mindspring.com
Subject: Re: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED


Dear All: I am writing to let you know that plaintiff has available about
2, 260 documents responsive to all defendats' discovery request for your
viewing, inspection and copying at a mutually convenient time. The
defendants will be required to pay for the said documents IN ADVANCE at the
rate of 0.25 cents a page if they desire to have copies made for their
benefit. Plaintiff awaits further directions from defendants as to how they

wish to proceed. However, plaiintiff does not wish to see a repeat of the
spectable from last time where it was understood that defendants agreed
that one group of attorneys would receive one copy of the stack of documents
for copying and distribution to all others. That did not work very well as
you know. Accordingly, plaintiff would like clarification as to how and when
and how defendants would like to coordinate production of the said
materials.      I would appreciate a response within 24 hours of this
e-mail.
Paul M. Ngobeni

2/2/2004

sensitive to his attorney-client confidentiality obligations, and given his repeated allegations of less than-savory electronic activities directed against him, he will in no form, shape or manner take chances! Attorney Spadafora agreed to have his agent pay for, and pick up, the 2,260-plus papers. Consequently, copies have been made ONLY FOR LITTON. These material will be ready for pick up begining 10:00 a.m. Monday morning if that is more convenient. If any other counsel alerts me by day's end today that they want copies made and will pay for them at the time of pick up, we will have such copies avaliable for pick up by 10:00 a.m. Monday; otherwise, we will endeavor to have the copies ready within one business day. As a courtesy to all defense counsel, we have decided to produce discoverable email records in the exact manner in which they were received. That is, not only are we furnishing defendants with emails that in print version would run approximately 3 pages per email and result in at least 12,000 additional hard copies, but we are NOT doing the emails as "cut-and-paste" digital records. Instead, we have invested heavily in a system which has allowed us to faithfully reproduce to you in the manner recieved, these 3,660 emails, to facilitate your viewing pleasure. And in the spirit of the season, it is entirely complimentary, due to the fact that electronic discovery is not cheap and we are not trying to make money off discovery. Hopefully, reciprocity will be the order of the day. We have at this time omitted copies of the envelopes in which the various affidavits and other items (if applicable) arrived. All original envelopes are available for inspection, and we will be happy to make copies for any party at its request. However, bear in mind that envelope copying is labor-intensive and cannot be automatic sorter-fed, so that there will be some time lapse between request for such records and fulfilment at $0.25 per page. Please note that our tedious, meticulous review of the thousands of email records is ongoing, and the tender of these 3660 emails is without prejudice to any supplemental generation of email records to you. Once again, in the true spirit of professionalism and cooperation, it would be useful to have immediate feedback from you regarding any discovery-related queries you may have.

Thank you all.
Paul M. Ngobeni

2/12/2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------

KWEKU HANSON,                          :        No. 3:02-CV-960 (CFD)
individually and on behalf of          :
all others similarly situated          :
                                       :
    Plaintiff,                         :
                                       :
    v.                                 :
                                       :
OCWEN FEDERAL BANK, et al.             :
                                       :
    Defendants.                        :        February ___, 2004

---------------------------------------------------------------

## PROPOSED ORDER STRIKING THE PLAINTIFF'S COMPLAINT AS AGAINST LITTON LOAN SERVICING, LP WITH PREJUDICE

Defendant Litton Loan Servicing, LP ("Litton"), by its attorneys Winget, Spadafora & Schwartzberg, LLP, pursuant to Rules 37 of the Federal Rules of Civil Procedure and the Local Federal Rules of Civil Procedure, motion for an order striking the Plaintiff's Complaint as against Litton with prejudice be and hereby is granted.

SO ORDERED, this ___ day of _____, 2004.

 

                                              _____
                                              **CHRISTOPHER F. DRONEY**
                                              **UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

---------------------------------------------------

KWEKU HANSON,                          :        No. 3:02-CV-960 (CFD) FEB 23 P 2: 07
individually and on behalf of          :
all others similarly situated          :
                                       :        DISTRICT COURT
      Plaintiff,                       :        ANTFORD, CT.
                                       :
      v.                               :
                                       :
OCWEN FEDERAL BANK, et al.             :
                                       :
      Defendants.                      :        February 19, 2004

---------------------------------------------------

## CERTIFICATION OF COUNSEL IN SUPPORT OF LITTON LOAN SERVICING, LP'S MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT

Luigi Spadafora, Esq., an attorney duly admitted to practice before this honorable Court, certifies as follows under penalty of perjury:

1.     I am counsel of record for defendant Litton Loan Servicing, LP ("Litton") in the above-captioned action.

2.     On March 27, 2003, the Plaintiff was served with Litton's First Set of Interrogatories and First Request for Documents.  Answers and responses to the foregoing Interrogatories and Document Requests were due on April 30, 2003, and Plaintiff's counsel did not request any extension.  On March 25, 2003, Litton served the Plaintiff with its Notice of Deposition.  True and correct copies of the aforementioned discovery demands are annexed as Exhibits "B" and "C" to Litton's Memorandum of Law submitted herewith.

3.     By letters of April 23, 2003 and on May 6, 2003, I made good faith attempts to secure from the Plaintiff's Counsel the Plaintiff's answers to Litton's aforementioned Interrogatories, responses to Litton's aforementioned Document Requests, the documents responsive to such Requests, and to schedule the Plaintiff's deposition. True and correct copies of my April 23 and May 6, 2003 letters are annexed to Litton's Memorandum of Law submitted herewith as Exhibits "E" and "F" respectively.

4.     Plaintiff's counsel simply ignored these request and, as such, on June 26, 2003, Litton filed a Motion to Compel responses to discovery demands, production of the requested documents and the Plaintiff's deposition.

5.     On September 30, 2003, still awaiting responses from the Plaintiff, Litton filed a Motion to Modify the Amended Scheduling Order and to Strike the Plaintiff's Complaint. A modification to the Amended Scheduling Order was necessary because the Plaintiff had not complied with the Court's Scheduling Order, and had not produced any discovery to Litton, and because Litton's opposition to the Plaintiff's motion for class certification was imminently due and no fully articulated opposition could be filed without discovery from the Plaintiff.

6.     On December 3, 2003, the Court granted Litton's Motion to Compel, and instructed the Plaintiff to answer Litton's discovery demands and produce documents to Litton by December 31, 2003 without objection. The Court further stated that the Plaintiff's deposition was to be completed by February 15, 2004. A true and correct copy

2

of the Court's Ruling on Pending Discovery Motions and Amended Scheduling Order is annexed to the Litton's Memorandum of Law submitted herewith as Exhibit "H."

7.    On December 31, 2003, Plaintiff's counsel sent email correspondence to the undersigned stating that he had certain documents ready and available for inspection and review. I responded, on behalf of Litton, in a good faith attempt to procure responses to Litton's Interrogatories and Document Requests. The Plaintiff's counsel responded to my email outlining ludicrous measures under which certain documents could be reviewed, but still did not agree to respond to Litton's Interrogatories or produce documents responsive to Litton's requests. A true and correct copy of Plaintiff's counsel and my aforesaid email correspondence is annexed to Litton's Memorandum of Law submitted herewith as Exhibit "I." As the Court will note, without waiver of its right to responses to its interrogatories, document requests, a complete document production and the Plaintiff's deposition, Litton agreed to pay for the photocopying and shipping of limited documents the Plaintiff's counsel appeared to agree to produce. Despite such agreement, the Plaintiff produced nothing to Litton. Furthermore, the Plaintiff has sill not responded to Litton's Interrogatories, Document Requests and made himself available for deposition -- all of which he was ordered to do on three (3) separate occasions by this Court as outlined in Litton's accompanying Memorandum of Law.

8.    The Plaintiff's refusal to comply with the Court's numerous Orders or Litton's requests clearly establishes a wanton and contumacious disregard. We have been unable to resolve the issues raised in Litton's instant motion without Court intervention, and it is

3

clear to the undersigned that any further efforts would be futile and would further prejudice Litton.

9.      Wherefore, Litton respectfully requests that the Plaintiff's Complaint as against it be stricken with prejudice.

Respectfully submitted,

By: _____

Luigi Spadafora, Esq. (ct18590)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

4