IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated, | Case No. 3:02 CV 960 (CFD) |
| Plaintiff, | |
| v. | |
| OCWEN FEDERAL BANK; et al., | February 24, 2004 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOSS CODILIS RELATED
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING MDL PANEL REVIEW**

The Moss Codilis defendants[1] hereby respectfully submit this memorandum in

support of their motion to stay proceedings in this action pending MDL Panel review.

**I.         BACKGROUND**

A.         THE MDL PROCEEDING.

As the Court knows, this action involves claims by plaintiff of improper servicing

and collection activities related to a residential mortgage originated and serviced by Ocwen

Federal Bank FSB.  Other actions involving issues similar in some respects to those raised in this

action have been brought in various judicial districts against Ocwen Federal Bank FSB, Ocwen

Financial Services, Inc, and, in some instances Moss Codilis, on behalf of other plaintiffs,

consisting of residential mortgage borrowers with loans made and/or serviced by Ocwen.  One of

---

[1]         Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

these other actions is *Maddox v. Ocwen Federal Bank, FSB,* Case No. CV03-9515, pending in the Central District of California.

1.     MADDOX PLAINTIFFS' MOTION BEFORE THE MDL PANEL.

On January 27, 2004, plaintiffs in *Maddox v. Ocwen Federal Bank, FSB* moved the MDL Panel for an order transferring *Maddox, Hanson* and four other actions in which Ocwen is a defendant to a single district court for consolidated pretrial proceedings.[2]  A copy of that MDL motion is attached hereto as Exhibit A.  The *Maddox* plaintiffs contend that the six actions fit the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1) they involve litigation pending in different districts; (2) they "involv[e] one or more common questions of fact," given the substantial similarity between the complaints; and (3) transfer will further "the convenience of the parties and witnesses" and "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex and document-intensive actions, and so minimizing waste and inefficiency in the conduct of discovery.  28 U.S.C. § 1407(a).

The *Maddox* plaintiffs have recommended to the MDL Panel that it name the Northern District of California as the transferee court and, despite the pendency of actions in both the District of Connecticut and the Central District of California (as well as a number of actions in other jurisdictions that may ultimately be included as part of the MDL proceeding), their motion creates the possibility that *Hanson* may be transferred outside of the District of Connecticut.

---

[2]     The other cases included in the Motion to the MDL Panel are *Maddox v. Ocwen Federal Bank, FSB*, Case No. CV03-9515 in the Central District of California, filed December 29, 2003; *Spires v. Ocwen Financial Services, Inc.*, Case No. C-03-5600 in the Northern District of California, filed on December 12, 2003; *Antoine v. Ocwen Financial Services, Inc.*, Case No. 03-5503 in the Northern District of California, filed on December 8, 2003; *Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, et al.,* Case No. C03-1302 in the Northern District of California, filed March 26, 2003; and *Jackson, et al. v. Ocwen Federal Bank, FSB*, Case No. C03-0743 in the Northern District of California, removed February 21, 2003.

2.     RESPONSE BY OCWEN.

Ocwen has filed a brief in response to the MDL motion supporting coordination or consolidation but urging transfer to either the Northern District of Illinois or the Southern District of Florida.  A copy of Ocwen's response (without accompanying exhibits) is attached hereto as Exhibit B.  Ocwen's response identifies the following three additional actions which it seeks to have included in any transfer and coordination or consolidation:

- *Soto v. Ocwen Federal Bank FSB, et al.*, Case No. 02-C-6818 (N.D.Ill., Norgle, J.);

- *U.S. Bank, N.A. v. McAuliffe*, Case No. 03-C-1103 (N.D.Ill., Gettleman, J.); and

- *Hearn v. Ocwen Financial Services, Inc., et al.*, Case No. 04-0291 (E.D.Cal., Levi, J.).

3.     RESPONSE BY MOSS CODILIS-RELATED DEFENDANTS.

The Moss Codilis defendants have filed a preliminary brief in response to the MDL motion joining in part in the response submitted by Ocwen.  A copy of that preliminary response is attached hereto as Exhibit C.  The Moss Codilis defendants' preliminary response identifies the following two additional actions which they seek to have included in any transfer and coordination or consolidation:

- *Stalbaum v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP*, Case No. 2:03 CV 83 (N.D.Ill., Norgle, J.), transferred to the Northern District of Illinois from the Northern District of Indiana; and

- *Roeh v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP*, Case No. 03 CV 3122 (N.D.Ill., Norgle, J.)

4.    RESPONSE BY OTHER PLAINTIFFS.

Plaintiffs in another of the cases, *Antoine v. Ocwen Financial Services, Inc.*, have filed a brief in support of the MDL motion. A copy of that brief is attached hereto as Exhibit D. To date, the Moss Codilis defendants have received no further responses to the MDL motion. However, as stated in the *Maddox* brief, plaintiffs in all of the California actions currently before MDL Panel have indicated that they will not oppose the MDL motion.

5.    STAY REQUESTS IN OTHER AFFECTED ACTIONS.

The consolidated *Jackson, et al. v. Ocwen Federal Bank FSB* (Case No. C03-0734 MJJ) and *Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, et al.* (Case No. C03-1302 MJJ) actions currently pending in the Northern District of California and subject to the MDL motion have been stayed by court order dated February 17, 2004, pursuant to the parties' Stipulation to Stay Proceedings Pending MDL Panel Review. That stipulation and proposed order is attached hereto as Exhibit E.

6.    RESPONSE BY HANSON.

Prior to filing this motion, the Moss Codilis defendants sought plaintiff Hanson's stipulation to stay these proceedings. Attorney Basil Shiber telephoned Attorney Paul Ngobeni regarding this matter. Mr. Ngobeni will not agree to a stay at this time, and has taken the position that if the actions are coordinated or consolidated, they be transferred to the District of Connecticut. A copy of plaintiff's response is attached hereto as Exhibit F.

7. <u>THE DECISION BY THE MDL PANEL IS EXPECTED</u>

<u>SHORTLY</u>.

The deadline to respond to the MDL motion was February 17, 2004.  The MDL

Panel can reasonably be expected to rule on the MDL motion at the next sitting of the Panel in

March 2004.

B. <u>STATUS OF THIS ACTION</u>.

1. <u>CURRENT AMENDED SCHEDULING ORDERS</u>.

The Amended Scheduling Order [Docket No. 208] issued by Magistrate Judge

Garfinkel on December 3, 2003, following the November 24, 2003 discovery hearing provides that

plaintiff must appear for his deposition in mid-February 2004, following his compliance with

specified discovery orders.  The order further provides that plaintiff has the right take depositions

as to Phase I issues of one witness from each of the three "defendant groups" by the end of March

2004.

Judge Droney also issued an Amended Scheduling Order [Docket No. 201] on

November 25, 2003 following the November 24, 2003 hearing before him, directing that

Opposition Briefs to plaintiff's pending motion for class certification and any dispositive motions

on Hanson's individual claims be filed by April 30, 2004.

2. <u>PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY</u>

<u>ORDERS</u>.

Despite these deadlines, discovery is still at an early stage in this case as a result of

plaintiff's failure to cooperate in the discovery process and/or comply with the above-referenced

orders made by this Court.

On November 24, 2003 Magistrate Judge Garfinkel ordered plaintiff to 1) respond to all requests for admission to which he had interposed "neither admitted nor denied" answers by December 5, 2003 (Transcript Of Proceedings, 76:21-23, attached hereto as Exhibit G (hereinafter "Transcript")); 2) produce all relevant documents, and identify each document in his possession not turned over to the defendants in discovery that may have constituted attorney-client communications between Ocwen and Moss Codilis by December 31, 2003 (Transcript 77:6-18; 106:9-17); and 3) respond to the Moss Codilis defendants' March 11, 2003 interrogatories by December 31, 2003 (Transcript, at 105:8-24.). As noted above, these rulings were ultimately reduced to a written Amended Scheduling Order. [Docket No. 208.]

Plaintiff has failed to abide by these orders in a multiplicity of ways. These failures will be the subject of separate discovery proceedings. In short, however, there has been no real response to defendants' requests for admission, no response at all to defendants' special interrogatories, and an incomplete response to defendants' request for production of documents with no privilege log provided reflecting those documents withheld from production. Because of these deficiencies, defendants cannot complete Hanson's deposition in the mid-February time frame.

3.    STATUS OF DEPOSITIONS.

The Moss Codilis defendants anticipated noticing Hanson's deposition for mid-February, as directed by the Court. However, they were unable to adequately prepare to depose Hanson absent the written discovery and document production ordered by this Court nearly three months ago. [Docket No. 208.] Accordingly, defendants ability to prepare for plaintiff's deposition has been severely limited by plaintiff's failure to respond to pending discovery as ordered by the Court.

4.     <u>MINIMAL EFFECT OF STAY ON CURRENT STATUS</u>.

The result of a stay will be to postpone the depositions contemplated in February and March, as well as the class certification briefing contemplated to take place in April 2004. Such a delay, however, will not unduly disrupt this case and will allow for better coordination of the MDL panel proceeding by avoiding activities in this case which may complicate, be inconsistent with, or duplicative of, any ultimate transfer and coordination or consolidation proceeding. As noted above, discovery is still ongoing in *Hanson* due to the significant delays resulting from plaintiff's lack of cooperation.

Most pressing at this time, current scheduling orders in this case contemplate depositions of the parties to be completed by March 30, 2004. Since discovery will be coordinated in any future MDL proceeding, it would enhance judicial and litigant efficiency for these depositions to proceed in the coordinated action, rather than occur in this case and be repeated later. Under the circumstances, a stay is appropriate to permit the MDL Panel to act on the *Maddox* plaintiffs' request for transfer and consolidation.

**II.     ARGUMENT**

A.     <u>A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407</u>.

Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer and consolidate multiple actions filed in several district courts in order to conduct coordinated pretrial proceedings, where three conditions are met:

(1) the cases "involv[e] one or more common questions of fact;"

(2) transfer will further "the convenience of the parties and witnesses;" and

(3) transfer "will promote the just and efficient conduct of [the] actions."

28 U.S.C. § 1407.  "The purpose of such transfers is to further judicial economy and to eliminate

the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of America*, 5 F. Supp.2d

804, 809 (N.D. Cal. 1998); *see also, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52

(2d Cir. 1978); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997).

   To help achieve these goals, "[c]ourts frequently grant stays pending a decision by

the MDL Panel whether to transfer a case." *Good*, 5 F. Supp. 2d at 809; *see also Rivers v. Walt

Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that it

is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and

consolidate is pending with the MDL Panel because of the judicial resources that are conserved").

The decision whether to stay  proceedings is within the discretion of the district court. *See

American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7,

1992).

   A stay in this case, pending the MDL Panel's decision whether to consolidate and

transfer all the similar actions, would further judicial economy and eliminate the potential for

conflicting pretrial rulings.  Accordingly, this Court should enter an order staying proceedings

pending the decision of the MDL Panel.

   1. <u>JUDICIAL ECONOMY FAVORS A STAY</u>.

   Judicial economy would be served by a stay of proceedings in *Hanson* because

"any efforts on behalf of this Court concerning case management will most likely have to be

replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does

not consolidate the . . . cases in this Court." *Rivers*, 980 F. Supp. at 1360-61.  A stay of further

proceedings now, before this Court has had occasion to engage in efforts that are likely to be

duplicated by the transferee court, would spare this Court time and effort that could be devoted to

other cases, and would prevent the possibility of inconsistent rulings on pretrial motions among the various actions that are the subject of the *Maddox* plaintiffs' motion for transfer and consolidation.

Similarly, at this preliminary stage, this Court has not yet had to learn every aspect of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the residential mortgage loan servicing industry. If the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. The transferee court would have to deal with these same details again in the context of the consolidated proceedings.

A stay would also help eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. There is a clear potential here for conflicting rulings on similar issues raised in each of the district courts, as well as conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in order to eliminate the risk that parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks." *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to avoid the possibility that parties will be faced with inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and

discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

As noted above, the most pressing area of concern at this time is the potential duplication of depositions that may be required if this Court maintains its current schedule. The most recent Amended Scheduling Order provides that defendants' deposition of plaintiff is to be completed by mid-February and that plaintiff shall "be permitted to take one deposition of each of the defendant groups for a total of three (3) depositions by the end of March 2004." [Docket No. 208.] If these depositions proceed prior to transfer and coordination or consolidation by the MDL Panel, they may (and likely will) simply have to be repeated for the benefit of the parties to the other actions subject to the MDL proceeding. Such duplication of time and resources is contrary to the purpose of the MDL statute and can be avoided by a short stay of the proceedings in this case.

### 2. THE PARTIES WILL NOT BE PREJUDICED BY A STAY.

The parties will not be prejudiced by a stay in this case. Because of the slow progress of this case, in large part due to plaintiff's discovery misconduct and nonfeasance, plaintiff will suffer no prejudice if this Court stays proceedings until the MDL Panel has had an opportunity to decide whether and where to transfer this action for further pretrial proceedings.[3] *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

---

[3]    Motions to dismiss by defendants are pending in this action, but have not been ruled on.

3.      COURTS HAVE ROUTINELY GRANTED SIMILAR

REQUESTS.

Where a stay of proceedings would, as here, promote the objectives of the MDL

process and no particular prejudice would be caused by a stay, courts have stayed all proceedings

until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407.

*See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809; *Rivers*, 980 F.

Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-Magna*, 1991 WL 13725, at

*2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1-2 (D.N.J.

Feb. 1, 1991).

B.      ALTERNATIVELY, THE COURT SHOULD EXTEND CURRENT

DEADLINES FOR SIXTY DAYS.

If for some reason the Court were to disagree that a stay is justified to permit the

MDL Panel to create a proceeding including multiple actions involving similar claims and

overlapping purported classes, the Moss Codilis defendants request in the alternative that the Court

extend any and all current deadlines for enforcement of pending discovery orders, completion of

depositions and for briefing on the class certification motion by at least sixty (60) days.

Because of plaintiff's failure to comply with this Court's November 24, 2003

rulings and subsequent orders requiring responses to written discovery and production of

documents, discovery has not proceeded according to the Court's and defendants' anticipated

schedule.  That schedule was based on plaintiff's anticipated compliance with the Court's orders

within the time-frame contemplated.  Plaintiff has completely failed to so comply.  Accordingly, if

the Court for some reason declines to stay further proceedings pending the MDL Panel's transfer

decision, it would be appropriate to extend all discovery deadlines for completion of discovery, depositions and class certification briefing by at least sixty (60) days.

**III.        CONCLUSION**

For all of the reasons set forth above, the Moss Codilis defendants respectfully request that this Court grant the motion to stay proceedings or, alternatively, extend all pending discovery and class certification deadlines.

Dated:  February 24, 2004

MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By:_____
    Richard G. Carlston (ct23944)
    Basil S. Shiber (ct23946)
    Miller, Starr & Regalia
    A Professional Law Corporation
    1331 N. California Blvd., Fifth Floor
    Post Office Box 8177
    Walnut Creek, California  94596
    Telephone:  (925) 935-9400

                    -and-

    Steven M. Greenspan (ct00380)
    David M. Bizar (ct20444)
    Day, Berry & Howard LLP
    City Place I
    Hartford, Connecticut 06103
    Telephone:  (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this 24th day of February, 2004, to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Francis J. Brady, Esq.
Matthew J. Budzik
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103-3469

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Lou Spadafora, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT  06460

Kweku J. Hanson, Esq.
(Pro Se)
487 Main Street
Hartford, CT 06103-3007

Paul Britt, Esq.
Moss, Codilis, Stawiarski, Morris,
Schneider & Prior, LLP
6560 Greenwood Plaza Boulevard
Suite 550
Englewood, CO 80111-7100

_____
David M. Bizar