BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re:
ALLIE M. MADDOX AND JERRY W. MADDOX,
suing individually and on behalf of all others
similarly situated and on behalf of the general
public,

        PLAINTIFFS,

    vs.

OCWEN FEDERAL BANK, FSB and
DOES 1 through 50, INCLUSIVE,

        DEFENDANTS.
_____/

MDL Docket No. _____

**RESPONSE OF PLAINTIFFS ANTOINE, DE KERGUELEN AND DEKETT TO MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION OF PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA; MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**    **INTRODUCTION**

        Plaintiffs Patricia Antoine, Jon De Kerguelen, and Rosalind De Kett (hereinafter "Antoine Plaintiffs") of *Patricia Antoine, Jon De Kerguelen, and Rosalind De Kett, on behalf of themselves and all others similarly situated, v. Ocwen Financial Services, Inc.; Ocwen Federal Bank, FSB and Does 1-100, inclusive,* Case No. C-03-05503 MHP, respectfully submit this Response in support of Plaintiffs Allie M. Maddox and Jerry W. Maddox's Motion to Transfer and Coordinate or Consolidate All Related Ocwen Actions in the Northern District of California, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the General Rules/Rules for Multidistrict Litigation.

        The Antoine Plaintiffs, individually and on behalf of all California residents who,

during the four year period immediately preceding October 30, 2003, had residential mortgages that were serviced by Ocwen Federal Bank, FSB, filed their class action in the Superior Court of California, County of Alameda against Ocwen Federal Bank, FSB and Ocwen Financial Services, Inc. (hereinafter "Defendants"). The Antoine Plaintiffs allege that Defendants participated in predatory loan servicing patterns and practices that harmed their residential mortgage customers. On December 7, 2003, Defendants filed a notice of removal to the Northern District of California, and the Antoine Plaintiffs' case was assigned to the Honorable Marilyn H. Patel. On January 22, 2004, the plaintiffs in *Allie M. Maddox and Jerry W. Maddox, suing individually and on behalf of all others similarly situated and on behalf of the general public, v. Ocwen Federal Bank, FSB and Does 1050 inclusive*, Case No. CV03-9515 ("Maddox Plaintiffs") filed a Motion For Transfer and Coordination or Consolidation of Pretrial Proceedings to coordinate this action with five others in the Northern District of California.

The Antoine Plaintiffs support coordination of all related actions against the Ocwen Defendants. The cases identified for transfer in the Maddox Plaintiffs' motion are: (1) *Patricia Antoine, Jon De Kerguelen, and Rosalind DeKett, on behalf of themselves and all others similarly situated v. Ocwen Financial Services, Inc., Ocwen Federal Bank FSB, inclusive*; Case No. C-03-5503; Northern District of California; Removed to the Northern District on or about December 8, 2003; (2) *Geneva Spires, individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Financial Services, Inc., and Ocwen Federal Bank, FSB*; Case No. C-03-5600; Northern District of California; Filed on or about December 12, 2003; (3) *Arleatha L. Robinson, suing individually and on behalf of the general public v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, a limited liability Partnership; Ocwen Federal Bank, FSB, and Cal-Western Reconveyance Corp. a California*

*corporation*; Case No. C03-1302; Northern District of California; Filed on or about March 26, 2003; (4) *Lula M. Jackson and Gary L. Youtsey suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB, and Does 1 through 100, inclusive*; Case No. C03-0743; Northern District of California; Removed on or about February 21, 2003; (5) *Allie M. Maddox and Jerry W. Maddox, suing individually and on behalf of all others similarly situated and on behalf of the general public, v. Ocwen Federal Bank, FSB and Does 1050 inclusive*, Case No. CV03-9515; and (6) *Kweku Hanson individually and on behalf of all others similarly situated  v. Ocwen Federal Bank; Ocwen Financial Corporation; William Erbey; Litton Loan Servicing LP; Moss, Codilis, Stawiarski, Moss, Pite & Duncan, LLP; Gerald R. Moss; Codilis & Stawiarski, P.C.; Ernie Codilis; Leo C. Stawiarski, Jr.; Morris, Schneider & Prior, LLC; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Fein, Such, Khan & Shepard, P.C.; Alan F. Such; Weltman, Weinberg & Reis Co., LPA; Larry R. Rothenberg; Boles, Boles & Ryan, P.L.C.; William R. Boles, Jr.*; Case No. 3:02 CV960; District of Connecticut; Filed on or about July 15, 2002.

The Antoine Plaintiffs believe that each of these cases raise overlapping issues of law and fact regarding similar legal and factual claims involving, for example, violations of state consumer protection statutes, common law breach of contract, and the Real Estate Settlement Procedures Act ("RESPA"). Accordingly, the Antoine Plaintiffs support the Maddox Plaintiffs' motion to transfer and consolidate or coordinate these actions, and any other subsequently-filed related cases, to the designated transferee district, as the Antoine Plaintiffs believe such transfer will serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions.

## II.    OVERVIEW OF THE ACTIONS IN THE MADDOX PLAINTIFFS' MOTION

The Antoine Plaintiffs believe that the five California actions listed above contain

substantially the same allegations and seek substantially the same relief under federal and state laws against the same Defendants. The Antoine Plaintiffs also believe that the Connecticut action raises issues which overlap with the California actions. For example, in each of these cases, the Plaintiffs seek redress for improper loan servicing by the Ocwen Defendants. In addition, the cases all allege violations of state consumer protection statutes, RESPA, and/or common law claims. Further, each of the related actions listed above seeks substantially the same relief under federal and state law, e.g. disgorgement, restitution, compensatory, general and special damages, and injunctive and declaratory relief. Finally, at the heart of each complaint is the Ocwen Defendants' practices surrounding loan servicing.

Although the complaints name a range of defendants, the key Defendants in the related cases are identical (the *Robinson* case and the *Hanson* case include an additional defendant, Moss, Codilis, et al.). All six complaints name Defendant Ocwen Federal Bank, FSB, and three name Ocwen Financial Services, Inc., the corporate parent company. The Antoine Plaintiffs recognize that the Connecticut *Hanson* action, due to its additional claims and defendants, may be too dissimilar for coordination. They therefore support the Maddox Plaintiffs' request that at a minimum, the five California actions become coordinated.

III.   **THE ANTOINE PLAINTIFFS BELIEVE A MULTI DISTRICT LITIGATION PROCEEDING AGAINST THE OCWEN DEFENDANTS IN ONE DISTRICT IS APPROPRIATE**

Transfer is appropriate, pursuant to 28 U.S.C. § 1407, where (1) the cases are federal civil actions, pending in different federal judicial districts, (2) one or more common questions of disputed fact exist among the cases, and (3) transfer of the cases will create efficiencies and will conserve the resources of the parties, their counsel, and the judiciary. Earle F. Kyle, IV, *The Mechanics of Motion Practice before the Judicial Panel on Multidistrict*

*Litigation*, 175 F.R.D. 589, 595 (1997); hereafter, *"MDL Panel Motion Practice."* The actions subject to the Maddox Plaintiffs' motion meet these requirements, and the Antoine Plaintiffs believe that consolidating them would provide the best means for litigating these cases efficiently.

      The complaints in the related Ocwen actions arise from the same transactions and wrongful acts and omissions, and share common defendants. Moreover, the actions allege similar legal claims, e.g., state consumer protection statutes, common law and/or RESPA violations, and will necessarily require proof of similar factual allegations, based on shared legal theories. For example, all related cases allege violations stemming from Ocwen's imposition of late fees during the sixty day period following the transfer of a loan from the original lender to Ocwen; an action expressly prohibited by RESPA. All of the related cases also allege that Ocwen has violated state consumer protection laws that prohibit Ocwen from imposing unlawful fees, unlawfully force-placed insurance on mortgage loans, and used abusive and threatening collection tactics against Plaintiffs. In addition, all related cases allege the same or similar common law violations. Accordingly, the Antoine Plaintiffs believe discovery in the actions will overlap, addressing common issues of law and fact, as all parties will seek the same or similar documentary evidence and will depose the same or similar witnesses, further supporting the transfer of all related cases to a single district. *See In re Boise Cascade Securities Litig.*, 364 F. Supp. 459, 461 (J.P.M.L. 1973). As there are six actions total, coordination or consolidation will serve the interest of judicial economy. Moreover, coordination of pretrial proceedings in these cases is particularly appropriate because many are in the very early stages of litigation.

      For the reasons stated above, the Antoine Plaintiffs believe the transfer of all related actions and coordination of pretrial proceedings would help achieve judicial efficiencies

for the parties and witnesses.  As coordination is proper where the Panel determines that it will "promote the just and efficient conduct of such actions,"  28 U.S.C. § 1407,  the Antoine Plaintiffs believe transferring the *Maddox* action from the Central District to the Northern District of California, and the *Hanson* action from the Connecticut District to the Northern District of California, where four of the six actions are already pending, and coordinating their pretrial proceedings, will accomplish the objectives of 28 U.S.C. § 1407.

## IV.    THE ANTOINE PLAINTIFFS SUPPORT THE NORTHERN DISTRICT OF CALIFORNIA AS THE FORUM MOST APPROPRIATE FOR PRETRIAL PROCEEDINGS

The Antoine Plaintiffs support the Maddox Plaintiffs' assertion that the Northern District of California is the most appropriate location for coordinated pretrial proceedings.  Four of the six pending actions are presently before the Northern District of California.  The Antoine Plaintiffs' case, *Antoine, et al. v. Ocwen Financial Services, Inc., et al.,* Northern District of California, Case No. C03-5503, as well as the *Jackson* case, *Jackson and Youtsey et al. v. Ocwen Federal Bank, FSB, et al.,* Northern District of California, Case No. C03-0743 were removed to the Northern District of California by the Ocwen Defendants.

Moreover, a substantial part of the events or omissions giving rise to the common claims in the related Ocwen actions have occurred in the Northern District of California.  For example, most class representatives reside in Northern California where they purchased property secured by mortgages serviced by Ocwen.  In addition, Ocwen conducts extensive business throughout the Northern District, including San Francisco, Alameda and Santa Clara Counties.  Furthermore, three of the four groups of Plaintiffs' attorneys are located in the Northern District, as are Defendants' counsel in this action as well as in the *Spires, Robinson* and *Jackson* actions.  Finally, Plaintiffs' counsel in all of the California actions have conferred on this matter, and all support a transfer to the Northern District for pretrial coordination.  Coordinated pretrial

proceedings centralized before the Northern District of California will be for the convenience of all parties and witnesses thereto, and the Antoine Plaintiffs believe such transfer and coordination will promote the just and efficient conduct of the lawsuits.

## V.    CONCLUSION

For the foregoing reasons, the Antoine Plaintiffs join the Maddox Plaintiffs' motion, and respectfully request that the related Ocwen actions be transferred to the Northern District of California for coordination of pretrial proceedings.

Dated: January 27, 2004

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
                Kelly M. Dermody

Elizabeth J. Cabraser
Kelly M. Dermody
Andie J. Janos
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1100
Facsimile: (415) 956-1008

LEFFLER & HYLAND PC
Timothy B. Hyland
4163 Chain Bridge Road
FAIRFAX, VA 22030-4102
Telephone: (703) 293-9300
Facsimile: (703) 293-9301

*Attorneys for Antoine Plaintiffs and the Proposed Class*