**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:

ALLIE M. MADDOX AND JERRY W. MADDOX,
suing individually and on behalf of
all others similarly situated and on
behalf of the general public,

          Plaintiffs,

   vs.

OCWEN FEDERAL BANK, FSB and DOES
1 through 50, inclusive,

          Defendants.

MDL Docket No. _____

---

**NOTICE OF MOTION AND MOTION BY PLAINTIFFS ALLIE M. MADDOX AND
JERRY W. MADDOX FOR TRANSFER AND COORDINATION OR
CONSOLIDATION OF PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT
OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407**

TO THE CLERK OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE PENDING ACTIONS REFERRED TO HEREIN:

PLEASE TAKE NOTICE that:

1.     Pursuant to 28 U.S.C. § 1407, plaintiffs Allie M. Maddox and Jerry W. Maddox, ("Plaintiffs" or "Maddoxes") hereby petition and move the Judicial Panel on Multidistrict Litigation to transfer to the United States District Court for the Northern District of California, and to coordinate or consolidate for pretrial proceedings, all federal court actions filed by or on behalf of all persons who had residential mortgages that were serviced by Ocwen Federal Bank, FSB.

2.     This motion affects the following pending actions:

**Central District of California**

a.     Movants <u>Allie M. Maddox and Jerry W. Maddox, suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB and Does 1 through 50, inclusive</u>; Case No. CV03-9515; Central District of California; Filed on December 29, 2003; Assigned to the Hon. Ronald S. W. Lew and the Hon. Magistrate Judge Patrick J. Walsh.

**Northern District of California**

a.     <u>Geneva Spires, individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Financial Services, Inc., and Ocwen Federal Bank, FSB</u>; Case No.C-03-5600, Northern District of California; Filed on or about December 12, 2003; Assigned to the Hon. Phyllis J. Hamilton.

      b.     <u>Patricia Antoine, Jon De Kerguelen, and Rosalind DeKett, on behalf of themselves and all others similarly situated v. Ocwen Financial Services, Inc., Ocwen Federal Bank FSB, and Does 1-100, inclusive</u>; Case No. C-03-5503; Northern District of California; Removed on or about December 8, 2003; Assigned to the Hon. Marilyn Hall Patel.

      c.     <u>Arleatha L. Robinson, suing individually and on behalf of the general public v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, a limited liability Partnership; Ocwen Federal Bank, FSB, and Cal-Western Reconveyance Corp. a California corporation;</u>; Case No. C03-1302; Northern District of California; Filed on or about March 26, 2003; Assigned to the Hon. Martin J. Jenkins.

      d.     <u>Lula M. Jackson and Gary L. Youtsey suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB, and Does 1 through 100, inclusive;</u> Case No. C03-0743; Northern District of California; Removed on or about February 21, 2003; Assigned to the Hon. Martin J. Jenkins.

**District of Connecticut (Hartford)**

      e.     <u>Kweku Hanson individually and on behalf of all others similarly situated v. Ocwen Federal Bank, Ocwen Financial Corporation, William Erbey, Litton Loan Servicing LP, Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP, Gerald R. Moss; Codilis & Stawiarski, P.C.; Ernie Codilis, Leo C. Stawiarski, Jr., Morris, Schneider & Prior, LLC; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Fein, Such, Khan & Shepard, P.C.; Alan F. Such; Weltman, Weinberg & Reis Co., LPA; Larry R. Rothenberg; Boles, Boles & Ryan, P.L.C.; William R. Boles, Jr.</u>; Case No. 3:02 CV960; District of Connecticut; Filed on or about July 15, 2002; Assigned to the Hon. Christopher Droney.

f.      The six actions are collectively referred to as the "related Ocwen actions," the two Ocwen Defendants therein being collectively referred to as the "Ocwen Defendants."

3.      The Maddox action is a class action on behalf of all United States residents who, during the four year period immediately preceding December 29, 2003, had residential mortgages that were serviced by Ocwen Federal Bank, FSB.

4.      It is appropriate for the Panel to transfer all related Ocwen actions to be centralized in the Northern District of California for (a) four of the six pending actions are presently before the Northern District of California, two, Antoine, et al. vs. Ocwen Financial Services, Inc., et al., Northern District of California, Case No. C-03-5503, and Jackson and Youtsey et al. v. Ocwen Federal Bank: Case No. C03-0743 having been removed there by the Ocwen Defendants; (b) these civil cases involving Defendants Ocwen Financial Services, Inc. and Ocwen Federal Bank, FSB, involve one or more common questions of fact (the Robinson action includes an additional Defendant, (Moss, Codilis et al.); (c) that coordinated or consolidated pretrial proceedings, centralized before the Northern District of California, will be for the convenience of all parties and witnesses, and will promote the just and efficient conduct of the lawsuits; and, (d) that a substantial part of the events or omissions giving rise to the common claims in the related Ocwen actions occurred in the Northern District of California, wherein relevant contracts were entered into and performed, and where secured real estate is located.

5.      This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Schedule of Included Actions, filed herewith, and on such oral and documentary evidence as may be presented at the hearing on this motion.

6.    Pursuant to Rule 16.1 of the General Rules/Rules for Multidistrict Litigation

under 28 U.S.C. § 1407, the hearing on this motion shall be set at a place and time to be

determined by the Panel.

Dated:  January ____, 2004          **COTCHETT, PITRE, SIMON & McCARTHY**

                                     By: _____
                                         NIALL P. McCARTHY
                                         Gloria D. Smith
                                         COTCHETT, PITRE, SIMON & McCARTHY
                                         San Francisco Airport Office Center
                                         840 Malcolm Road, Suite 200
                                         Burlingame, CA  94010
                                         Phone: (650) 697-6000
                                         Fax (650) 692-3606

                                         *Attorneys for Plaintiffs and Movants*
                                         *Allie M. Maddox and Jerry W. Maddox*
                                         *suing individually and on behalf of all others*
                                         *similarly situated and on behalf of the general*
                                         *public*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:
ALLIE M. MADDOX AND JERRY W. MADDOX,                    MDL Docket No. _____
suing individually and on behalf of
all others similarly situated and on
behalf of the general public,

                        Plaintiffs,

      vs.

OCWEN FEDERAL BANK, FSB and DOES
1 through 10, inclusive,

                        Defendants.

_____/


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION BY PLAINTIFFS ALLIE M. MADDOX AND JERRY W. MADDOX,
TO TRANSFER AND COORDINATE OR CONSOLIDATE ALL PRETRIAL
PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA**

I.    **INTRODUCTION**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the General Rules/Rules for Multidistrict Litigation, Plaintiffs Allie M. Maddox and Jerry W. Maddox, (hereinafter "Plaintiffs" or "Maddoxes") in <u>Allie M. Maddox and Jerry W. Maddox, suing individually and on behalf of all others similarly situated and on behalf of the general public, v. Ocwen Federal Bank, FSB and Does 1-50, inclusive</u>, Case No. CV03-9515 respectfully submit this memorandum in support of their motion to transfer and coordinate or consolidate all related Ocwen actions in the Northern District of California.

The Maddoxes, individually and on behalf of all United States residents who, during the four year period immediately preceding December 29, 2003, had residential mortgages that were serviced by Ocwen Federal Bank, FSB, filed their class action in the Central District of California against Ocwen Federal Bank, FSB (hereinafter "Ocwen Federal Bank" or "Defendant").  The Maddoxes allege that Defendant participated in abusive loan servicing patterns and practices that harmed the borrowers it serviced.

The Maddoxes are aware of five related actions pending against Ocwen Federal Bank and its parent, defendant Ocwen Financial Services, Inc., also known as Ocwen Financial Corporation, each raising overlapping issues of law and fact regarding similar legal and factual claims involving, e.g., violations of state consumer protection statutes, common law, and the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. §2601, *et seq*. Accordingly, transfer and consolidation or coordination of these actions, and any other subsequently-filed related cases, to the designated transferee district will serve the convenience of the parties and witnesses and promote the just and efficient prosecution of these actions.

**II.**    **OVERVIEW OF THE ACTIONS INVOLVING THE OCWEN DEFENDANTS**

On December 29, 2003, the Maddoxes filed a class action in the Central District of

California, entitled Allie Maddox and Jerry W. Maddox v. Ocwen Federal Bank, FSB, Case No.

CV03-9515, on behalf of the general public, and on behalf of all individuals who, during the four

year period immediately preceding the filing of the action, had residential mortgages that were

serviced by Ocwen Federal Bank. Ocwen Federal Bank, a federally charted savings bank, is in

the business of servicing single-family sub-prime residential loans. Defendant Ocwen Federal

Bank's principal place of business is West Palm Beach, Florida.

The Maddoxes allege that as soon as Ocwen began servicing their loan, after purchasing

it from their original lender, Ocwen immediately breached the loan agreement by engaging in a

scheme of unfair, unlawful and fraudulent loan servicing practices that ultimately resulted in

Ocwen initiating foreclosure proceedings, and the Maddoxes losing their home in November

2002. Ocwen's illegal practices included, *inter alia*: charging the Maddoxes late fees even

though their payments were timely, then employing abusive collection tactics, and "pyramiding"

late charges (imposing late fees despite the fact that the Maddoxes had made payment for the

most recent installments): forcing the Maddoxes to purchase insurance even though the

Maddoxes already had sufficient homeowner's insurance; and then once Plaintiffs' property was

allegedly in default, Ocwen imposed unwarranted attorneys' fees, property inspection fees,

appraisal fees, and fees for broker price opinions.

The Maddoxes believe that the four California actions listed below contain substantially

the same allegations and seek substantially the same relief under federal and state laws against

the same Defendants. The Connecticut action also raises issues which overlap with the

California actions. For example, the related cases allege violations of RESPA, state consumer

3

protection statutes, federal fair debt collection practices statutes, and/or common law claims. Each of the related actions listed below seek substantially the same relief under federal and state law, e.g. disgorgement, restitution, compensatory, general and special damages, and injunctive and declaratory relief.

### III.   ACTIONS SUBJECT TO THIS MOTION

The Maddoxes are aware of five other Ocwen loan servicing class action lawsuits subject to this motion.  There are four actions pending in the Northern District of California, and one action pending in the District of Connecticut (Hartford).  The four actions pending in the Northern District of California are:

1.      Geneva Spires, individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Financial Services, Inc., and Ocwen Federal Bank, FSB; Case No. C-03-5600; Northern District of California; Filed on or about December 12, 2003; Assigned to the Hon. Phyllis J. Hamilton.

2.      Patricia Antoine, Jon De Kerguelen, and Rosalind DeKett, on behalf of themselves and all others similarly situated v. Ocwen Financial Services, Inc., Ocwen Federal Bank FSB, inclusive; Case No. C-03-5503; Northern District of California; Removed to the Northern District on or about December 8, 2003; Assigned to the Hon. Marilyn Hall Patel.

3.      Arleatha L. Robinson, suing individually and on behalf of the general public v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, a limited liability Partnership; Ocwen Federal Bank, FSB, and Cal-Western Reconveyance Corp. a California corporation; Case No. C03-1302; Northern District of California; Filed on or about March 26, 2003; Assigned to the Hon. Martin J. Jenkins.

4.    Lula M. Jackson and Gary L. Youtsey suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB, and Does 1 through 100, inclusive; Case No. C03-0743; Northern District of California; Removed on or about February 21, 2003; Assigned to the Hon. Martin J. Jenkins.

The action pending in the District of Connecticut (Hartford) is:

5.    Kweku Hanson individually and on behalf of all others similarly situated  v. Ocwen Federal Bank; Ocwen Financial Corporation; William Erbey; Litton Loan Servicing LP; Moss, Codilis, Stawiarski, Moss, Pite & Duncan, LLP; Gerald R. Moss; Codilis & Stawiarski, P.C.; Ernie Codilis; Leo C. Stawiarski, Jr.; Morris, Schneider & Prior, LLC; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Fein, Such, Khan & Shepard, P.C.; Alan F. Such; Weltman, Weinberg & Reis Co., LPA; Larry R. Rothenberg; Boles, Boles & Ryan, P.L.C.; William R. Boles, Jr.; Case No. 3:02 CV960; District of Connecticut; Filed on or about July 15, 2002; Assigned to the Hon. Christopher Droney.

In each of these cases, the Plaintiffs seek redress for the improper loan servicing by the Ocwen Defendants.  Although the complaints name various Defendants, the defendants overlap and to a large extent, the primary Defendants are identical (the Robinson case includes an additional Defendant, (Moss, Codilis et al.).  All six complaints name Defendant Ocwen Federal Bank, FSB, and three name Ocwen Financial Services, Inc., the corporate parent company.  Further, the complaints allege similar causes of action, e.g., RESPA, state consumer protection statutes and common law claims.  Thus, the core of each complaint is the Ocwen Defendants' practices surrounding loan servicing.[1]

---

[1] If the MDL Panel believes that the Connecticut action, due to the additional defendants and claims, is too dissimilar for coordination, the Maddox Plaintiffs request a coordination of the five California actions.

5

IV.    **A MULTI DISTRICT LITIGATION PROCEEDING IN ONE DISTRICT IS APPROPRIATE**

Pursuant to 28 U.S.C. § 1407, transfer is appropriate where (1) the cases are federal civil actions, pending in different federal judicial districts, (2) one or more common questions of disputed fact exist among the cases, and (3) transfer of the cases will create efficiencies and will conserve the resources of the parties, their counsel, and the judiciary. Earle F. Kyle, IV, The Mechanics of Motion Practice before the Judicial Panel on Multidistrict Litigation, 175 F.R.D. 589, 595 (1997); hereafter, "MDL Panel Motion Practice." The actions subject to this motion satisfy these requirements, and centralizing them would provide the most efficient means for litigating these complex cases.

A.    **The Related Ocwen Cases Are Federal Civil Actions Filed In Different Judicial Districts**

The various Ocwen actions are currently in federal courts, though in three different judicial districts: the Central District of California, the Northern District of California, and the District of Connecticut (Hartford).

B.    **Common Questions of Fact Exist Among The Related Ocwen Cases**

Transfer and coordination of pretrial proceedings is appropriate where common questions of fact exist. In re Fed. Election Campaign Act Litig., 511 F.Supp. 821, 823 (J.P.M.L. 1979). Where plaintiffs make comparable allegations against the same or similar defendants, based upon the same wrongdoing, common factual questions are presumed. In re Air West, Inc. Securities Litig., 384 F.Supp. 609, 611 (J.P.M.L. 1974). Here, the complaints in the related Ocwen actions arise from the same transactions and wrongful acts and omissions, and share common defendants. Similarly, the actions allege similar legal claims, e.g., state consumer protection

statutes, common law and RESPA violations, and will necessarily require proof of similar factual allegations.

**C.      An MDL Proceeding Will Serve Interests Of Judicial Economy,**

**Helping To Conserve The Resources Of the Judiciary And All Parties**

Pursuant to 28 U.S.C. § 1407(a), the MDL Panel should consider "the convenience of parties and witnesses." Accordingly, transfer of all related actions and coordination of pretrial proceedings is logical and would help achieve judicial efficiencies for the parties and witnesses.

MDL coordination is also appropriate where the Panel determines that it will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. In interpreting this standard, the Panel is "mindful that the objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and to save time and effort on the part of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation 3d (Federal Judicial Center 1997) § 31.131; In re LTV Corp. Sec. Litig., 470 F.Supp. 859, 862 (J.P.M.L. 1979). Transferring the Maddox action from the Central District, and the Connecticut Ocwen action to the Northern District of California, where four of the six actions are already pending, and coordinating their pretrial proceedings, will accomplish these goals.

Similarly, all of the related Ocwen cases share similar legal theories. For example, all related cases allege violations stemming from Ocwen's imposition of late fees during the sixty day period following the transfer of a loan from the original lender to Ocwen: actions expressly prohibited by RESPA. All related cases also allege violations of state consumer protection laws that prohibit Ocwen from imposing unlawful fees, force-placing insurance, and using abusive and threatening collection tactics against Plaintiffs. And all related cases allege the same or similar common law violations. Accordingly, discovery in the actions will overlap, addressing

common issues of law and fact.  Presumably, all parties will seek the same or similar

documentary evidence and will depose the same or similar witnesses, further supporting the

transfer of all related cases to a single district.  (In re Boise Cascade Securities Litig., 364 F.

Supp. 459, 461 (J.P.M.L. 1973).  This is particularly true where, as here, the necessary discovery

will be time consuming.  (In re First National Bank, 451 F.Supp. 995, 997 (J.P.M.L. 1978); MDL

Panel Motion Practice, 175 F.R.D. at 590 ("Parties can save time and expense by avoiding

duplicative discovery and minimizing the burden on non-parties who may be compelled to testify

or produce documents in similar actions scattered around the country").

Indeed, an MDL petition should be granted even where there are as few as two cases

pending in different district courts.  In re Sterling, Inc., Bankruptcy Debtor Reaffirmation

Agreements Litig., No. 1242, 1998 U.S. Dist. LEXIS 12811 (J.P.M.L. August 18, 1998) (two

actions); In re Fine Host Corp. Securities Litig., No. 1241, 1998 U.S. Dist. LEXIS 12332

(J.P.M.L. August 7, 1998) (two actions); In re Columbia/HCA Healthcare Corp. Billing Practices

Litig., No. 1227, 1998 U.S. Dist. LEXIS 8613 (J.P.M.L. June 11, 1998) (two actions); In re The

Northwestern Mutual Life Insurance Co. Sales Practices Litig., No. 1213, 1998 U.S. Dist. LEXIS

5495 (J.P.M.L. April 16, 1998) (two actions).  Here, the Maddoxes are aware of five other

actions, and the number may increase.  Accordingly, coordination or consolidation will serve the

interest of judicial economy.

**D.      No Prejudice Will Result From MDL Coordination At This Early**

**          Stage Of The Case**

Coordination of pretrial proceedings in these cases is particularly appropriate because

they are in the early stages of litigation.  Indeed, four of these complaints were filed during the

last couple of months.

V.     **THE NORTHERN DISTRICT OF CALIFORNIA IS THE MOST APPROPRIATE FORUM FOR PRETRIAL PROCEEDINGS**

As noted above, the Northern District of California is the most appropriate location for coordinated pretrial proceedings.   Four of the six pending actions are presently before the Northern District of California, two, Antoine, et al. v. Ocwen Financial Services, Inc., et al., Northern District of California, Case No. C03-5503 and Jackson and Youtsey et al. v. Ocwen Federal Bank, FSB, et al., Northern District of California, Case No. C03-0743 having been removed there by the Ocwen Defendants.  A substantial part of the events or omissions giving rise to the common claims in the related Ocwen actions occurred in the Northern District of California.  For example, most class representatives reside in Northern California where they purchased property secured by mortgages which Ocwen serviced.  Ocwen conducts extensive business throughout the Northern District, including San Francisco, Alameda and Santa Clara Counties.  Finally, three of the four groups of Plaintiffs' attorneys are located in the Northern District, as are Defendant's counsel in the Spires, Antoine, Robinson and Jackson actions. Plaintiffs' counsel in all of the California actions have conferred on this matter, and all support a transfer to the Northern District for pretrial coordination.  Coordinated or consolidated pretrial proceedings, centralized before the Northern District of California, will be for the convenience of all parties and witnesses thereto, and will promote the just and efficient conduct of the lawsuits.

///

///

///

///

///

## VI.    **CONCLUSION**

For the foregoing reasons, the Maddoxes respectfully request that the related Ocwen actions, pending and future, be transferred to the Northern District of California for coordination of pretrial proceedings.

Dated: January ___, 2004          **COTCHETT, PITRE, SIMON & McCARTHY**

By: _____

      NIALL P. McCARTHY
      Gloria D. Smith
      COTCHETT, PITRE, SIMON & McCARTHY
      San Francisco Airport Office Center
      840 Malcolm Road, Suite 200
      Burlingame, CA  94010
      Phone: (650) 697-6000
      Fax (650) 692-3606

      *Attorneys for Plaintiffs and Movants*
      *Allie M. Maddox and Jerry W. Maddox*
      *suing individually and on behalf of all others*
      *similarly situated and on behalf of the general*
      *public*

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

In re:

ALLIE M. MADDOX AND JERRY W. MADDOX,                MDL Docket No. _____
suing individually and on behalf of
all others similarly situated and on
behalf of the general public,

        Plaintiffs,

    vs.

OCWEN FEDERAL BANK, FSB and DOES
1 through 10, inclusive,

        Defendants.

_____/

**SCHEDULE OF INCLUDED ACTIONS IN PETITION BY PLAINTIFFS
ALLIE M. MADDOX AND JERRY W. MADDOX, INDIVIDUALLY AND ON
BEHALF OF ALL THOSE SIMILARLY SITUATED TO TRANSFER
AND COORDINATE OR CONSOLIDATE ALL PRETRIAL PROCEEDINGS
IN THE NORTHERN DISTRICT OF CALIFORNIA**

Pursuant to Multidistrict Litigation Rule 7.2(a)(ii), plaintiffs Allie M. Maddox and Jerry W. Maddox, (hereinafter "Plaintiffs" or "Maddoxes") respectfully submit the following schedule of each included action subject to their motion.

**Central District of California**

1.    Allie M. Maddox and Jerry W. Maddox, suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB and Does 1 through 50, inclusive; Case No. CV03-9515; Central District of California; Filed on December 29, 2003; Assigned to the Hon. Ronald S. W. Lew and the Hon. Magistrate Judge Patrick J. Walsh.

**Northern District of California**

2.    Lula M. Jackson and Gary L. Youtsey suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB, and Does 1 through 100, inclusive; Case No. C03-0743; Northern District of California; Removed on or about December 13, 2003; Assigned to the Hon. Martin J. Jenkins.

3.    Geneva Spires, individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Financial Services, Inc., and Ocwen Federal Bank, FSB; Case No.C-03-5600, Northern District of California; Filed on or about December 12, 2003; Assigned to the Hon. Phyllis J. Hamilton.

4.    Patricia Antoine, Jon De Kerguelen, and Rosalind DeKett, on behalf of themselves and all others similarly situated v. Ocwen Financial Services, Inc., Ocwen Federal Bank FSB, and Does 1-100, inclusive; Case No. C-03-5503; Northern District of California; Filed on or about December 8, 2003; Assigned to the Hon. Marilyn Hall Patel.

5.     Arleatha L. Robinson, suing individually and on behalf of the general public v. Ocwen Federal Bank, FSB, and Does 1 through 100, inclusive; Case No. C03-1302; Northern District of California; Filed on or about March 26, 2003; Assigned to the Hon. Martin J. Jenkins.

**District of Connecticut (Hartford)**

6.     Kweku Hanson individually and on behalf of all others similarly situated v. Ocwen Federal Bank, Ocwen Financial Corporation, William Erbey, Litton Loan Servicing LP, Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP, Gerald R. Moss; Codilis & Stawiarski, P.C.; Ernie Codilis, Leo C. Stawiarski, Jr., Morris, Schneider & Prior, LLC; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Fein, Such, Khan & Shepard, P.C.; Alan F. Such; Weltman, Weinberg & Reis Co., LPA; Larry R. Rothenberg; Boles, Boles & Ryan, P.L.C.; William R. Boles, Jr.; Case No. 3:02 CV960; District of Connecticut; Filed on or about July 15, 2002; Assigned to the Hon. Christopher Droney.

Dated: January _____, 2004

**COTCHETT, PITRE, SIMON & McCARTHY**

By: _____

NIALL P. McCARTHY
Gloria D. Smith
COTCHETT, PITRE, SIMON & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Phone: (650) 697-6000
Fax (650) 697-0577

*Attorneys for Plaintiffs and Movants*
*Allie M. Maddox and Jerry W. Maddox*
*suing individually and on behalf of all others*
*similarly situated and on behalf of the general*
*public*

3

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In re:

ALLIE M. MADDOX AND JERRY W. MADDOX,                MDL Docket No. _____
suing individually and on behalf of
all others similarly situated and on
behalf of the general public,

      Plaintiffs,

  vs.

OCWEN FEDERAL BANK, FSB and DOES
1 through 50, inclusive,

      Defendants.

_____/

## PROOF OF SERVICE

## PROOF OF SERVICE

I am employed in San Mateo County, which is where service of the document(s) referred to below occurred. I am over the age of 18 and not a party to the within action. My business address is Cotchett, Pitre, Simon & McCarthy, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, California 94010. I am readily familiar with Cotchett, Pitre, Simon & McCarthy's practices for the service of documents. On this date, I served or caused to be served a true copy of the following document(s) in the manner listed below:

1.  **NOTICE OF MOTION AND MOTION BY PLAINTIFFS ALLIE M. MADDOX AND JERRY W. MADDOX FOR TRANSFER AND COORDINATION OR CONSOLIDATION OF PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §1407**

2.  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY PLAINTIFFS ALLIE M. MADDOX AND JERRY W. MADDOX TO TRANSFER AND COORDINATE OR CONSOLIDATE ALL PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA**

3.  **SCHEDULE OF INCLUDED ACTIONS IN PETITION BY PLAINTIFFS ALLIE M. MADDOX AND JERRY W. MADDOX, INDIVIDUALLY AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED TO TRANSFER AND COORDINATE OR CONSOLIDATE ALL PRETRIAL PROCEEDINGS IN THE NORTHERN DISTRICT OF CALIFORNIA**

<u>XXX</u>  **BY MAIL:** I caused the sealed envelope containing the aforementioned document(s) to be deposited with the United States Postal Service on that same day in the ordinary course of business.

### [SEE ATTACHED SERVICE LIST]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Burlingame, California, on January 22, 2004.

IRMA MARTINEZ

1

## SERVICE LIST

**Via U.S. Mail**
Thomas A. Jenkins
Daniel Mulligan
**Jenkins & Mulligan**
660 Market Street, 3rd Floor
San Francisco, CA 94104
Tel: (415) 982-8500
Fax: (415) 982-8515

**Attorney for Plaintiffs:**
**Garry L. Youtsey, Lula M. Jackson,**
**Geneva Spires, Arleatha L. Robinson**

**Via U.S. Mail**
Elizabeth J. Cabraser
Kelly M. Dermody
Andie J. Janos
**Lieff, Cabraser, Heimann & Bernstein**
275 Battery Street, 30th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (415) 956-1008

**Attorney for Plaintiffs:**
**Jon De Kerguelen, Patricia Antoine,**
**Rosalind DeKett**

**Via U.S. Mail**
Timothy B. Hyland
**Leffler & Hyland, PC**
4163 Chain Bridge Road
Fairfax, VA 22030
Tel: (703) 293-9300
Fax: (703) 293-9301

**Attorney for Plaintiffs:**
**Jon De Kerguelen, Patricia Antoine,**
**Rosalind DeKett**

**Via U.S. Mail**
Paul M. Ngobeni
**Ngobeni & Associates**
914 Main Street, #206
East Hartford, CT 06108
Tel: (860) 289-3155
Fax: (860) 282-7479

**Attorney for Plaintiff:**
**Kweku Hanson, Ind. & O/B/O Others**
**Similarly Situated**

**Via U.S. Mail**
George A. Riley
Brian P. Brooks
Randall Edwards
Troy M. Yoshino
Ioana Petrou
Timothy C. Travelstead
**O'Melveny & Myers**
Embarcadero Center West
275 Battery Street, 26th Floor
San Francisco, CA 94111
Tel: (415) 984-8700
Fax: (415) 984-8701

**Attorney for Defendants:**
**Ocwen Federal Bank, FSB and Ocwen**
**Financial Services, Inc.**

**Via U.S. Mail**
John D. Duncan
Peter J. Salmon
**Moss, Pite & Duncan, LLP**
525 East Main Street
El Cajon, CA 92022
Tel: (619) 590-1300
Fax: (619) 590-1385

**Attorney for Defendant:**
**Cal-Western Reconveyance Corp.**

**Via U.S. Mail**
Elizabeth K. Hwang
Richard G. Carlston
**Miller, Starr & Regalia**
1331 North California Blvd., 5th Floor
Walnut Creek, CA 94596
Tel: (925) 935-9400

**Attorney for Defendants:**
**Moss, Codilis, Stawiarski, Morris,**
**Schneider & Prior, LLP; Gerald R. Moss;**
**Codilis & Stawiarski, PC; Ernie Codilis;**
**Leo C. Stawiarski, Jr.; Morris, Schneider**
**& Prior, LLC; Arthur J. Morris; Thomas**
**E. Prior; Randolph Schneider; Fein,**
**Such, Khan & Shepard, PC; Alan F.**
**Such; Weltman, Weinberg & Reis, Co.,**
**LPA; Larry R. Rothenberg; Boles, Boles**
**& Ryan, PLC; William R. Boles, Jr.;**
**Moss, Pite & Duncan, LLP;**

<u>**Via U.S. Mail**</u>
David M. Bizar
Steven M. Greenspan
**Day, Berry & Howard**
Cityplace 1
Hartford, CT 06103
Tel: (860) 275-0648
Fax: (860) 275-0343

**Attorney for Defendants:**
**Moss, Codilis, Stawiarski, Morris,**
**Schneider & Prior, LLP; Gerald R. Moss;**
**Codilis & Stawiarski, PC; Ernie Codilis;**
**Leo C. Stawiarski, Jr.; Morris, Schneider**
**& Prior, LLC; Arthur J. Morris; Thomas**
**E. Prior; Randolph Schneider; Fein,**
**Such, Khan & Shepard, PC; Alan F.**
**Such; Weinberg & Reis, Co., LPA; Larry**
**R. Rothenberg; Boles, Boles & Ryan,**
**PLC; William R. Boles, Jr.; Moss, Pite &**
**Duncan, LLP;**

<u>**Via U.S. Mail**</u>
Francis J. Brady
Matthew J. Budzik
**Murtha Cullina, LLP**
Cityplace 1
185 Asylum Street
Hartford, CT 06103
Tel: (860) 240-6000
Fax: (860) 240-6150

**Attorney for Defendants:**
**Ocwen Federal Bank; Ocwen Financial**
**Corp.; William Erbey**

<u>**Via U.S. Mail**</u>
Theodore R. Scarborough
**Sidley, Austin, Brown & Wood**
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-2236
Fax: (312) 853-7036

**Attorney for Defendant:**
**Ocwen Financial Corp.**

<u>**Via U.S. Mail**</u>
Geoggrey K. Milne
Patrick Crook
**Hunt, Leibert, Chester & Jacobson**
50 Weston Street
Hartford, CT 06120
Tel: (860) 808-0606

**Attorney for Defendant:**
**Litton Loan Service, LP**

<u>**Via U.S. Mail**</u>
Luigi Spadafora
**Winget, Spadafora & Schwartzberg**
45 Broadway, 19th Floor
New York, NY 10006
Tel: (212) 221-6900

**Attorney for Defendant:**
**Litton Loan Service, LP**

<u>**Via U.S. Mail**</u>
Peter R. Stark
183 North Broad Street, Suite E
Milford, CT 06460
Tel: (860) 874-6708

<u>**Attorney for Defendant:**</u>
**Litton Loan Service, LP**

<u>**Via U.S. Mail**</u>
Karen A. Braje
**Reed Smith, LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Tel: (415) 543-8700
Fax: (415) 391-8269

<u>**Attorney for Defendant:**</u>
**Ocwen Federal Bank**

<u>**Via U.S. Mail**</u>
Steve A. Nielsen, Senior Manger
**Ocwen Federal Bank**
12650 Ingenuity Drive
Orlando, FL 32826
Tel: (800) 746-2936

<u>**Via U.S. Mail**</u>
Clerk of the Court
**U.S. District Court**
**Central District of California**
United States Federal Courthouse
312 North Spring Street
Los Angles, CA 90012

<u>**Via U.S. Mail**</u>
Clerk of the Court
**U.S. District Court**
**Northern District of California**
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102

<u>**Via U.S. Mail**</u>
Clerk of the Court
**U.S. District Court**
**District of Connecticut - Hartford**
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103