BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re: Ocwen Federal Bank, FSB,　　　　　　　　MDL Docket No. 1604
Mortgage Servicing Litigation
_____/

**PRELIMINARY RESPONSE OF MOSS CODILIS RELATED DEFENDANTS TO MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION OF PRETRIAL PROCEEDINGS AND PARTIAL JOINDER OF MOSS CODILIS RELATED DEFENDANTS IN RESPONSE OF DEFENDANT OCWEN FEDERAL BANK FSB**

The Motion for Transfer and Coordination or Consolidation of Pretrial Proceedings (the "MDL petition") filed by the plaintiffs in *Maddox v. Ocwen Federal Bank, FSB* (Cent. Dist. Cal. No. CV03-9515) identifies two cases involving Moss, Codilis, Stawiarski, Morris, Schnieder & Prior, LLP. ("Moss Codilis"). Moss Codilis is named as a defendant in *Hanson v. Ocwen Federal Bank, et al.* (Dist. Ct. Conn. No. 3:02CV960 (CFD)) ("*Hanson*") and in *Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP., et al.* (No. Dist. Cal. No. C 03-1302 (MJJ) ("*Robinson*"). Also named as defendants in *Hanson* are Moss, Pite & Duncan, LLP; Codilis & Stawiarski, PC; Morris, Schnieder & Prior, LLC; Fein, Such, Khan & Shepard, P.C.; Weltman, Weinberg & Reis Co., LPA; Boles, Boles & Ryan, P.L.C.; Gerald R. Moss; Ernie Codilis; Leo C. Stawiarski, Jr.; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Alan F. Such; Larry R. Rothenberg; and William R. Boles, Jr. (collectively referred to with Moss Codilis as the "Moss Codilis Defendants")

The Moss Codilis Defendants respectfully submit this preliminary response to the MDL petition and partial joinder in the response of defendant Ocwen Federal Bank FSB to said motion (hereinafter "Ocwen Response"). These parties will submit a further response within the next approximate week after receipt of a copy of the Ocwen Response and further clarification of the cases sought to be included.

I.     **PARTIAL JOINDER IN OCWEN'S RESPONSE**

The Moss Codilis Defendants understand that Ocwen, in the Ocwen Response, asserts that, to the extent, the Panel considers the cases ultimately before it to be appropriate for transfer, that (i) the Northern District of California is not the appropriate forum for transfer and (iii) the Northern District of Illinois is an appropriate forum for transfer, and that, alternatively, the Southern District of Florida is an appropriate district for transfer. To the extent the Moss Codilis cases are included, the Moss Codilis Defendants concur with, and join in, each of these positions.

II.    **ADDITIONAL CASES PENDING AGAINST THE MOSS CODILIS**

In addition to the *Hanson* case and the *Robinson* case, which are before the Panel, three additional putative class actions are pending against Moss Codilis relating exclusively to services Moss Codilis provided to Ocwen. Each of these putative class actions are pending before the same judge in the Northern District of Illinois[1]. These cases are:

- *Soto v. Ocwen Federal Bank, FSB, et al.* (No. Dist. Ill. No. 02 C 6818).
- *Stalbaum v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP.* (No. Dist. Ill. No. 2:03 CV 83), which was transferred to the Northern District of Illinois from the Northern District of Indiana.
- *Roeh v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP.* (No. Dist. Ill. No. 03 CV 3122).

Moss Codilis understands that, in its response to the MDL petition, Ocwen has suggested that *Soto* be included in the MDL petition. However, neither *Stalbaum* nor *Roeh* are presently addressed in the MDL proceeding even though these three cases are related, involving the same claims and putative class, and now pending in the Northern District of Illinois before the same judge.

The allegations being asserted against Moss Codilis in each of these three actions are similar to the allegations being asserted against Moss Codilis in *Robinson*, relating to limited and discrete debt collection activities.

### III.    THE MOSS CODILIS ACTIONS ARE LIMITED IN SCOPE AND INVOLVE DISCRETE ISSUES.

With the exception of the *Hanson*, all of the foregoing actions asserted against Moss Codilis, including *Robinson*, relate to the actions taken by Moss Codilis in its representation of Ocwen relative to a "breach letter" program. Claims asserted against Ocwen relative to its loan origination practices and loan servicing practices are not asserted against Moss Codilis. *Hanson*, on the other hand, asserts a broader range of claims against the Moss Codilis

---

[1] Moss Codilis is represented in each of these three cases by Mr. David Chizewer of Goldberg Kohn Bell Black Rosenbloom & Moritz, LTD., 55 East Monroe St., Ste. 3700, Chicago, Illinois 60603-5802.

Defendants but includes within those claims, the "breach letter" program claims. In each case, Moss Codilis contests any improper conduct and further intends to contest plaintiffs' assertions that their claims ought to be afforded class treatment pursuant to the criteria set forth in the Federal Rules of Civil Procedure, Rule 23.

Each of the cases pending against Moss Codilis involves limited and discrete common questions of fact and law. These constitute only a tiny faction of overlap of the claims apparently being asserted against Ocwen. The purpose of transfer and coordination or consolidation under Section 1407 is to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary." (*In re Universal Serv. Fund Telephone Bill. Pract.* (J.P.M.L. 2002) 209 F.Supp.2d 1385, 1386; *see also* Manual For Complex Litigation 3d § 31.13, p. 251.). Further, the Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary where the possibility of inconsistent class determinations exists." (*In re Sugar Indus. Antitrust Litig.* (J.P.M.L. 1975) 844 F.Supp. 1271, 1273; *In re Temporomandibular Joint (TMJ) Implants Lit.* (J.P.M.L. 1994) 844 F.Supp. 1553, 1554 ("[c]entralization is necessary in order ... to prevent inconsistent pretrial rulings (especially with respect to class certifications and summary judgements.)".)

The Moss Codilis Defendants question whether these purposes are adequately served by their inclusion in the MDL petition given the limited issues pending against them as contrasted by the volume of issues being asserted against Ocwen . But, if included, given the fact that three of the cases are pending in the Northern District of Illinois, Moss Codilis, if the Panel elects to include the Moss Codilis cases, Moss Codilis supports the assignment of all cases to the Northern District of Illinois[2].

---

[2] Transfer to a centrally located district is appropriate where parties and witnesses are dispersed. *In re Universal Serv. Fund Telephone Bill. Pract.* (J.P.M.L. 2002) 209 F.Supp.2d 1385, 1386 (Given the dispersed location of constituent actions and potential tag-along actions, Panel transferred to district where "geographically central location is relatively convenient for the parties."); *In re Temporomandibular Joint (TMJ) Implants Lit.* (J.P.M.L. 1994) 844 F.Supp. 1553, 1554 *In re Richardson-*

IV.   **MOSS CODILIS WILL SUBMIT A FURTHER RESPONSE WITHIN THE NEXT APPROXIMATE WEEK ADDRESSING HOW THE MDL PETITION SHOULD BE APPLIED TO MOSS CODILIS.**

Given (i) the limited nature of the cases pending against Moss Codilis, (ii) the fact that Ocwen has suggested that the *Soto* case be joined, (iii) the fact that Moss Codilis has not yet received the Ocwen response, including exhibits, and (iv) the existence of settlement discussions in its cases, Moss Codilis intends to submit a further brief outlining in greater detail its suggested approach to its cases within the next approximate week.

Dated: February 15, 2004

MILLER, STARR & REGALIA

By: _/s/ Richard G. Carlston_
RICHARD G. CARLSTON
Attorneys for Defendants
Moss, Codilis, Stawiarski, Morris, Schnieder & Prior, LLP; Moss, Pite & Duncan, LLP; Codilis & Stawiarski, PC; Morris, Schnieder & Prior, LLC; Fein, Such, Khan & Shepard, P.C.; Weltman, Weinberg & Reis Co., LPA; Boles, Boles & Ryan, P.L.C.; Gerald R. Moss; Ernie Codilis; Leo C. Stawiarski, Jr.; Arthur J. Morris; Thomas E. Prior; Randolph Schneider; Alan F. Such; Larry R. Rothenberg; and William R. Boles, Jr.

---

*Merrell Inc. "Bendectin" Prods. Liability Litigation (No. II)* (J.P.M.L. 1982) 533 F.Supp. 489; Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3864, p. 560-561 ("The situs of evidence and residence of the witnesses and parties are also important factors.").

## PROOF OF SERVICE

I, Sunny J. Knight, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1331 N. California Blvd., Fifth Floor, Post Office Box 8177, Walnut Creek, CA 94596. On February 16, 2004, I served the within documents:

**Preliminary Response Of Moss Codilis Related Defendants To Motion For Transfer And Coordination Or Consolidation Of Pretrial Proceedings And Partial Joinder Of Moss Codilis Related Defendants In Response Of Defendant Ocwen Federal Bank FSB**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Walnut Creek, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**See attached Judicial Panel on Multidistrict Litigation – Panel Service List for MDL 1604 – In re Ocwen Federal Bank, FSB, Mortgage Servicing Litigation**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 16, 2004, at Walnut Creek, California.

_____
Sunny J. Knight

# Judicial Panel on Multidistrict Litigation - Panel Attorney Service List
## for
## MDL 1604 - In re Ocwen Federal Bank, FSB, Mortgage Servicing Litigation

*** Report Key and Title Page ***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
  * Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
  All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
  Docket: 1604 - Ocwen Federal Bank, FSB, Mortgage Servicing Litigation
  For Open Cases

Docket: 1604 - In re Ocwen Federal Bank, FSB, Mortgage Servicing Litigation
Status: Pending on / /
Transferee District:            Judge:

Printed on 02/11/2004

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Brooks, Brian P.<br>O'Melveny & Myers, LLP<br>1625 Eye Street, N.W.<br>Washington, DC 20006-4001 | => Ocwen Federal Bank*; Ocwen Federal Bank, FSB*; Ocwen Financial Corp.*; Ocwen Financial Services Inc.* |
| Carlston, Richard G.<br>Miller, Starr & Regalia<br>1331 North California Blvd.<br>Fifth Floor<br>Walnut Creek, CA 94596 | => Boles, Boles & Ryan, PLC*; Boles, Jr., William R.*; Codilis & Stawiarski, PC*; Codilis, Ernie*; Fein, Such, Khan & Shepard, PC*; Morris, Arthur J.*; Morris, Schneider & Prior, LLC*; Moss Codilis Stawiarski Morris Schneider & Prior, LLP*; Moss, Gerald R.*; Moss, Pite & Duncan, LLP*; Prior, Thomas E.*; Rothenberg, Larry R.*; Schneider, Randolph*; Stawiarski, Jr., Leo C.*; Such, Alan F.*; Weltman, Weinberg & Reis Co., LPA* |
| Dermody, Kelly M.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>Embarcadero Center West<br>30th Floor<br>275 Battery Street<br>San Francisco, CA 94111 | => Antoine, Patricia*; De Kerguelen, Jon*; DeKett, Rosalind* |
| Hwang, Elizabeth K.<br>Miller, Starr & Regalia<br>1331 North California Blvd.<br>Fifth Floor<br>Walnut Creek, CA 94596 | => Erbey, William |
| Jenkins, Thomas A.<br>Jenkins & Mulligan<br>660 Market Street<br>3rd Floor<br>San Francisco, CA 94104 | => Jackson, Lula M.; Robinson, Arleatha L.; Spires, Geneva; Youtsey, Garry L. |
| McCarthy, Niall P.<br>Cotchett, Pitre, Simon & McCarthy<br>San Francisco Airport Office Center<br>Suite 200<br>840 Malcolm Road<br>Burlingame, CA 94010 | => Maddox, Allie M.*; Maddox, Jerry W.* |
| Ngobeni, Paul M.<br>Ngobeni & Associates<br>914 Main Street<br>#206<br>East Hartford, CT 06108 | => Hanson, Kweku |
| Salmon, Peter J.<br>Moss, Pite & Duncan, LLP<br>525 East Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289 | => Cal-Western Reconveyance Corp.* |
| Spadafora, Luigi<br>Winget, Spadafora & Schwartzberg<br>45 Broadway<br>19th Floor<br>New York, NY 10006 | => Litton Loan Service, LP* |

Note: Please refer to the report title page for complete report scope and key.