1  BRIAN P. BROOKS (State Bar No. 172151)
   RANDALL W. EDWARDS (State Bar No. 179053)
2  TIMOTHY C. TRAVELSTEAD (State Bar No. 215260)
   O'MELVENY & MYERS LLP
3  Embarcadero Center West
   275 Battery Street, 26th Floor
4  San Francisco, CA  94111-3344
   Telephone: (415) 984-8700
5  Facsimile: (415) 984-8701

6  Attorneys for Defendant
   OCWEN FEDERAL BANK FSB
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 San Francisco Division

11

12  LULA M. JACKSON and GARRY L.           Case No. C03-0743 MJJ
    YOUTSEY, suing individually and on
13  behalf of all others similarly situated and   Case No. C 03-1302 MJJ
    on behalf of the general public,
14
                   Plaintiffs,             STIPULATION AND [PROPOSED] ORDER
15                                          TO STAY PROCEEDINGS PENDING MDL
        v.                                  PANEL REVIEW
16
    OCWEN FEDERAL BANK FSB, and
17  DOES 1 through 100, inclusive,
    Defendants.                            Date:
18                                          Time:
    ARLEATHA L. ROBINSON, suing            Courtroom:    Eleven (11)
19  individually and on behalf of the general
    public,                                Hon. Martin J. Jenkins
20
                   Plaintiffs,
21
        v.
22
    MOSS, CODILIS, STAWIARSKI,
23  MORRIS, SCHNEIDER & PRIOR LLP, a
    Limited Liability Partnership; OCWEN
24  FEDERAL BANK FSB; and CAL-
    WESTERN RECONVEYANCE CORP., a
25  California Corporation,

26                 Defendants.

27

28
                                    OCWEN'S MOTION FOR STAY OF PROCEEDINGS
                                          PENDING MDL PANEL REVIEW
                                          CASE NO. C03-0743 MJJ

1     The parties respectfully request a stay of all proceedings in these coordinated actions.

2  These actions, along with purported class actions pending in several other federal district courts,

3  are the subject of a motion by plaintiffs in one of the other actions (with the consent of plaintiffs'

4  counsel in these and other related actions) to transfer and consolidate the actions pursuant to 28

5  U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation (the "MDL

6  Panel").  The parties agree that a stay in *Jackson* and *Robinson* would not prejudice plaintiffs'

7  claims because discovery and motion practice in this litigation are still at an early stage before

8  this Court, and the MDL Panel briefing is already ongoing.   Plaintiffs in *Jackson* and *Robinson*

9  are already on record as not opposing the MDL motion.  Defendants' responses to the MDL

10  motion are due on February 11, 2004.

11                              **BACKGROUND**

12     Other actions similar to *Jackson* and *Robinson* have been brought in various judicial

13  districts on behalf of others similarly situated consisting of residential mortgage borrowers

14  against Ocwen Federal Bank FSB or Ocwen Financial Services, Inc.[1]  These actions contain

15  similar material allegations regarding Ocwen's servicing of residential mortgage loans, including

16  alleged violations of state consumer protection laws, the common law, the federal Real Estate

17  Settlement Procedures Act, and/or the federal Fair Debt Collection Practices Act.

18     As the Court is aware, the *Jackson* and *Robinson* cases have been coordinated for pretrial

19  discovery purposes.  As envisioned at the initial case management conference, class certification

20  briefing was scheduled to begin at the end of February 2004.  Discovery is still in an early stage,

21  in part due to an apparently inadvertent order entered in December 2003 dismissing both *Jackson*

22  and *Robinson*.  On January 5, 2004, the Court issued an order vacating the inadvertent dismissal

23  

---

24  [1] The other cases included in the Motion to the MDL Panel are *Maddox v. Ocwen Federal Bank,*
25  *FSB*, Case No. CV03-9515 in the Central District of California, filed December 29, 2003;
   *Spires v. Ocwen Financial Services, Inc.*, Case No. C-03-5600 in the Northern District of
26  California, filed on December 12, 2003; *Antoine v. Ocwen Financial Services, Inc.*, Case No.
   03-5503 in the Northern District of California, filed on December 8, 2003; *Hanson v. Ocwen*
27  *Federal Bank et al.*,  Case No. 3:02 CV960 in the District of Connecticut, filed on July 15,
   2002.

28

1   of the *Robinson* case, and on January 22, 2004, the Court issued a similar order in the *Jackson*

2   case. Because of delays associated with the dismissals, discovery has progressed more slowly

3   than initially anticipated at the initial case management conference.

4        On January 27, 2004, a few days after the reinstatement of *Jackson*, plaintiffs in *Maddox*

5   *v. Ocwen Federal Bank, FSB* moved the MDL Panel for an order transferring *Maddox*, *Jackson*,

6   *Robinson*, and three other actions to a single district court for consolidated pretrial proceedings.

7   A copy of that MDL motion is attached as Tab 1. The *Maddox* plaintiffs contend that the six

8   actions fit the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1)

9   they involve litigation pending in different districts; (2) they "involv[e] one or more common

10  questions of fact," given the substantial similarity between the complaints; and (3) transfer will

11  further "the convenience of the parties and witnesses" and "will promote the just and efficient

12  conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what

13  are likely to be highly complex and document-intensive actions, and so minimizing waste and

14  inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a). While the *Maddox* plaintiffs have

15  recommended to the MDL Panel that it name the Northern District of California as the transferee

16  court, the pendency of actions in both the District of Connecticut and the Central District of

17  California (as well as a number of actions in other jurisdictions that may ultimately be included as

18  part of the MDL proceeding) creates the possibility that *Jackson*, *Robinson*, and the other actions

19  presently before the MDL Panel may be transferred outside of the Northern District of California.

20       Plaintiffs in another of the cases, *Antoine v. Ocwen Financial Services, Inc.*, have filed a

21  brief in support of the MDL motion. (A copy of that brief is attached at Tab 2.) As stated in the

22  *Maddox* brief, plaintiffs in both *Jackson* and *Robinson* have indicated that they do not oppose the

23  MDL motion either. The defendants' deadline to respond to the MDL motion is February 11,

24  2004. The MDL Panel can reasonably be expected to rule on the MDL motion at the next sitting

25  of the Panel.

26       The short delay that would result from a stay of further proceedings will not unduly delay

27  this matter and would lead to the efficient resolution of these actions. Discovery is still

28  preliminary in *Jackson* and *Robinson,* and no motions for class certification, summary judgment

OCWEN'S MOTION FOR STAY OF
PROCEEDINGS PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

1  or other substantive motions are currently pending.  The result of a stay would be to postpone the

2  class certification briefing contemplated to commence in the next month, as well as to postpone

3  the conclusion of discovery related to class certification issues, to permit an orderly discovery

4  process among all related actions and to prevent the possibility of inconsistent rulings on pretrial

5  summary judgment, class certification, and other motions.  Under the circumstances, the parties

6  agree that a stay is appropriate to permit the MDL Panel to act on the *Maddox* plaintiffs' request

7  for transfer and consolidation.

8                                          **ARGUMENT**

9  .A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

10        Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer

11  and consolidate multiple actions filed in several district courts in order to conduct coordinated

12  pretrial proceedings, where three conditions are met:

13        (1) the cases "involv[e] one or more common questions of fact;"

14        (2) transfer will further "the convenience of the parties and witnesses;" and

15        (3) transfer "will promote the just and efficient conduct of [the] actions."

16  28 U.S.C. § 1407.  "The purpose of such transfers is to further judicial economy and to eliminate

17  the potential for conflicting pretrial rulings."  *Good v. Prudential Ins. Co. of America*, 5 F.

18  Supp.2d 804, 809 (N.D. Cal. 1998); *see also, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d

19  49, 51-52 (2d Cir. 1978); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7

20  (S.D.N.Y. 1997).

21        To help achieve these goals, "[c]ourts frequently grant stays pending a decision by the

22  MDL Panel whether to transfer a case."  *Good*, 5 F. Supp. 2d at 809; *see also Rivers v. Walt*

23  *Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("a majority of courts have concluded that

24  it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and

25  consolidate is pending with the MDL Panel because of the judicial resources that are conserved").

26  The decision whether to stay  proceedings is within the discretion of the district court.  *See*

27  *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7,

28  1992).

                                                    OCWEN'S MOTION FOR STAY OF
                                                    PROCEEDINGS PENDING MDL PANEL REVIEW
                                                    CASE NO. C03-0743 MJJ

A stay in this case, pending the MDL Panel's decision whether to consolidate and transfer all the similar actions against Ocwen, would further judicial economy and eliminate the potential for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings pending the decision of the MDL Panel.

A.    **Judicial Economy Favors A Stay.**

Judicial economy would be served by a stay of proceedings in *Jackson* and *Robinson* because "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court." *Rivers*, 980 F. Supp. at 1360-61. Plaintiffs in *Jackson* and *Robinson* have indicated that they do not oppose consolidation of the cases as part of the MDL. A stay of further proceedings now, before this Court has had occasion to engage in efforts that are likely to be duplicated by the transferee court, would spare this Court time and effort that could be devoted to other cases, and would prevent the possibility of inconsistent rulings on pretrial motions among the various actions that are the subject of the *Maddox* plaintiffs' motion for transfer and consolidation.

Similarly, at this preliminary stage, this Court has not yet had to learn every aspect of a complicated case whose factual underpinnings require some knowledge of a broad range of practices common to the residential mortgage loan servicing industry. If the Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Id.* at 1360. The transferee court would have to deal with these same details again in the context of the consolidated proceedings.

A stay would also help eliminate duplicative motions and pretrial proceedings before the various courts in which these actions are proceeding. The complaints in the cases proposed for transfer and consolidation are similar and challenge related policies and practices. The cases seek certification of overlapping classes. There is a clear potential here for conflicting rulings on similar issues raised in each of the district courts, as well as conflicting or duplicative discovery

OCWEN'S MOTION FOR STAY OF
PROCEEDINGS PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

1   proceedings. "The law favors coordination of related cases in order to eliminate the risk that

2   parties will have to put forth duplicative cases or defenses or engage in duplicative pretrial tasks."

3   *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1 (D.D.C. April 21, 1987).  Such

4   duplication is to be avoided not just to ensure that complex actions are tried efficiently, but also to

5   avoid the possibility that parties will be faced with inconsistent rulings from different courts

6   addressing the same issues.  *See, e.g., Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*,

7   48 F.Supp.2d 37, 43 (D.D.C. 1999); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992

8   WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or

9   defend similar motions twice and the decisions of this Court and the Northern District [of

10  Mississippi] may be in conflict.  The duplicative motion practice and discovery proceedings

11  demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the

12  stay.").

13  **B.    The Parties Will Not Be Prejudiced By A Stay.**

14          A stay in this case would also further the purposes of 28 U.S.C. § 1407 by preserving

15  judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and

16  pretrial proceedings in this Court.  Because this action has not yet progressed past its discovery

17  stage, plaintiffs will suffer no prejudice if this Court stays proceedings until the MDL Panel has

18  had an opportunity to decide whether and where to transfer this action for further pretrial

19  proceedings.  *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J.

20  Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending

21  decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery

22  would occur between date of stay order and issuance of MDL Panel's order).  In recognition of

23  this fact, plaintiffs have stipulated to this stay

24  **C.    Courts Have Routinely Granted Similar Requests.**

25          Where a stay of proceedings would, as here, promote the objectives of the MDL process

26  and no particular prejudice would be caused by a stay, courts have repeatedly stayed all

27  proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28

28  U.S.C. § 1407.  *See, e.g., Aetna U.S. Healthcare*, 48 F.Supp.2d at 43; *Good*, 5 F.Supp.2d at 809;

OCWEN'S MOTION FOR STAY OF
PROCEEDINGS PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

1    *Rivers*, 980 F. Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at \*2; *Arthur-Magna*,

2    1991 WL 13725, at \*2; *Portnoy*, 1987 WL 10236, at \*1; *Egon v. Del-Val Fin. Corp.*, 1991 WL

3    13726, at \*1-2 (D.N.J. Feb. 1, 1991).

4

5    **C.    Alternatively, The Court Should Stay Proceedings And Extend Certification Discovery for 60 Days.**

6

7        If for some reason the Court were to disagree with the parties that a stay is justified to

8    permit the MDL Panel to create a proceeding including multiple actions involving similar claims

9    and overlapping purported classes, the parties request in the alternative that the Court extend the

10   current deadline for class certification-related discovery by 60 days. Because of the inadvertent

11   dismissal of the *Jackson* and *Robinson* cases, certification related discovery was delayed from the

12   initial schedule. Before the dismissal occurred, the Court and parties anticipated that discovery

13   on certification related issues would be completed by February 7, 2004, and class certification

14   briefing would begin on February 27, 2004. The confusion surrounding the dismissal orders

15   caused some delay in the discovery process. Accordingly, if the Court for some reason declines

16   to stay further proceedings pending the MDL Panel's transfer decision, the parties agree that it

17   would be appropriate to extend the discovery deadline, and the associated class certification

18   briefing schedule, by 60 days.

CONCLUSION

19

20       For the foregoing reasons, the parties respectfully request that the stipulated motion to

21   stay proceedings be granted. A proposed order to that effect is attached.

22

23

24

25

26

27

28

OCWEN'S MOTION FOR STAY OF
PROCEEDINGS PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ

```
 1    Dated: February __, 2004          THOMAS A. JENKINS
                                        DANIEL J. MULLIGAN
 2                                      JENKINS & MULLIGAN

 3

 4                                      By:_____
                                            Daniel J. Mulligan
 5                                      Attorneys for Plaintiff
                                        ARLEATHA L. ROBINSON
 6

 7    Dated: February __, 2004          BRIAN P. BROOKS
                                        RANDALL W. EDWARDS
 8                                      TIMOTHY C. TRAVELSTEAD
                                        O'MELVENY & MYERS LLP
 9

10                                      By:_____
                                            Randall W. Edwards
11                                      Attorneys for Defendant
                                        OCWEN FEDERAL BANK FSB
12
      Dated: February 12, 2004          RICHARD G. CARLSTON
13                                      MILLER STARR & REGALIA

14

15                                      By: Richard G Carlston
                                            Richard G. Carlston
16                                      Attorneys for Defendant
                                        Moss, Codilis, Stawiarski, Morris, Schneider &
17                                      Prior LLP

18    Dated: February __, 2004          JOHN D. DUNCAN
                                        PETER J. SALMON
19                                      MOSS PITE & DUNCAN

20

21                                      By:_____
                                            Peter J. Salmon
22                                      Attorneys for Defendant
                                        Cal-Western Reconveyance Corp.
23

24

25

26

27

28
                                   8
```

1

## <u>ORDER</u>

2         Having considered the foregoing stipulation and good cause appearing therefor, the Court

3     orders as follows: the STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS

4     PENDING MDL PANEL REVIEW is **GRANTED**.

5

6             **IT IS SO ORDERED.**

7

8     Dated: _____          _____

9                                                 Martin J. Jenkins
                                United States District Judge

10     \\sfclfp2\users\rwe10568\MOMS\WP\#539379 v1 - 2-11 Motion to Stay in Jackson - Robinson.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OCWEN'S MOTION FOR STAY OF
PROCEEDINGS PENDING MDL PANEL REVIEW
CASE NO. C03-0743 MJJ