cure that, either by withdrawing the allegedly admit -- alleged admissions, or whether the Court can look in terms of the length of the delay, --

THE COURT: Right.

MR. NGOBENI: -- I think is the very reasonable -- This is a situation where on the day the responses were due, responses were sent out. There was some that obviously did not make it because of the problems that the plaintiff explained, but the plaintiff didn't just sit on them forever. He made sure that they all went out and he responded every -- whatever objections he had.

So I think in terms of -- And if the Court might take this into account, --

THE COURT: Yes, sir.

MR. NGOBENI: -- this was the date of the deposition, where we were actually being deposed by the defendants themselves, so --

THE COURT: Well, let me tell you what I'm gonna do on those -- on the admissions.

You know, we're not talking about something that's grossly late. On the other hand, the rules are supposed to mean something.

There is an out, I suppose, with respect to the interests of justice, although I got to tell you

the actual responses that were served are pretty problematic, as well, and the problem with them is that, you know, something -- neither admitting or denying it is insufficient. There's no -- For some of them it's hard to understand whether there'd be any rationale for neither admitting or denying.

For example, either Mr. Hanson did or did not receive a communication from a particular person. If he did, he admits it. If he didn't, he denies it.

It's almost as if the, "Neither admitted or denied" is stuck there just to -- out of desperation, to make sure these things weren't even more late than they already were. Damn.

Well, let me tell you what I'm gonna do. As I said, I will -- I'm not going to simply deem them admitted in whole because I think it's probably excessively Draconian to Mr. Hanson himself, but I'm gonna give you five days, not ten, five -- Well, actually we're in Thanksgiving, so yeah, let's make it reasonable, to the end of the next -- the week after Thanksgiving, whatever that is, December 5th, to file an appropriate response to everything that was answered, "Neither admitted nor denied," and if they're still insufficient, you run the risk of suffering the sanction that rule itself includes, because if you have

to -- if defendant's have to prove something that simply could have been admitted, and it was inappropriately denied or hedged, the cost of doing that has shifted. So I'll give you to December 5th to file more appropriate responses there.

With respect to the question of documents that Moss, Codilis has addressed that may be attorney-client documents, what I want you to do, also by December 5th, is give us a sworn affidavit from Mr. Hanson, certified by you, Mr. Ngobeni.

Identify each of the documents by the person who either generated them or sent them, the person who received them, a brief description and the date, identifying them in the normal way, each of those documents that you believe was part of the larger loan file relating to Mr. Hanson that you possessed that were not turned over in discovery by any of the defendants.

Then once you receive that list, you know, you can have a discussion about basically whether those are attorney/client privileged documents or not.

You don't even know at this point what some of the documents are; is that right?

MR. SHIBER: That's right, Your Honor. I mean, he has claimed that he's got confidential

documents in his possession, but we don't know specifically what they are.

So what we would like is we would like for him to identify those documents. What Moss, Codilis documents does he have because we want to know whether there are some additional enforcement mechanisms that we need to undertake.

THE COURT: Yes. I want them to identify. Whether they're turned over or not will be the next -- will be the next step, but we don't even know exactly what documents --

MR. SHIBER: No, we don't, Your Honor.

We don't know exactly what the documents are.

THE COURT: Uh-huh.

Are they Bates stamped?

MR. SHIBER: There are -- In the document production that was made, there are large chunks of documents missing, if you look at the Bates stamp numbers.

In fact, the most recent, what he calls a "loan file," there's really internal annotations made, some involving attorneys, after he had been threatening lawsuits against Ocwen and others, but those documents are Bates stamped just above the range of documents produced to us.

So it's obvious that there are many documents that he has that he's not produced.

He talked today, Your Honor, about a hundred e-mails, a hundred and fifty sworn statements, affidavits of employees of Ocwen and Moss and Codilis, letters involving the Office of Thrift Supervision.

All of those documents go potentially to the issue, I would assume, of the propriety of class certification. None of those have been produced, and it would seem to me that those documents -- I mean, he's got right there, a file folder with those documents in them. We need to get those documents. If he's got a privilege claim, he needs to assert it.

THE COURT: Some of them may be subject to his own privilege claim, and that's something that would have to be addressed by -- You have to do a privilege log.

MR. SHIBER: Which we don't have, Your Honor.

THE COURT: Right. You just can't refuse to identify them.

MR. NGOBENI: Your Honor, I think that the Court has it right, in terms of what the issue is. We have never refused to identify anyone.

What we did was we asserted privilege, including work product privilege, where I asked for

hasn't, but that's another factor to consider in whether or not to grant my motion for preliminary injunction.

THE COURT: Okay. Well, let me tell you what I'm going to do --

MR. NGOBENI: Okay.

THE COURT: -- because I'm not reversing -- changing my mind about any of the motions that were granted for failure to file any opposition because at some point the rules and the procedures have to mean something, otherwise we turn this into -- you turn it into a farce and I can't allow that.

So I'm going to grant, and continue to grant, the motions that I already indicated would be granted in the absence of opposition.

The only -- And I'm also going to grant Document 147, which is Moss, Codilis' motion to compel, with this caveat, and this caveat alone, which applies to all the motions, because there is something in front of Judge Droney that I don't have.

With respect to the documents that were filed under seal, and only those documents that were filed under seal, the plaintiff does not have to produce those at this time. However, as part of the response, along with any documents that are produced, the

plaintiff should produce a log of those documents that were filed under seal so at least the defendants can know what they are and be better able to tell Judge Droney that they shouldn't be under seal. Yes?

MR. SCARBOROUGH: Well, I mean I -- Your Honor, the log probably needs to identify why it is --

THE COURT: That's right.

MR. SCARBOROUGH: -- that these things are under seal, whether it's attorney/client privilege, whether it's --

THE COURT: Sure. That's what a log does. It's -- It identifies the document and who generated it, the date, who it went to, a brief description of it and why it shouldn't be disclosed, or why it was filed under seal.

MR. SCARBOROUGH: And I think that makes sense and, Your Honor, because this may come up with the Court this afternoon, --

THE COURT: It will.

MR. SCARBOROUGH: -- and what I'm struggling with is if Judge Droney has seen these documents and his view is that we did what we were supposed to, what --

THE COURT: Then he would tell you -- Then he'll tell you --

MR. SCARBOROUGH: In other words, I don't want to say anything inconsistent to what you've done, but if Judge Droney says, "I don't have a problem with these documents going out the door," --

THE COURT: Then they go out the door.

MR. SCARBOROUGH: -- if Mr. Scarborough has done what he said that they should do --

THE COURT: Then they go out the door.

MR. SCARBOROUGH: So am I, Your Honor, with -- I understand the ruling on the log, but again, if I would like to raise this with Judge Droney --

THE COURT: Sure. Absolutely.

MR. SCARBOROUGH: Okay.

THE COURT: Sure. If he -- It's superceded by -- I guess I should say but -- or until further order of the Court, because if he says, "I don't want these things just under seal, they should be produced," then forget the log and just produce them.

MR. SCARBOROUGH: So we will report to Judge Droney --

THE COURT: As will I.

MR. SCARBOROUGH: -- the proceedings, Your Honor.

No, we will -- What I wanted to make clear, Your Honor, we will let him know that this issue has

come up, what this Court has ruled, and that we have been -- you know, we've asked permission to ask Judge Droney directly if he would like to just unseal the documents, given that we've gone through, and if you don't want us to do that, Your Honor, --

THE COURT: No, you should. You should.

MR. SCARBOROUGH: -- we'll follow the log proceeding.

THE COURT: You should.

MR. SCARBOROUGH: I'm just -- I just want to kind of keep things --

THE COURT: But in fairness to him also, and I'll try and tell him, is that if for some reason he's not at this point ready to rule on that, then basically there's the log.

MR. SCARBOROUGH: The log, and that makes perfect sense, and this is Document Request Number 3, just for the record in response.

THE COURT: Right, and the deadline for response -- Mr. Ngobeni, how much time do you think you would need to respond to these various motions to compel and the log that I suggested -- ordered?

MR. NGOBENI: Your Honor, in view of the holidays, I think if we can have the ten days that you --

THE COURT: Well, something actually practical because, you know -- What do you think, mid December?

MR. NGOBENI: I -- If we can have until December 15th, Your Honor, --

THE COURT: Sure.

MR. NGOBENI: -- just to make sure that I do everything.

MR. SPADAFORA: And, Your Honor, just to clarify for the record, he has until December 15th to answer the underlying discovery demands, correct?

THE COURT: That is subject to the various motions to compel that were granted.

MR. SPADAFORA: Thank you, Your Honor.

THE COURT: Mr. Ngobeni, you want to check with Mr. Hanson to make sure the fifteenth works?

MR. NGOBENI: Yes, Your Honor.

(Pause.)

MR. NGOBENI: Mr. Hanson has indicated he has two trials starting in early December, so he was asking until the end of December.

THE COURT: Sure. That's fine.

MR. HANSON: Thank you, Your Honor.

MR. NGOBENI: Thank you, Your Honor.

THE COURT: December 31st.

MR. NGOBENI: Yes.

THE COURT: Okay.

MR. SHIBER: Your Honor, I just wanted to clarify here.

You had specified a date of December 5 on the further responses to the requests for admissions that were neither denied or admitted, and I assume that still stands?

THE COURT: Right.

MR. SHIBER: Okay. Then the second thing is, as I understand your order, all documents -- all responsive documents should be produced, with the exception of those already filed with the Court under seal.

THE COURT: Correct.

MR. SHIBER: As to those, there's going to be a log identifying those documents and the privilege claimed.

THE COURT: Correct, unless Judge Droney says they don't have --

MR. SHIBER: They can be --

THE COURT: -- to be produced or they do have to be produced --

MR. SHIBER: Okay, and --

THE COURT: -- because I haven't seen what's under seal. Presumably, he has.

MR. SHIBER: That's correct, Your Honor, but I want to make sure that there aren't additional documents or there's no dispute as to what documents this log procedure applies to.

THE COURT: Right. You're absolutely right in making that clear.

MR. SHIBER: Okay, and then in terms of the interrogatory responses, there were no responses, and so I assume that there's a waiver there of objections to those responses; is that --

THE COURT: That would be right.

MR. SHIBER: Okay, and that's also true on the request for production.

There's no response, so there's a waiver of objections?

THE COURT: That would be right.

MR. SHIBER: Okay. Thank you, Your Honor.

THE COURT: Okay.

With respect to the deposition of the plaintiff, at some point you're going to need to finish that up.

MR. SHIBER: Right.

THE COURT: Okay.

Given what we've already done this morning and this afternoon, when do you think that it would be