UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| KWEKU HANSON, | : | No. 3:02-CV-960 (CFD) |
| individually and on behalf of | : | |
| all others similarly situated | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OCWEN FEDERAL BANK, et al. | : | |
| | : | |
| Defendants. | : | MARCH 1, 2004 |

---

**OCWEN'S JOINDER IN MOSS CODILIS'S
MOTION TO STAY CASE PENDING MDL PANEL REVIEW**

Defendant Ocwen Federal Bank FSB ("Ocwen"), by its attorneys, hereby joins in the Moss Codilis Related Defendants' Motion to Stay Proceedings Pending MDL Panel Review, filed on February 24, 2004, and respectfully requests that the Court enter a stay of all proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on the pending motion to transfer and consolidate this action with several other pending putative class actions pending across the country. Ocwen fully incorporates herein the arguments made by the Moss Codilis Related Defendants in their motion and brief, and submits this separate statement to further demonstrate the reasons for a brief stay of this action.

**NO ARGUMENT REQUESTED
NO TESTIMONY REQUIRED**

**INTRODUCTION**

This action is the subject of a motion brought by a group of plaintiffs' attorneys before the MDL Panel, docketed as MDL-1604, In re Ocwen Federal Bank, FSB, Mortgage Servicing Litigation. Those attorneys, who seek to represent a putative nationwide class in a case brought against Ocwen (Maddox v. Ocwen Federal Bank FSB, No. CV03-9515 (C.D. Cal.), have requested that the MDL Panel consolidate the Maddox case, the Hanson case, and a number of other cases pending against Ocwen (and, in several cases, Moss Codilis), for all pre-trial proceedings, pursuant to 28 U.S.C. § 1407, in the Northern District of California.[1] Already, and as is routine under these circumstances, the federal district court overseeing two of the actions (Jackson v. Ocwen Federal Bank FSB, No. C03-0743 MJJ (N.D. Cal.), and Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, No. C03-1302 MJJ (N.D. Cal.)) has stayed all proceedings pending a decision by the MDL Panel (a copy of the Order granting the stay in Jackson and Robinson is attached hereto as Exhibit A). The MDL Panel is scheduled to hear the motion to transfer on March 23, 2004, and will likely rule shortly thereafter. In these circumstances, a general stay of this action is warranted.

---

[1] Ocwen and Moss Codilis have agreed that transfer and consolidation are appropriate, but believe that the proper forum is the Northern District of Illinois or the Southern District of Florida. Kweku Hanson has filed an objection to transfer of this action with the MDL Panel, alternatively arguing that this district is the best location for consolidation.

## ARGUMENT

## TO CONSERVE JUDICIAL RESOURCES AND AVOID INCONSISTENT RULINGS, THIS COURT SHOULD STAY ALL PROCEEDINGS PENDING A DECISION BY THE MDL PANEL.

Federal courts possess inherent powers to stay proceedings before them, and routinely exercise this authority to stay pretrial proceedings pending the MDL Panel's consideration and resolution of motions to transfer for consolidated proceedings. See, e.g., Medical Soc'y v. Connecticut Gen. Corp., 187 F. Supp. 2d 89, 91-92 (S.D.N.Y. 2001) (deferring consideration of motion to remand pending transfer decision by MDL Panel); Tench v. Jackson Nat'l Life Ins. Co., 1999 WL 1044923, *2 (N.D. Ill. Nov. 12, 1999) (staying all proceedings, including consideration of remand motion, to "ensure consistency and avoid duplicative efforts"); see also Landis v. North America Co., 299 U.S. 248, 254-255 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants").

For example, in In re Ivy, the Second Circuit approved a district court's decision to decline to rule on a "remand motion, stating that it would defer to the decision of the MDL Panel." 901 F.2d 7, 9 (2d Cir. 1990). The Second Circuit recognized that the issues raised by the remand motion were capable of arising in numerous cases "throughout the nation," and concluded that "[c]onsistency as well as economy is served" by having the issue

resolved by a single court.  Id.  Indeed, as one court found: "[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases).

It is for these same reasons – preserving judicial resources and avoiding conflicting decisions – that a significant majority of courts have found it appropriate to stay pretrial proceedings, often including even threshold jurisdictional challenges (not present here), pending a decision by the MDL Panel.  See Clark v. Bayer Corp., 2002 WL 987367, * 1 (E.D. La. May 13, 2002) ("because the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay"); Martinez v. American Home Products Corp., 2002 WL 465184, *1 (E.D. La. Mar. 25, 2002) (same); Namovicz v. Cooper Tire & Rubber Co., 2001 WL 327886, *2-3 (D. Md. Feb. 26, 2001) (granting stay of all proceedings because "[a] stay is necessary to ensure that, in the event consolidation of all cases for pre-trial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted"); Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1046-47 (E.D. Wis. 2001) (staying consideration of existence of federal question pending transfer decision by MDL Panel); Weinke v. Microsoft Corp., 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000)

(granting stay); Aikins v. Microsoft Corp., 2000 WL 310391, *1 (E.D. La. 2000) (staying further pretrial proceedings because "[c]onsistency and economy are both served by resolution of these issues by a single court after transfer by the [MDL Panel]"); Aetna U.S. Healthcare, Inc. v. Hoechst AG, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (granting stay to "further judicial economy and eliminate the potential for conflicting pretrial rulings"); Good v. Prudential Ins. Co., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay pending MDL Panel decision; noting that "Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case"); Johnson v. AMR Corporation, 1996 WL 164415, *3-4 (N.D. Ill. Apr. 3, 1996) (concluding that "the best course is to postpone ruling on the present motions ... and allow the MDL panel to determine whether to make its conditional final orders"); Boudreaux v. Metropolitan Life Ins. Co., 1995 WL 83788, *2 (E.D. La. Feb. 24, 1995) ("[T]he policies of efficiency and consistency of pretrial rulings are furthered by a stay of the proceedings ... pending a decision on the [MDL Panel] decision on the conditional transfer order."); Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 WL 13725 (D.N.J. Feb. 1, 1991) (staying all proceedings "pending resolution of defendant's motion for consolidation [before MDL Panel]"); Portnoy v. Zenith Laboratories, 1987 WL 10236, *1 (D.D.C. Apr. 21, 1987) (staying case "in order to eliminate the risk that parties will have to put forth duplicated cases or defenses or engage in duplicative pre-trial tasks).

So too here, both consistency and economy will be served by staying pretrial proceedings pending the MDL Panel's decision on the motion to transfer this case and others to a consolidated MDL proceeding. If numerous courts, including this Court, proceed with pretrial matters prior to transfer, then the efforts of the courts and litigants will be needlessly repeated many times over. For example, the current scheduling order allows plaintiff to take a deposition from each defendant group in this action during March 2004 on Phase One issues, but such discovery would almost certainly be duplicative of issues raised in the other cases pending across the country (e.g., whether a class should be certified). In addition, defendants are currently required to respond to plaintiff's class certification motion on April 30, 2004.[2] The other cases pending as part of the MDL motion are brought on behalf of overlapping or identical putative classes. Consideration of class certification by this Court would be duplicative of the consideration that a transferee court would need to address.

There also is a risk of inconsistent and potentially conflicting pretrial rulings if a stay is not granted. This is most apparent with respect to class certification. Compare American Seafood, Inc. v. Magnolia Processing, Inc., 1992 WL102762, *2 (E.D. Pa. May 7, 1992)

---

[2] Further complicating matters, plaintiff has failed to comply with this Court's discovery and scheduling orders, thus requiring additional motion practice by the defendants before they can proceed with a deposition of plaintiff or a response to class certification. Without waiving the right to seek appropriate contempt relief from this Court, which entered the orders that plaintiff has flouted, Ocwen joins in Moss Codilis's motion for a stay because an MDL transferee court can more efficiently schedule and sequence discovery and class certification for all cases.

(staying case because of, among other things, the "duplicate motion practice" with respect to motions for class certification in multiple cases subject to a transfer motion before the MDL Panel). If multiple courts address class certification prior to transfer, there is a risk of inconsistent outcomes and substantial confusion to class members, who may be faced with multiple class notices. In addition, certification of overlapping or identical classes, with different class representatives, risks inconsistent adjudications on the merits and the possibility of extinguishing class members' claims through res judicata.

     Finally, a stay will not prejudice plaintiff. The delay in this proceeding will be short, as the MDL Panel has already scheduled oral argument on the pending motion (for March 23, 2004), and a decision will likely be issued shortly thereafter. Cf. Medical Soc'y, 187 F. Supp. 2d at 91 (noting that plaintiff's complaint about "slight delay" in resolving outstanding motion did not outweigh benefits of stay); Aikins, 2000 WL 310391 at *1 (same). If the instant case is transferred, then the transferee court may consider any and all pretrial matters at that time, in coordination with the other cases. E.g. Ivy, 901 F.2d at 9. If instead this case is not transferred for any reason, then the stay can be lifted, and this Court can proceed with this matter as before. Under these circumstances, plaintiff faces no unfair prejudice from the requested stay. Indeed, as noted above, the Northern District of California has already entered a stay of two of the pending actions.

## **CONCLUSION**

For all of the foregoing reasons, Ocwen joins in the Motion to Stay filed by the Moss Codilis related defendants, and respectfully prays that this Court stay this action in all respects pending a ruling by the MDL Panel on the motion to transfer, and, if that motion is granted, the entry of an appropriate scheduling order by the transferee court.

DEFENDANT -
OCWEN FEDERAL BANK FSB


By _____/s/_____

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood LLP
Bank One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

John K. Van De Weert - ct25413
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
jvandeweert@sidley.com

Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Ocwen's Joinder in Moss Codilis's Motion to Stay Pending MDL Panel Review was sent by U.S. mail, first class postage prepaid, on this 1st day of March, 2004 to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108
(additional copy by FedEx)

Steven M. Greenspan, Esq.
David Bizar, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood LLP
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603

Luigi Spadafora, Esq.
Winget & Spadafora
45 Broadway, 19th Floor
New York, NY 10006

Kweku J. Hanson, Esq.
*Pro Se*
Elm Building
487 Main Street, Suite Two
Hartford, CT  16103-3007

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

John K. Van De Weert, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, DC 20005

_____/s/_____
Matthew J. Budzik