IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated, | Case No. 3:02 CV 960 (CFD) |
| Plaintiff, | |
| v. | March 10, 2004 |
| OCWEN FEDERAL BANK; et al., | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOSS**

**CODILIS DEFENDANTS' MOTION TO COMPEL DISCLOSURE,**

**TO DEEM REQUESTS FOR ADMISSIONS ADMITTED,**

**FOR EXTENSION OF TIME WITHIN WHICH TO DEPOSE PLAINTIFF**

**AND TO IMPOSE APPROPRIATE SANCTIONS**

**I.        INTRODUCTION.**

Pursuant to Rules 26, 34, 36 and 37 of the Federal Rules of Civil Procedure and

Rules 7(b), 26, and 37 of the Local Rules of Civil Procedure, the Moss Codilis Defendants[1]

---

[1]        Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

respectfully submit this memorandum in support of their motion to (1) compel plaintiff to respond to Moss Codilis' written discovery demands dated March 11, 2003 in compliance with this Court's November 24, 2003 rulings and subsequent order, (2) to deem Moss Codilis's requests for admissions dated March 11, 2003 admitted, (3) for extension of time within which to depose plaintiff, and (4) to impose appropriate sanctions.

II.        **FACTS.**

   A.        **Order Granting Previous Motion To Compel.**

        On November 24, 2003, this Court heard and granted Moss Codilis Defendants' Motion to Compel Disclosure, to Deem Requests for Admissions Admitted, and to Impose Appropriate Sanctions dated April 30, 2003 [Docket No. 147.].[2]  The Court's rulings were ultimately reduced to a written Ruling On Pending Discovery Motions And Amended Scheduling Order entered December 3, 2003. [Docket No. 208.]

        The Court ordered plaintiff to respond in three substantive respects.  First, plaintiff was ordered to respond to all requests for admission to which it had interposed "neither admitted nor denied" responses by December 5, 2003.  Transcript of Proceedings 76:21-23, attached hereto as Exhibit A (hereinafter "Transcript").  The Court cautioned plaintiff that further insufficient responses would expose plaintiff to appropriate discovery sanctions.  Transcript 76:23-77:4.

        Second, the Court ordered plaintiff to produce all relevant documents, and to identify each document in his possession not turned over to the defendants in discovery that may have constituted attorney-client communications between Ocwen and Moss Codilis.  Transcript

---

[2]        On March 11, 2003, the Moss Codilis Defendants served: (1) Defendant Moss, Pite & Duncan, LLP's First Set of Special Interrogatories; (2) Defendant Moss Codilis, Stawiarski, Morris, Schneider & Prior, LLP's First Set of Special Interrogatories; (3) Moss Codilis-Related Defendants' First Set of Requests for Production of Documents; and (4) Moss Codilis-Related Defendants' First Set of Requests for Admission.  The Moss Codilis Defendants also served a Notice of Deposition of Kweku Hanson and Request for Documents, noticing Plaintiff Hanson's deposition for April 14, 2003.  Plaintiff's failure to properly respond to that discovery led to the November 24, 2003 discovery hearing.

77:6-18; 106:9-17.  The deadline for compliance with this order was December 31, 2003.
Transcript 105:24.

Finally, plaintiff was ordered to respond to the Moss Codilis defendants' March 11, 2003 interrogatories by December 31, 2003.  Transcript, at 105:8-24.  The Court also noted that due to plaintiff's failure to respond to defendants' interrogatories and requests for production, plaintiff was deemed to have waived his objections thereto.  Transcript 107:7-16.

The Court further ordered that plaintiff appear for his deposition in mid-February 2004, following his compliance with specified discovery orders, and that plaintiff had the right take depositions as to Phase I issues of one witness from each of the three "defendant groups" by the end of March 2004.  Amended Scheduling Order [Docket No. 208.]  The Moss Codilis defendants anticipated noticing Hanson's deposition for mid-February, as directed by the Court.  However, they have unable to adequately prepare to depose Hanson absent the written discovery and document production ordered by this Court nearly three months ago. [Docket No. 208.]  Defendants' ability to prepare for plaintiff's deposition has been severely limited by plaintiff's failure to respond to pending discovery as ordered by the Court.

**B.      Plaintiff's Supplemental Responses To Requests For Admission Are Insufficient And Fail To Comply With This Court's Order.**

Plaintiff's supplemental responses to the Moss Codilis-Related Defendants' First Set of Requests for Admission were timely.  *See* Plaintiff's Supplemental Responses To Requests For Admission, attached hereto as Exhibit B.  However, they were seriously defective in all other respects, and failed to conform to the substance of the Court's rulings and order.   Rather than provide sufficient supplemental responses to those deemed insufficient by this Court, plaintiff took the opportunity to *modify his responses to requests for admission that were not originally answered with "neither admitted nor denied," and were thus outside the scope of the Court's November 24, 2003 order.*

-3-

Not only did plaintiff fail to respond to those requests for admission which the Court directed, a number of the responses provided by plaintiff were vague, ambiguous and insufficient.  For example, plaintiff responded to several requests for admission with "do not know" answers and qualified many of his admissions with the opaque and confusing caveat "to the extent there existed a Chinese wall between…."

**C.**     **Plaintiff Has Not Provided Supplement Responses To Special Interrogatories As Ordered By The Court.**

This Court ordered plaintiff to provide responses to the March 11, 2003 interrogatories without objections interposed. Transcript 105:8-24.  As noted above, the deadline set by the Court for such responses was December 31, 2003.  Transcript 105:24.  To date, more than six weeks after that deadline, plaintiff has provided no supplemental responses to the Moss Codilis defendants' special interrogatories.

**D.**     **Plaintiff Has Not Produced Documents Or A Privilege Log As Ordered By The Court.**

Plaintiff has now produced one box of documents and an electronic copy of a portion of his e-mail records in response to Moss Codilis-Related Defendants' First Set of Requests for Production of Documents.  However, the single box of documents is composed of multiple copies of the same documents, reproduced three or four times.  Plaintiff cannot honestly claim that this production consists of all responsive documents.  Plaintiff and his attorney have each claimed on numerous occasions that they possess hundreds of affidavits and statements from potential class members.  *See, e.g.*, Plaintiff's Statement In Support Of Immediate Hearing On The Motion For Preliminary Injunction ("Since the issuance of the original scheduling order, plaintiff has been inundated with affidavits, telephone calls, e-mails and other correspondence from hundreds of Ocwen's customers who have lost, and are in the process of losing their homes through foreclosure.") [Docket No. 202.]; *see also,* 11/14/03 e-mail from K. Hanson, attached

-4-

hereto as Exhibit C ("We already have over 150 Affidavits, but want to 'overkill' these robber barons."). Only a fraction of these documents are contained in plaintiff's production.

Furthermore, despite the fact that documents have clearly been withheld and despite this Court's explicit order at the November 24, 2003 hearing, plaintiff has produced no privilege log to defendants identifying documents withheld from production. Transcript 77:6-18, 105:24.

As the above facts demonstrate, plaintiff has failed to abide by the Court's November 24, 2003 rulings and subsequent order in a multiplicity of ways. There has been no real response to defendants' requests for admission, no response at all to defendants' special interrogatories, and an incomplete response to defendants' request for production of documents with no privilege log provided.

The Moss Codilis defendants have sought, in compliance with the Local Rules to resolve this latest impasse with plaintiff informally. *See* Letters from B. Shiber to P. Ngobeni dated January 7 and 13, 2004, attached hereto as Exhibits D & E. However, these efforts have produced no response. Accordingly, the Moss Codilis defendants are forced once again to seek recourse from the Court.

III.      **ARGUMENT**.

The facts as set forth above speak for themselves. The Moss Codilis defendants are left no choice but to seek the Court's intervention in this matter yet again. Plaintiff blatantly refuses to cooperate in the required discovery process. Apparently, even this Court's orders have been insufficient to compel the required cooperation.

Defendants cannot adequately prepare to depose Mr. Hanson without the written discovery and document production ordered by this Court nearly three months ago. [Docket No. 208.] Moss Codilis defendants anticipated noticing Mr. Hanson's deposition for the month of February. However, given Mr. Hanson's total lack of cooperation, Moss Codilis defendants

-5-

respectfully request that that deposition be postponed until such time as plaintiff complies with federal discovery rules and the Court's November 24, 2003 rulings and subsequent order.

      **A.**      <u>**Plaintiff Has Failed To Comply With This Court's November 24, 2003 Rulings And Subsequent Order.**</u>

      **1.**      <u>**Plaintiff Has Failed To Submit Supplemental Responses To Requests For Admission As Ordered By This Court.**</u>

As noted in the factual discussion above, plaintiff's supplemental responses to the Moss Codilis Defendants' First Set of Requests for Admission are problematic in a number of respects.

In the first place, plaintiff has attempted to modify some responses that were not subject to the Court's November 24, 2003 ruling, as they had not been originally answered "neither admitted nor denied." These include responses to Request for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, 31, 32, 33, 35, 41, 44, 45, 49, 50, 60, 70, 75, 76, 80, 85, 90, 93, 95, 98, 100, 103, 105, 110, 111, 112, 113, 114, 115, 116, 117, 118, and 119. As these late responses are not permitted by the Court's November 24, 2003 ruling, the Moss Codilis defendants request that they be stricken.

Second, plaintiff has provided "do not know" responses to three of the requests for admission to which he previously supplied "neither admitted nor denied" answers. Such responses are improper. The Federal Rules of Civil Procedure state:

> An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

(Fed. R. Civ. P. 36.) Plaintiff failed to make the required certification in connection with these responses. His responses provide no greater clarity than the prior responses already deemed insufficient by this Court. Accordingly, the Moss Codilis defendants respectfully request that these three requests for admission be deemed admitted pursuant to the Federal Rules of Civil

Procedure, Rule 36.[3]  If the Court is unwilling to grant this remedy, the Moss Codilis Defendants

urge in the alternative that the Court order plaintiff to respond to these requests for admission in

compliance with both the Federal Rules of Civil Procedure and this Courts November 24, 2003

rulings and subsequent order.

Similarly, Plaintiff's responses to Request for Admission Nos. 66, 67, 68, 69, 71,

72, 73, 74, 76, 77, 78, 79, 81, 82, 83, 84, 86, 87, 88, 89, 91, 92, 93, 94, 96, 97, 98, 99, 101, 102,

103, 104, 106, 107, 108, and 109 state that the requests are admitted "to the extent there existed

a Chinese wall between . . . ."  This response is unclear and fails to "fairly meet the substance of

the requested admission . . . ." as required by the Federal Rules.  It cannot be determined what

plaintiff means by a "Chinese wall," nor can it be determined whether or not plaintiff is actually

admitting or denying the request.  The Code requires that "[w]hen good faith requires that a party

qualify an answer or denial on only a part of the matter of which an admission is requested, the

party shall specify so much of it as is true and qualify or deny the remainder."  Plaintiff has failed

to do that in this case.  The Moss Codilis defendants accordingly request that these requests for

admission be deemed admitted pursuant to Rule 36, or in the alternative, that the Court order

plaintiff to supply adequate responses to these requests.

## 2.    <u>Plaintiff Has Failed To Submit Responses To Special Interrogatories As Ordered By This Court.</u>

Plaintiff has again failed to respond in any manner to the Moss Codilis defendants'

March 11, 2003 interrogatories.  The Court in its November 24, 2003 rulings and subsequent

order directed plaintiff to respond to these interrogatories without objection by December 31,

2003. [Docket No. 208.]  The Moss Codilis defendants accordingly request that the Court renew

this order, and to consider imposing sanctions on plaintiff for his complete disregard for the

December deadline.

---

[3]        "The matter is admitted unless, within 30 days after service of the request, or within such
shorter or longer time as the court may allow or the parties may agree to in writing, subject to
Rule 29, the party to whom the request is directed serves upon the party requesting the admission
a written answer or objection addressed to the matter…."  (Fed. R. Civ. P. 36.)

3.      **Plaintiff Has Failed To Produce All Responsive Documents Or Identify Each Document Withheld As Ordered By This Court.**

Finally, as set forth in greater detail above, plaintiff has failed to produce all responsive documents or to identify each document in his possession not turned over to the defendants in discovery that may have constituted attorney-client communications between Ocwen and Moss Codilis as ordered by this Court on November 24, 2003. Transcript 77:6-18; 106:9-17.  The Moss Codilis defendants accordingly request that the Court renew this order and consider imposing sanctions on plaintiff.

4.      **Defendants Have Received No Response To Their Attempts To Resolve This Matter Informally.**

Counsel for the Moss Codilis defendants has conferred with plaintiff's counsel in accordance with D. Conn. L. R. 37(a)2 in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach any agreement.  See Affidavit of David Bizar in Support of Motion of Moss Codilis Defendants to Compel Disclosure, to Deem Requests for Admissions Admitted, For Extension Of Time Within Which To Depose Plaintiff and to Impose Appropriate Sanctions, attached hereto as Exhibit F.

5.      **Defendants Require An Extension Of Time Within Which To Depose Plaintiff.**

As discussed above, the Moss Codilis defendants anticipated noticing Hanson's deposition for mid-February, as directed by the Court.  However, they were unable to adequately prepare to depose Hanson absent the written discovery and document production ordered by this Court nearly three months ago. [Docket No. 208.]  Because of plaintiff's failure to comply with this Court's November 24, 2003 rulings and subsequent orders requiring responses to written discovery and production of documents, discovery has not proceeded according to the Court's and defendants' anticipated schedule.  That schedule was based on plaintiff's anticipated compliance with the Court's orders within the time-frame contemplated.  Plaintiff's total failure to

-8-

comply with these orders has severely limited defendants' ability to prepare for plaintiff's deposition. The Moss Codilis defendants accordingly request an extension of the time within which to depose plaintiff until such time as plaintiff fully complies with the Court's outstanding discovery orders.

## IV.        <u>CONCLUSION</u>

Accordingly, the Moss Codilis defendants respectfully request that: (1) the Court compel plaintiff to withdraw its improperly modified responses to the Moss Codilis-Related Defendants' First Set of Requests for Admission as set forth above; (2) the Court order that those requests for admission to which plaintiff has interposed a "do not know" or "Chinese wall" response be deemed admitted, or, in the alternative, order plaintiff to supply adequate responses to each such request; (3) the Court order Plaintiff to respond to the Moss Codilis defendants' March 11, 2003 interrogatories without objections interposed; (4) the Court order plaintiff to produce all documents responsive to the Moss Codilis-Related Defendants' First Set of Requests for Production of Documents; (5) the Court grant defendants an extension of time within which to depose plaintiff; and (6) the Court impose such further sanctions as it deems appropriate pursuant to Fed. R. Civ. P. 37(4) and D. Conn. L. R. 37(a)(4), including an order that plaintiff pay the Moss Codilis defendants' costs and fees associated with this motion.

Dated:  March 10, 2004

MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By:  _____

Richard G. Carlston (ct23944)
Basil S. Shiber (ct23946)
Miller, Starr & Regalia
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California  94596
Telephone:     (925) 935-9400

-and-

Steven M. Greenspan (ct00380)
David M. Bizar (ct20444)
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut  06103
Telephone:     (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this

10th day of March, 2004, to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

Francis J. Brady, Esq.
Matthew J. Budzik
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103-3469

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA 94596

Lou Spadafora, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT 06460

Kweku J. Hanson, Esq.
(Pro Se)
487 Main Street
Hartford, CT 06103-3007

Paul Britt, Esq.
Moss, Codilis, Stawiarski, Morris,
        Schneider & Prior, LLP
6560 Greenwood Plaza Boulevard
Suite 550
Englewood, CO 80111-7100

_____
David M. Bizar