Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON individually and on behalf of all others similarly situated<br>Plaintiffs<br><br>v.<br><br>OCWEN FEDERAL BANK, ET. AL.<br>Defendants | DOCKET # 3:02CV960 (CFD)<br><br><br><br><br><br><br><br>DECEMBER 5, 2003 |

### KWEKU HANSON'S RESPONSE TO MOSS CODILIS-RELATED DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Paragraph Numbers Correspond (and are Responsive to) Each Similarly Numbered Requests for Admission

1. Denied

2. Admitted in part, denied in part. Communications were inconsistent.

3. Admitted in part, denied in part. Communications were inconsistent.

4. Denied

5. Admitted

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Admitted

-1-

EXHIBIT B

11. Admitted

12. Admitted

13. Do not know

14. Denied

15. Denied

16. Denied

17. Denied

18. Denied

19. Denied

20. Denied

21. Denied

22. Denied

23. Denied

24. Denied

25. Denied

26. Most definitely Denied

27. Denied

28. Do not know

29. Do not know

30. Denied

31. Denied

32. Denied

-2-

33. Denied

34. Admitted

35. Denied

36. Admitted, to the extent no Moss, Pite & Duncan employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

37. Admitted, to the extent no Moss, Pite & Duncan employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

38. Admitted, to the extent no Moss, Pite & Duncan employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

39. Admitted, to the extent no Moss, Pite & Duncan employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

40. Denied

41. Admitted, to the extent no Codilis & Stawiarski, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

42. Admitted, to the extent no Codilis & Stawiarski, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

43. Admitted, to the extent no Codilis & Stawiarski, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

44. Admitted, to the extent no Codilis & Stawiarski, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

45. Denied

46. Admitted, to the extent no Morris, Schneider & Prior, LLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

47. Admitted, to the extent no Morris, Schneider & Prior, LLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

48. Admitted, to the extent no Morris, Schneider & Prior, LLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

49. Admitted, to the extent no Morris, Schneider & Prior, LLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

50. Denied

-4-

51. Admitted, to the extent no Fein, Such, Khan & Shepard, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

52. Admitted, to the extent no Fein, Such, Khan & Shepard, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

53. Admitted, to the extent no Fein, Such, Khan & Shepard, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

54. Admitted, to the extent no Fein, Such, Khan & Shepard, PC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

55. Denied

56. Admitted, to the extent no Weltman, Weinberg & Reis Co. employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

57. Admitted, to the extent no Weltman, Weinberg & Reis Co. employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

58. Admitted, to the extent no Weltman, Weinberg & Reis Co. employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

59. Admitted, to the extent no Weltman, Weinberg & Reis Co. employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

60. Denied

61. Admitted, to the extent no Boles, Boles & Ryan, PLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

62. Admitted, to the extent no Boles, Boles & Ryan, PLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

63. Admitted, to the extent no Boles, Boles & Ryan, PLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

64. Admitted, to the extent no Boles, Boles & Ryan, PLC employees worked for Moss Codilis Stawiarski Morris Schneider & Prior LLP

65. Denied

66. Admitted, to the extent there existed a Chinese wall between Gerald R. Moss and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

67. Admitted, to the extent there existed a Chinese wall between Gerald R. Moss and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

68. Admitted, to the extent there existed a Chinese wall between Gerald R. Moss and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

69. Admitted, to the extent there existed a Chinese wall between Gerald R. Moss and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

70. Denied

71. Admitted, to the extent there existed a Chinese wall between Ernie Codilis and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

72. Admitted, to the extent there existed a Chinese wall between Ernie Codilis and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

73. Admitted, to the extent there existed a Chinese wall between Ernie Codilis and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

74. Admitted, to the extent there existed a Chinese wall between Ernie Codilis and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

75. Denied

76. Admitted, to the extent there existed a Chinese wall between Leo C. Stawiarski and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

77. Admitted, to the extent there existed a Chinese wall between Leo C. Stawiarski and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

78. Admitted, to the extent there existed a Chinese wall between Leo C. Stawiarski and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

79. Admitted, to the extent there existed a Chinese wall between Leo C. Stawiarski and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

80. Denied

81. Admitted, to the extent there existed a Chinese wall between Arthur J. Morris and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

82. Admitted, to the extent there existed a Chinese wall between Arthur J. Morris and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

83. Admitted, to the extent there existed a Chinese wall between Arthur J. Morris and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

84. Admitted, to the extent there existed a Chinese wall between Arthur J. Morris and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

85. Denied

86. Admitted, to the extent there existed a Chinese wall between Thomas E. Prior and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

87. Admitted, to the extent there existed a Chinese wall between Thomas E. Prior and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

88. Admitted, to the extent there existed a Chinese wall between Thomas E. Prior and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

89. Admitted, to the extent there existed a Chinese wall between Thomas E. Prior and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

90. Denied

91. Admitted, to the extent there existed a Chinese wall between Randolph Schneider and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

92. Admitted, to the extent there existed a Chinese wall between Randolph Schneider and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

93. Admitted, to the extent there existed a Chinese wall between Randolph Schneider and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

94. Admitted, to the extent there existed a Chinese wall between Randolph Schneider and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

95. Denied

96. Admitted, to the extent there existed a Chinese wall between Alan F. Such and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

97. Admitted, to the extent there existed a Chinese wall between Alan F. Such and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

98. Admitted, to the extent there existed a Chinese wall between Alan F. Such and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

99. Admitted, to the extent there existed a Chinese wall between Alan F. Such and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

100. Denied

101. Admitted, to the extent there existed a Chinese wall between Larry R. Rothenberg and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

102. Admitted, to the extent there existed a Chinese wall between Larry R. Rothenberg and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

103. Admitted, to the extent there existed a Chinese wall between Larry R. Rothenberg and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

104. Admitted, to the extent there existed a Chinese wall between Larry R. Rothenberg and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

105. Denied

106. Admitted, to the extent there existed a Chinese wall between William R. Boles, Jr., and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

107. Admitted, to the extent there existed a Chinese wall between William R. Boles, Jr., and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

108. Admitted, to the extent there existed a Chinese wall between William R. Boles, Jr., and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

109. Admitted, to the extent there existed a Chinese wall between William R. Boles, Jr., and the entity Moss Codilis Stawiarski Morris Schneider & Prior LLP

110. Denied

111. Admitted

112. Admitted

113. Admitted

114. Admitted

115. Admitted

116. Admitted

117. Admitted

118. Admitted

119. Admitted

Date: Dec. 5, 2003

BY 

Kweku J. Hanson

State of Connecticut ()

        SS: Hartford, December 5, 2003

County of Hartford ()

  Sworn and subscribed to before me, _Carmen Crespo_
  Title: Notary Public / Commissioner of Superior Court

## CERTIFICATION

A copy of the foregoing Plaintiffs' Response to Moss Codilis Related Defendants First Set of Requests for Admission was served on December 5, 2003 by first-class mail, postage prepaid, on all counsel of record, and the pro se party:

| | |
|---|---|
| Steven M. Greenspan, Esq.<br>David M. Bizar, Esq.<br>Day, Berry & Howard LLP<br>CityPlace I<br>Hartford, CT 06103-3499<br>(860) 275-0100 Fax (860) 275-0343 | Matthew Budzik, Esq.<br>Francis J. Brady, Esq.<br>Murtha Cullina LLP<br>CityPlace I, 185 Asylum Street<br>Hartford, CT 06103<br>(860) 240-6000 Fax (860) 240-6150 |
| Basil S. Shiber, Esq.<br>Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd. 5th Flr<br>P. O. Box 8177<br>Walnut Creek, CA 94596<br>(925) 935-9400 | Theodore R. Scarborough, Esq.<br>Sidely, Austin, Brown & Wood<br>Attorneys at Law<br>Bank One Plaza<br>Chicago, IL 60603<br>(312) 853-7036 Fax (312) 853-2236 |
| Luigi Spadafora, Esq.<br>Peter R. Stark, Esq.<br>Winget, Spadafora & Schwartzberg<br>45 Broadway, 19th Floor<br>New York, NY 10006<br>(212) 221-6900 Fax (212) 221-6989 | Kweku J. Hanson, Esq. (*Pro Se*)<br>Law Offices of Kweku J. Hanson<br>487 Main Street, Suite Two<br>Hartford, CT 06103-3007<br>(860) 728-5454 Fax (860) 548-9660 |

                   _Paul M. Ngobeni_
                   Paul M. Ngobeni, Esq.