

**MILLER STARR & REGALIA**
A PROFESSIONAL
LAW CORPORATION

1331 NORTH CALIFORNIA BLVD.
FIFTH FLOOR
P.O. BOX 8177
WALNUT CREEK, CALIFORNIA 94596
FACSIMILE (925) 933-4126
TELEPHONE (925) 935-9400

# FAX TRANSMISSION COVER SHEET

### January 7, 2004

TO:     Paul M. Ngobeni          FACSIMILE:     (860) 282-7479
        Ngobeni & Associates      TELEPHONE:

        David M. Bizar            FACSIMILE:     (860) 275-0343
        Day, Barry & Howard       TELEPHONE:

FROM:   Basil S. Shiber

RE:     *Hanson v. Ocwen Federal Bank, et al.*
        U.S.D.C. Dist. Conn. 3:02 CV 960 (CFD)

**Total Number of Pages** *(including this page)*     $8$

...................................................................................................................
**If you do not receive all pages, please contact the Copy Center at (925) 935-9400 ext. 240.**
...................................................................................................................

*The information in this facsimile transmittal is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering this transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.*
...................................................................................................................

MCSM41962

MCSM\41962\556520.1

**EXHIBIT** _D_

**MILLER
STARR &
REGALIA**

A PROFESSIONAL
LAW CORPORATION

1331 NORTH CALIFORNIA BLVD.
FIFTH FLOOR
P.O. BOX 8177
WALNUT CREEK, CALIFORNIA 94596
FACSIMILE (925) 933-4126
TELEPHONE (925) 935-9400

BASIL S. SHIBER                                                                                    BSS@MSANDR.COM

January 7, 2004

**_Via Facsimile and U.S. Mail_**
Paul M. Ngobeni
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT  06108

        Re:    Hanson v. Ocwen Federal Bank, et al.
               U.S.D.C. Dist. Conn. 3:02 CV 960 (CFD)

Dear Mr. Ngobeni:

        This is an effort to informally meet and confer with you regarding responses given in "Kweku Hanson's Response to Moss Codilis-Related Defendants' First Set of Requests for Admission" dated December 5, 2003. The following are our concerns, which we would like to resolve amicably with you, if possible:

        1.    Judge Garfinkle's Order at the November 24, 2003 hearing was to give you until "December 5th, to file an appropriate response _to everything that was answered, 'neither admitted nor denied,'_ and if they are still insufficient, you run the risk of suffering the sanction that rule itself includes . . . ." For your convenience, pages 75 through 77 of the transcript of the November 24, 2003 hearing, which addresses this issue, is enclosed with this letter. In your supplemental response you have responded to requests other than those which were neither admitted nor denied, and in some instances have changed those responses. We do not believe that it was Judge Garfinkle's intent to allow you additional time to modify responses previously given, other than those which were deficient as noted above.

        My review of your responses verified on April 14, indicates that you responded to the following requests for admission with a "neither admitted nor denied" response: Request for Admission Nos. 13, 27, 28, 29, 34, 36, 37, 38, 39, 40, 42, 43, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 77, 78, 79, 81, 82, 83, 84, 86, 87, 88, 89, 91, 92, 94, 96, 97, 99, 101, 102, 104, 106, 107, 108, and 109. Thus, your December 5, 2003 responses to Requests for Admission Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 30, 31, 32, 33, 35, 41, 44, 45, 49, 50, 60, 70, 75, 76, 80, 85, 90, 93, 95, 98, 100, 103, 105, 110, 111, 112, 113, 114, 115, 116, 117, 118, and 119, which were _not_ the subject of Judge Garfinkle's order, should be withdrawn.

MCSM\41962\556442.1

Paul M. Ngobeni
January 7, 2004
Page 2

       2.     With respect to responses to Request for Admission Nos. 13, 28, and 29, you respond: "Do not know." This is an improper response under the Code because Rule 36 states:

> An answering party may not give lack of information or
> knowledge as a reason for failure to admit or deny unless the party
> states that the party has made reasonable inquiry and that the
> information known or readily obtainable by the party is insufficient
> to enable the party to admit or deny.

       You have not made the required certification in connection with these responses.

       3.     With respect to your responses to Request for Admission Nos. 66, 67, 68, 69, 71, 72, 73, 74, 76, 77, 78, 79, 81, 82, 83, 84, 86, 87, 88, 89, 91, 92, 93, 94, 96, 97, 98, 99, 101, 102, 103, 104, 106, 107, 108, and 109, you state that the requests are admitted "to the extent there existed a Chinese wall between . . . ." This response is unclear and fails to "fairly meet the substance of the requested admission . . . ." It cannot be determined what you mean by a Chinese wall, nor can it be determined whether or not you are actually admitting or denying the request. The Code requires that "[w]hen good faith requires that a party qualify an answer or denial on only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." You have failed to do that in this case.

       Please let me know if you are willing to file amended responses which (1) delete the supplemental responses except to those requests which were the subject of the Judge's November 24 ruling, (2) correct the "do not know" responses to include the certification required by Rule 36, and (3) delete the "Chinese wall" qualification in the responses identified above.

       Very truly yours,

       MILLER, STARR & REGALIA

       Basil S. Shiber

BSS:sls
cc:    Richard G. Carlston
      David Bizar

MCSM\41962\556442.1

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KWEKU HANSON, ET AL.,          .    Case No. 3:02-CV-00960
                               .      (CFD)
               Plaintiff,      .
                               .    Bridgeport, Connecticut
       v.                      .    November 24, 2003
                               .
OCWEN FEDERAL BANK, ET AL.,    .
                               .
                               .
               Defendants.     .
. . . . . . . . . . .          .

MOTIONS HEARING
BEFORE THE HONORABLE WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          Law Offices
                        By: PAUL MPANDE NGOBENI, ESQ.
                        914 Main Street, Suite 206
                        E. Hartford, Connecticut 06108

For Defendant Ocwen:    Sidley & Austin
                        By:  THEODORE SCARBOROUGH, ESQ.
                        Bank One Plaza
                        10 South Dearborn Street
                        Chicago, Illinois 60603

                        Murtha, Cullina, LLP
                        By:  FRANCIS J. BRADY, ESQ.
                        CityPlace I, 185 Asylum Street
                        Hartford, Connecticut 06103

Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service.

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

APPEARANCES (CONTINUED):

APPEARANCES (CONTINUED):

For Defendant Litton:        Winget, Spadafora &
                             Schwartzberg
                             By:  LUIGI SPADAFORA, ESQ.
                             45 Broadway, 19th Floor
                             New York, New York 10006


For Defendant Moss,          Day, Berry & Howard
Codilis, Stawiarski,         By:  DAVID M. BIZAR, ESQ.
Morris, Schneider &               STEVEN M. GREENSPAN, ESQ.
Prior, LLP:                  Hartford, Connecticut 06103

1   the actual responses that were served are pretty

2   problematic, as well, and the problem with them is

3   that, you know, something -- neither admitting or

4   denying it is insufficient.  There's no -- For some of

5   them it's hard to understand whether there'd be any

6   rationale for neither admitting or denying.

7          For example, either Mr. Hanson did or did not

8   receive a communication from a particular person.  If

9   he did, he admits it.  If he didn't, he denies it.

10          It's almost as if the, "Neither admitted or

11  denied" is stuck there just to -- out of desperation,

12  to make sure these things weren't even more late than

13  they already were.  Damn.

14          Well, let me tell you what I'm gonna do.  As

15  I said, I will -- I'm not going to simply deem them

16  admitted in whole because I think it's probably

17  excessively Draconian to Mr. Hanson himself, but I'm

18  gonna give you five days, not ten, five -- Well,

19  actually we're in Thanksgiving, so yeah, let's make it

20  reasonable, to the end of the next -- the week after

21  Thanksgiving, whatever that is, December 5th, to file

22  an appropriate response to everything that was

23  answered, "Neither admitted nor denied," and if they're

24  still insufficient, you run the risk of suffering the

25  sanction that rule itself includes, because if you have

1    to -- if defendant's have to prove something that

2    simply could have been admitted, and it was

3    inappropriately denied or hedged, the cost of doing

4    that has shifted.  So I'll give you to December 5th to

5    file more appropriate responses there.

6            With respect to the question of documents

7    that Moss, Codilis has addressed that may be attorney-

8    client documents, what I want you to do, also by

9    December 5th, is give us a sworn affidavit from Mr.

10   Hanson, certified by you, Mr. Ngobeni.

11           Identify each of the documents by the person

12   who either generated them or sent them, the person who

13   received them, a brief description and the date,

14   identifying them in the normal way, each of those

15   documents that you believe was part of the larger loan

16   file relating to Mr. Hanson that you possessed that

17   were not turned over in discovery by any of the

18   defendants.

19           Then once you receive that list, you know,

20   you can have a discussion about basically whether those

21   are attorney/client privileged documents or not.

22           You don't even know at this point what some

23   of the documents are; is that right?

24           MR. SHIBER:  That's right, Your Honor.  I

25   mean, he has claimed that he's got confidential

C E R T I F I C A T E

I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceedings
in the above-entitled matter.

_Stephen C. Bowles_                    December 6, 2003

STEPHEN C. BOWLES