UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------

KWEKU HANSON,                              :       No. 3:02-CV-960 (CFD)
individually and on behalf of              :
all others similarly situated              :
                                           :
    Plaintiff,                           :
                                           :
v.                                         :
                                           :
OCWEN FEDERAL BANK, et al.                 :
                                           :
    Defendants.                          :       March 9, 2004

------------------------------------------------

FILED
2004 MAR 12 P 12: 24
U.S. DISTRICT COURT
HARTFORD, CT.

## LITTON LOAN SERVICING, LP'S OPPOSITION TO MOSS CODILIS RELATED DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING MDL PANEL REVIEW

Defendant Litton Loan Servicing, LP ("Litton") submits this Opposition to the Moss Codilis related defendants' Motion to Stay Proceedings Pending MDL Panel Review.

**I.    BACKGROUND**

On or about January 22, 2004 the Plaintiffs in the action captioned <u>Allie M. Maddox and Jerry W. Maddox, individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB and Does 1 through 50, inclusive</u>, Docket No. CV03-9515, ("<u>Maddox v. Ocwen</u>") (the "Maddox Plaintiffs") filed a Motion to Transfer and Coordinate or Consolidate this case, along with four (4) other cases, to the U.S. District Court for the Northern District of California (the "MDL Motion").[1]

---

[1] Along with <u>Hanson v. Ocwen</u>, the Maddox Plaintiffs seek to consolidate for pre-trial purposes, <u>Maddox v. Ocwen</u> with the following cases, all of which are pending in the U.S. District Court for the Northern

1

On February 17, 2004 Litton filed its Opposition to the Maddox Plaintiffs' MDL Motion arguing, in part, that Litton was not named in any of the proceedings the Maddox Plaintiffs sought to have consolidated and transferred to the U.S. District Court for the Northern District of California. Litton further argued that the claims pending against Litton in this action are separate and distinct from the claims pending against Ocwen, and that Litton has moved to dismiss such claims in any event. Furthermore, in its Opposition, Litton pointed out that this case was commenced more than eight (8) months prior to any of the other purportedly related cases that are subject to the MDL Motion, and that this case has proceeded to near conclusion of fact discovery in accordance with the Court's Scheduling Orders. Essentially, requiring Litton to participate in Multidistrict litigation would be unfairly prejudicial, costly and inefficient.[2]

## II. THE COURT SHOULD DENY THE MOSS CODILIS DEFENDANTS' MOTION TO STAY ON ACCOUNT OF LITTON'S PENDING MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT

On February 19, 2004 Litton filed a Motion to Strike the Plaintiff's Complaint based on the Plaintiff's continuing failure to comply with the Court's discovery Orders. Over the course of almost one (1) year, the Plaintiff has failed to respond to Litton's

---

District of California: <u>Geneva Spires individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Financial Services, Inc., and Ocwen Federal Bank, FSB</u>; Case No. C03-5600; filed on December 12, 2003; <u>Patricia Antoine, Jon De Kerguelen, and Rosalind Dekett, on behalf of herself and all other similarly situated v. Ocwen Financial Services, Inc., Ocwen Federal Bank, FSB,</u> inclusive; Case No. C03-5503; filed on December 8, 2003; <u>Arleatha L. Robinson, suing individually and on behalf of the general public v. Moss, Codilis, Staiwarski, Morris, Schneider & Prior, LLP, a limited liability Partnership, Ocwen Federal Bank, FSB and Cal-Western Reconveyance Corp., a California Corporation</u>; Case No. C03-1302; filed on March 26, 2003; <u>Lula Jackson and Gary L. Youtsey suing individually and on behalf of all others similarly situated and on behalf of the general public v. Ocwen Federal Bank, FSB and Does 1 through 100, inclusive</u>; Case No. C03-0743; filed on February 21, 2003. Litton is not named in any of the other matters.

[2] Oral arguments on the MDL Motion are scheduled for March 23, 2004.

Interrogatories, Documents Requests and Deposition Notice, all in contravention of numerous Court Orders.

Contrary to the Moss Codilis related defendants' assertions in their Motion to Stay, discovery in this litigation is not at an early stage before this Court. As discussed in Litton's Motion to Strike the Plaintiff's Complaint, the Plaintiff filed his Complaint on June 5, 2002. On or about February 27, 2003 the Court issued its initial Scheduling Order outlining the deadlines for discovery. The initial Scheduling Order called for discovery to be conducted in two phases. The first phase of discovery was expected to proceed with respect to: a) the merits of the Plaintiff's Claims; and b) whether the requirements of class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied in this action.

Subsequently, on or about April 14, 2003 the Plaintiff filed a Motion for Enlargement of Time and Motion to Modify the Scheduling Order. The Court granted the Plaintiff's Motion, and on April 29, 2003 issued an Amended Scheduling Order (the "Amended Scheduling Order") extending all deadlines by one month.

On or about December 3, 2003, the Court issued a further Amended Scheduling Order. The Second Amended Scheduling Order extended all discovery deadlines through and including March 30, 2004. Importantly, in the Second Amended Scheduling Order, the Court directed the Plaintiff to respond to Litton's discovery requests and produce all documents requested by Litton on or before December 31, 2003 without objection.

Furthermore, Litton's deposition of the Plaintiff was to be held on or before February 15, 2004. The Plaintiff ignored both of these requirements despite numerous requests for compliance.

As noted in Litton's recent Motion to Strike the Plaintiff's Complaint, the Plaintiff's failure to respond to Litton's discovery demands, especially after being granted numerous extensions and opportunities to respond, amounts to nothing more than a willful stalling tactic to either attempt to gather information to substantiate their baseless allegations, or stalling because there is simply no evidence supporting any claim against Litton. Any further delay would severely prejudice Litton and reward the Plaintiff's contumacious disregard of the Court's Orders, Litton's discovery demands and the undersigned's good faith efforts.

Accordingly, if the proceedings were stayed pending the MDL Panel's review it would only further prejudice to Litton. As stated in Litton's Motion to Strike, the Plaintiff has been given ample time to respond to Litton's Discovery Demands.

Alternatively, Litton requests that if the Court grants the Moss Codilis defendants' Motion to Stay, that any such stay not apply to Litton's pending Motion to Strike. It is crucial that the Plaintiff not be afforded yet another opportunity to respond to discovery, when the deadlines for such responses have long since passed.

## CONCLUSION

For the foregoing reasons, Litton respectfully requests that the Court deny the Moss Codilis Related Defendants' Motion to Stay the Proceedings Pending MDL Panel Review. In the alternative, Litton requests that if the Court grants the Motion to Stay, that such stay not apply to Litton's pending Motion to Strike. Litton further respectfully requests that its Motion to Strike be granted in its entirety and that this case be dismissed as against Litton with prejudice.

Dated: March 9, 2004

Defendant Litton Loan Servicing, LP

By: _____
Luigi Spadafora, Esq. (ct18590)
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
183 N. Broad Street
Milford, Connecticut 06460
(203) 874-6708

5

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing were sent via regular mail on this date to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady Esq.
Matthew J. Budzik, Esq.
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 1877
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL  60603

Kweku J. Hanson, Esq.
487 Main Street, Suite 2
Hartford, CT 06103

Dated:  March 9, 2004

Luigi Spadafora (ct18590)