IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated, | Case No. 3:02 CV 960 (CFD) |
| Plaintiff, | |
| v. | |
| OCWEN FEDERAL BANK; et al., | March 10, 2004 |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOSS CODILIS RELATED DEFENDANTS' MOTION FOR ORDER REQUIRING DISGORGEMENT OF ATTORNEY-CLIENT PRIVILEGED INFORMATION AND ALLOWING <u>INSPECTION OF THE COURT FILE</u>**

**I.        INTRODUCTION**

The Moss Codilis defendants[1] hereby respectfully submit this memorandum in

support of their Motion For Order Requiring Disgorgement Of Attorney-Client Privileged

Information And Allowing Inspection Of The Court File.

---

[1]      Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

## II.        BACKGROUND.

A.        Plaintiff Solicited, Retained And Disseminated Privileged Information.

Plaintiff possesses attorney-client privileged information solicited by him in connection with this litigation.  This information was improperly received outside of the discovery process from current and/or former employees of Moss Codilis.

Plaintiff admits to the receipt of "tons of information" from these employees.  *See* e-mail from K. Hanson to R. Torres, attached hereto as Exhibit A ("Do you think when I brought this lawsuit I ever imagined for a minute that one, two, three insiders at Ocwen would send me tons of information about Ocwen?"); *see also* e-mail from K. Hanson, attached hereto as Exhibit B ("If I who has the legal knowledge and was able to get moles from inside Ocwen to give us damning docs…"); *see also* 11/5/02 e-mail to K. Hanson from T. Kettelle, attached hereto as Exhibit C (sent in response to Mr. Hanson's e-mail and apologizing for delay stating "I am more than willing to help and have been by passing insider documents and information to [Rosely] Torres for some time now.").  Although plaintiff refers to these "moles" as "insiders at Ocwen," the Moss Codilis defendants understand that some of the individuals were, in fact, employees of Moss Codilis' foreclosure department.  The above-quoted e-mail communication was directed by

plaintiff to Rosely Torres, a former Moss Codilis employee who worked in the legal department

that handled foreclosures for Ocwen Federal Bank.  Plaintiff admits contacts with at least three

former employees of Moss Codilis - Rosely Torres, Dracheka Campbell and Todd Kettle - and

hints at other undisclosed contacts.[3]

The sensitive nature of the information at issue is clear.  The Moss Codilis

employees that plaintiff has solicited for information and documents are employees of a law

firm.  As noted above, Rosely Torres was employed by Moss Codilis in the legal department

handling foreclosures related to Moss Codilis' representation of Ocwen.  Dracheka Campbell

and Todd Kettelles were foreclosure supervisors employed by Moss Codilis.[4]  Accordingly, the

information and documents that these individuals provided to plaintiff are potentially privileged

in nature.  Furthermore, given the nature of the representation at issue, which is of a federally

---

[3]     *See, e.g.,* 5/4/03 e-mail from K. Hanson, attached hereto as Exhibit D (stating that "we have developed a handful of CURRENT workers at Ocwen's Orlando facility … and Ocwen has spent the past six months running into Court trying to get us to divulge their identities, so far without luck [despite 2 court rulings in their favor]…. We also have former employees of Ocwen and Moss Codilis.").

[4]     The affidavits of these individuals filed with the Court clearly indicate their privileged nature.  Rosely Torres' affidavit states:  "My name is Rosely Torres.  I have been working for Moss Codilis, the Legal Department that handles Foreclosures for Ocwen Federal Bank."  Dracheka Campbell's affidavit similarly states:  "I became employed with Moss Codilis ET AL on July 2, 2001 as a Foreclosure Supervisor.…  Moss Codilis is basically the on-site legal advisor for Ocwen Federal Bank."

chartered banking institution, they likely contain sensitive financial information protected by federal privacy law.

Despite the sensitive nature of the information at issue, plaintiff has not only filed some of the potentially privileged information disclosed by these individuals with this Court, he has also provided and/or threatened to provide it to various third parties including the news media. *See, e.g.,* 11/21/03 e-mail from K. Hanson, attached hereto as Exhibit E (stating that "I want to release ALL the secret info and records I have ASAP"); *see also* 5/27/03 e-mail from K. Hanson, attached hereto as Exhibit F ("I gave CBS the most detailed info and documents I have (including some from moles inside Ocwen)."); *see also* 5/20/03 e-mail from K. Hanson to A. Birnbaum (CBS), attached hereto as Exhibit G (facilitating interviews between CBS employee and former Moss Codilis employees).

Plaintiff improperly obtained "tons of information" outside the discovery process supervised by this Court, including from employees of Moss Codilis. Moss Codilis was never given the opportunity to assert its rights to protect this wrongfully obtained information from disclosure. Accordingly, the Moss Codilis defendants respectfully seek an order from this Court requiring plaintiff to disgorge all privileged information in his possession, including all documents, materials and declarations obtained from current or former employees of Moss

-4-

Codilis.  Such an order is necessary to protect the integrity of the discovery process and to

prevent the further public disclosure of sensitive privileged information.

        B.      <u>Plaintiff Has Failed To Turn Over To Defendants The Documents</u>

<u>Submitted Under Seal To This Court</u>.

        On November 25, 2003, following the November 24, 2003 hearing on this matter

before Judge Droney, this Court ordered plaintiff to turn over to Moss Codilis, and to each other

defendant, all documents previously submitted to the Court under seal. [Docket No. 201.]   The

Order provided as follows:

> By 5:00 p.m. November 26, 2003, the plaintiff must provide to all
> defendants copies of all documents submitted to the Court except
> for those documents which constitute privileged material.  For
> those documents which the plaintiff claims a privilege, the plaintiff
> must provide to all defendants a privilege log, also by 5:00 p.m.
> November 26, 2003.

        Following this order, plaintiff produced to defendants the affidavits of two former

Moss Codilis employees, the affidavit of one former Ocwen employee, two e-mails and a

confusing array of allegedly "pre-notarized" signature pages and unendorsed ex parte motions to

seal.  Plaintiff did not at that time and has not to this day produced any privilege log identifying

those documents filed under seal but withheld by him from production.  Plaintiff has never

represented to defendants that the documents produced to date constitute all documents filed

-5-

under seal in this action and his prior statements to this Court regarding the number of

documents filed indicate that the documents produced do not in fact represent the entirety of the

sealed court file.  Accordingly, the Moss Codilis defendants respectfully seek from this Court an

order allowing them to independently inspect the full court file in this matter so that they may

review all material purportedly filed under seal.

**III.        LEGAL ANALYSIS.**

A.        Plaintiff Must Disgorge All Documents In His Possession Containing

Attorney-Client Privileged Information.

Plaintiff must disgorge all attorney-client privileged documents in his possession.[5]

Plaintiff's solicitation, receipt, review and in some cases filing of these documents with the Court

or dissemination of them to third parties is and was improper and unethical.[6]  Plaintiff's

---

[5]        Plaintiff's improper receipt of these documents does not waive the applicable privilege. As noted by the ABA "[i]n almost all cases a party should be able to protect its proprietary interests, as in the case of confidential materials, and its privileges, as in the case of material falling within the attorney-client privilege, despite unauthorized efforts of others to undermine or sabotage them." *ABA Formal Opinion* 94-382.

[6]        Such conduct may actually be a basis for disqualification of the attorney.  *See MMR/Wallace Power & Indus. v. Thames Assoc.* (D.Conn. 1991) 764 F.Supp. 712, 728 (disqualifying defendant's attorney and his law firm for improper contact with a former employee of the plaintiff, initiated by the ex-employee); *ABA Formal Opinion* 94-382 ("Although the Standing Committee does not believe that the mere unsolicited receipt of such materials constitutes a violation of the lawyer's professional responsibilities, lawyers should be aware that the receipt and/or initial review of such materials, in certain circumstances, may be the basis for a motion disqualifying the lawyer from continuing to represent her client in the matter at issue.").

continued wrongful attempts to evade the proscribed discovery process deprive defendants of the

ability to assert the applicable defenses to production, in this case the attorney-client privilege.

        1.      This Court Has Authority To Order Disgorgement Based On Its Inherent Power To Control Documents Obtained Outside Discovery.

        This Court has the authority to order disgorgement of the documents at issue

based on its inherent power to control documents obtained outside discovery. *Fayemi v.*

*Hambrecht and Quist, Inc.* (S.D.N.Y. 1997) 174 F.R.D. 319, 324 (holding that a federal court

"has the inherent authority to sanction a party who attempts to use in litigation materially

wrongfully obtained outside the discovery process."); *In re Shell Oil Refinery* (E.D.La. 1992)

143 F.R.D. 105, 108 ("Federal courts have authority to remedy litigation practices that threaten

judicial integrity and the adversary processes. Indeed, the 'district court is obliged to take

measures against unethical conduct occurring in connection with any proceeding before it.'").

        2.      Plaintiff's Retention Of These Privileged Documents Constitutes An Improper Circumvention Of The Discovery Process.

        The privileged material held by plaintiff, at least some of which he has filed with

this Court and attempted to use in this litigation, was wrongfully obtained outside the discovery

process and must be disgorged to prevent plaintiff's continued unethical use and dissemination

of such information.

Under the circumstances, disgorgement is an appropriate remedy. *See In re Shell Oil Refinery* (1992) 143 F.R.D. 105, 108 (finding that the proper remedy for receipt of opponent's proprietary documents was "prohibiting the PLC from making any use of the documents, requiring the PLC to identify and produce the documents to Shell, and prohibiting the LPC from any further *ex parte* contact with any Shell employees other than those who are plaintiffs in this suit."). There is no question here but that the documents in plaintiff's possession were wrongfully obtained outside the discovery process. Plaintiff admits as much.

Furthermore, plaintiff not only received and reviewed such documents, which conduct has been deemed "inappropriate and contrary to fair play," he actively solicited them. *In re Shell Oil Refinery* (1992) 143 F.R.D. 105, 108 (holding that receipt of proprietary documents "effectively circumvented the discovery process  and prevented [the opposing party] from being able to argue against production" and stating that had the party improperly obtaining documents "sought to obtain these documents through the discovery process, [the opposing party] would have had the opportunity to seek a protective order pursuant to the Federal Rules of Civil Procedure.").

Such conduct is strictly prohibited. "The discovery process is not meant to be supplemented by the unlawful conversion of an adversary's proprietary information." *Herrera v. Clipper Group, L.P.* (S.D.N.Y. 1998) 1998 WL 229499, *1-2; *Giardina v. Ruth U. Fertel, Inc.*

-8-

(E.D.La. 2001) 2001 WL 1628597, *3-4 (prohibiting use of privileged letter acquired from source inside defendant because "plaintiff effectively circumvented the discovery process" and "had plaintiff sought to obtain the letter through the discovery process, [defendant] would have had an opportunity to prevent its production by asserting the attorney-client privilege.").

Plaintiff admits to having obtained "tons of information" through direct contact with current and/or former employees of defendants, at least three of which have been identified as former employees of a law firm, Moss Codilis. The material relates to Moss Codilis' representation at Ocwen. The improper solicitation and receipt of information by plaintiff took place outside the court supervised discovery process. Defendants were never given the opportunity to assert their rights to protect this privileged material from disclosure. Accordingly, plaintiff must disgorge all privileged information in his possession in order to preserve the integrity of the discovery process and to prevent the further public disclosure of sensitive privileged information.

B.    Defendants Should Be Allowed To Inspect The Court File In This Action.

On November 25, 2003, this Court ordered plaintiff to turn over to Moss Codilis, and to each other defendant, all documents previously submitted to the Court under seal. *See* Ruling And Amended Scheduling Order [Docket No. 201.]; *see also* Transcript of Proceeding, attached hereto as Exhibit H ("Mr. Ngobeni, I'm going to ask you within two days, 48 hours, to

turn over to the defendants those documents that you submitted that are now under seal, that I

placed under seal, except for those which you claim a privilege.  And as to those documents,

hold them back for now, but identify them in a privilege log to the defendants.").

        1.      <u>Plaintiff's Supplement Response Fails Satisfy This Court's Order</u>.

        Plaintiff's Supplemental Response fails to comply with this order in a number of

respects.  First, many of the documents produced in plaintiff's Supplemental Response are copies

that have been printed directly from a computer.  Moss Codilis is entitled to copies of the file-

endorsed documents actually submitted to this Court.  Second, and most importantly, plaintiff's

Supplemental Response appears to contain only a portion of the documents submitted to this

Court under seal.[7]  In fact, plaintiff's Supplemental Response is limited to copies of various *ex*

*parte* motions to seal, multiple copies of three affidavits, specifically those of Dracheka O.

Campbell, Rosely Torres and Bruce Jenrette, a number of allegedly "pre-notarized affidavits"

and two e-mails.  Finally, plaintiff has never produced a privilege log identifying any documents

withheld, so presumably, all documents submitted to the Court should have been produced.

---

[7]     Plaintiff submits that these documents were filed under seal and were bates-stamped
003688 through 003739.  *See* Plaintiff's Supplemental Response, attached hereto as Exhibit G.
However, the documents produced by plaintiff also contain scattered bates numbers that indicate
they were filed with additional unproduced documents.  For example 844-845 (Sworn Affidavit
of Dracheka Campbell), 2518-2522 (Affidavit of Rosely Torres).  As noted above, both of these
documents are statements purportedly given by former Moss Codilis employees.

       2.       <u>Defendants' Inspection Of The File Does Not Prejudice Plaintiff</u>.

Given this Court's explicit order to provide such a privilege log no later than November 26, 2003, defendants assume that plaintiff does assert any privilege as to any of the documents in question. Accordingly, an order by this Court allowing defendants to inspect to the entire court file in this matter, including that portion which was previously sealed, will not prejudice plaintiff.

**IV.**        **<u>CONCLUSION</u>.**

For the foregoing reasons, the Moss Codilis defendants respectfully request that (1) the Court order plaintiff to disgorge all material in his possession obtained from or through any current or former employee of Moss Codilis, (2) the Court permit all defendants to examine the entire court file in this action, and (3) for such additional and further relief as this Court may deem appropriate.

Dated:  March 10, 2004          MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By:_____

    Richard G. Carlston (ct23944)
    Basil S. Shiber (ct23946)
    Miller, Starr & Regalia
    A Professional Law Corporation
    1331 N. California Blvd., Fifth Floor
    Post Office Box 8177
    Walnut Creek, California  94596
    Telephone:  (925) 935-9400

            -and-

    Steven M. Greenspan (ct00380)
    David M. Bizar (ct20444)
    Day, Berry & Howard LLP
    City Place I
    Hartford, Connecticut 06103
    Telephone:  (860) 275-0100

THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this

10th day of March, 2004, to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Francis J. Brady, Esq.
Matthew J. Budzik
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103-3469

Richard G. Carlston, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 8177
Walnut Creek, CA  94596

Lou Spadafora, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Theodore R. Scarborough, Esq.
Sidely, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Peter Randall Stark, Esq.
183 N. Broad Street
P.O. Box 292
Milford, CT  06460

Kweku J. Hanson, Esq.
(Pro Se)
487 Main Street
Hartford, CT 06103-3007

Paul Britt, Esq.
Moss, Codilis, Stawiarski, Morris, Schneider &
Prior, LLP
6560 Greenwood Plaza Boulevard
Suite 550
Englewood, CO 80111-7100

_____
David M. Bizar

-13-