UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 MAR 22 P 1: 27
U.S. DISTRICT COURT
HARTFORD, CT.

---

KWEKU HANSON, : No. 3:02-CV-960 (CFD)
individually and on behalf of :
all others similarly situated :
:
Plaintiff, :
:
v. :
:
OCWEN FEDERAL BANK, et al. :
:
Defendants. : March 19, 2004

---

**LITTON LOAN SERVICING, LP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Litton Loan Servicing, LP ("Litton"), submits this Reply Memorandum in further support of its Motion to Strike the Plaintiff's Complaint with Prejudice. Simply stated, Litton moves for an order striking the Plaintiff's Complaint with prejudice on the grounds that the Plaintiff has repeatedly, willfully and contumaciously disregarded the Court's Orders as respects Litton's Discovery demands.

The Plaintiff's purported "Objection" to Litton's instant motion is further evidence of his cavalier disregard for this Court's Orders and the discovery rules. Despite the verbiage and mental gyrations set forth in the Plaintiff's "Objection," several things are clear: 1) The Plaintiff has never answered Litton's Interrogatories; 2) The Plaintiff has never answered Litton's Requests for Documents; 3) The Plaintiff has never produced any documents to Litton; and 4) the Plaintiff has never seen fit to respond to any of Litton's attempts to schedule and take the Plaintiff's deposition. The Plaintiff's "Objection" is nothing more than an unsubstantiated slanderous and vague attack on

Litton -- apparently made in an attempt to distract the Court from the simple truth that the Plaintiff has not and cannot substantiate any claims against Litton.

Even when presented with Litton's instant motion, the Plaintiff simply made no effort to respond to Litton's discovery. Under these circumstances, the appropriate remedy is in the form of a sanction -- the dismissal of the Plaintiff's Complaint as against Litton, with prejudice. Anything less will signal to the Plaintiff that he need not comply with this Court's Orders or the Federal Rules of Civil Procedure.

The Plaintiff has effectively avoided responding to Litton's Requests for Documents and Interrogatories for one (1) year, and ignored each of Litton's numerous attempts to elicit compliance with the Court's orders. Litton has already been substantially prejudiced in that it must file an Opposition to the Plaintiff's Motion to Class Certification and any further Dispositive Motion, by April 30, 2004. With absolutely no responses to its discovery demands, Litton will be hard-pressed to do so.

I.  **THE PLAINTIFF HAS DISREGARDED THE COURT'S ORDERS AND LITTON'S ATTEMPTS TO OBTAIN DISCOVERY AND, AS SUCH, THE PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN AS AGAINST LITTON WITH PREJUDICE**

The arguments made in the Plaintiff's "Objection" to Litton's Motion to Strike are nonsensical and consistent with the Plaintiff's standard of conduct throughout the course of this litigation. The series of bogus excuses presented in his Objection do not alter the fact that the Plaintiff has simply refused to provide any discovery to Litton.

As conceded in a footnote in his "Objection", "<u>Plaintiffs prepared initial responses to Litton's discovery requests but neither served them within the time-frame specified by the first Scheduling Order nor seasonably objected.</u>"  See Plaintiff's Objection at p. 4.  Furthermore, in an affidavit included with his "Objection", the Plaintiff affirms that he brought responses to Litton's discovery demands to the discovery hearing held before Judge Garfinkel on November 24, 2004.  He states, "<u>I brought this stack of discovery responses (without the actual records to be produced) to the hearing in Bridgeport in an effort to "show and tell" that the Plaintiffs had attempted to comply with Litton's discovery demands, at least as of the date of the November 24, 2003.</u>"  See Plaintiff's Objection at Exhibit A.  Despite the so-called "show and tell" objective, the Plaintiff did not produce anything to Litton during this hearing.  Furthermore, the Plaintiff does not explain why he could not and did not provide any response to Litton's discovery demands over the course of the eight (8) months prior to the November 2003 hearing.  The reason the Plaintiff is stonewalling is clear -- the Plaintiff simply cannot support his tenuous and slanderous allegations against Litton.

In another footnote in his "Objection", the Plaintiff discusses the pending Motion to Multidistrict this case.  The Plaintiff somewhat eloquently notes that "[f]ortuitously, what one court taketh away, the MDL process giveth back, and Plaintiffs probably will become privy to sworn responses to the equivalent of their discovery requests under the auspices of an MDL consolidation…"  See Plaintiff's Objection at p. 9.  While a bit ambiguous, by this remark the Plaintiff appears to concede that that he has simply no case

3

against Litton and hopes to be afforded yet another opportunity to substantiate his case if it is Multidistricted.

The Plaintiff's tactics have unfairly prejudiced Litton, which must file an Opposition to the Plaintiff's Motion for Class Certification and any further dispositive motions to the Plaintiff's individual claims by April 30, 2004.

## II. LITTON REQUESTS THAT THE COURT STRIKE THE PLAINTIFF'S COMPLAINT FOR NON-COMPLIANCE WITH DISCOVERY UNDER RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Contrary to the Plaintiff's assertions in his "Objection", Litton seeks to have the Plaintiff's Complaint stricken from the record under as a sanction under Rule 37(f) of the Federal Rules of Civil Procedure, base on his contumacious refusal to comply with the Court's various discovery orders. The Plaintiff's erroneous citation to case law construing Rule 12(f) of the Federal Rules of Civil Procedure - which permits a court to "order stricken from any pleading any insufficient defense or redundant, impertinent, or scandalous matter" - is simply inapposite.

The Plaintiff's failure to respond to Litton's discovery demands over the course of one (1) year, his failure to respond in light of Litton's Motion to Compel, previous Motion to Strike the Plaintiff's Complaint, and the Court's various discovery Orders amounts to willful and contumacious conduct warranting dismissal with prejudice.

In Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 at 1069 (2d Cir. 1979), the Court determined sanctions of dismissal of a complaint with prejudice was necessary because the Plaintiff had frozen the litigation in the discovery phase. Likewise, in Update Art Inc. v. Modiin Publishing, Ltd. 843 F.2d 67 (2d Cir. 1988), the Court affirmed the District Court's decision to impose sanctions for the Plaintiff's failure to cooperate in discovery. In Update Art Inc. the Court noted that, "Courts have found that disciplinary sanctions under Rule 37 of the Federal Rules of Civil Procedure are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense fault." See Update Art Inc. at 71; See also National Hockey League v. Metropolitan Hockey Club, Inc. 427 U.S. 639 (1976) (per curiam).

In his "Objection" the Plaintiff admits that he has never answered Litton's Interrogatories, and that he has never answered Litton's Requests for Documents. See Plaintiff's Objection at p. 4. In his "Objection", the Plaintiff also admits that he has never appeared to be deposed by Litton; and that he has never produced any documents to Litton. See Plaintiff's Objection at p. 4. In a disingenuous attempt to distract these deficiencies, the Plaintiff embarks on a revisionist historical dissertation as to why Litton never had the opportunity to depose the Plaintiff and why Litton never received the Plaintiff's documents. Particularly, the Plaintiff attaches parts of communications with

the undersigned and opines that Litton had agreed to have an agent pick up and pay for his alleged document production. However, what the Plaintiff fails to tell the Court is that on January 15, 2004, the undersigned responded to the Plaintiff's email correspondence of January 9, 2004 regarding the production of documents. In such January 15, 2004 email, the undersigned, with our Airborne Express account number, requested that the documents the Plaintiff was producing be sent to us via Airborne Express with a bill for the photocopies. A copy of the Plaintiff's aforesaid email correspondence is annexed hereto as Exhibit "A." The Plaintiff ignores the fact that Litton never agreed to accept the Plaintiff's purported document production instead of answers to its interrogatories, responses to its requests for documents, a complete document production, and a deposition of the Plaintiff - all of which Litton is absolutely entitled. As much is confirmed by the undersigned in his email to the Plaintiff's counsel dated January 5, 2004, which is annexed hereto as Exhibit "B." In such email, Litton agreed to accept the Plaintiff's production without prejudice to its right to interrogatory answers, responses to requests for documents, a complete document production and a deposition of the Plaintiff. Interestingly, such email is annexed as Exhibit "D" to the Plaintiff's "Objection." Despite the foregoing correspondence, this Court's Orders, and Litton's discovery demands, the Plaintiff - while in his glass house – chooses instead to throw stones at Litton and whoever else is in earshot in the apparent hope of confusing all involved and avoiding discovery altogether. Such conduct is a distortion of our time-honored system of jurisprudence and should not be encouraged.

## CONCLUSION

For the foregoing reasons, Litton respectfully requests that the Court strike and/or the Plaintiff's Complaint as against Litton with prejudice and grant Litton such other and further relief as the Court may deem appropriate.

Dated: March 19, 2004

                                                Defendant Litton Loan Servicing, LP

                                                By: _____
                                                      Luigi Spadafora, Esq. (ct18590)
                                                      WINGET, SPADAFORA &
                                                      SCHWARTZBERG, LLP
                                                      183 N. Broad Street
                                                      Milford, Connecticut 06460
                                                      (203) 874-6708

Case 3:02-cv-00960-CFD    Document 276    Filed 03/22/2004    Page 8 of 14

Exhibit A

Nyieri Nazarian
_____

**From:** "Luigi Spadafora, Esq." <spadafora.l@wssllp.com>
**To:** <NGOBENILAW@aol.com>; """Matthew Budzik""" <mbudzik@murthalaw.com>; <dmbizar@dbh.com>; <BSS@MSandR.com>; <RGC@MSandR.com>; """Francis Brady""" <fbrady@murthalaw.com>; <jvandeweert@sidley.com>; <tscarborough@sidley.com>
**Sent:** Thursday, January 15, 2004 4:00 PM
**Subject:** RE: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED

Paul

I don't quite understand this e-mail and would refer you back to my e-mail of January 5, 2004 responding to your e-mail of December 31, 2003. If such documents are ready, please let me know the exact amount for the photocopying and I will send you a check. I would ask that you overnight such documents to me when available. My firm's Airborne Express account number is 88432114. Please address the package to me at my NYC office.

Thank you,

Luigi Spadafora, Esq.
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway, 19th Floor
New York, New York 10006
(212)221-6900
(212)221-6989 (facsimile)
E-Mail: spadafora.l@wssllp.com


-----Original Message-----
From: NGOBENILAW@aol.com [mailto:NGOBENILAW@aol.com]
Sent: Friday, January 09, 2004 5:21 PM
To: 'Luigi Spadafora, Esq."; ""Matthew Budzik""; dmbizar@dbh.com; BSS@MSandR.com; RGC@MSandR.com; ""Francis Brady"";
jvandeweert@sidley.com; tscarborough@sidley.com
Cc: eagltek@mindspring.com
Subject: RE: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED


Gentlemen: With regards to the discovery and document production which we on December 31, 2003 gathered from their dispersed storage places and made available for your inspection at Mr. Hanson's Office, we heard back from some of the respective counsel. Ocwen's counsel wished to remove the original documents from Mr. Hanson's premises and have IKON or some other entity copy them and return them. However, Mr. Hanson categorically rejected that. Any lawyer/agent is free to physically inspect the records [as permitted under the Rules], but such a person would be subjected to the ad hoc heightened security measures in effect while the documents are located at Mr. Hanson's office. The measures in place include non-stop video surveillance [and recording], continuous physical monitoring by someone from Mr. Hanson's office, and other non-intrusive activity. Mr. Hanson is

sensitive to his attorney-client confidentiality obligations, and given his repeated allegations of lessthan-savory electronic activities directed against him, he will in no form, shape or manner takechances!Attorney Spadafora agreed to have his agent pay for, and pick up, the 2,260-plus papers.Consequently, copies have been made ONLY FOR LITTON. These material will be ready for pick up begining 10:00 a.m. Monday morning if that is more convenient. If any othercounsel alerts me by day's end today that they want copies made and will pay for them at the time of pick up, we will have such copies avaliable for pick up by 10:00 a.m. Monday; otherwise, we will endeavor to have the copies ready within one business day.As a courtesy to all defense counsel, we have decided to produce discoverable email records in the exact manner in which they were received. That is, not only are we furnishing defendants with emails that in print version would run approximately 3 pages per email and result in at least 12,000 additional hard copies, but we are NOT doing the emails as "cut-and-paste" digital records. Instead, we have invested heavily in a system which has allowed us to faithfully reproduce to you in the manner recieved, these 3,660 emails, to facilitate your viewing pleasure. And in the spirit of the season, it is entirely complimentary, due to the fact that electronic discovery is not cheap and we are not trying to make money off discovery. Hopefully, reciprocity will be the order of the day.We have at this time omitted copies of the envelopes in which the various affidavits and otheritems (if applicable) arrived. All original envelopes are available for inspection, and we will behappy to make copies for any party at its request. However, bear in mind that envelope copying is labor-intensive and cannot be automatic sorter-fed, so that there will be some time lapse between request for such records and fulfilment at $0.25 per page.Please note that our tedious, meticulous review of the thousands of email records is ongoing, and the tender of these 3660 emails is without prejudice to any supplemental generation of email records to you.Once again, in the true spirit of professionalism and cooperation, it would be useful to have immediate feedback from you regarding any discovery-related queries you may have.

Thank you all.
Paul M. Ngobeni

Exhibit B

Nyieri Nazarian

From: "Luigi Spadafora, Esq." <spadafora.l@wssllp.com>
To: <NGOBENILAW@aol.com>; ""Matthew Budzik"" <mbudzik@murthalaw.com>; <dmbizar@dbh.com>; <BSS@MSandR.com>; <RGC@MSandR.com>; ""Francis Brady"" <fbrady@murthalaw.com>; <jvandeweert@sidley.com>; <tscarborough@sidley.com>
Cc: <leagltek@mindspring.com>
Sent: Monday, January 05, 2004 1:24 PM
Subject: RE: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED

Paul:

Despite the Court's recent discovery order, as of today (January 5, 2004) we still do not have your client's responses to either our client's requests for documents or interrogatories. Under these circumstances, we will accept the documents you have and will gladly reimburse you for copying at .25 cents per page. Please let me know when such documents are ready for delivery and I will send you a check in the appropriate amount along with my firm's Fedex or Airborne account number for shipping. I would expect that the same could be accomplished within the next 5 days since 2,260 pages would only be about 8 or 9 inches high by my estimation.

Paul, please note that we will accept such documents without prejudice to all other remedies available to Litton based on your client's failure to respond at all to our client's aforesaid discovery demands. Simply stated, without your client's responses to our written discovery demands, we are unable to determine whether your client has fully complied without objection as was required by the Court.

Sincerely,


Luigi Spadafora



-----Original Message-----
From: NGOBENILAW@aol.com [mailto:NGOBENILAW@aol.com]
Sent: Wednesday, December 31, 2003 1:33 PM
To: 'Matthew Budzik"; dmbizar@dbh.com; BSS@MSandR.com; RGC@MSandR.com; "Francis Brady"; jvandeweert@sidley.com; tscarborough@sidley.com; spadafora.l@wssllp.com
Cc: leagltek@mindspring.com
Subject: Re: Hanson v. Ocwen et al.- AVAILABLE DOCUMENTS TO BE COPIED


Dear All: I am writing to let you know that plaintiff has available about 2, 260 documents responsive to all defendats' discovery request for your viewing, inspection and copying at a mutually convenient time. The defendants will be required to pay for the said documents IN ADVANCE at the rate of 0.25 cents a page if they desire to have copies made for their benefit. Plaintiff awaits further directions from defendants as to how they

2/2/2004

wish to proceed. However, plaiintiff does not wish to see a repeat of the spectable from last time where it was understood that defendants agreed that one group of attorneys would receive one copy of the stack of documents for copying and distribution to all others. That did not work very well as you know. Accordingly, plaintiff would like clarification as to how and when and how defendants would like to coordinate production of the said materials.     I would appreciate a response within 24 hours of this e-mail.
Paul M. Ngobeni

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing were sent via regular mail on this date to:

Paul Ngobeni, Esq.
Ngobeni & Associates
914 Main Street, Suite 206
East Hartford, CT 06108

Francis J. Brady Esq.
Matthew J. Budzik, Esq.
Murtha Cullina LLP
CityPlace I
Hartford, CT 06103

Steven M. Greenspan, Esq.
David M. Bizar, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103

Richard G. Carlston, Esq.
Basil S. Shiber, Esq.
Miller, Starr & Regalia
1331 N. California Blvd., 5th Floor
P.O. Box 1877
Walnut Creek, CA 94596

Theodore R. Scarborough, Esq.
Sidley, Austin, Brown & Wood
Bank One Plaza
Chicago, IL 60603

Kweku J. Hanson, Esq.
487 Main Street, Suite 2
Hartford, CT 06103

Dated: March 19, 2004

_____
Luigi Spadafora (ct18590)