UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

KWEKU HANSON, : No. 3:02-CV-960 (WIG)
individually and on behalf of :
all others similarly situated :
:
    Plaintiff, :
:
v. :
:
OCWEN FEDERAL BANK, FSB, et al. :
:
    Defendants. : March 23, 2004

---

OCWEN'S MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER

    Plaintiff's attempt to notice the deposition of William Erbey, CEO of Ocwen Federal Bank FSB ("Ocwen") and Ocwen Financial Corp., should be quashed and a protective order entered. First, Mr. Erbey filed a motion to dismiss the claims asserted against him for lack of personal jurisdiction. Until plaintiff can establish personal jurisdiction to even pursue claims against Mr. Erbey—which he cannot—Mr. Erbey should not be forced to submit to a deposition. Second, as set forth in the separate motions to stay filed by Ocwen and co-defendant Moss Codilis, this case, including discovery and all depositions, should be stayed so that all pretrial proceedings can be coordinated by a single court in all pending lawsuits

against Ocwen. Third, the attempt to depose Mr. Erbey, Ocwen's highest official, absent any showing of that Mr. Erbey may possess any unique information about this case, should not be allowed. Finally, even if Mr. Erbey were to be deposed, the deposition must take place in West Palm Beach Florida, not Hartford.

For all of these reasons, Ocwen respectfully seeks entry of a protective order barring the deposition of William Erbey.

## BACKGROUND and ARGUMENT

The decision to grant a protective order under Federal Rule of Civil Procedure 26(c) is vested in the district court's discretion. Thomas v. International Business Machines, 48 F.3d 478, 482 (10th Cir. 1995). In this case, the facts and history of the case demonstrate that a protective order is necessary to protect William Erbey from a harassing, premature, and unnecessary deposition.

At a discovery hearing before this Court on November 24, 2003, the Court allowed plaintiff leave to take one deposition of each of the three defendant groups in this case. That ruling was confirmed in the Court's December 3, 2003 Ruling on Pending Discovery Motions and Amended Scheduling Order. The Court granted leave even though discovery had closed and plaintiff had not served a single deposition notice, nor had he ever attempted to contact Ocwen's counsel to arrange a deposition. (Plaintiff has subsequently moved for

reconsideration before District Judge Droney of the December 3 Order.  That motion remains pending.)

On March 9, 2004, plaintiff Kweku Hanson served Ocwen with a Notice of Deposition purporting to set the deposition of Ocwen's Chief Executive Officer William Erbey for March 25, 2004 in Hartford, Connecticut.  The deposition of Mr. Erbey at that time and place is improper for several reasons and should not proceed.

First, on September 20, 2002, Mr. Erbey filed a motion to dismiss the claims against him for lack of personal jurisdiction.  That motion has been fully briefed and is currently pending before the Court.[1]  Unless and until this Court finds that personal jurisdiction over Mr. Erbey is proper, his deposition should not proceed.  See In re First Constitution Shareholders Litigation, 145 F.R.D. 291, 294 (D. Conn. 1991) (court granted class action defendants a stay of discovery pending determination of their motion to dismiss); Lantz International Corp. v. Industria Termotecnica Campana, 358 F. Supp. 510, 516 (E.D. Penn. 1973) (plaintiff must make at least a *prima facie* showing of jurisdiction over defendant before discovery may proceed); Cannon v. United Ins. Co. of America, 352 F. Supp. 1212, 1214 (D. S.C. 1973) (court should limit discovery where jurisdiction is doubtful until

---

[1]   This is not a case where the plaintiff has sought limited discovery to establish jurisdiction.  Plaintiff has already responded to the personal jurisdiction motion.

jurisdiction has been established). Should this Court find that it lacks personal jurisdiction over Mr. Erbey, plaintiff's claims against him must be dismissed. See Cannon, 352 F. Supp. at 1215 ("The issue of jurisdiction is decisive insofar as further activity [by the] court is concerned."). Accordingly, Mr. Erbey should not be required to endure the burden and expense of being deposed until the jurisdictional issue has been decided.

Second, even if jurisdiction over Mr. Erbey is proper, his deposition should not proceed because all discovery in this case should be stayed pending a decision by the Judicial Panel on Multidistrict Litigation as to whether this case should be transferred. On January 27, 2004, plaintiffs in Maddox v. Ocwen Federal Bank FSB, Case No. CV03-9515 (C.D. Cal.), filed a motion with the Judicial Panel on Multidistrict Litigation (the "MDL Panel") seeking to transfer and consolidate this action with several other pending putative class actions pending across the country. On March 1, 2004 Ocwen moved to stay this action pending a decision by the MDL Panel on the motion to transfer. [See Dkt. No. 268]. As is common under these circumstances, the federal district court overseeing two of the actions before the MDL Panel (Jackson v. Ocwen Federal Bank FSB, No. C03-0743 MJJ (N.D. Cal.) and Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, No. C03-1302 MJJ (N.D. Cal.)), has already stayed all proceedings pending a decision by the MDL Panel. For all the reasons laid out in Ocwen's pending motion to stay this action [see

Dkt. No. 268], the deposition of Mr. Erbey should also be stayed pending a decision by the MDL Panel.

Third, it is improper for plaintiff to seek to depose Ocwen's CEO barring a showing that Mr. Erbey has some unique personal knowledge relating to the allegations of the complaint. Federal courts have long recognized that high level executives are vulnerable to numerous, repetitive, harassing and abusive depositions, and therefore need some measure of protection from the courts. In this regard, courts require some showing by the proponent of the deposition that the executive has some personal knowledge of the issues involved in the case and that the information sought cannot be gathered from other personnel. See Thomas v. International Business Machines, 48 F.3d 478, 483-84 (10th Cir. 1995) (upholding issuance of protective order relieving CEO from appearing for deposition where CEO had no personal knowledge of allegations of complaint and plaintiff failed to demonstrate information could not be gathered from other employees); Lewelling v. Farmers Ins. of Columbus, Inc., 879 F.2d 212, 218 (6th Cir. 1989) (upholding grant of protective order to bar deposition of CEO who lacked knowledge about any pertinent facts); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (upholding protective order barring deposition of company president who lacked direct knowledge of facts in dispute, and other employees had more direct knowledge).

Plaintiff has not yet taken any depositions in this case. Ocwen's CEO is scheduled to be the first. Given that plaintiff is seeking to take the deposition of Ocwen's CEO before the deposition of any other employees or other witnesses, plaintiff cannot demonstrate that the information plaintiff plans to elicit from Mr. Erbey cannot be obtained from other employees or witnesses familiar with the facts of this case, much less that Mr. Erbey has any unique personal knowledge relevant to this lawsuit. This conclusion is particularly true because discovery in this case is currently limited, by prior court order, to the merits of Mr. Hanson's individual claims and the propriety of class certification. Mr. Hanson cannot reasonably contend that Mr. Erbey has knowledge of Mr. Hanson's particular loan, nor is Mr. Erbey the person most likely to have information about the susceptibility of Mr. Hanson's claims to class-wide certification. It is therefore improper for Mr. Erbey's deposition to proceed at this time.[2][3]

---

[2] The fact that Mr. Erbey is named as a defendant in this case does not change this conclusion, particularly where Mr. Erbey has filed a motion to dismiss on personal jurisdiction grounds. A plaintiff should not be permitted to circumvent discovery rules by naming an additional party.

[3] Finally, even if Mr. Erbey's deposition were to proceed, it must take place in Florida not Connecticut. See Thomas v. International Business Machines, 48 F.3d 478, 483 (10th Cir. 1995) (upholding grant of protective order against deposition of corporate defendant's chairman because such deposition should be taken at the corporation's principal place of business); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (same).

## CONCLUSION

For all of the foregoing reasons, Ocwen respectfully requests that this Court enter a protective order barring Mr. Erbey's deposition from proceeding at this time.

Pursuant to D. Conn. L. Civ. R. 37(a)(2), an affidavit certifying that the undersigned has attempted to contact plaintiff's counsel, Paul Ngobeni, Esq., in an attempt to resolve the issues raised by this motion is attached as Exhibit A.

DEFENDANTS -

OCWEN FEDERAL BANK FSB, OCWEN FINANCIAL CORP., AND WILLIAM C. ERBEY


By _____

Francis J. Brady - ct04296
Matthew J. Budzik - ct19706
Murtha, Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103-3469
Telephone:  (860) 240-6000
Facsimile:  (860) 240-6150
fbrady@murthalaw.com
mbudzik@murthalaw.com

Theodore R. Scarborough – ct24232
Sidley Austin Brown & Wood
Ocwen One Plaza – 10 S. Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
tscarborough@sidley.com

John K. Van De Weert - ct25413
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
jvandeweert@sidley.com
Its Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent by U.S. mail, first class postage prepaid, on this 23rd day of March, 2004 to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | Steven M. Greenspan, Esq.<br>Day, Berry & Howard<br>CityPlace I<br>Hartford, CT 06103-3499 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT 06460 | John K. Van De Weert<br>Sidley Austin Brown & Wood LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005 |
| Luigi Spadafora, Esq.<br>Winget & Spadafora<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Kweku J. Hanson, Esq.<br>*Pro Se*<br>Elm Building<br>487 Main Street, Suite Two<br>Hartford, CT  06103-3007 |
| Basil S. Shiber, Esq.<br>Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA 94596 | Theodore R. Scarborough, Esq.<br>Sidley Austin Brown & Wood LLP<br>Ocwen One Plaza<br>10 S. Dearborn Street<br>Chicago, IL 60603 |

_____
Matthew Budzik