IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KWEKU HANSON, individually and on behalf of all others similarly situated, | Case No. 3:02 CV 960 (CFD) |
| Plaintiff, | |
| v. | |
| OCWEN FEDERAL BANK; et al., | |
| Defendants. | March 23, 2004 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**MOSS CODILIS DEFENDANTS' EX PARTE MOTION FOR A**

**PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(c)**

The Moss Codilis defendants[1] hereby respectfully submit this memorandum in support of their ex parte motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**I.      BACKGROUND.**

Plaintiff has noticed the deposition of Gerald R. Moss for March 29, 2004 at the Law Offices of Norma Sanchez-Figueroa located at 77 Buckingham Street, 1st Floor, Hartford, Connecticut.  (See Plaintiff's Deposition Notice, attached hereto as Exhibit A.)[2]  The deponent, Gerald R. Moss, is a resident of the State of California.  (See Declaration of Gerald R. Moss In Support Of Motion To Dismiss, Docket Entry No. 38.)  Mr. Moss is a partner in the law firm Moss, Pite & Duncan, LLP.  The main offices of Moss, Pite & Duncan, LLP are located in the

---

[1] Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, Moss, Pite & Duncan, LLP ('Moss Codilis"), Codilis & Stawiarski, Pc, Morris, Schneider and Prior, LLC, Fein, Such, Khan & Shepard, P.C., Weltman, Weinberg & Reis Co., LPA, Boles, Boles & Ryan, P.L.C., and individually, Gerald R. Moss, Ernie Codilis, Leo C. Stawiarksi, Jr., Arthur J. Morris, Thomas E. Prior, Randolph Schneider, Alan F. Such, Larry R. Rothenberg, and William R. Boles, Jr.

[2] Plaintiff has also noticed the deposition of William Erbey for March 25, 2004 in Hartford, Connecticut.  The Moss Codilis defendants understand that this deposition will be the subject of a separate motion for protective order.

State of California. The law firm does not maintain any offices outside the State of California. (See Declaration of Gerald R. Moss On Behalf of Moss, Pite & Duncan, LLP In Support Of Motion To Dismiss, Docket Entry No. 43.)

### A.     MDL Proceeding.

This case (hereinafter "Hanson") involves claims by plaintiff of improper servicing and collection activities related to a residential mortgage originated and serviced by Ocwen Federal Bank FSB. Other plaintiffs have brought actions involving issues similar in some respects in various judicial districts against Ocwen Federal Bank FSB, Ocwen Financial Services, Inc, and, in some cases Moss Codilis. One of these other actions is Maddox v. Ocwen Federal Bank, FSB, Case No. CV03-9515 (hereinafter "Maddox"), pending in the Central District of California.

On January 27, 2004, plaintiffs in Maddox moved the Judicial Panel on Multidistrict Litigation (hereinafter "MDL Panel") for an order transferring Maddox, Hanson and four other actions in which Ocwen is a defendant to a single district court for consolidated pretrial proceedings.[3] The Maddox plaintiffs contend that the six actions fit the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1) they involve litigation pending in different districts; (2) they "involv[e] one or more common questions of fact," given the substantial similarity between the complaints; and (3) transfer will further "the convenience of the parties and witnesses" and "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex and document-intensive actions, and so minimizing waste and inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a).

---

[3]     The other cases included in the Motion to the MDL Panel are Maddox v. Ocwen Federal Bank, FSB, Case No. CV03-9515 in the Central District of California, filed December 29, 2003; Spires v. Ocwen Financial Services, Inc., Case No. C-03-5600 in the Northern District of California, filed on December 12, 2003; Antoine v. Ocwen Financial Services, Inc., Case No. 03-5503 in the Northern District of California, filed on December 8, 2003; Robinson v. Moss, Codilis, Stawiarski, Morris, Schneider & Prior, LLP, et al., Case No. C03-1302 in the Northern District of California, filed March 26, 2003; and Jackson, et al. v. Ocwen Federal Bank, FSB, Case No. C03-0743 in the Northern District of California, removed February 21, 2003.

The <u>Maddox</u> plaintiffs have recommended to the MDL Panel that it name the Northern District of California as the transferee court and, despite the pendency of actions in both the District of Connecticut and the Central District of California (as well as a number of actions in other jurisdictions that may ultimately be included as part of the MDL proceeding), their motion creates the possibility that <u>Hanson</u> may be transferred outside of the District of Connecticut.

      B.    <u>Motion To Stay</u>.

On February 24, 2004, the Moss Codilis defendants filed a motion to stay these proceedings pending MDL Panel Review. This motion was based, in part, on the Moss Codilis defendants' concern that the most recent Amended Scheduling Order provided that defendants' deposition of plaintiff be completed by mid-February and that plaintiff "be permitted to take one deposition of each of the defendant groups for a total of three (3) depositions by the end of March 2004." (<u>See</u> MPA In Support Of Moss Codilis' Defendants' Motion To Stay Pending MDL Panel Review, p. 10, Docket Entry No. 208 ("If these depositions proceed prior to transfer and coordination or consolidation by the MDL Panel, they may (and likely will) simply have to be repeated for the benefit of the parties to the other actions subject to the MDL proceeding. Such duplication of time and resources is contrary to the purpose of the MDL statute and can be avoided by a short stay of the proceedings in this case.").)

      C.    <u>Motion To Dismiss</u>

The Moss Codilis defendants also filed a motion to dismiss on September 13, 2002. One of the grounds raised in this motion was that the Court lacked personal jurisdiction over Mr. Moss, the deponent. This motion is currently pending.

II.    <u>ARGUMENT</u>.

      A.    <u>Applicable Standard</u>.

The proper procedure to object to a deposition notice is by way of a motion for a protective order, rather than by filing an objection. Wright & Miller, Federal Practice And Procedure: Civil § 2035, p. 474, fn. 4; Federal Litigation Guide ¶ 17.04, p. 17-26 ("A motion under Rule 26(c) is the appropriate procedure before a deposition commences."); <u>see</u> <u>Continental</u>

Federal Sav. And Loan Ass'n v. Delta Corp. of America, 71 F.R.D. 697, 698-99 (D. Ok. 1976); Broome v. Simon, 255 F. Supp. 434, 437 (D. La. 1965).

Federal Rule of Civil Procedure 26(c) provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. Fed.R.Civ.P. 26(c)(1), (3). "In other words, although a party seeking a deposition need not demonstrate the propriety of its request, judges may prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2nd Cir. 2003).

### B. The Requested Protective Order Is Appropriate Because Proceeding With The Noticed March 29, 2004 Deposition Of Gerald R. Moss Would Defeat The Central Purpose Of The Pending MDL Panel Review And Moss Codilis' Motion To Stay.

Good cause exists for the protective order. If Mr. Moss is deposed prior to transfer and coordination or consolidation by the MDL Panel, he may (and likely will) have to be deposed again for the benefit of the parties to the other actions subject to the MDL proceeding. This duplication of time and resources is contrary to the purpose of the MDL statute and to the principles of judicial efficiency. See Good v. Prudential Ins. Co. of America, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998) ("The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings."); see also, e.g., In re New York City Mun. Sec. Litig., 572 F.2d 49, 51-52 (2d Cir. 1978); In re Air Crash Disaster off Long Island, N.Y., 965 F. Supp. 5, 7 (S.D.N.Y. 1997).

The Moss Codilis defendants' filed their motion to stay nearly a month ago on February 24, 2004. Avoiding this type of situation, and the inherent burden and expense resulting to defendants, was what prompted the Moss Codilis defendants to file their motion to stay in the first instance. Plaintiff now seeks to conduct the very discovery which the Moss Codilis defendants noted as a pressing concern in filing that motion.

### C. The Requested Protective Order Is Appropriate Because There Is A Pending Motion To Dismiss The Action Against The Deponent For Lack Of Jurisdiction.

Good cause further exists given the pending motion to dismiss plaintiff's action against the deponent, Gerald R. Moss, for lack of jurisdiction.

Under such circumstances, a protective order preventing further discovery from this defendant prior to the decision on the motion to dismiss is appropriate. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994) ("If the court chooses to allow additional discovery, it should be limited to only that which is necessary to determine the preliminary jurisdictional issue."). "As a general rule, to be permitted jurisdictional discovery, the plaintiff must at least allege facts that would support a colorable claim of jurisdiction." Federal Litigation Guide ¶ 3.64, p. 3-50; see also Volkswagen de Mexico, S.A. v. Germanischer Lloyd, 768 F.Supp. 1023, 1028 (S.D.N.Y. 1991).

Plaintiff has made no showing that would support any claim of jurisdiction over Mr. Moss. Accordingly, plaintiff is not entitled to depose Mr. Moss even as to jurisdictional issues, let alone as to issues relating to class certification or individual merits. To compel Mr. Moss to attend a deposition prior to resolving the issue of jurisdiction would defeat the purpose of the motion to dismiss. Furthermore, requiring such attendance without resolution of this issue would constitute an undue burden and expense on the deponent who may not properly be a party to the action before the Court.

### D. The Requested Protective Order Is Appropriate Because The Noticed Location Imposes Unnecessary Burden And Expense Upon The Deponent.

Finally, good cause exists because the location of the noticed deposition, Hartford, Connecticut, would impose an "undue burden and expense" on the deponent. "Depositions of executives and officers of corporate parties should generally be taken at the corporation's principle place of business." Federal Litigation Guide ¶ 17.03, p. 17-11; Baker v. Standard Indus., Inc., 55 F.R.D. 178, 179 (D.P.R. 1972); Mitchell v. American Tobacco Co., 33 F.R.D. 262, 263 (M.D. Pa. 1963); Reliable Volkswagen Sales & Serv. Co. v. World-Wide Auto. Corp., 26 F.R.D. 592, 594

(D.N.J. 1960). "Although the location noticed for a deposition may be challenged by the party objecting to that location, the burden of justifying some location for a deposition of a corporation other than its principle place of business may be imposed on the party seeking to take the deposition." Federal Litigation Guide ¶ 17.03, p. 17-11; Cox v. Champion Int'l, 31 Fed. R. Serv.2d 423 (W.D.Pa. 1981); see also Baker v. Standard Indus., Inc., 55 F.R.D. 178, 180 (D.P.R. 1972).

The law is well settled that when a plaintiff designates some place other than the residence or principle place of business of the defendant corporate deponent and the defendant files a timely objection, "the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience." Continental Fed. Sav. & Loan Ass'n v. Delta Corp., 71 F.R.D. 697, 699 (W.D. Okla. 1976); Grey v. Continental Marketing Assocs., Inc., 315 F.Supp. 826, 832 (N.D.Ga. 1970). "The general proposition that the deposition of a corporation through its agents and officers should be taken at its offices applies especially where the corporation is the defendant." Federal Litigation Guide ¶ 17.03, p. 17-12; Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); Cox v. Champion Int'l, 31 Fed. R. Serv.2d 423 (W.D.Pa. 1981). There are no unusual circumstances presented here to justify the noticed location.

**E.    The Moss Codilis Defendants Have Attempted Unsuccessfully To Meet And Confer As Required.**

Counsel for the Moss Codilis defendants has conferred with plaintiff's counsel in accordance with D. Conn. L. R. 37(a)2 in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach any agreement. See Affidavit of David M. Bizar, attached hereto as Exhibit B.

**III.    CONCLUSION**

For the reasons set forth above, the Moss Codilis defendants respectfully request a protective order pursuant to Federal Rules of Civil Procedure, Rule 26(c) from this Court (1) prohibiting the taking of the deposition of Gerald R. Moss currently noticed for March 29, 2004 until the resolution of the pending MDL Panel proceeding, the pending Moss Codilis defendants'

motion to stay and the pending Moss Codilis defendants' motion to dismiss; or, at a minimum, (2) requiring that the deposition be taken in the State of California where the deponent resides.

Dated: March 23, 2004   MOSS, CODILIS, STAWIARSKI, MORRIS, SCHNEIDER & PRIOR, LLP; MOSS, PITE & DUNCAN, LLP; CODILIS & STAWIARSKI, PC; MORRIS, SCHNEIDER AND PRIOR, LLC; FEIN, SUCH, KHAN & SHEPARD, P.C.; WELTMAN, WEINBERG & REIS CO., LPA; BOLES, BOLES & RYAN, P.L.C.; and individually, GERALD R. MOSS; ERNIE CODILIS; LEO C. STAWIARKSI, JR.; ARTHUR J. MORRIS; THOMAS E. PRIOR; RANDOLPH SCHNEIDER; ALAN F. SUCH; LARRY R. ROTHENBERG; and WILLIAM R. BOLES, JR.

By:_____
Richard G. Carlston (ct23944)
Basil S. Shiber (ct23946)
Miller, Starr & Regalia
A Professional Law Corporation
1331 N. California Blvd., Fifth Floor
Post Office Box 8177
Walnut Creek, California 94596
Telephone: (925) 935-9400

-and-

Steven M. Greenspan (ct00380)
David M. Bizar (ct20444)
Day, Berry & Howard LLP
City Place I
Hartford, Connecticut 06103
Telephone: (860) 275-0100

      THIS IS TO CERTIFY that a copy of the foregoing was sent via first class mail on this 23rd day of March, 2004, to:

| | |
|---|---|
| Paul Ngobeni, Esq.<br>Ngobeni & Associates<br>914 Main Street, Suite 206<br>East Hartford, CT 06108 | Basil S. Shiber, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Francis J. Brady, Esq.<br>Matthew J. Budzik<br>Murtha Cullina LLP<br>CityPlace I<br>Hartford, CT 06103-3469 | Richard G. Carlston, Esq.<br>Miller, Starr & Regalia<br>1331 N. California Blvd., 5th Floor<br>P.O. Box 8177<br>Walnut Creek, CA  94596 |
| Lou Spadafora, Esq.<br>Winget, Spadafora & Schwartzberg, LLP<br>45 Broadway, 19th Floor<br>New York, NY 10006 | Theodore R. Scarborough, Esq.<br>Sidely, Austin, Brown & Wood<br>Bank One Plaza<br>Chicago, IL 60603 |
| Peter Randall Stark, Esq.<br>183 N. Broad Street<br>P.O. Box 292<br>Milford, CT  06460 | Kweku J. Hanson, Esq.<br>(Pro Se)<br>487 Main Street<br>Hartford, CT 06103-3007 |
| Paul Britt, Esq.<br>Moss, Codilis, Stawiarski, Morris,<br>Schneider & Prior, LLP<br>6560 Greenwood Plaza Boulevard<br>Suite 550<br>Englewood, CO 80111-7100 | |

                                                                          _____
                                                                            David M. Bizar